IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.<br><br>Defendants. | Civil Action No. 4:04-cv-40077-FDS |

**PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS'
ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiffs and Counterclaim Defendants Donald P. Speakman ("Speakman"), Stephen H. Wedel ("Wedel") and Mark L. Robare ("Robare") (collectively referred to as "Plaintiffs") state their this Answer and Affirmative Defenses to Defendants Allmerica Financial Life Ins. & Annuity Co.'s, First Allmerica Financial Life Ins. Co.'s, and Allmerica Financial Corp.'s (collectively referred to as "Allmerica Companies") Counterclaims:

**JURISDICTION**

1.  Plaintiffs admit the allegations of paragraph 1.

2.  Plaintiffs admit the allegations of paragraph 2.

3.  No response is required to the allegations in the first sentence of paragraph 1 or the second sentence regarding the statutory basis for jurisdiction, and the third sentence of paragraph 3, which purport to state legal conclusions. Plaintiffs admit that they and Allmerica Companies are

citizens of different states. Plaintiffs further admit that Allmerica Companies have alleged that they have sustained damages in excess of $75,000.00, but deny Allmerica Companies have sustained damages.

## FACTS

4.  Plaintiffs have insufficient information to admit or deny the allegations in the first sentence of paragraph 4 because they are vague and ambiguous due to the use of the undefined legal terms such as "agents or brokers" and "independent contractors" and therefore deny same. Plaintiffs have insufficient information to admit or deny the allegations in the second sentence of paragraph 4, because they are vague and ambiguous due to the inclusion of "at all times relevant to these Counterclaims" and "subject to NASD rules and regulations" and therefore deny same.

5.  Plaintiffs admit the allegation in the first sentence of paragraph 5 to the extent that plaintiffs entered into a Trail Commission Program on or about January 1, 2001. Plaintiffs state that the allegations in the second sentence do not accurately describe the terms of the Trail Commission Program and therefore deny same. Moreover, because the defined term in the second sentence – "Eligible Annuity Contracts"– does not accurately describe the products in the Trail Commission Program, wherever this defined term is used plaintiffs incorporate their denial as to the use of this term.

6.  Plaintiffs admit that each of them entered into an Agent In-Force Trail Commission Agreement, but deny that all terms of the Trail Commission Program were contained in the "Trail Agreement," as Allmerica Companies have defined it. Accordingly, wherever this defined term is used ( "Trail Agreement"), plaintiffs incorporate their denial set forth in the prior sentence.

7. Plaintiffs admit the allegations in paragraph 7 to the extent that in connection with annuities that were part of the Trail Commission Program there were no trail commissions outside of the Trail Commission Program. Plaintiffs otherwise deny the allegations of paragraph 7.

8. Plaintiffs deny the allegations of paragraph 8.

9. Plaintiffs have insufficient knowledge to admit or deny the allegations in the first and second sentence of paragraph 9 in that they are uncertain what Allmerica Companies mean by "their upfront payment" and therefore deny same. Moreover, to the extent that the term "upfront payment" has the same meaning as in paragraph 8, plaintiffs deny same. Plaintiffs have insufficient knowledge to admit or deny the allegations in the second sentence of paragraph 9 relating to the alleged "one participant," and therefore deny same.

10. Plaintiffs have insufficient knowledge to admit or deny the allegations in paragraph 10 because they are uncertain what Allmerica Companies mean by "their upfront payment," and therefore, deny same. Moreover, to the extent that the term "upfront payment" has the same meaning as in paragraph 8, plaintiffs deny same. Plaintiffs admit that each of them signed a Promissory Note.

11. Plaintiffs deny the allegations of paragraph 11.

12. Plaintiffs deny the allegations of paragraph 12.

13. To the extent that the allegations in paragraph 13 purport to describe or construe the terms of various other agreements that plaintiffs allegedly entered into, plaintiffs deny the allegations of paragraph 13. Additionally, plaintiffs deny the accuracy of the definition "Allmerica Contracts." Wherever that inaccurately defined term is used ("Allmerica Contracts"), plaintiffs incorporate their denial set forth in the prior sentence.

14. Plaintiffs deny the allegations of paragraph 14.

15. Plaintiffs deny the allegations of paragraph 15.

### ADDITIONAL ALLEGATIONS AS TO ROBARE

Because the allegations in paragraphs 16-19 are directed to Robare only, Robare is the only party responding to these allegations.

16. Robare denies the allegations in paragraph 16.

17. Robare has insufficient knowledge to admit or deny the allegations in paragraph 17 because he is uncertain what Allmerica Companies mean by "his upfront payment," and therefore, deny same. Moreover, to the extent that the term "upfront payment" has the same meaning as in paragraphs 8 & 16, Robare denies same. Robare admits that he signed a Promissory Note on or about February 1, 2001 that was amended on or about March 2, 2001.

18. Robare denies the allegations of paragraph 18.

19. Robare denies the allegations of paragraph 19.

### COUNT I

### BREACH OF CONTRACT

20. Plantiffs reallege and incorporate their responses to the allegations contained in paragraphs 1-19 as though fully set forth herein.

21. Plaintiffs have insufficient information to admit or deny the allegations of paragraph 21 because they are vague and ambiguous due to the inclusion of the phrase "as alleged supra," without reference to any particular paragraph references and therefore deny same.

22. Plaintiffs have insufficient information to admit or deny the allegations of paragraph 22 because they are vague and ambiguous due to the inclusion of the phrase "as alleged supra,"

without reference to any particular paragraph references and therefore deny same. Plaintiffs deny that they have engaged in a breach of contract.

23. Plaintiffs deny the allegations of paragraph 23.

24. Plaintiffs have insufficient information to admit or deny the allegations in the first sentence of paragraph 24, because they are vague and ambiguous by its reference to "members of the putative plaintiff classes . . . who . . . engaged in such improper conduct" and thus deny same. No response is required to the allegations in the second sentence of paragraph 24, because they contain no allegations of fact. Plaintiffs affirmatively aver that Allmerica Companies may not bring a counterclaim against any absent class members.

## COUNT II

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25. Plaintiffs reallege and incorporate their responses to the allegations set forth in paragraphs 1-24 of the Counterclaim as though fully set forth herein.

26. Plaintiffs have insufficient information to admit or deny the allegations of paragraph 26 because they are vague and ambiguous due to the inclusion of the phrase "as alleged supra," without reference to any particular paragraph references, and therefore deny same.

27. Plaintiffs have insufficient information to admit or deny the allegations of paragraph 27 because they are vague and ambiguous due to the inclusion of the phrase "as alleged supra," without reference to any particular paragraph references, and therefore deny same. Plaintiffs deny that they have engaged in a breach of contract.

28. Plaintiffs deny the allegations of paragraph 28.

29. Plaintiffs have insufficient information to admit or deny the allegations in the first sentence of paragraph 29, because they are vague and ambiguous by its reference to "members of the putative plaintiff classes . . . who . . . engaged in such improper conduct" and thus deny same. No response is required to the allegations in the second sentence of paragraph 29, because they contain no allegations of fact. Plaintiffs affirmatively aver that Allmerica Companies may not bring a counterclaim against any absent class members.

## COUNT III

## ACTION ON PROMISSORY NOTE

30. Plaintiffs reallege and incorporate their responses to the allegations set forth in paragraphs 1-29 of the Counterclaim as though fully set forth herein.

31. Because the allegations in paragraph 31 are directed only as to Robare, he is the only party responding to these allegations. To the extent that the allegations in paragraph 31 purport to describe or construe the terms of a Promissory Note that Robare entered into, those terms are set forth in documents that speak for themselves. Robare admits that he entered into a Promissory Note.

32. Because the allegations in paragraph 32 are directed only as to Robare, he is the only party responding to this allegation. Robare denies the allegations of paragraph 32.

33. Because the allegations in paragraph 33 are directed only as to Speakman and Wedel, those individuals are the only parties responding to those allegations. Speakman and Wedel deny the allegations in paragraph 33.

34. Plaintiffs have insufficient information to admit or deny the allegations in the first sentence of paragraph 34, because they are vague and ambiguous by its reference to "members of the putative plaintiff classes . . . who . . . are already in default on their Promissory Notes during the

course of the litigation default on their Promissory Notes" and thus deny same. No response is required to the allegations in the second sentence of paragraph 34, because they contain no allegations of fact. Plaintiffs affirmatively aver that Allmerica Companies may not bring a counterclaim against any absent class members.

## PRAYER FOR RELIEF

Plaintiffs deny that Allmerica Companies are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Allmerica Companies have no standing to bring an action in connection with any alleged agreement that Speakman and Wedel entered into with VeraVest Investments, Inc. Similarly, as to any other alleged agreements on which the Allmerica Companies, collectively, purport to bring a breach of contract action, only the actual company that entered into the alleged agreement has the standing to bring such an action.

### THIRD AFFIRMATIVE DEFENSE

Allmerica Companies have no capacity to bring an action in connection with any alleged agreement that Speakman or Wedel entered into with VeraVest Investments, Inc. Similarly, as to any other alleged agreements on which the Allmerica Companies, collectively, purport bring a breach of contract action, only the actual company that entered into the alleged agreement has the capacity to bring such an action.

### FOURTH AFFIRMATIVE DEFENSE

Allmerica Companies have failed to join a necessary and indispensable party.

### FIFTH AFFIRMATIVE DEFENSE

Allmerica Companies are estopped from asserting their claims by virtue of their own actions or omissions.

### SIXTH AFFIRMATIVE DEFENSE

Allmerica Companies' claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Allmerica Companies' claims are barred by their willful and/or material breach of contract.

### EIGHTH AFFIRMATIVE DEFENSE

Allmerica Companies' claims are barred by laches.

### NINTH AFFIRMATIVE DEFENSE

Allmerica Companies' claims are barred by unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Allmerica Companies' claims are barred by the doctrine of set-off.

### ELEVENTH AFFIRMATIVE DEFENSE

Allmerica Companies' claims are barred by the doctrine of frustration of purpose.

Plaintiffs reserve their right to assert any additional affirmatives defenses which discovery may reveal to be appropriate.

Dated:  June 1, 2005

        Stephen L. Hubbard
        Robert W. Biederman, BBO No. 562279
        David M. Grossman
        **HUBBARD & BIEDERMAN, LLP**
        1717 Main Street, Suite 4700
        Dallas, Texas 75201
        Telephone: (214) 857-6000
        Facsimile: (214) 857-6001


        **MOULTON & GANS, P.C.**

        By: /s/ Nancy Freeman Gans
            Nancy Freeman Gans, BBO No. 184540
        33 Broad Street, Suite 1100
        Boston, Massachusetts 02109-4216
        Telephone: (617) 369-7979
        Facsimile: (617) 369-7980

        **ATTORNEYS FOR PLAINTIFFS AND COUNTERCLAIM DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served via facsimile and first class mail on this the 1st day of June, 2005, to the following:

> Andrea J. Robinson
> Jonathan A. Shapiro
> Eric D. Levin
> Brett R. Budzinsk
> WILMER CUTLER PICKERING
>   HALE and DORR LLP
> 60 State Street
> Boston, MA 02109
> (617) 526-5000 fax
>
> ATTORNEYS FOR DEFENDANTS

                          /s/ Nancy Freeman Gans
                            NANCY FREEMAN GANS