IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. <br> 04-40077-FDS |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

In accordance with Fed. R. Civ. P. 26(f) and in anticipation of the conference with the Court pursuant to Local Rule 16.1, counsel have conferred concerning a proposed pretrial schedule for the case that includes a plan of discovery and consideration of consent to trial by a Magistrate Judge. Counsel for plaintiffs and counsel for defendants hereby submit this Joint Statement to the Court for its consideration.

### Proposed Timetable for Discovery and Motion Practice

1. **Initial Disclosures**. Both parties agree that the Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by July 1, 2005.

2. **Amendments to Pleadings**.

   A. **Plaintiffs' Position**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert

new claims or defenses may be filed after January 31, 2006, which is plaintiffs' proposed merits discovery cut-off date. In the event that such a motion to amend or joinder is filed on or after December 20, 2005, the non-moving parties may seek a reasonable extension of the period for, and the limitation on, merits discovery to which the moving parties will not unreasonably withhold their assent. This scheduling order in no way waives or affects the applicable statute of limitations of any claim, the requirements of the Federal Rules of Civil Procedure, as applicable, or any other defense or opposition to such joinder or amendments that may arise in law or equity.

**B.**     **Defendants' Position.**  Defendants concur with the above text, except that they propose that the cut-off date for amendments should be July 31, 2006, which is their proposed cut-off date for merits discovery, and that the corresponding deadline in the second sentence should be June 30, 2006 instead of December 20, 2005. As set forth in Section 4(b), defendants do not believe that all merits discovery can be completed by January 31, 2006.

**3.**     **Fact Discovery-Interim Deadlines.**

   **a.**     **Deadline for Serving Written Discovery.**

   **i.**     **Plaintiffs' Position.** All requests for production of documents, interrogatories, and requests for admissions must be served by December 30, 2005, which is thirty-one (31)

days before their proposed merits discovery deadline.

    **ii.**    **Defendants' Position**. All requests for production of documents, interrogatories, and requests for admission must be served by June 30, 2006, which is thirty-one (31) days before their proposed merits discovery deadline.

**b.**    **Limits On the Amount of Written Discovery.**

    **i.**    **Plaintiffs' Position**. Plaintiffs and defendants may serve each other 35 interrogatories, 35 requests for admission, and 2 sets of request for production. Plaintiffs request discovery in excess of the limits set forth in Local Rule 26.1(c) because there are multiple defendants (one of which is publicly traded on the New York Stock Exchange), the action covers a multi-year period, and many of defendants' senior executives with knowledge of the relevant facts are no longer employed by defendants.

    **ii.**    **Defendants' Position**. Defendants have agreed to plaintiffs' request simply to reach agreement on the issue, but do not believe that the parties have a sufficient basis at this time to determine whether it is necessary to exceed the presumptive limits set forth in Local Rule 26.1(c).

**c.**    **Timing and Limits On the Amount of Depositions**.

    **i.**    **Plaintiffs' Position**. All depositions, other than expert

depositions, must be completed by January 31, 2006, which is their proposed merits discovery cut-off date. Depositions shall commence no earlier than July 22, 2005. The parties may take 14 non-expert depositions. For the reasons set forth in paragraph 3(b)(1) above, plaintiffs request this discovery in excess of the limits set forth in Local Rule 26.1(c).

ii.    **Defendants' Position.** While defendants agree as to the date for the commencement of depositions, they propose that the cut-off date for completion of depositions should be July 31, 2006, which is their proposed deadline for merits discovery. As to the limits of the number of depositions, defendants have agreed to plaintiffs' request simply to reach agreement on this issue, but do not believe that the parties have a sufficient basis at this time to determine whether it is necessary to exceed the presumptive limits set forth in Local rule 26.1(c). As the lawsuit develops and the issues and the issues in dispute unfold, both parties reserve the right to request additional merits depositions.

4.    **Fact Discovery-Final Deadline.**

a.    **Plaintiffs' Position.** All discovery, other than expert discovery, must be completed by January 31, 2006.

b.    **Defendants' Position.** All discovery, other than expert discovery,

4

must be completed by July 31, 2006. Defendants do not believe that all merits discovery can be completed by January 31, 2006 as proposed by plaintiffs.

5.    **Expert Discovery**.

    a.    **Initial Designations**.

        i.    **Plaintiffs' Position**.  Plaintiffs' and counter-plaintiffs' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by February 14, 2006, which is 14 days after their proposed close of merits discovery.

        ii.    **Defendants' Position**.  Plaintiffs' and counter-plaintiffs' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by August 14, 2006, which is 14 days after their proposed close of merits discovery.

    b.    **Deposition Deadline for Initial Experts**.

        i.    **Plaintiffs' Position**.  Plaintiffs' and counter-plaintiffs' trial experts must be deposed by March 31, 2006, which is 45 days after their proposed deadline for initial designations.

        ii.    **Defendants' Position**.  Plaintiffs' and counter-plaintiffs' trial experts must be deposed by September 28, 2006, which is 45 days after their proposed deadline for initial designations.

5

c.    **Deadline for Rebuttal Expert Designations.**

    i.    **Plaintiffs' Position.** Defendants' and counter-defendants' trial experts must be designated by April 17, 2006, which is 17 days after their proposed deadline for the deposition of the initial experts.

    ii.    **Defendants' Position**. Defendants' and counter-defendants' trial experts must be designated by October 16, 2006, which is 18 days after their proposed deadline for the deposition of the initial experts.

d.    **Deadline for Deposition of Rebuttal Experts.**

    i.    **Plaintiffs' Position**. Defendants' and counter-defendants' trial experts must be deposed by May 30, 2006, which is 43 days after their proposed deadline for the designation of rebuttal experts.

    ii.    **Defendants' Position**. Defendants' and counter-defendants' trial experts must be deposed by November 28, 2006, which is 43 days after their proposed deadline for the designation of rebuttal experts

6.    **Class Certification**

a.    **Deadline for filing the Motion for Class Certification**. Both parties agree that plaintiffs shall file a motion for class certification by no

6

later than July 22, 2005.

b.     **Deadline for Defendants' Response**. Both parties agree that defendants shall file a response to the motion for class certification no later than seventy-five (75) days after service of plaintiffs' motion.

c.     **Deadline for Plaintiffs' Reply**. Both parties agree that plaintiffs may file a reply memorandum of law in further support of their motion for class certification, that is 15 pages, double-spaced, no later than thirty (30) days after service of defendants' opposition.

d.     **Class Certification Experts**. Both parties agree that if any party intends to identify experts and submit expert reports in connection with class certification, such experts shall be identified and their reports shall be provided on or before the deadlines set forth in paragraph 6(a)-(c) for the parties to file their respective briefs. The parties shall make such experts available for depositions within 11 days of their disclosure, and will work cooperatively to ensure that they have a full and fair opportunity to address each other's class certification arguments that are based on expert witness testimony.

7.     **Dispositive Motions.**

a.     **Deadline for filing.**

i.     **Plaintiffs' Position**. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions of judgment on the pleadings must be filed by July 14, 2006,

which is forty-five (45) days after their proposed close of expert depositions.

    **ii.**    **Defendants' Position**. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions of judgment on the pleadings must be filed by January 12, 2007, which is forty-five (45) days after their proposed close of expert depositions.

**b.**    **Deadline for Oppositions.** Both parties agree that oppositions to dispositive motions must be filed within forty-five (45) days after the service of such motions.

**c.**    **Deadline for Replies.** Both parties agree that reply memoranda, if necessary, shall be served no later than thirty (30) days after service of the responsive brief to which they relate that shall not exceed 15 pages, double-spaced..

**Proposed Procedural Provisions of The Scheduling Order**

**1.**    **Extension of Deadlines**

**a.**    **Fact Discovery-Interim Deadlines**. Both parties agree that the parties may extend any interim deadline for fact discovery by mutual written agreement filed with the court.

**b.**    **Fact Discovery-Final Deadline: Expert Discovery**. Both parties agree that the parties may extend the final deadline for fact discovery or the deadlines for expert discovery for a combined total of up to 30

days by mutual written agreement filed with the court.

    c.    **Dispositive Motions and Pretrial Conference**. Both parties agree that the parties may not extend the deadline for filing dispositive motions or the date of the final pretrial conference without leave of the court. No extension of discovery deadlines shall modify or affect deadlines for filing dispositive motions or the date of the pretrial conference unless the court expressly orders otherwise.

    d.    **Procedure for Seeking Extensions from Court**. Both parties agree that motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

2.    **Motions to Compel or Prevent Discovery**. Both parties agree that except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is

compelled by the court after the relevant deadline has passed, the court may enter such additional order relating to discovery as may be appropriate.

3.   **Reply Memoranda**. Both parties agree that the parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and, except as otherwise set forth in the Scheduling Order, is filed within seven days (excluding intermediate Saturdays, Sundays and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of the court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4.   **Additional Conferences**. Both parties agree that upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

5.   **Early Resolution of Issues**. Both parties agree that the Court recognizes that, in some cases, resolution of one or more preliminary issues may remove significant impediment to settlement or otherwise expedite resolution of the case. The parties understand that they are encouraged to identify any such issues and to make appropriate motions at any early stage in the litigation.

**Other Matters In the Joint Statement**

**1.    Trial By Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge at this time.

**2.    Alternative Trial Certification**

Each of the parties has conferred with their clients (a) with a view to establishing a budget for the costs of conducting the full course-and various alternative courses- of litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlines in LR 16.4. At this time, the parties do not consent to such alternative dispute resolution programs but may consider such programs in the future.

Dated:  Boston, Massachusetts
      June _____, 2005

                    HUBBARD & BIEDERMAN, LLP

                    By:_____
                        Stephen L. Hubbard
                        Robert W. Biederman, BBO 562279

                    1717 Main Street
                    Suite 4700
                    Dallas, Texas 75201
                    (214) 857-6000
                    (214) 857-6001 fax


                    MOULTON & GANS, P.C.

                    By:  Nancy Freeman Gans  by Eric D. Levin
                        Nancy Freeman Gans,  BBO No. 184540

                    33 Broad Street, Suite 1100
                    Boston, Massachusetts  02109
                    (617) 369-7979
                    (617) 369-7980 fax
                    Counsel for Plaintiffs

                    Plaintiffs (as to paragraph 2 of Other Matters In the
                    Joint Statement)


                    _____
                    Donald P. Speakman


                    _____
                    Stephen H. Wedel


                    _____
                    Mark L. Robare


                                    12

Dated:  Boston, Massachusetts
      June _____, 2005

HUBBARD & BIEDERMAN, LLP


By:_____
    Stephen L. Hubbard
    Robert W. Biederman, BBO 562279

1717 Main Street
Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax


MOULTON & GANS, P.C.


By: _____
    Nancy Freeman Gans,  BBO No. 184540

33 Broad Street, Suite 1100
Boston, Massachusetts  02109
(617) 369-7979
(617) 369-7980 fax
Counsel for Plaintiffs

Plaintiffs (as to paragraph 2 of Other Matters In the
Joint Statement)

_Donald P. Speakman_
Donald P. Speakman


_____
Stephen H. Wedel


_____
Mark L. Robare

12

Dated:  Boston, Massachusetts
      June _____, 2005

                        HUBBARD & BIEDERMAN, LLP


                        By:_____
                            Stephen L. Hubbard
                            Robert W. Biederman, BBO 562279

                        1717 Main Street
                        Suite 4700
                        Dallas, Texas 75201
                        (214) 857-6000
                        (214) 857-6001 fax


                        MOULTON & GANS, P.C.


                        By: _____
                          Nancy Freeman Gans,  BBO No. 184540

                        33 Broad Street, Suite 1100
                        Boston, Massachusetts  02109
                        (617) 369-7979
                        (617) 369-7980 fax
                        Counsel for Plaintiffs

                        Plaintiffs (as to paragraph 2 of Other Matters In the
                        Joint Statement)


                        _____
                        Donald P. Speakman

                        _____
                        Stephen H. Wedel


                        _____
                        Mark L. Robare

Dated: Boston, Massachusetts
June __13__, 2005

HUBBARD & BIEDERMAN, LLP

By:_____
    Stephen L. Hubbard
    Robert W. Biederman, BBO 562279

1717 Main Street
Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

MOULTON & GANS, P.C.

By:
    Nancy Freeman Gans,  BBO No. 184540

33 Broad Street, Suite 1100
Boston, Massachusetts 02109
(617) 369-7979
(617) 369-7980 fax
Counsel for Plaintiffs

Plaintiffs (as to paragraph 2 of Other Matters In the
Joint Statement)

Donald P. Speakman

Stephen H. Wedel

Mark L. Robare

12

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _____
    Andrea J. Robinson, BBO 556337
    Jonathan A. Shapiro, BBO 567838
    Eric D. Levin, BBO 639717

60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 fax

Counsel for Defendants

Allmerica Financial Life Ins. & Annuity Co.,
First Allmerica Financial Life Ins. Co., and
Allmerica Financial Corp., (as to paragraph 2 of the
Other Matters In the Joint Statement)

By:_____
Name:_____
Title:_____

13

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _____

    Andrea J. Robinson, BBO 556337
    Jonathan A. Shapiro, BBO 567838
    Eric D. Levin, BBO 639717

60 State Street
Boston, MA 02109
(617) 526-6000
(617) 526-5000 fax

Counsel for Defendants

Allmerica Financial Life Ins. & Annuity Co.,
First Allmerica Financial Life Ins. Co., and
Allmerica Financial Corp., (as to paragraph 2 of the
Other Matters In the Joint Statement)

By: _____
Name: _Michael A Reardon_____
Title: _President  (Vice President AFC )_

13