IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. 4:04-cv-40077-FDS |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO. and ALLMERICA FINANCIAL CORP. | | |
| Defendants. | | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs, by and through their attorneys, move for class certification under Fed. R. Civ. P. 23 and state as follows:

1.  This action is based upon Defendants' wrongful conduct in connection with the Trail Commission Program ("Trail Program") implemented on January 1, 2001 by Defendant Allmerica Financial Life Ins. & Annuity Co. ("Allmerica Life"). Allmerica Life undermined the Trail Program by abruptly withdrawing from the life and annuity business within a few years after the institution of the Trail Program, materially depriving Plaintiffs and members of the proposed class of its benefits. Plaintiffs allege that Defendants omitted to disclose material facts about its financial condition prior to inducing them to enter into the Trail Program. Plaintiffs' Motion For Class Certification seeks the certification of a Class of approximately 140 individuals who entered into the Trail Program and

executed Promissory Notes payable to Allmerica Life. These participants were Defendants' most senior and dedicated producers of their main product, variable annuities.

2. Pursuant to Fed.R.Civ.P.23(a) & (b)(3), Plaintiffs seek to certify a class (the "Class"):

> comprising all persons who entered into the Trail Program and concurrently executed a Promissory Note payable to Allmerica Life. Excluded from the Class are any general agents, or managing directors of Allmerica Life or First Allmerica Financial Life Ins. Co. ("First Allmerica") who participated in the Trail Program.

3. The Class is so numerous that joinder of all members is impracticable. On information and belief, there are approximately 140 members of the Class residing in more than 25 states.

4. There are numerous questions of law or fact common to the Class, which predominate over any individual issues, including the following:

    A. Whether there is an implied duty or covenant of good faith and fair dealing in the Trail Program that Defendants could not deprive the Class the fruits of the benefits of the Trail Program;

    B. Whether Allmerica Life breached the implied duty or covenant of good faith and fair dealing;

    C. Whether Defendants engaged in a deceptive act or practice within the meaning of M.G.L. Ch. 93A §§ 2, 11 in connection with the knowing disregard of the Class' contractual rights; and

    D. Whether Defendants engaged in a deceptive act or practice within the meaning of M.G.L. Ch. 93A §§ 2, 11 by omitting to disclose material information to the Class prior to entering into the Trail Program.

5. Plaintiffs are the proposed Class representatives and their claims are typical of those of the Class.

6. Plaintiffs will fairly and adequately protect the interests of the Class. They signed three of the largest Promissory Notes and have a significant interest in the litigation. Plaintiffs

retained Hubbard & Biederman, LLP as Counsel to pursue the litigation. Hubbard & Biederman, LLP is experienced in handling class actions including claims asserted in this lawsuit; is knowledgeable of the applicable law; and is committing the necessary resources to represent the Class in this litigation. Hubbard & Biederman, LLP has already extensively researched the law and facts concerning these claims.

7. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

> A. The interest in prosecuting this action as a class outweigh any interests of the members of the Class individually controlling the prosecution or defense of separate actions;
>
> B. There is no other litigation concerning the Trail Program already commenced by members of the Class;
>
> C. This forum is the most desirable one for concentrating this litigation, because Defendants principal place of business is here and the claims arose in Massachusetts; and
>
> D. This action presents no difficulty that would impede the Court's management of it as a class action, and it is the best available means by which Class members can seek redress for the harm caused to them by Defendants.

## REQUEST FOR ORAL ARGUMENT

8. Plaintiffs believe that oral argument may assist the Court, and therefore request that the Court schedule such argument. Pursuant to the Court's Scheduling Order entered on June 29, 2005, oral argument on Plaintiffs' Motion for Class Certification is scheduled on November 14, 2005.

WHEREFORE, Plaintiffs pray that this Court certify this action as a class action on behalf of the Class defined in paragraph 2 of this Motion, appoint Plaintiffs as Class representatives and appoint Hubbard & Biederman, LLP as Class counsel and Moulton & Gans, P.C. as local counsel.

Dated: July 22, 2005.                         Respectfully submitted,

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans, BBO No. 184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

Stephen L. Hubbard
Robert W. Biederman, BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

*ATTORNEYS FOR PLAINTIFFS*

## LOCAL RULE 7.1 CERTIFICATE

I, Nancy Freeman Gans, hereby certify that on July 22, 2005, I consulted with Jonathan A. Shapiro, Esquire, of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for defendants, concerning the within motion. Defendants do not assent to this Motion.

/s/ Nancy Freeman Gans
    Nancy Freeman Gans

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served by hand on this the 22nd day of July, 2005, to Defendants' attorneys, as follows:

Jonathan A. Shapiro
WILMER CUTLER PICKERING
  HALE and DORR LLP
60 State Street
Boston, MA 02109

                /s/ Nancy Freeman Gans
                  Nancy Freeman Gans