IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO. and ALLMERICA FINANCIAL CORP. <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 4:04-cv-40077-FDS |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER
CONCERNING THE SCHEDULING OF PLAINTIFFS' DEPOSITIONS**

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

Nancy Freeman Gans
BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

ATTORNEYS FOR PLAINTIFFS

Plaintiffs file this Motion for Protective Order under Fed. R. Civ. P. 26(c) and Local Rule 37.1.

1.  On August 18, 2005 (after several weeks of discussion concerning various dates offered by Plaintiffs beginning in early September), Defendants issued notices of deposition of each Plaintiff at the following dates and locations:

| Deponent | Date | Location |
| --- | --- | --- |
| Speakman | 9/12 | Boston |
| Robare | 9/26 | Boston |
| Wedel | 9/28 | Boston |

2.  In a letter dated August 18 that accompanied the notices, Defendants proposed alternate dates for Plaintiffs Robare and Wedel depositions:

| Deponent | Date | Location |
| --- | --- | --- |
| Robare | 9/26 | Houston |
| Wedel | 9/27 | St. Louis |

3.  In the August 18 letter, Defendants also stated that they may cancel all of the depositions unless a substantial number of documents were produced in connection with Defendants First Request for Production of Documents that was served on July 28, to which Plaintiffs response was due on August 29. Defendant's reason for reserving the right to cancel the depositions was that if the production of documents was inadequate, then they purportedly could not respond to Plaintiffs' Motion for Class Certification by October 5 when their brief was due. The Class Certification hearing is set for November 14.

4.  Due to the equivocal statements, Plaintiffs responded on August 19:

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER - Page** 2

A. The dates and locations of Plaintiffs Robare and Wedel's depositions offered in the August 18 letter were acceptable (September 26 in Houston where Robare resides, and September 27 in St. Louis, where Wedel resides);

B. Plaintiffs Robare and Wedel would make available all non-privileged documents by September 2, despite the fact that Defendants have provided <u>no</u> documents in response to Plaintiffs' First Request for Production that was served on July 1;

C. Plaintiff Speakman's deposition on September 12 was acceptable, but indicated that the location of the deposition should be in Pittsburgh where he resides as previously offered by Plaintiffs;

D. Plaintiff Speakman would make available a substantial number of documents, but would not be able to produce all documents by September 2, due to the volume of his business;

E. The documents that would not be available by September 2 concerned the replacements or exchanges of Allmerica variable annuities in the Trail Program, of which Defendants were well aware; that they did not need all of these documents for purposes of opposing class certification; that Plaintiff was producing a substantial number of documents concerning replacements; that Plaintiffs proposed that Defendants select a reasonable sample of the replacements; and that Plaintiffs were amenable for Defendants to reserve time for a future deposition when the balance of the documents were produced.

**<u>PLAINTIFFS' MOTION FOR PROTECTIVE ORDER</u> - Page** 3

      F.      Plaintiffs requested Defendants to confer as to these issues.

5.      Plaintiffs received no response to their August 19 letter. On August 25, Plaintiffs wrote another letter requesting Defendants to confirm the schedule for the depositions, and indicating that absent such a call they would file a Motion for Protective Order.

6.      Defendants have not responded to the August 25 letter.

7.      On August 29, Plaintiffs responded to Defendants First Request for Production of Documents, and notified Defendants on September 2, that they have made available 1,978 pages from Plaintiff Robare, 2,974 pages from Plaintiff Wedel, and 2,292 pages from Plaintiff Speakman.

8.      Plaintiffs seek the Court to order that if Defendants intend to proceed with the depositions of Plaintiffs Speakman, Robare and Wedel prior to October 5 when their response to the Motion for Class Certification is due, that they occur as follows:

| Deponent | Date | Place |
|---|---|---|
| Donald Speakman | 9/12 | Pittsburgh |
| Mark Robare | 9/26 | Houston |
| Steve Wedel | 9/27 | St. Louis |

9.      Plaintiffs submit that this relief should be granted in accordance with L.R. 37.1(a), because Defendants despite the repeated requests of Plaintiffs on August 18 & 25 refused to respond and conduct a conference about the scheduling of depositions. Alternatively, Plaintiffs submit that it is reasonable that the depositions occur on the dates and locations set forth above in that Defendants proposed these times and locations for Plaintiffs Robare and Wedel. As to Plaintiff Speakman, it is further reasonable in that he resides in Pittsburgh, and under the circumstances of this case, that is where he should be deposed.

WHEREFORE, based upon the foregoing Plaintiffs request that the Motion for Protective Order be granted.

Dated: September 2, 2005                                Respectfully submitted,

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans, BBO No. 184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1**

Plaintiffs' counsel states that opposing counsel has failed to respond to a request for a discovery conference within the seven (7) day period set forth in Local Rule 37.1(a). Accordingly, Plaintiffs' counsel submits that there has been compliance with Local Rule 37.1. Details concerning Defendant's counsel's failure to respond to a request for a discovery conference are set forth in the Memorandum in Support of Plaintiffs' Motion for Protective Order Concerning the Scheduling of Plaintiffs' Depositions.

/s/ Robert W. Biederman
Robert W. Biederman

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by facsimile and first class mail on this the 2nd day of September, 2005, to the following:

Jonathan A. Shapiro
WILMER CUTLER PICKERING
 HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-5000 fax

Brian E. Whiteley
C. Alex Hahn
SCIBELLI, WHITELEY AND STANGANELLI, LLP
50 Federal Street, Fifth Floor
Boston, MA 02110
(617) 722-6003 fax

ATTORNEYS FOR DEFENDANTS

/s/ Nancy Freeman Gans
Nancy Freeman Gans