IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO. and ALLMERICA FINANCIAL CORP.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:04-cv-40077-FDS<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER CONCERNING THE SCHEDULING OF PLAINTIFFS' DEPOSITIONS**

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

Nancy Freeman Gans
BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

ATTORNEYS FOR PLAINTIFFS

## Introduction

After many weeks of discussions about possible dates and locations of depositions, Defendants unilaterally noticed three (3) separate notices of deposition on August 18, 2005, for Boston: Plaintiff Speakman on September 12, Plaintiff Robare on September 26 & Plaintiff Wedel on September 28. Accompanying the notices, however, was a letter in which Defendants suggested the alternative of taking Plaintiff Robare in Houston (where he resides) on September 26, Plaintiff Wedel in St. Louis (where he resides) on September 27. In the letter, Defendants also indicated that unless a substantial number of documents was produced in response to Defendants' First Request for Production (due on August 29), that they may elect to take none of the depositions as noticed. Defendants' stated justification for this "election" was that if the document production was inadequate, they purportedly could not respond to the Motion for Class Certification by the October 5 deadline.

On August 19, Plaintiffs agreed to the proposal to take Plaintiff Robare's deposition in Houston on September 26 and Plaintiff Wedel's deposition in St. Louis on September 27. Also, Plaintiffs indicated that notwithstanding the complete refusal of Defendants to produce one document in response to Plaintiffs' First Request for Production, which was served on July 1, Plaintiffs Wedel and Robare would make available their non-privileged documents that they could locate by September 2. Plaintiff Speakman further indicated that due to the greater volume of documents requested from him, that all of his non-privileged documents would not be produced by September 2, but that a substantial number of documents would be available by that date. Plaintiff Speakman further indicated that most of the documents that would not be produced at this time involved replacement or exchanges of annuities issued by Defendants, which Defendants already

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - Page** 2

knew about. Moreover, Plaintiff Speakman indicated that while he was producing many of those files, that Defendants did not need all of them at this time in order to depose him and oppose class certification; and that he was amenable for Defendants to reserve time at the deposition for further examination when those additional documents were produced. In light of the uncertainty of Defendants' position concerning scheduling the depositions, Plaintiffs sought to confirm whether Defendants wanted to proceed with Mr. Speakman's deposition on September 12, which date was acceptable to Plaintiffs. If so, Plaintiffs indicated that based upon apposite case law and Mr. Speakman's heavy work commitments, his deposition should be in Pittsburgh where he resides.

Because Defendants did not respond to the August 19 letter, Plaintiffs sent a second letter dated August 25 seeking to confirm that Defendants intended to proceed with the depositions on the dates and locations specified in Plaintiffs' August 19 letter. Defendants have failed to respond, in writing or orally, to either of these letters. On August 30, Defendants issued multiple third party subpoenas seeking essentially the same documents concerning Plaintiff Speakman's replacement activities.

Because Defendants refuse to confer as to the depositions, Plaintiffs file the Motion for Protective Order seeking to confirm that if Defendants elect to take depositions prior to October 5, when their response to the Motion for Class Certification is due, that the depositions of Plaintiffs Speakman, Robare and Wedel be held on September 12, 26, and September 27 in Pittsburgh, Houston, and St. Louis, respectively.

**Reason That A Discovery Conference Was Not Held**

Since the issuance of Defendants' notices of deposition on August 18, no discovery conference has been held. The deposition notices were attached to a letter sent by Defendants dated

August 18, which is attached as Exhibit A. As noted above, while the notices of depositions purported to schedule the depositions of each of the Plaintiffs on specific dates in Boston, the letter accompanying the deposition notices offers alternate dates and locations of the depositions and contains equivocation on even taking the depositions prior to October 5. Accordingly, in letters dated August 19 and August 25, attached as Exhibits B & C, Plaintiffs sought to confer with Defendants to confirm the dates and location of depositions. Defendants have refused to confer or respond to these letters.[1] Based upon that refusal to respond, Plaintiffs submit under LR 37.1 the Motion for Protective Order should automatically be granted.

**The Nature of the Case and Facts Relevant to the Motion for Protective Order**

The Court is familiar with the claims in this case involving Plaintiffs' participation in the Trail Program. The claims arise out of Defendants' unilateral decisions to abandon the life and annuity business beginning in September 2002, when Defendants terminated all agency agreements and ceased to sell any new insurance or annuity products in order to entirely focus on their remaining property and casualty business. That unilateral decision has had a foreseeable negative impact on the participants, such as Plaintiffs, in the Trail Program, which assumed that Defendants would remain in business as a viable life and annuity company. Since filing the First Amended Complaint, Defendants announced on August 22, 2005, an agreement to sell Defendant Almeria Financial Life & Annuity Co.("Allmerica Life") to Goldman Sachs. *See* Exhibit D. This sale is the culmination of the decision by Defendants to transform themselves exclusively into a property and

---

[1] Prior to sending the notices of depositions, Plaintiffs sent numerous e-mails offering the dates and locations that Plaintiffs were available for depositions, and a teleconference was held with Plaintiffs' and Defendants' counsel on August 11 concerning possible dates and locations of the depositions.

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - Page** 4

casualty insurer.[2]   Procedurally, there are certain events that are pertinent to the instant motion. On July 1, Plaintiffs and Defendants exchanged their respective Responses to Requests for Disclosures. In accordance with Fed. R.Civ. P. 26(d) and the terms of the Scheduling Order entered by the Court on June 29, Plaintiffs immediately commenced discovery by sending their First Set of Interrogatories, Request for Admission, and Request for Production. On July 22, in accordance with the Scheduling Order, Plaintiffs filed a Motion for Class Certification that is scheduled to be heard on November 14.  Defendants response is due on October 5.  Anticipating that Defendants would seek to delay the hearing on class certification, Plaintiffs initiated the discussion about the scheduling of Plaintiffs' depositions as early as August 5.  *See* Exhibit F. Defendants indicated that they could not take the depositions until Plaintiffs' responses to their First Request for Production were received on August 29, and the documents actually were produced.  While Defendants could have served that Request on July 1, they waited until July 28.  While Defendants claimed that delay resulted from their waiting until July 22 to review Plaintiffs' Motion for Class Certification, none of the requests are tailored to any specific allegation or statement in the Motion for Class

---

[2] One of the principal reasons for this sale was to "eliminate Guaranteed Minimum Death Benefit and other market-driven risks" that were arose out of Defendants' variable annuity business. *See* Exhibit E at 11.

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - Page** 5

Certification, but relate to the merits of the Complaint and Counterclaim.[3] *See* Exhibit G, Request for Production.

On August 29, Plaintiffs filed their Response to Defendants' First Request for Production, and on September 2, made available for Defendants' review 2,292 pages from Plaintiff Speakman, 2,974 pages from Plaintiff Wedel, and 1,978 pages from Plaintiff Robare.[4]

**The Issues That Are Subject to the Motion for Protective Order**

**A.      The specific discovery that is subject to the dispute concerns the date and location of the depositions of Plaintiffs.**

1. The Notice of Deposition of Donald P. Speakman reflects the date of September 12, 2005 in Boston. *See* Exhibit A.

---

[3] The thrust of the Counterclaim is that Plaintiffs somehow allegedly violated their agency contracts, that Defendants <u>terminated</u>, by effecting the exchange of certain Allmerica Life variable annuities, at the request of the owners of those annuities. Plaintiffs are baffled by this counterclaim for numerous reasons including that Defendants unilaterally abandoned the annuity business, terminated the entire sales force including Plaintiffs, ceased to issue new or updated products, encouraged the replacement during 2003 of their annuity business in order to reduce its exposure to the guaranteed minimum death benefit feature, created a foreseeable precipitous and sustained drop in their life and annuity insurance ratings, and competitors offered new variable insurance products that had substantially better features than Defendants' moribund annuity products.

[4] As to Plaintiff Speakman's documents, the principal number of documents that have not yet been made available concern the replacements of exchanges of Defendants' variable annuities. While many of those have been produced, as Plaintiff Speakman explained in his August 19 letter to Defendants (Exhibit B), he was willing for Defendants, for purposes of the deposition, to select a sample of such replacements, and to reserve time, at a later date, when those had been produced to continue the deposition. Moreover, as Plaintiffs indicated, because for purposes of class certification the Court is not going to resolve the merits of Defendants' Counterclaim, to which presumably the documents concerning replacements or exchanges were sought, it is unnecessary for Defendants to have at this time all the documents relating to each replacement in connection with their challenge to class.

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**</u> **- Page** 6

  2.  The Notice of Deposition of Stephen H. Wedel reflects the date of September 28, 2005 in Boston. *Id*.

  3.  The Notice of Deposition of Mark L. Robare reflects the date of September 26, 2005 in Boston. *Id*.

### B. The Issues in Dispute And Plaintiffs' Position

#### 1. Issue No. 1.

As to Plaintiffs Robare and Wedel, if Defendants elect to take their depositions prior to October 5, should be held on September 26 & 27 in Houston and St. Louis, respectively, as offered in Defendants' August 18 letter?

#### 2 Plaintiffs' Position Concerning Issue No. 1.

For numerous reasons, Plaintiffs maintain that Defendants should adhere to their proposal in the August 18 letter that deposition be taken of Plaintiffs Robare and Wedel on September 26 & 27 in Houston and St. Louis, respectively. <u>First</u>, the Court should grant this request in that Defendants have failed to confer with Plaintiffs about this matter within 7 days as requested by Plaintiffs. See LR 37.1(a) ("Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion."). As noted above, Plaintiffs sought on August 19 & 25 to confer with Defendants to confirm that these depositions would take place on these dates, and not those set forth in the notices of depositions of Plaintiffs Robare and Wedel. Defendants refused to respond.

Second, the Court can treat Defendants' August 18 letter and Plaintiffs ensuing August 19 & 25 letters as a binding agreement under Fed. R. Civ. P. 29(1) to take the depositions on the dates and locations specified in the August 18 letter.

Third, depositions where each of the plaintiffs reside is appropriate. The Court has substantial discretion in determining where the deposition shall take place. *See, e.g., in re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)("Fed. R. Civ. P. 26(c)(2) allows a court, upon a showing of good cause, to issue a protective order specifying the time and place of a deposition."). There is a line of cases that holds that a deposition should be taken where a party resides when that place is a substantial distance from the forum where the lawsuit was filed. *See, e.g., Metrex Research Corp. v. U.S.*, 151 F.R.D. 122, 125 (D. Colo. 1993). While there also is a line of cases holding that the location of a plaintiff's deposition generally should be where he has brought the suit, that proposition is qualified where plaintiff's choice of forum is practically restricted to that venue. *See, e.g., Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395, 396 (D. Del. 1955); *Operative Plasterers & Cement Masons' International Assoc. Of U.S. & Canada AFL-CIO v. Benjamin*, 144 F.R.D. 87, 91 (N.D. Ind. 1992).[5] That is the case here.

---

[5] There is a paucity of authority in the First Circuit on this issue. In *Prozina Shipping Co. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 48, n. 6 (D. Mass. 1998), the issue involved plaintiff's motion for protective order to "*bar* all depositions at this time." (Emphasis in original). That is not the issue here. The Court did address plaintiff's position that it was burdensome to appear for any deposition due to its incorporation in Cyprus and location in Hong Kong by noting that because plaintiff had brought the case in Massachusetts it could be subject to depositions there. That statement is not pertinent to the facts in this case, because there is a material difference between having a defendant go to Hong Kong, than Pittsburgh, to take a deposition, and the Court did not discuss whether plaintiff's sole choice of forum was limited to Massachusetts. There also is a bankruptcy court opinion in *In re Good Hope Indus.*, 14 B.R. 942, (Bank. D. Mass. 1981) in which the debtor had brought a bankruptcy case in Massachusetts, where it then resided, and subsequently moved to Louisiana. In an ensuing contested proceeding involving a proof of claim filed in the Massachusetts bankruptcy, the debtor sought to have the

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - Page 8**

An analysis of the various fora that were available to Plaintiffs to bring suit reflects that Massachusetts was the only viable one. The potentially available fora were (i) overlapping class actions in Plaintiffs' three respective places of residence; namely, , Pennsylvania, Missouri and Texas (ii) one collective action in Pennsylvania, Missouri, or Texas; or (iii) one collective action in Massachusetts. Only the last option was the proper forum.

As to the first alternative, if Plaintiffs had brought three separate and identical class actions in the three fora where they reside, Defendants would have sought to consolidate the actions through 28 U.S.C. § 1407(Multi-District Litigation) in Massachusetts, and sharply criticized Plaintiffs' Counsel for having brought the same class action in multiple courts. There could have been no rational basis for having brought such concurrent and overlapping actions.

As to the second and third alternatives, the venue rules under 28 U.S.C.§1391(a)[6] restricted the venue to Massachusetts. That is the only forum where Defendants resided as well as the one forum where a substantial part of the claims arose.  Conversely, the three Plaintiffs in one action could not have satisfied the alternate venue requirements if they collectively had brought the lawsuit in Texas, Missouri, or Pennsylvania, because Defendants did not reside there, or a substantial part

---

claimant depose it in Louisiana. Because at the time of filing the bankruptcy, the debtor was a Massachusetts resident, that fact plainly distinguishes it from the instant case.

[6] 28 U.S.C.§ 1391(a):

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - Page** 9

of the claims did not arise as to <u>all</u> of the Plaintiffs in any of those fora. For example, if all the claims were brought in Texas, neither Plaintiff Wedel or Plaintiff Speakman's claims have any connection with that jurisdiction.

As a result of the venue rules, Plaintiffs practically were restricted to bring their action in this Court. Accordingly, Plaintiffs submit that the general rule that a party should be deposed where he resides should apply.

      **3.**    **Issue No. 2.**

As to Mr. Speakman, if Defendants elect to take their depositions prior to October 5, should the deposition should be held on September 12 in Pittsburgh?

      **4.**    **Plaintiffs' Position As to Issue No. 2**

Plaintiffs submit that Plaintiff Speakman's deposition should be in Pittsburgh. <u>First</u>, as noted above, the Court should grant this request in that Defendants have failed to confer with Plaintiffs about this matter within 7 days as requested by Plaintiffs/ See LR 37.1(a). <u>Second</u>, for the reasons set forth above, Plaintiff Speakman should be deposed where he resides. <u>Third</u>, while all of his non-privileged documents, that Defendants have requested, have not yet been produced, there are a substantial number of documents that have been produced. The principal area where all the non-privileged documents have not yet been produced is in the area of the replacement of the Allmerica variable annuities. As explained above, apart from the fact that many of those have been produced, Defendants at this time for purposes of opposing class certification do not need to examine every replacement.

**Conclusion**

Based upon the foregoing, Plaintiffs move that their Motion for Protective Order be granted.

Dated: September 2, 2005                Respectfully submitted,

                                        **MOULTON & GANS, P.C.**

                                        By: /s/ Nancy Freeman Gans
                                            Nancy Freeman Gans, BBO No. 184540
                                        33 Broad Street, Suite 1100
                                        Boston, Massachusetts 02109-4216
                                        Telephone: (617) 369-7979
                                        Facsimile: (617) 369-7980

                                        Stephen L. Hubbard
                                        Robert W. Biederman
                                        BBO No. 562279
                                        **HUBBARD & BIEDERMAN, LLP**
                                        1717 Main Street, Suite 4700
                                        Dallas, Texas 75201
                                        Telephone: (214) 857-6000
                                        Facsimile: (214) 857-6001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile and first class mail on this the 2nd day of September, 2005, to the following:

Jonathan A. Shapiro
WILMER CUTLER PICKERING
  HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-5000 fax

Brian E. Whiteley
C. Alex Hahn
SCIBELLI, WHITELEY AND STANGANELLI, LLP
50 Federal Street, Fifth Floor
Boston, MA 02110
(617) 722-6003 fax

ATTORNEYS FOR DEFENDANTS

                                        /s/ Nancy Freeman Gans
                                         Nancy Freeman Gans