UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs and<br>        Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>        Defendants and<br>        Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

**MEMORANDUM IN SUPPORT OF EMERGENCY
MOTION FOR ORDER EXTENDING
SCHEDULE FOR CLASS CERTIFICATION BRIEFING**

Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corporation (hereinafter, "Defendants") submit this memorandum in support of their Motion to extend the schedule for briefing on Plaintiffs' Motion for Class Certification by 60 days, to allow Defendants to file their Opposition to the Motion for Class Certification by December 5, 2005, and for Plaintiffs to file any reply brief by January 4, 2006, following which a hearing on the Motion would be scheduled.

## BACKGROUND

### A. Current Schedule.

Under the current schedule, Defendants' Opposition to the Motion for Class Certification, which was served on July 22, 2005, is due on October 5, 2005; Plaintiffs' reply brief is due on November 4, 2005; and a hearing on the Motion is scheduled for November 14, 2005. See Scheduling Order, dated June 29, 2005, at 2.

### B. Discovery Efforts to Date.

The parties have engaged in active discovery since they first were entitled to do so two months ago. In accordance with the July 1, 2005, deadline they served Initial Disclosures, which are prerequisite to service of any discovery. See Scheduling Order, at 1. During the summer, Plaintiffs served three sets each of detailed interrogatories, requests for admission, and a large number of document requests (138 separate requests).[1] In August, Defendants served comprehensive written responses to all the interrogatories and requests to admit, and later in August served responses to the document requests. Neither side has yet to actually produce documents, given outstanding issues concerning a stipulated Motion for a Protective Order addressing confidentiality issues (which the parties are close to finalizing), and delays related to collection/assembly of documents.[2]

Within a week of service of the Motion for Class Certification on July 22, Defendants propounded their own set of document requests on Plaintiffs (50 separate requests). In late August, Plaintiffs served responses to those requests, but have not produced documents. See

---

[1] Defendants have not filed with this Motion copies of the many written discovery requests and responses, as those documents are voluminous and the facts relevant here (the service of that discovery and status of the responses thereto) are straightforward, and as the Court is aware, parties do not typically file discovery with the Court. Defendants are pleased to file copies of any or all of these documents if the Court would like to see them.

[2] Allmerica has been served with document requests concerning significant portions of its business and for documents that may be found in literally thousands of boxes in a warehouse, which requests Defendants believe should be negotiated down to something less burdensome.

infra at Section A.³ Defendants also have served five non-party subpoenas pursuant to Federal Rule of Civil Procedure 45 seeking material concerning many of the same topics at issue in the party discovery requests, but from sources that Defendants believe may possess documents that are not discoverable from Plaintiffs. See infra at Section B. Although none of the non-parties have objected to any of the subpoenas, those witness also have not produced anything, even though the return dates for some of those productions have passed. Defendants have been communicating with non-party witnesses who have fallen behind, and expect to either negotiate some production or, failing at that, file motions to compel within the next 10 days.

Defendants noticed depositions for each of the three putative class representatives after a failed effort to negotiate dates and location. See infra at Section C. Those depositions were noticed for September 12, 26, and 28, in Boston, although last evening Defendants agreed to delay the first deposition (because that named Plaintiff has not produced any documents, said he could not make a complete production until after his deposition, would not come to Boston, and last Friday afternoon filed a motion for protective order requiring that Defendants depose Plaintiff in Pittsburgh where he resides.) (The notices and cover correspondence are attached hereto as Exhibit A, and Defendants' letter withdrawing one of the notices is attached hereto as Exhibit B.)

The parties also have taken issue with each other's responses to the discovery responses served over the summer. Both sides raised but ultimately negotiated away grievances with the other side's Initial Disclosures. Plaintiffs have complained about some of Defendants' responses to the document requests, and Defendants expect to raise similar issues with respect to the responses they received in late August from Plaintiffs. Defendants expect that the scope of

---

³ Given the class certification briefing schedule, Defendants decided to focus on document requests and did not serve their own interrogatories and requests for admission, although they may do so in the future.

those disputes will be narrowed, hopefully substantially, although it would appear difficult to negotiate those issues through resolution until each side actually produces the documents, following which some disagreements over objections may be academic or not be worth pursuing.

## ARGUMENT

Defendants submit that there is "good cause" to extend the class certification briefing schedule as they propose, which is the standard the Court set for continuances in the Scheduling Order. Defendants have worked diligently on discovery throughout July and August, both serving and responding, to keep pace. Despite that effort, Defendants are not in a position to prepare for, and take, the depositions of Plaintiffs because to date no documents have been produced to Defendants in response to the outstanding party and non-party discovery they have propounded. The production delays have been compounded by atypical difficulty scheduling depositions; one of the Plaintiffs is not available at all between September 16 and October 2 and all Plaintiffs are seeking to compel Allmerica's counsel to travel to their states to depose them, which creates additional scheduling problems (and isn't right for other reasons).

Defendants cannot effectively brief an Opposition to a Motion for Class Certification (which to large extent is fact intensive) without a meaningful opportunity to review the not-yet-produced documents and thereafter depose the putative class representatives. Because those events are sequential (documents, depositions, briefing), the October 5, 2005 filing deadline that Defendants have worked to meet is not realistic. See Scheduling Order, at 3 (good cause for extension may include discovery delay).

A.  **Defendants Have Not Received Any Documents From Plaintiffs.**

Defendants served a request for production of documents to Plaintiffs on July 27, 2005, less than a week after service of the Motion for Class Certification. The document requests seek discovery on the merits of Plaintiffs' claims, which are fundamental to the class certification

inquiry as to whether common legal claims and factual allegations predominate the dispute, whether class treatment would be superior to individual litigation, and, even if so, whether these particular Plaintiffs' claims (and defenses thereto) are typical of those of the putative class they seek to represent. The discovery also is tailored to what Defendants believe may be unique circumstances of these particular Plaintiffs' claims that render them atypical or inadequate representatives.[4]

Plaintiffs responded to Defendants' requests on August 29, but have not yet produced any documents. Last Friday, on September 2, 2005 (the day before Labor Day Weekend), Plaintiffs informed Defendants that they expect to produce roughly 7,000 pages of documents, but cannot yet do so because they consider most of these documents to be "confidential" and the parties have not yet concluded negotiation of a Protective Order, which the parties expect to do shortly.[5] In addition to that delay, Plaintiffs also have recently informed Defendants that Mr. Speakman

---

[4] For example, Plaintiffs were replacing Allmerica annuities (surrendering those contracts for new ones from other companies) at rates that were (and are) greatly disproportionate to other putative class members. This replacement activity undermines Plaintiffs' allegation that Allmerica's discontinuance of the sale of new variable annuities and related difficulties left Plaintiffs unable to convince clients to retain Allmerica annuities (and therefore earn commissions on those contracts). For these reasons, Defendants have sought discovery to determine what Plaintiffs were in fact doing to retain Allmerica business, and to determine what annuities issued by other insurance companies were sold by Plaintiffs to those same clients (so as to quantify the new commissions earned from those different companies, which commissions would offset any damages claimed).

In addition, Allmerica has responded to repeated requests from the National Association of Securities Dealers (NASD) for documents concerning at least one Plaintiff's replacement rate and the suitability or circumstances of those securities transactions, which Allmerica believes is part of a long and active investigation into compliance with the NASD and/or SEC Rules governing those transactions. Because the conduct under scrutiny bears directly on the merits and class certification (again, including typicality, adequacy, and predominance), Defendants also have requested documents that are not otherwise available to Defendants (e.g., testimony, NASD requests and responses, Wells Notices and responses).

[5] Defendants have similar confidentiality concerns, and point this out because, although this is an area of mutual concern to the Parties, the shared problem is causing a delay that right now is only prejudicing Defendants (who need the documents to oppose class certification). The confidentiality issues are not particularly controversial, but they are somewhat more time-consuming and difficult to address than in other cases because *(i)* there are statutory restrictions on the disclosure of information concerning policyholders/annuity contract holders; *(ii)* Plaintiffs have sought discovery of the compensation (including tax information) of other former Allmerica agents, who, even if they fall within the proposed, putative class, may not want their compensation disclosed to Plaintiffs and their counsel (who at the pre-certification stage do not represent them), in a case that those individuals may not even know is pending; and *(iii)* the need to preserve all Parties' ability to communicate freely with regulators (e.g., NASD, SEC), regardless of whatever other restrictions they may wish to negotiate with respect to the use of material produced during discovery.

will not be ready to compete his production until September 12 (or later), which has placed Defendants in an untenable position because *(i)* Mr. Speakman's deposition was noticed for that *same* day, meaning that Defendants would not have an opportunity to examine him on those documents (much less prepare by reading them ahead of time); *(ii)* Mr. Speakman refuses to travel to Boston, the location that has been noticed for the deposition; and *(iii)* Mr. Speakman has said he is unavailable to be deposed at any time between September 16 and October 2, which would effectively bar any deposition prior to the October 5, 2005 deadline by which Defendants must file their Opposition to class certification under the existing schedule.  See also infra at Section C.

Moreover, there also are points of disagreement concerning the parties' production of documents; Plaintiffs have complained about Defendants' responses and Defendants are in the process of reviewing Plaintiffs' responses and expect to raise complaints about those responses shortly.  Defendants expect that these disputes can be narrowed through the meet-and-confer process, which is how the parties avoided filing motions regarding the Initial Disclosures.  An extension of time will allow the parties to pursue that process, which is unlikely to be constructive until everyone sees what everyone else has agreed to produce.

**B.     Defendants Have Not Received Any Documents From Non-Parties.**

Defendants also have served five non-party subpoenas seeking documents they expect will bear directly on class certification issues, having served two key subpoenas within days of

receiving the Motion for Class Certification and the others in August.[6] To date, the Defendants have not received any responses or documents from any of these non-party witnesses. Allmerica's counsel have had ongoing communication with counsel for the witnesses who have not complied with subpoenas and are attempting to negotiate their productions without motion practice. However, as a practical matter, the negotiation process can only move so fast, especially because as non-parties these witnesses are entitled to greater latitude under Rule 45 than the litigants. Defendants expect that with additional time to discuss mutually acceptable resolution, some of these productions will be made belatedly but cooperatively, thereby limiting the number of (and perhaps avoiding) motions that will need to be filed to enforce compliance.

### C.   There Are Disputes Over Depositions That Have Been Noticed.

The parties have had difficulty scheduling depositions of the Plaintiffs within the current briefing deadlines. As noted supra, last evening Mr. Speakman's deposition, noticed for September 12, 2005, was postponed because he said he cannot complete his document production by that date (and as of today has not produced anything), and also because he will not come to Boston. See Exhibit B. Mr. Speakman also has said that that he is not available to testify on any date between September 16 and October 2, and given his need for additional time to produce documents, there is no reasonable way for Defendants to prepare and take that critical deposition, nor schedule an alternative date prior to the current October 5, 2005 deadline to file their Opposition to class certification.

---

[6] The non-party subpoenas were served on various dates beginning in late July on: AXA Life and Annuity Company; Lincoln National Life Insurance Company; Pacific Life and Annuity Company; Main Street Securities, LLC; and Rodney K. Vincent. See, e.g., Subpoena served on AXA Life and Annuity Company (the AXA subpoena is attached hereto as Exhibit C). Like the party discovery, these Rule 45 subpoenas directly address issues critical to typicality, adequacy and other class certification requirements. These subpoenas are particularly important because they seek material that would not be in Plaintiffs' files, such as these companies' internal compliance materials and audits of Plaintiffs, and documents related to customer complaints (e.g., those alleging disclosure problems, allegedly unsuitable transactions and those sometimes referred to as "churning") and NASD inquiry relating to the contracts that Plaintiffs sold to replace those issued by Allmerica.

There also has been an ongoing dispute over where the other named Plaintiffs will be deposed. Plaintiffs have said that they require that depositions be taken in their home states (Texas, Missouri, and Pennsylvania), and not on consecutive days. See Letter from Eric D. Levin to Robert W. Biederman, dated August 18, 2005 (attached hereto as Exhibit A). On the Friday before Labor Day, Plaintiffs filed a Motion seeking to compel defense counsel to travel to them.[7] That position is contrary to the cases that Defendants have located from this jurisdiction and the fact that Defendants noticed the depositions, which they are entitled to do under Federal Rule 30(b).[8] The refusal by each Plaintiff to travel for his deposition is particularly unjustifiable given that the reason Plaintiffs need to be deposed is because they have filed a motion for class certification seeking the heightened responsibility to manage the case for others, meaning they have to be willing to invest the time and energy that comes with that role.

This should not, however, require a litigated solution. Defendants have offered to compromise on deposition locations, so Plaintiffs do not each have to come to Boston and defense counsel do not have to travel to each of their home states. Defendants also have offered to come up with dates in October to accommodate that travel, and Mr. Speakman's two-plus week unavailability. Having been unable to negotiate an extension, a Court-ordered one will at least create the opportunity to schedule these depositions so that everyone is minimally

---

[7] Defendants will respond separately to that Motion, and will do so prior to the response deadline under the Rules. That Motion rests on the argument that Defendants waived their right to complain by failing to meet-and-confer under Local Rule 37.1(a), which is unfair to the extreme given how much time was consumed (phone calls, e-mail, letters) addressing that very topic. The Motion also finds little support in the cases, all from other jurisdictions on plainly different facts.

[8] The law that Defendants have found addressing the location of depositions is consistent that a plaintiff should expect to make himself or herself available for a deposition in the forum where he or she chooses to file suit. See, e.g., 8A Wright & Miller, Federal Practice and Procedure § 2112 ("As a normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought"); In re Good Hope Indus., 14 B.R. 942 (Bankr. D. Mass. 1981) (where debtor filed a bankruptcy proceeding in Massachusetts, court rejected debtor's motion for protective order to allow him to avoid traveling to Massachusetts to be deposed by creditor in the proceeding); Prozina Shipping Co. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (district court rejected foreign plaintiff's attempt to avoid deposition in United States -- "Having chose to bring actions in United States fora, Prozina cannot now argue that it would be too burdensome for it to appear for discovery here").

inconvenienced, but no one disproportionately so, and allow Defendants to receive and review the documents they need to take the Plaintiffs' depositions.

### D. Defendants Have Been Diligent And An Extension Will Not Prejudice Plaintiffs.

Defendants will suffer great prejudice if the Court does not grant the Motion to Extend Time. As set forth above, Defendants require an appropriate amount of time following receipt of documents to prepare for and take the depositions of the three named Plaintiffs and to draft a brief in Opposition to class certification. Defendants served document requests and non-party subpoenas in a timely fashion and should not now be unfairly burdened by Plaintiffs' need for additional time to produce documents or their busy schedules, or by the fact that the non-party insurance companies have not yet produced documents in response to the subpoenas. Plaintiffs, on the other hand, would suffer no prejudice from an extension. The case is proceeding on an aggressive track, Defendants provided detailed responses to Plaintiffs' Interrogatories and Requests for Admission, and the Plaintiffs' own delay in producing documents and scheduling conflicts are substantial contributors to the scheduling problems to which this Motion is addressed. See generally 4B Wright & Miller, Federal Practice and Procedure § 1165 (application for enlargement under Federal Rules of Civil Procedure "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party").

### E. An Extension Would Not Compromise Efficient Case Management.

Defendants' requested extension is consistent with efficient case management. First, the extension will provide an opportunity to negotiate with the non-party witnesses regarding their responses to the outstanding subpoenas, which would hopefully avoid motion practice to compel production. Second, even Plaintiffs acknowledge that because they cannot produce all of Mr. Speakman's documents prior to his deposition, his deposition may need to be split into two days,

see Docket No. 32, Mem. in Supp. of Pl.'s Mot. for Protective Order at 6 n.4, which is precisely the sort of piecemeal approach that an amended schedule could avoid. Finally, Plaintiffs' suggestion that Defendants do not require certain documents because they already "know about" those documents, see id. at 2-3, is at odds with the Federal Rules, which entitle litigants to obtain document discovery, and, in any event, attorney assertions are not an evidentiary basis upon which class certification is litigated.

## CONCLUSION

For the reasons stated, Defendants respectfully request that the Court allow their motion.

        Respectfully Submitted,

        ALLMERICA FINANCIAL LIFE
        INSURANCE & ANNUITY CO., FIRST
        ALLMERICA FINANCIAL LIFE
        INSURANCE CO., and ALLMERICA
        FINANCIAL CORP.

        By their attorneys,

        /s/ Brett R. Budzinski
        Andrea J. Robinson (BBO No. 556337)
        Jonathan A. Shapiro (BBO No. 567838)
        Eric D. Levin (BBO No. 639717)
        Brett R. Budzinski (BBO No.655238)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, MA 02109
        (617) 526-6000

Dated: September 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 8th day of September, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

                                            /s/ Brett R. Budzinski
                                            Brett R. Budzinski