# **EXHIBIT A**

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

August 18, 2005

**By Facsimile and Regular Mail**

Robert W. Biederman, Esq.
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

Eric D. Levin

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6879
+1 617 526 5000 fax
eric.levin@wilmerhale.com

Re: Donald Speakman, et al. v. Allmerica Financial Life Insurance and Annuity Co., et al.
Civil Action No. 4:04-CV-40077-FDS

Dear Rob:

I am writing to follow up on the unproductive conversations and e-mails we have exchanged over the last ten days in an effort to schedule depositions of the three named plaintiffs in this case.

As you know, we need to take these depositions in the narrow window of time after our receipt of plaintiffs' document production (which you have said will arrive by the last day of August) but before we need to file defendants' Opposition to the Motion for Class Certification on October 5th. Assuming we receive a complete document production at the end of August, we will need at least one week before we file our Opposition to obtain the deposition transcripts and digest the testimony. That means the depositions must take place between September 7th (Labor Day gets in the way) and September 27th (at the latest).

Unfortunately, plaintiffs have been inflexible to the extreme in scheduling these depositions. Starting with Mr. Speakman, you said that because he is a very busy person the *only* date he is available to testify is September 13th, and that he must be deposed in Pittsburgh. When we told you we were not available on the 13th but proposed other dates that week (the 12th and 15th in Boston or any weekend), you said that rather than checking with Mr. Speakman about those dates, we should find some other lawyer who could accommodate his schedule. It was only after unnecessary back-and-forth that you even agreed to ask Mr. Speakman if he was available on our proposed dates; after initially rejecting both dates, he finally agreed to the 12th, but again only if we would come to Pittsburgh.

Plaintiffs Robare and Wedel have been somewhat more flexible on dates, but unyielding on venue. Apparently, they are available on September 21, 23, 27, 28, and 29, but will only testify in Houston and St. Louis. For reasons that have never been clear, plaintiffs will not schedule the requested out-of-town depositions on consecutive days (meaning that we not only would have to travel, but would have a dead day in the middle).

Robert W. Biederman, Esq.
August 18, 2005
Page 2

We have tried to be flexible. We proposed that the parties compromise (on both dates and location) so that everyone shares the inconvenience. Plaintiffs, however, have refused to meet in the middle, and refused to even entertain a modest extension of the briefing schedule so we could create more options for everyone. You have not helped resolve the problem with the repeated assertion that plaintiffs are busy and that we work for a large law firm. We also disagree that class action plaintiffs are somehow entitled to be deposed where they reside. Although as a courtesy we again offer to split the difference so not all of your clients need to get on a plane, the law seems clear that plaintiffs who sue in Massachusetts should expect to be deposed in Massachusetts.[1]

Mr. Speakman's unwillingness to compromise -- refusing to entertain any date after September 15th, and agreeing to the 12th only if it is in Pittsburgh -- is particularly unacceptable. If he cannot invest the time to appear for a deposition in Massachusetts, he should not have elected to file a lawsuit in Massachusetts, and certainly should not have assumed the additional responsibilities as a lead plaintiff representing a putative class. The same is true for Messrs. Robare and Wedel.

Given the accelerated schedule, we unfortunately cannot waste any more time debating the calendar, which given the history is unlikely to make any difference. Lacking a more collegial alternative, I enclose a Notice of Mr. Speakman's Deposition for 9:00 a.m. on September 12th in Boston, which was the date he said he was available. (If he prefers not to travel on Sunday, I believe there is an early flight and if not, we can start the deposition later.) I also enclose deposition notices for Messrs. Robare and Wedel for September 26th and 28th in Boston; the 28th is uncomfortably close to the October 5th due date for our Opposition, but you said you did not want consecutive dates. We remain willing to consider traveling to Houston and St. Louis for those depositions, but they would need to be on consecutive dates (e.g., the 26th and 27th).

Finally, we are noticing these depositions in the belief that your document production will be comprehensive, such that we can prepare fully for them. If that assumption is incorrect, please understand that we will need to extend the briefing schedule by whatever period of time it takes for defendants to have a fair opportunity to review the discoverable material and prepare to and depose your clients in a non-chaotic manner.

---

[1] The law governing the location of depositions is clear that a plaintiff must make himself or herself available for a deposition in the forum where he or she chooses to file suit. See, e.g., 8A Wright, Miller, & Marcus, Federal Practical Procedure § 2112 (1994) ("As a normal rule plaintiff will be required to make himself or herself available for examination in the district in which suit was brought"); In re Good Hope Indus., 14 B.R. 942 (Bankr. D. Mass. 1981) (where debtor filed a bankruptcy proceeding in Massachusetts, court rejected debtor's motion for protective order to allow him to avoid traveling to Massachusetts to be deposed by creditor in the proceeding); Prozina Shipping Co. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (district court rejected foreign plaintiff's attempt to avoid deposition in United States -- "Having chose to bring actions in United States fora, Prozina cannot now argue that it would be too burdensome for it to appear for discovery here"). Accordingly, we do not believe that it is fair or appropriate for any of the named plaintiffs (who are each located in different cities across the country) to refuse to make themselves available for a deposition in Massachusetts, the forum where they chose to file suit.

Robert W. Biederman, Esq.
August 18, 2005
Page 3

Very truly yours,

Eric D. Levin

EDL:edl
Enclosures

cc:     Nancy Freeman Gans, Esq. (by regular mail)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs and<br>　　　　Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>　　　　Defendants and<br>　　　　Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

## NOTICE OF DEPOSITION OF DONALD P. SPEAKMAN

TO:　Stephen L. Hubbard, Esq.
　　　Robert W. Biederman, Esq.
　　　Hubbard & Biederman, LLP
　　　1717 Main Street, Suite 4700
　　　Dallas, TX 75201

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corporation (collectively, the "Allmerica Defendants") will take the deposition by oral examination of Plaintiff and Counterclaim Defendant Donald P. Speakman commencing at 9:00 a.m. on Monday, September 12, 2005, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109.

-2-

The deposition shall be recorded by stenographic means before a Notary Public or other officer authorized by law to administer oaths. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

You are invited to cross-examine.

        ALLMERICA FINANCIAL LIFE INSURANCE &
        ANNUITY CO., FIRST ALLMERICA
        FINANCIAL LIFE INSURANCE CO., and
        ALLMERICA FINANCIAL CORP.

        By their attorneys,

        /s/ Eric D. Levin
        Andrea J. Robinson (BBO No. 556337)
        Jonathan A. Shapiro (BBO No. 567838)
        Eric D. Levin (BBO No. 639717)
        Brett R. Budzinski (BBO No. 655238)
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, MA 02109
        (617) 526-6000

Dated: August 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 18th day of August, 2005 by <u>facsimile and regular mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

/s/ Eric D. Levin<br>Eric D. Levin

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs and<br>　　　　Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>　　　　Defendants and<br>　　　　Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

## NOTICE OF DEPOSITION OF STEPHEN H. WEDEL

TO:   Stephen L. Hubbard, Esq.
　　　Robert W. Biederman, Esq.
　　　Hubbard & Biederman, LLP
　　　1717 Main Street, Suite 4700
　　　Dallas, TX 75201

　　　PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corporation (collectively, the "Allmerica Defendants") will take the deposition by oral examination of Plaintiff and Counterclaim Defendant Stephen H. Wedel commencing at 9:00 a.m. on Wednesday, September 28, 2005, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109.

The deposition shall be recorded by stenographic means before a Notary Public or other officer authorized by law to administer oaths. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

You are invited to cross-examine.

                    ALLMERICA FINANCIAL LIFE INSURANCE & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INSURANCE CO., and ALLMERICA FINANCIAL CORP.

                    By their attorneys,

/s/ Eric D. Levin
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: August 18, 2005

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 18th day of August, 2005 by <u>facsimile and regular mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

                                               /s/ Eric D. Levin
                                               Eric D. Levin

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

_____
                                        )
DONALD P. SPEAKMAN, STEPHEN H.          )
WEDEL, and MARK L. ROBARE,              )
Individually and On Behalf of All Others)
Similarly Situated,                     )
                                        )
        Plaintiffs and                  )
        Counterclaim Defendants,        )
                                        )   Civil Action No. 4:04-cv-40077-FDS
v.                                      )
                                        )
ALLMERICA FINANCIAL LIFE INS. &         )
ANNUITY CO., FIRST ALLMERICA            )
FINANCIAL LIFE INS. CO., and            )
ALLMERICA FINANCIAL CORP.,              )
                                        )
        Defendants and                  )
        Counterclaim Plaintiffs.        )
_____)

### NOTICE OF DEPOSITION OF MARK L. ROBARE

TO:   Stephen L. Hubbard, Esq.
      Robert W. Biederman, Esq.
      Hubbard & Biederman, LLP
      1717 Main Street, Suite 4700
      Dallas, TX 75201

   PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30, Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corporation (collectively, the "Allmerica Defendants") will take the deposition by oral examination of Plaintiff and Counterclaim Defendant Mark L. Robare commencing at 9:00 a.m. on Monday, September 26, 2005, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109.

- 1 -

The deposition shall be recorded by stenographic means before a Notary Public or other officer authorized by law to administer oaths. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary.

You are invited to cross-examine.

ALLMERICA FINANCIAL LIFE INSURANCE &
ANNUITY CO., FIRST ALLMERICA
FINANCIAL LIFE INSURANCE CO., and
ALLMERICA FINANCIAL CORP.

By their attorneys,

/s/ Eric D. Levin
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: August 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 18th day of August, 2005 by <u>facsimile and regular mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

                                                       /s/ Eric D. Levin
                                                     Eric D. Levin