# **<u>EXHIBIT B</u>**

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

September 7, 2005

**By Facsimile**

Robert W. Biederman Esq.
Hubbard & Biederman, L.L.P.
1717 Main Street
Suite 4700
Dallas, TX 75201

Jonathan A. Shapiro

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6224
+1 617 526 5000 fax
jonathan.shapiro@wilmerhale.com

Re:   Speakman, et al. v. Allmerica Financial Life Insurance and Annuity Company, et al., Civil Action No. 4:04-cv-40077-FDS

Dear Rob:

Following up on the telephone conversation we had this morning, defendants reluctantly agree to excuse Mr. Speakman from appearing at his deposition, as previously noticed for Monday, September 12, 2005 in Boston. We are withdrawing that notice for two reasons.

First, you have repeatedly told us that Mr. Speakman will not come to Massachusetts as noticed and that plaintiffs believe it would be unduly burdensome for a putative class representative to come here to testify in a lawsuit filed here. Although we disagree that the law requires us to travel to Pittsburgh (and also Missouri and Texas), I do not think it is a good idea to escalate the situation; if you say he is not coming, I believe you.

Second, given where we are on document production (from plaintiffs and non-parties), there is no point in opening Mr. Speakman's deposition on Monday because we do not have any documents to examine him on. I respectfully disagree with your view that I do not need documents to prepare for a class certification deposition. I appreciate your offer to immediately produce the subset of Mr. Speakman's documents that you are ready to produce, and ask that you do so now. However, even if I could review and digest all of those documents over the weekend, that still would not be a reasonable plan because you have told us that you cannot produce the *rest* of Mr. Speakman's documents until the day of his deposition (or later); I cannot rely on your assurances that I do not need to see the rest of Mr. Speakman's production, or any non-party production, to depose Mr. Speakman.

We are going to file a motion to move the schedule to something less chaotic, and I still hope you will assent to that motion. We will in any event work with you to come up with dates and locations that make sense. If that motion is denied, we will re-notice Mr. Speakman's deposition for a date that allows us to prepare and that also gives us enough time to incorporate his testimony into the Opposition brief that currently is due to be filed on October 5, 2005. I recognize that Mr. Speakman has said he is not available at all between September 16 and

Stephen L. Hubbard, Esq.
September 7, 2005
Page 2

October 2, 2005; I do not know the nature of that scheduling conflict and although I accept your word that he is simply not available (and do not want to wreck a family's vacation, which is my sense of the conflict), I cannot promise that we will not notice his deposition for a day during those weeks if you will not agree to bump out the calendar.

Finally, we do not withdraw the deposition notices served for Messrs. Robare and Wedel. If we can extend the schedule we are happy to discuss new dates and places for them as well.

Very truly yours,

Jonathan A. Shapiro

JAS:gh
cc:    Nancy Freeman Gans, Esq.