# **EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs and<br>        Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>        Defendants and<br>        Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

**NOTICE OF SUBPOENA COMMANDING AXA LIFE AND ANNUITY COMPANY
TO PRODUCE DOCUMENTS AND TO TESTIFY BY DEPOSITION**

TO:    Stephen L. Hubbard
       Robert W. Biederman
       Hubbard & Biederman, LLP
       1717 Main Street, Suite 4700
       Dallas, TX 75201

   PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and 45, and commencing at 10:00 a.m. on Thursday, August 25, 2005, at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA, defendants and counterclaim plaintiffs Allmerica Financial Life Insurance & Annuity Co., First Allmerica Life Insurance Co., and Allmerica Financial Corp. shall take the deposition by oral examination of AXA Life and Annuity Company by one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and who are most knowledgeable with respect to each of the

topics identified in the attached Schedule B.

The deposition shall be recorded by stenographic means before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. A subpoena will be served upon AXA Life and Annuity Company commanding one or more persons of the company to attend the deposition.

You are invited to attend.

                                            ALLMERICA FINANCIAL LIFE INSURANCE & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INSURANCE CO., and ALLMERICA FINANCIAL CORP.

By their attorneys,


/s/ Eric D. Levin
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: July 27, 2005

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 27th day of July, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

/s/ Eric D. Levin
Eric D. Levin

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     Massachusetts

Donald P. Speakman, et al.

V.

Allmerica Financial Life Ins. & Annuity Co., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 4:04-CV-40077-FDS

TO: AXA Life and Annuity Company c/o Commissioner of Insurance, Massachusetts Division of Insurance, One South Station, Boston, MA 02110 (pursuant to Mass Gen. Laws ch. 175, §§ 151(3), 154)

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (or other location by agreement of counsel) | 8/25/2005 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 | 8/11/2005 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Eric D. Levin*  Attorney for Defendants | 7/27/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eric D. Levin, Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02019 (617) 526-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

1. "You" or "Your" shall mean AXA Life and Annuity Company and any of its past or present parents, subsidiaries, business segments, predecessors, affiliates, officers, directors, employees, and any other person acting or purporting to act on its behalf.

2. "Speakman" shall mean Donald P. Speakman.

3. "Wedel" shall mean Stephen H. Wedel.

4. "Robare" shall mean Mark L. Robare.

5. "Allmerica" shall mean Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, Allmerica Financial Corp., VeraVest Investments, Inc., State Mutual Life Insurance Company of America, SMA Life Assurance Company, and SMA Equities, Inc.

6. "Document" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

7. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8. "Person" shall mean any natural person or any business, legal, or governmental entity or association.

9. "Concerning" shall mean referring to, describing, evidencing, or constituting.

10. "Action" shall mean the lawsuit entitled Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al., Civil Action No. 4:04-CV-40077-FDS pending in the United States District Court for the District of Massachusetts.

11. "NASD" shall mean the National Association of Securities Dealers.

12. "SEC" shall mean the United States Securities and Exchange Commission.

13. "Compensation" shall mean salaries, commissions, cost reimbursements, bonuses, incentives of any kind.

14. "Products" shall mean insurance policy, annuity, or other contract for the sale of securities or insurance.

## INSTRUCTIONS

1. If you contend any of the Requests are ambiguous or unclear with respect to the materials sought, or that production would create an unnecessary burden or expense, please contact counsel for the parties issuing this Subpoena to address any such issues in a timely and pragmatic manner.

2. All use of language in these Requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words that are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

3. If any document responsive to any of these Requests is claimed to be privileged or otherwise protected from discovery, then for each such document, provide the information required by Federal Rule Civil Procedure 26(b)(5).

4. If no documents exist that are responsive to a particular Request, state that no documents exist.

5. These Requests are continuing and require supplemental response and production in accordance with the Federal Rules of Civil Procedure and the Local Rules.

## TIME PERIOD

Unless otherwise specified, the time period covered by these requests is from January 1, 2001 to the present.

## REQUESTS FOR DOCUMENTS

1. All documents concerning Your relationship, dealings, and transactions with Speakman, Wedel, or Robare.

2. All documents concerning or constituting any agreement, arrangement, or understanding pursuant to which Speakman, Wedel, or Robare has served as a broker, agent, salesperson, intermediary, or facilitator for the marketing, sale, or issuance of any Product issued, underwritten, sold, offered for sale, or provided by You.

3. All documents concerning Compensation of any sort paid to Speakman, Wedel, or Robare from January 1, 2001 to the present, including but not limited to documents concerning:

    (a) the reasons why that Compensation was provided;
    (b) when the Compensation was earned;
    (c) when the Compensation was paid or tendered (if that date is different from the date in subparagraph (b); and
    (d) the basis upon which that Compensation was calculated.

4. Attachments 1, 2, and 3 hereto reflect payments from Allmerica to You in connection with Your issuance of certain Products to persons who previously owned a Product issued by Allmerica. For each such Product, please produce:

    (a) documents sufficient to show the name of the Product, the contract/policy number (if applicable), the person to whom the Product was issued, the date of issuance, and the name of the agent;
    (b) all advertising or other materials used to solicit the Product;
    (c) all applications and communications relating to the sale or issuance of the Product;
    (d) all contracts, policies, or other written instruments setting forth the terms of the Product (or to the extent such documents are not available, a copy of the form or specimen that sets forth the terms of the Product);
    (e) all documents concerning Your review, underwriting, or analysis of the sale or issuance of the Product, including but not limited to any review of the suitability of the Product for the Person to whom it was issued and compliance with any internal policies or rules and regulations of any regulatory or governmental agency;
    (f) all documents concerning any Compensation paid to or for the benefit of Speakman, Wedel, or Robare; and

  (g)  all documents concerning any complaints or disputes of any nature concerning the Product or any Compensation paid in connection therewith.

5. All documents concerning any training or education provided to or undertaken by Speakman, Wedel, or Robare.

6. All documents concerning Speakman's, Wedel's, or Robare's prior or current relationship with Allmerica including but not limited to:

  (a)  Speakman's, Wedel's, or Robare's prior employment or affiliation with Allmerica;
  (b)  the termination of Speakman's, Wedel's, or Robare's prior employment or affiliation with Allmerica;
  (c)  the Compensation paid by Allmerica to Speakman, Wedel, or Robare;
  (d)  the marketing or sale of Allmerica products; and
  (e)  the Action.

7. All documents concerning customer complaints or disputes concerning Speakman, Wedel, or Robare.

8. All documents concerning the supervision or oversight of Speakman, Wedel, or Robare pursuant to NASD Rules 2110, 2310, 3010, and 3110.

9. All documents concerning any inquiry, investigation, or request for information by the NASD, SEC, or any other state or federal regulatory or governmental agency or self-regulatory organization concerning Speakman, Wedel, or Robare (including but not limited to requests, responses, documents productions, communications, and transcripts or sworn statements).

# SCHEDULE B

## Topics for Examination

Please take notice that, pursuant to Federal Rules of Civil Procedure 30(b)(6), defendants and counterclaim plaintiffs Allmerica Financial Corporation, Allmerica Financial Life Insurance & Annuity Company, and First Allmerica Financial Life Insurance Company, by and through their counsel, will take a deposition upon oral examination, before a person authorized to administer oaths, of AXA Life and Annuity Company on August 25, 2005 commencing at 10:00 a.m. at Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (or other location by agreement of counsel) and continuing until completed. The testimony will be recorded by stenographic means.

In accordance with Rule 30(b)(6), AXA Life and Annuity Company shall designate and prepare one or more officers, directors, managing agents, partners, records custodians, or other persons who are most knowledgeable about and consent to testify on its behalf about:

1. The organization and maintenance of the documents sought in Schedule A.

2. AXA Life and Annuity Company's policies and procedures concerning the sale of annuities as replacements for annuities issued by other companies.

3. The transactions, events, products, and communications that are the subject of the requests for documents in Schedule A.

## ATTACHMENT 1

| Allmerica Contract Number | Primary Owner | Date Allmerica Paid Monies to Equitable Life | Transaction Amount | Agent |
|---|---|---|---|---|
| PQ00284115 | Margaret Mooers | 3/12/01 | $39,762 | Donald Speakman |
| PN00450900 | Thomas Loughran | 9/28/04 | $84,572 | Donald Speakman |
| PQ00451363 | Patricia Loughran | 9/27/04 | $123,848 | Donald Speakman |

## ATTACHMENT 2

| Allmerica Contract Number | Primary Owner | Date Allmerica Paid Monies to Equitable Life | Transaction Amount | Agent |
|---|---|---|---|---|
| AC10000215 | Carl Petty | 12/27/02 | $120,514 | Stephen Wedel |
| PQ00073942 | Robert Carroll | 3/5/01 | $15,559 | Stephen Wedel |

## ATTACHMENT 3

| Allmerica Contract Number | Primary Owner | Date Allmerica Paid Monies to Equitable Life | Transaction Amount | Agent |
|---|---|---|---|---|
| PQ00402794 | Barbara Hill | 7/14/03 | $28,137 | Mark Robare |
| PQ00480137 | William Youschak | 9/18/03 | $161,973 | Mark Robare |
| PQ00105739 | Donald Delany | 6/26/03 | $256,360 | Mark Robare |
| PQ00432549 | Joe Mathews | 7/7/03 | $355,101 | Mark Robare |
| PQ00482322 | Julianne Mathews | 7/7/03 | $91,631 | Mark Robare |
| PN00402231 | William Canning | 7/14/03 | $231,920 | Mark Robare |
| PN00415698 | Ann Canning | 7/14/03 | $349,436 | Mark Robare |
| PQ00436488 | Jayne Ferrill | 7/25/03 | $207,200 | Mark Robare |
| PQ00427417 | Irajean Gilchrest | 8/7/03 | $88,100 | Mark Robare |
| PQ00470451 | Judy Goeppinger | 9/17/03 | $32,602 | Mark Robare |
| PQ00459257 | Thomas Loftus III | 9/22/03 | $674,677 | Mark Robare |
| PQ00081715 | William Murray | 9/25/03 | $266,515 | Mark Robare |
| PQ00435111 | Edmund Spisak | 9/26/03 | $138,405 | Mark Robare |
| PQ00435116 | Phyllis Spisak | 9/26/03 | $40,871 | Mark Robare |
| PN00434784 | Bobbye Byrnes | 10/8/03 | $24,845 | Mark Robare |
| PQ00455576 | Richard Stauffacher | 10/8/03 | $231,018 | Mark Robare |
| PQ00455090 | Cecil Homer | 10/21/03 | $344,793 | Mark Robare |
| PQ00471938 | Max Cummings | 11/14/03 | $234,892 | Mark Robare |

## ATTACHMENT 3

| | | | | |
|---|---|---|---|---|
| PQ00450220 | William Gulihur | 11/26/03 | $227,629 | Mark Robare |
| PN00420781 | Roberta Crawford | 12/19/03 | $187,258 | Mark Robare |
| PQ00452124 | Jeanette Kendrick | 7/11/03 | $375,038 | Mark Robare |
| PN00434635 | Kirsten Fanker | 6/30/03 | $11,258 | Mark Robare |
| PQ00402232 | William Canning | 7/14/03 | $270,362 | Mark Robare |
| PN00450980 | Kathy Quoyeser | 7/29/03 | $167,995 | Mark Robare |
| PQ00454066 | Larry Bodenhamer | 7/29/03 | $240,321 | Mark Robare |
| PQ00461636 | Kathy Quoyeser | 7/29/03 | $259,050 | Mark Robare |
| PQ00416890 | Douglas McInnis | 8/25/03 | $346,315 | Mark Robare |
| PQ00450828 | Frank Tipsword | 9/2/03 | $144,864 | Mark Robare |
| PQ00117845 | Katherine Hornsby | 9/19/03 | $15,582 | Mark Robare |
| PQ00415046 | Bob Rossi | 9/19/03 | $16,498 | Mark Robare |
| PQ00415054 | James Rossi | 9/19/03 | $967,673 | Mark Robare |
| PQ00415069 | J. Smith | 9/19/03 | $425,816 | Mark Robare |
| PQ0043524 | Donald Howlett | 9/19/03 | $523,116 | Mark Robare |
| PN00464664 | Karl Spencer | 9/24/03 | $68,991 | Mark Robare |
| PQ00445903 | James Arrant | 10/7/03 | $371,898 | Mark Robare |
| PQ0045296 | William Frasher | 11/21/03 | $24,399 | Mark Robare |
| PQ00459341 | Jeanne Frasher | 11/21/03 | $31,650 | Mark Robare |

## ATTACHMENT 3

| | | | | |
|---|---|---|---|---|
| PN00410748 | John Houser | 11/25/03 | $253,145 | Mark Robare |
| PQ00442175 | John Houser | 11/25/03 | $21,521 | Mark Robare |
| PQ00454442 | Eric Amundsen | 12/3/03 | $275,608 | Mark Robare |
| PQ00429504 | Richard Laitinen | 12/8/03 | $325,373 | Mark Robare |
| PQ00447958 | Joan Helton | 10/22/03 | $232,090 | Mark Robare |
| PQ00436649 | Welton Whitley | 9/24/03 | $317,065 | Mark Robare |
| AC10000741 | Bobbye Byrnes | 9/22/03 | $104,505 | Mark Robare |
| PQ00450676 | H. Sawyer | 6/25/03 | $741,167 | Mark Robare |
| PN00433622 | Irajean Gilchrest | 8/7/03 | $71,637 | Mark Robare |
| PN00437949 | Don Gilchrest | 8/7/03 | $66,042 | Mark Robare |
| PQ00427525 | Don Gilchrest | 8/7/03 | $74,096 | Mark Robare |
| PQ00483605 | Don Gilchrest | 8/7/03 | $189,534 | Mark Robare |
| PQ00452970 | Jerry Sides | 8/18/03 | $408,789 | Mark Robare |
| PQ00460102 | Barbara Hill | 8/18/03 | $80,237 | Mark Robare |
| PN00452752 | McClellan Clark | 8/28/03 | $48,539 | Mark Robare |
| PQ00452748 | McClellan Clark | 8/28/03 | $206,123 | Mark Robare |
| PQ00452836 | Donna Clark | 8/28/03 | $148,386 | Mark Robare |
| PQ00427172 | Sandra Louvet | 8/29/03 | $343,244 | Mark Robare |
| PQ00427304 | Richard Louvet | 8/29/03 | $482,589 | Mark Robare |

## ATTACHMENT 3

| | | | | |
|---|---|---|---|---|
| PQ00422055 | Janith Vaughan | 9/17/03 | $169,170 | Mark Robare |
| PQ00484240 | Mathilda Strange | 9/17/03 | $144,908 | Mark Robare |
| PN00400398 | Robert Hornsby | 9/19/03 | $186,955 | Mark Robare |
| PQ00451386 | Janet Robertson | 9/22/03 | $12,517 | Mark Robare |
| PN00451378 | G. Robertson | 9/23/03 | $307,751 | Mark Robare |
| PQ00416050 | Linda McCarthy | 9/23/03 | $9,471 | Mark Robare |
| PQ00416076 | Michael McCarthy | 9/23/03 | $23,416 | Mark Robare |
| PQ00439404 | Linda McCarthy | 9/23/03 | $59,785 | Mark Robare |
| PQ00464837 | Norma Spencer | 9/24/03 | $46,025 | Mark Robare |
| Pq00465037 | Karl Spencer | 9/24/03 | $64,700 | Mark Robare |
| PN00416079 | Michael McCarthy | 9/25/03 | $28,953 | Mark Robare |
| PN00437015 | Phyllis Spisak | 9/26/03 | $272,972 | Mark Robare |
| PN00445534 | Howard Reagan | 9/26/03 | $40,396 | Mark Robare |
| PQ00096640 | Janel Alholm | 9/26/03 | $128,221 | Mark Robare |
| PQ00445252 | Howard Reagan | 9/29/03 | $77,532 | Mark Robare |
| PN00426450 | William Wood | 9/29/03 | $99,294 | Mark Robare |
| PQ00402767 | Robert Dement | 9/29/03 | $151,871 | Mark Robare |
| PQ00402789 | Betty Dement | 9/29/03 | $11,362 | Mark Robare |
| PQ00425216 | Cheryl Wood | 9/29/03 | $82,722 | Mark Robare |

## ATTACHMENT 3

| | | | |
|---|---|---|---|
| PQ00425229 | William Wood | 9/29/03 | $90,735 | Mark Robare |
| PQ00447153 | Nancy Bickerstaff | 9/30/03 | $147,404 | Mark Robare |
| PQ00458842 | Katherine Shen | 10/3/03 | $123,931 | Mark Robare |
| PN00455560 | Mathilda Strange | 10/6/03 | $179,610 | Mark Robare |
| PQ00455758 | Jack Ereira | 10/6/03 | $137,419 | Mark Robare |
| PN00463735 | Ruth Henry | 10/9/03 | $10,805 | Mark Robare |
| PQ00456817 | William Robins | 10/14/03 | $227,961 | Mark Robare |
| PQ00448662 | G. Robertson | 10/16/03 | $471,490 | Mark Robare |
| PN00079268 | Leonard Wolowiec | 10/17/03 | $1,762,132 | Mark Robare |
| PN00462498 | Jean Solomon | 10/30/03 | $55,971 | Mark Robare |
| PQ00459447 | Bill Solomon | 10/30/03 | $128 | Mark Robare |
| PQ00459448 | Jean Solomon | 10/30/03 | $13,396 | Mark Robare |
| PN00105357 | Joan Wolowiec | 11/17/03 | $11,384 | Mark Robare |
| PQ00450222 | Francis Gurliher | 11/19/03 | $45,903 | Mark Robare |
| PN00459255 | William Frasher | 11/21/03 | $124,805 | Mark Robare |
| PQ00454960 | Richard Keyser | 11/26/03 | $266,132 | Mark Robare |
| PQ00425969 | Ann Holland | 11/28/03 | $225,347 | Mark Robare |
| PQ00462495 | Robert Keigley | 11/28/03 | $118,913 | Mark Robare |
| PQ00402797 | Thomas Hill | 7/24/03 | $685,698 | Mark Robare |

## ATTACHMENT 3

| | | | |
|---|---|---|---|
| AC10000683 | David Calonico | 8/18/03 | $270,530 | Mark Robare |
| PQ00488335 | Martin Patterson | 1/6/04 | $271,721 | Mark Robare |
| PQ00463483 | Thomas Desenfants | 1/29/04 | $235,649 | Mark Robare |
| PQ00451019 | John Bryan | 5/6/04 | $934,573 | Mark Robare |
| PQ00451243 | Kenneth Jurica | 7/9/04 | $184,213 | Mark Robare |

USIDOCS 5212469v1