UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., <br><br> Defendants and Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DONALD P. SPEAKMAN

Pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 34.1, Defendants

and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company

("AFLIAC"), First Allmerica Financial Life Insurance Company ("AFLI"), and Allmerica

Financial Corp. ("AFC") request that Plaintiff and Counterclaim Defendant Donald P. Speakman

produce the following documents and things for inspection and copying at the offices of Wilmer

Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109, within 30 days of

service of this request.

### DEFINITIONS

1.    The terms "document," "communication," "parties," "person," and "concerning"

shall have the meanings set forth in Local Rule 26.5(C).

- 1 -


EXHIBIT

2.      The term "Plaintiffs" shall mean Plaintiffs and Counterclaim Defendants Donald P. Speakman, Stephen H. Wedel, and Mark L. Robare, collectively and individually, and any of their past and present employees, representatives, trustees, attorneys, and any other person acting or purporting to act on their behalf.

3.      The term "Defendants" shall mean Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corp.

4.      The term "Complaint" shall mean the First Amended Class Action Complaint dated July 23, 2004 and filed in the present lawsuit.

5.      The term "Answer to Complaint and Counterclaims" shall mean Defendants' Answer to First Amended Class Action Complaint and Counterclaims dated May 12, 2005 and filed in the present lawsuit.

6.      The term "Answer to Counterclaims" shall mean Plaintiffs' and Counterclaim Defendants' Answer and Affirmative Defenses to Counterclaims dated June 1, 2005 and filed in the present lawsuit.

7.      The term "NASD" shall mean the National Association of Securities Dealers.

8.      The term "Trail Agreement" shall mean the "Agent In-Force Trail Commission Agreement" effective on or about January 1, 2001 entered into by AFLIAC and any of the Plaintiffs and any other persons.

9.      The term "Trail Commission Program" shall mean the Agent In-Force Trail Commission Program.

10.     The term "Promissory Note" shall mean the Promissory Notes that were entered into by AFLIAC and any of the Plaintiffs and any other persons in connection with the Trail Commission Program.

11.     The term "Eligible Annuity Contracts" shall mean the in-force individual variable and fixed annuity contracts that participants in the Trail Commission Program had sold prior to January 1, 1996.

12.     The term "Broker's Agreement" shall mean the Broker's Agreement entered into by AFLIAC and any of the Plaintiffs and any other persons.

13.     The term "Independent Contractor Agreement for Registered Representative" shall mean the Independent Contractor Agreement for Registered Representative entered into by VeraVest Investments, Inc. and any of the Plaintiffs and any other persons.

14.     The term "Career Agent Agreement" shall mean the Career Agent Agreement entered into by AFLIAC and any of the Plaintiffs and any other persons.

15.     The term "Career Agent's Agreement" shall mean the Career Agent's Agreement entered into by State Mutual Life Assurance Company of America and any of the Plaintiffs and any other persons.

### INSTRUCTIONS

1.     If any document responsive to any of these Requests is claimed to be privileged or otherwise protected from discovery, then for each such document, provide the information required by Federal Rule Civil Procedure 26(b)(5) and Local Rule 34.1(E).

2.     If any one of these Requests is claimed to be objectionable: (a) identify the portion of such Request that is claimed to be objectionable and set forth the nature and basis of the objection in sufficient fashion to permit the Court to rule on the validity of the objection; and (b) identify any document withheld from production pursuant to such objection with sufficient

particularity and in sufficient detail to permit the Court to determine whether such document falls within the scope of such objection.

      3.      If no documents exist that are responsive to a particular Request, state that no documents exist.  `

      4.      These Requests are continuing and require supplemental response and production in accordance with the Federal Rules of Civil Procedure and the Local Rules.

      5.      All use of language in these Requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words that are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

## TIME PERIOD

Unless otherwise specified, the time period covered by these requests is from January 1, 2000 to the present.

## REQUESTS FOR DOCUMENTS

### Request No. 1

All Trail Agreements executed by Plaintiffs, including any modifications or amendments thereto.

### Request No. 2

All completed Advisor In-Force Trail Program Election Forms executed by Plaintiffs, including any modifications or amendments thereto.

### Request No. 3

All Promissory Notes executed by Plaintiffs, including any modifications or amendments thereto.

### Request No. 4

All documents concerning any actual or proposed modifications or amendments of the terms of the Trail Agreement or the Promissory Notes.

**Request No. 5**

All documents concerning the terms or operation of the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

**Request No. 6**

All documents concerning the negotiation of the terms of the Trail Agreement or the Promissory Notes including but not limited to (a) any communications with any of the Defendants; (b) any communications with any of the Plaintiffs; (c) drafts of the Trail Agreement or the Promissory Notes; (d) proposals for terms to be included in the Trail Agreement or the Promissory Notes; and (e) any memoranda, reports, or spreadsheets.

**Request No. 7**

All documents concerning actual commissions received or commissions expected to be received pursuant to the Trail Agreement.

**Request No. 8**

All documents concerning the financing of the commission payments made or expected to be made to AFLIAC pursuant to the Trail Agreement, and the loan payments made or expected to be made to AFLIAC pursuant to the Promissory Notes.

**Request No. 9**

All documents concerning any reports or memoranda by, or communications with, any accountants, actuaries, or consultants concerning the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

**Request No. 10**

All documents concerning any forecasts, projections, worksheets, or economic assumptions concerning (a) the persistency of the Eligible Annuity Contracts, (b) future productivity of Plaintiffs or any other person that entered into the Trail Agreement, and (c) tax treatment of the commissions earned under the Trail Agreement and payments made pursuant to the Promissory Notes.

**Request No. 11**

All documents concerning the method of calculating commissions payable under the Trail Agreement (including those containing formulas, commission rates, persistency rates, productivity rates, and account values of the Eligible Annuity Contracts) and the method of calculating taxes payable under the Trail Agreement, including but not limited to quarterly and annual earnings statements, tax statements, memoranda, and reports.

**Request No. 12**

All documents concerning the amount of loan payments due under the Promissory Notes and the method of calculating such payments.

**Request No. 13**

All documents concerning information or communications on which any of the Plaintiffs relied in deciding to enter into the Trail Agreement or the Promissory Notes.

**Request No. 14**

All documents concerning the balances due on the Promissory Notes, including but not limited to statements, letters, and default notices.

**Request No. 15**

All documents concerning the cancellation or proposed cancellation of the balances due on the Promissory Notes.

**Request No. 16**

All Broker's Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

**Request No. 17**

All Independent Contractor Agreement for Registered Representative contracts entered into by any of Plaintiffs, including any modifications or amendments thereto.

**Request No. 18**

All Career Agent Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

**Request No. 19**

All Career Agent's Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

**Request No. 20**

All documents concerning any surrenders of any Eligible Annuity Contract by any client or customer of Plaintiffs including but not limited to:

    (a)    communications with clients or customers concerning such surrenders;

    (b)    communications with Defendants concerning such surrenders;

    (c)        communications with other companies or persons writing, issuing, or administering annuities concerning such surrenders; and

    (d)        memoranda, notes, or reports concerning such surrenders.

### Request No. 21

All documents concerning any transfers or replacements of any Eligible Annuity Contract by any client or customer of Plaintiffs including but not limited to:

    (a)        documents sufficient to show (1) the name and contract/policy number of the Eligible Annuity Contract that was transferred or replaced, (2) the person to whom the replaced annuity was issued, (3) the amount of the replaced annuity, (4) the name and contract/policy number of the annuity that replaced the Eligible Annuity Contract, (5) the name of the company that issued the replacement annuity, (6) the amount of the transfer or replacement, and (7) the date of the issuance of the replacement annuity;

    (b)        all applications concerning such transfers and replacements;

    (c)        communications with clients or customers concerning such transfers or replacements;

    (d)        communications with Defendants concerning such transfers or replacements;

    (e)        communications with the company that issued the new annuities that replaced the Eligible Annuity Contracts;

    (f)        documents concerning any analysis of the suitability of the annuities that replaced the Eligible Annuity Contracts;

    (g)        memoranda, notes, or reports concerning such transfers or replacements; and

    (h)        documents concerning any commissions or other compensation earned by Plaintiffs as a result of such transfers or replacements.

### Request No. 22

All documents concerning any of Defendants' policies and practices as to the transfer or replacement of annuities including but not limited to prohibitions on transfers or replacements, communications with clients regarding transfers or replacements, and commissions paid or not paid for transfers or replacements.

### Request No. 23

All documents concerning Plaintiffs' communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Eligible Annuity Contract concerning the potential surrender, transfer, or replacement of any

Eligible Annuity Contract.

## Request No. 24

All documents concerning Plaintiffs' communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Eligible Annuity Contract concerning the acquisition, purchase, holding, or sale of annuities written, issued, or administered by any entity other than the Defendants.

## Request No. 25

All documents concerning presentations, speeches, conferences, or meetings given or attended by Plaintiffs in which Plaintiffs discussed the Defendants' business, ratings of the Defendants, the Defendants' service of any Eligible Annuity Contracts, the Defendants' ability to service the Eligible Annuity Contracts, the Defendants' payment of a Guaranteed Minimum Death Benefit, the Defendants' ability to pay a Guaranteed Minimum Death Benefit, and the Defendants' accounting of Deferred Acquisition Costs.

## Request No. 26

All documents concerning the suitability of the annuities that replaced any Eligible Annuity Contract, including but not limited to communications with the holders of any such annuities, communications with companies who issued the replacement annuities, and communications with the NASD or other governmental or regulatory agency or organization.

## Request No. 27

All documents concerning complaints by holders or former holders of any Eligible Annuity Contracts regarding the suitability of annuities that replaced the Eligible Annuity Contracts, and any documents concerning any response to any such complaints.

## Request No. 28

Plaintiffs' filings with the NASD or any other governmental or regulatory agency or organization.

## Request No. 29

All documents (including but not limited to requests, responses, document productions, communications, and transcripts or sworn statements) concerning any inquiry, investigation, or request for information of Plaintiffs by the NASD or other governmental or regulatory agency or organization, including but not limited to inquiries, investigations, or requests for information concerning:

     (a)     Plaintiffs' sale of life insurance or annuities;

     (b)     Plaintiffs' involvement in the surrender, transfer, or replacement of any Eligible Annuity Contracts or other annuities or policies issued by the Defendants; and

(c)    this lawsuit or any of the allegations in the Complaint, the Answer to the Complaint and Counterclaims, or the Answer to the Counterclaims.

## Request No. 30

All documents identifying, classifying, describing, evaluating, or treating Plaintiffs or any other person who entered into the Trail Agreement as an employee or independent contractor of any of the Defendants or any affiliate of the Defendants.

## Request No. 31

All documents concerning any position that Plaintiffs have taken in any lawsuit, administrative proceeding, or any threatened or actual regulatory action as to whether any person who entered into the Trail Agreement or a Broker's Agreement, Independent Contractor Agreement for Registered Representative, Career Agent Agreement, or Career Agent's Agreement was an employee or independent contractor of any of the Defendants or any affiliate of the Defendants.

## Request No. 32

All documents concerning any of Defendants' or any affiliate of the Defendants' control over the time, place and manner of solicitation or servicing of the business of AFLIAC by Plaintiffs or any other person who entered into the Trail Agreement.

## Request No. 33

All communications among Plaintiffs regarding this lawsuit or the allegations of the Complaint, the Answer to the Complaint and Counterclaims, or the Answer to the Counterclaims.

## Request No. 34

All documents identified or referred to in Plaintiffs' Initial Disclosures.

## Request No. 35

All documents supporting or forming the basis of Plaintiffs' calculation of damages in their Initial Disclosures.

## Request No. 36

All documents concerning projections of commissions expected to be earned under the Trail Agreement.

## Request No. 37

All documents reflecting commissions received by Plaintiffs as a result of the transfer or replacement of any Eligible Annuity Contracts.

**Request No. 38**

      Resumes or *curricula vitae* for each of the Plaintiffs.

**Request No. 39**

      All transcripts and exhibits to any deposition or trial testimony, and all affidavits, certifications, or other written statements, given by any of the Plaintiffs in any legal or regulatory proceedings.

**Request No. 40**

      All documents concerning or supporting the allegations in paragraph 5 of the Complaint that "Plaintiffs further believe that when defendants instituted the Trail Program, they were aware of problems inherent in their business plan involving GMDB and DAC exposure that ultimately resulted in the cessation of the sale of life and annuity products."

**Request No. 41**

      All documents concerning or supporting the allegations in paragraph 42 of the Complaint that "As a result of Allmerica Companies' instability and cessation of life and annuity business and resulting loss of competitive position, certain of Speakman's clients have requested to transfer their accounts, many of which are in the Trail Program, to other more stable companies with better guarantees."

**Request No. 42**

      All documents concerning or supporting the allegations in paragraph 28 of the Complaint that "Beginning in late 2002, Allmerica Companies wrongfully precluded former sales agents, such as Robare, from interacting with their clients whose annuities were in the Trail Program."

**Request No. 43**

      All documents concerning or supporting the allegations in paragraph 28.A. of the Complaint that "Allmerica discontinued using Rogers Casey previously touted as an essential consultant to choose and monitor the performance of the funds for the variable annuities."

**Request No. 44**

      All documents concerning or supporting the allegations in paragraph 28.B of the Complaint that "Defendants curtailed the number of available funds and managers available to variable annuities."

**Request No. 45**

      All documents concerning or supporting the allegations in paragraph 28.C. of the Complaint that "Defendants discontinued database downloads to the 'Contact Partner' client management database system."

**Request No. 46**

All documents concerning or supporting the allegations in paragraph 28.D. of the Complaint that "Defendants failed to timely update essential client information including Model performance data."

**Request No. 47**

All documents concerning or supporting the allegations in paragraph 28.E. of the Complaint that "Defendants caused significant processing errors involving clients' separate accounts contained in Eligible Annuities in the Trail Program."

**Request No. 48**

All documents concerning or supporting the allegations in paragraph 28.F. of the Complaint that "Defendants failed to timely process service requests by clients, including division of annuities in connection with divorces and other matters."

**Request No. 49**

All documents concerning or supporting the allegations in paragraph 28.G. of the Complaint that "Defendants failed to send copies of client correspondence to agents even though the letters indicate that agents are copied on the letters that contain important information concerning the annuities."

**Request No. 50**

All documents concerning or supporting the allegations in paragraph 59(1) of the Complaint that "Allmerica Life and First Allmerica failed to adequately remove, hedge, or otherwise prudently reserve for its obligations on variable annuity and insurance products, including GMDB."

**Request No. 51**

All documents concerning complaints to Plaintiffs or Defendants by owners of variable annuities issued by AFLIAC about the servicing of those annuities or AFLIAC's discontinuation of the sale of life insurance and annuities, and any documents concerning any response to any such complaints.

ALLMERICA FINANCIAL LIFE INSURANCE &
ANNUITY CO., FIRST ALLMERICA
FINANCIAL LIFE INSURANCE CO., and
ALLMERICA FINANCIAL CORP.

By their attorneys,

_Eric D. L_

Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: July 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 27th day of July, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

/s/ Eric D. Levin_____
Eric D. Levin

USIDOCS 5194694v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) ) | |
| v. | ) ) | Civil Action No. 4:04-cv-40077-FDS |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., | ) ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) ) | |

**NOTICE OF SUBPOENA COMMANDING LINCOLN NATIONAL LIFE INSURANCE COMPANY TO PRODUCE DOCUMENTS AND TO TESTIFY BY DEPOSITION**

TO:     Stephen L. Hubbard
        Robert W. Biederman
        Hubbard & Biederman, LLP
        1717 Main Street, Suite 4700
        Dallas, TX 75201

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and

45, and commencing at 10:00 a.m. on Friday, August 26, 2005, at the offices of Wilmer Cutler

Pickering Hale and Dorr LLP, 60 State Street, Boston, MA (or other location by agreement of

counsel), defendants and counterclaim plaintiffs Allmerica Financial Life Insurance & Annuity

Co., First Allmerica Life Insurance Co., and Allmerica Financial Corp. shall take the deposition

by oral examination of Lincoln National Life Insurance Company by one or more officers,

directors, or managing agents, or other persons who consent to testify on its behalf and who are

- 1 -

EXHIBIT



most knowledgeable with respect to each of the topics identified in the attached Schedule **B**.

The deposition shall be recorded by stenographic means before a Notary Public or other officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. A subpoena will be served upon Lincoln National Life Insurance Company commanding one or more persons of the company to attend the deposition.

You are invited to attend.


ALLMERICA FINANCIAL LIFE INSURANCE &
ANNUITY CO., FIRST ALLMERICA
FINANCIAL LIFE INSURANCE CO., and
ALLMERICA FINANCIAL CORP.

By their attorneys,


/s/ Eric D. Levin
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: July 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 27th day of July, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

/s/ Eric D. Levin
Eric D. Levin

USIDOCS 5214980v1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts

Donald P. Speakman, et al.

V.

Allmerica Financial Life Ins. & Annuity Co., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  4:04-CV-40077-FDS

TO:  Lincoln National Life Insurance Company c/o Commissioner of Insurance, Massachusetts Division of Insurance, One South Station, Boston, MA 02110 (pursuant to Mass Gen. Laws ch. 175, §§ 151(3), 154)

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (or other location by agreement of counsel) | DATE AND TIME  8/26/2005 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE  Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 | DATE AND TIME  8/11/2005 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Eric D. Levin*    Attorney for Defendants | DATE  7/27/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eric D. Levin, Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02019 (617) 526-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|              | DATE | PLACE |
|--------------|------|-------|
| SERVED       |      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

1.      "You" or "Your" shall mean Lincoln National Life Insurance Company and any of its past or present parents, subsidiaries, business segments, predecessors, affiliates, officers, directors, employees, and any other person acting or purporting to act on its behalf.

2.      "Speakman" shall mean Donald P. Speakman.

3.      "Allmerica" shall mean Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, Allmerica Financial Corp., VeraVest Investments, Inc., and State Mutual Life Insurance Company of America, SMA Life Assurance Company, and SMA Equities, Inc.

4.      "Document" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.      "Person" shall mean any natural person or any business, legal, or governmental entity or association.

7.      "Concerning" shall mean referring to, describing, evidencing, or constituting.

8.      "Action" shall mean the lawsuit entitled Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al., Civil Action No. 4:04-CV-40077-FDS pending in the United States District Court for the District of Massachusetts.

9.      "NASD" shall mean the National Association of Securities Dealers.

10.      "SEC" shall mean the United States Securities and Exchange Commission.

11.    "Compensation" shall mean salaries, commissions, cost reimbursements, bonuses, incentives of any kind.

12.    "Products" shall mean insurance policy, annuity, or other contract for the sale of securities or insurance.

## INSTRUCTIONS

1.    If you contend any of the Requests are ambiguous or unclear with respect to the materials sought, or that production would create an unnecessary burden or expense, please contact counsel for the parties issuing this Subpoena to address any such issues in a timely and pragmatic manner.

2.    All use of language in these Requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words that are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

3.    If any document responsive to any of these Requests is claimed to be privileged or otherwise protected from discovery, then for each such document, provide the information required by Federal Rule Civil Procedure 26(b)(5).

4.    If no documents exist that are responsive to a particular Request, state that no documents exist.

5.    These Requests are continuing and require supplemental response and production in accordance with the Federal Rules of Civil Procedure and the Local Rules.

## TIME PERIOD

Unless otherwise specified, the time period covered by these requests is from January 1, 2001 to the present.

## REQUESTS FOR DOCUMENTS

1.      All documents concerning Your relationship, dealings, and transactions with Speakman.

2.      All documents concerning or constituting any agreement, arrangement, or understanding pursuant to which Speakman has served as a broker, agent, salesperson, intermediary, or facilitator for the marketing, sale, or issuance of any Product issued, underwritten, sold, offered for sale, or provided by You.

3.      All documents concerning Compensation of any sort paid to Speakman from January 1, 2001 to the present, including but not limited to documents concerning:

        (a)      the reasons why that Compensation was provided;
        (b)      when the Compensation was earned;
        (c)      when the Compensation was paid or tendered (if that date is different from the date in subparagraph (b); and
        (d)      the basis upon which that Compensation was calculated.

4.      Attachment 1 hereto reflects payments from Allmerica to You in connection with Your issuance of certain Products to persons who previously owned a Product issued by Allmerica. For each such Product, please produce:

        (a)      documents sufficient to show the name of the Product, the contract/policy number (if applicable), the person to whom the Product was issued, the date of issuance, and the name of the agent;
        (b)      all advertising or other materials used to solicit the Product;
        (c)      all applications and communications relating to the sale or issuance of the Product;
        (d)      all contracts, policies, or other written instruments setting forth the terms of the Product (or to the extent such documents are not available, a copy of the form or specimen that sets forth the terms of the Product);
        (e)      all documents concerning Your review, underwriting, or analysis of the sale or issuance of the Product, including but not limited to any review of the suitability of the Product for the Person to whom it was issued and compliance with any internal policies or rules and regulations of any regulatory or governmental agency;
        (f)      all documents concerning any Compensation paid to or for the benefit of Speakman; and

(g)    all documents concerning any complaints or disputes of any nature concerning the Product or any Compensation paid in connection therewith.

5.    All documents concerning any training or education provided to or undertaken by Speakman.

6.    All documents concerning Speakman's prior or current relationship with Allmerica including but not limited to:

(a)    Speakman's prior employment or affiliation with Allmerica;
(b)    the termination of Speakman's prior employment or affiliation with Allmerica;
(c)    the Compensation paid by Allmerica to Speakman;
(d)    the marketing or sale of Allmerica products; and
(e)    the Action.

7.    All documents concerning customer complaints or disputes concerning Speakman.

8.    All documents concerning the supervision or oversight of Speakman pursuant to NASD Rules 2110, 2310, 3010, and 3110.

9.    All documents concerning any inquiry, investigation, or request for information by the NASD, SEC, or any other state or federal regulatory or governmental agency or self-regulatory organization concerning Speakman (including but not limited to requests, responses, documents productions, communications, and transcripts or sworn statements).

# SCHEDULE B

### Topics for Examination

Please take notice that, pursuant to Federal Rules of Civil Procedure 30(b)(6), defendants and counterclaim plaintiffs Allmerica Financial Corporation, Allmerica Financial Life Insurance & Annuity Company, and First Allmerica Financial Life Insurance Company, by and through their counsel, will take a deposition upon oral examination, before a person authorized to administer oaths, of Lincoln National Life Insurance Company on August 26, 2005 commencing at 10:00 a.m. at Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (or other location by agreement of counsel) and continuing until completed. The testimony will be recorded by stenographic means.

In accordance with Rule 30(b)(6), Lincoln National Life Insurance Company shall designate and prepare one or more officers, directors, managing agents, partners, records custodians, or other persons who are most knowledgeable about and consent to testify on its behalf about:

1.    The organization and maintenance of the documents sought in Schedule A.

2.    Lincoln National Life Insurance Company's policies and procedures concerning the sale of annuities as replacements for annuities issued by other companies.

3.    The transactions, events, products, and communications that are the subject of the requests for documents in Schedule A.

**ATTACHMENT 1**

| Allmerica Contract Number | Primary Owner | Date Allmerica Paid Monies to Lincoln Life | Transaction Amount | Agent |
|---|---|---|---|---|
| PN00066688 | Nancy Huffner | 11/20/01 | $163,996 | Donald Speakman |
| PN00090156 | Irma Smith | 2/13/01 | $21,070 | Donald Speakman |
| PQ00070651 | Nancy Huffner | 3/22/02 | $52,993 | Donald Speakman |
| PN00474047 | Theodore Turchick | 9/17/02 | $133,916 | Donald Speakman |
| PN00478475 | Paul Johnston | 10/4/02 | $37,265 | Donald Speakman |
| PN00434315 | Josephine Turchick | 10/31/02 | $36,495 | Donald Speakman |
| PN00205444 | Harry Schneider | 2/25/03 | $61,697 | Donald Speakman |
| JN00050692 | F. Gillery | 3/7/03 | $72,100 | Donald Speakman |
| PN00030358 | Roger Allen | 9/22/03 | $27,197 | Donald Speakman |
| PN00205911 | William McKinney | 7/26/04 | $33,212 | Donald Speakman |
| PN00478102 | Mary Hruska | 12/13/04 | $179,980 | Donald Speakman |
| PN00088430 | Franklin Green | 3/22/04 | $396,713 | Donald Speakman |
| PN00478448 | Marilyn Anderson | 6/28/04 | $53,015 | Donald Speakman |
| PN00267843 | William McKinney | 7/26/04 | $16,179 | Donald Speakman |
| PN00205126 | Theresa McKinney | 7/27/04 | $13,308 | Donald Speakman |
| PN00475368 | Phyllis Fire | 9/27/04 | $109,469 | Donald Speakman |
| PN00478207 | Barbara Perfater | 10/7/04 | $102,088 | Donald Speakman |
| PN00091504 | Donald Hoehle | 2/19/04 | $87,139 | Donald Speakman |

## Robert Biederman

| | |
|---|---|
| **From:** | Robert Biederman |
| **Sent:** | Friday, August 05, 2005 11:34 AM |
| **To:** | 'Shapiro, Jonathan'; 'Levin, Eric' |
| **Cc:** | Stephen Hubbard |

**Subject:** Speakman et al. Allmerica

As I discussed with Rick earlier this week about the depositions of the Plaintiffs, we need to lock in dates in September. As to Don Speakman, the only date that works is 9/13. As to Mark Robare, he generally is available during that month except on 9/15 or 9/19. I have not yet heard back from Steve Wedel. Please get back to us as soon as possible as to the date for Don Speakman. As to the location of the deposition, we expect that they will be where the parties reside. Thanks.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

EXHIBIT

3

## Robert Biederman

**From:**    Shapiro, Jonathan [Jonathan.Shapiro@wilmerhale.com]
**Sent:**    Friday, August 12, 2005 1:42 PM
**To:**    Robert Biederman; Levin, Eric
**Cc:**    Stephen Hubbard
**Subject:** RE: Speakman et al. v. Allmerica et al.

What did Mr. Speakman say about the 15th?
-----Original Message-----
**From:** Robert Biederman [mailto:RWBiederman@hblawfirm.com]
**Sent:** Friday, August 12, 2005 2:18 PM
**To:** Shapiro, Jonathan; Levin, Eric
**Cc:** Stephen Hubbard
**Subject:** Speakman et al. v. Allmerica et al.

During our conference call on Thursday, August 11, in connection with scheduling the depositions of the Plaintiffs in the above case, after discussions with you about your schedule during September, we offered the following dates: Mark Robare (9/21,23 ,27, or 29); Steve Wedel (9/21, or 28); and Don Speakman (9/13). As to Mr. Speakman, you indicated that you wanted us to check his availability on Monday, 9/12. We also indicated as to the depositions of Mssrs. Robare and Wedel, that they could not be on consecutive days. Finally, we indicated that we believed the depositions of Plaintiffs (and Defendants) should be in the city where each of them resides.

We checked with Mr. Speakman about Monday, 9/12. As an alternative to that date, he indicated that he can be available on Friday, 9/9.

As we indicated during our call on August 11th, please get back with us as soon as possible so our clients can reschedule appointments to be available for the depositions, and so that we can block out the dates on our calendars.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

EXHIBIT
4

## Robert Biederman

**From:** Robert Biederman

**Sent:** Monday, August 15, 2005 10:11 AM

**To:** 'Shapiro, Jonathan'; 'Levin, Eric'

**Cc:** Stephen Hubbard

**Subject:** RE: Out of Office AutoReply: Speakman et al. v. Allmerica Financial Life Ins. & Ann. Co. et al.

We have Monday, 9/12 available for Don Speakman's deposition in Pittsburgh.

---

**From:** Shapiro, Jonathan [mailto:Jonathan.Shapiro@wilmerhale.com]
**Sent:** Monday, August 15, 2005 9:10 AM
**To:** Robert Biederman
**Subject:** Out of Office AutoReply: Speakman et al. v. Allmerica Financial Life Ins. & Ann. Co. et al.


Thank you for your message. I will be out of the office with no access to email on August 15, 2005, until after 5 p.m. If you need assistance during the day or need to reach me immediately, please call my assistant Gretchen Hess at 617/526-6842 or email her at gretchen.hess@wilmerhale.com. Otherwise, I will return your message this evening.

Thanks, Jonathan

Jonathan A. Shapiro
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: 617-526-6224
Fax: 617-526-5000
jonathan.shapiro@wilmerhale.com

This email message and any attachments are confidential and may be privileged. If you are not the intended recipient, please notify Wilmer Hale and Dorr LLP immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about Wilmer Cutler Pickering Hale and Dorr LLP, please visit us at http://www.wilmerhale.com.

EXHIBIT

5

**DISCUSSION DRAFT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., <br><br> Defendants and Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

## STIPULATED PROTECTIVE ORDER

During the course of this litigation, the parties may need to disclose "Confidential Material" through discovery. This Protective Order governs the production and treatment of such Confidential Material by the parties. This Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### Definitions

1.    "Confidential Material" means documents or information that: (a) is or contains non-public financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data; (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7), or (c) contains commercially sensitive information or information the designating party

USIDOCS 5226787v2

EXHIBIT

6

**DISCUSSION DRAFT**

believes pursuant to existing law or a reasonable extension of existing law should be disseminated to Qualified Persons only under the terms of this Order. Documents, information, or testimony obtained by the Receiving Party from a source other than discovery material shall not be deemed Confidential Material, regardless of whether such information is also contained in discovery material designated as Confidential Material.

2.    "Producing Party" means the party producing material during discovery.

3.    "Receiving Party" means the party receiving material during discovery.

4.    "Qualified Persons" means

(a)    a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action, including class representatives;

(b)    outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)    persons identified on the face of the document in question as an author, addressee or other recipient; and

(d)    a witness in preparation for and/or at any deposition or other proceeding in this action.

<u>Designation of Material As "Confidential"</u>

5.    If a Producing Party reasonably and in good faith believes that it is disclosing or producing Confidential Material, it shall designate the material as "Confidential."

6.    If a Producing Party reasonably and in good faith believes a document contains Confidential Material, it shall place a "CONFIDENTIAL" stamp or sticker on each page in

2

which the material appears or, when not practical to do so, by some other method likely to place others on notice of the confidential designation.

      7.     If a Producing Party reasonably and in good faith believes a written disclosure (*e.g.*, an interrogatory answer) contains Confidential Material, it shall clearly indicate that the disclosure contains "CONFIDENTIAL" information by typing the word at the beginning and end of the disclosure.

      8.     If a Producing Party reasonably and in good faith believes that a deposition involves Confidential Material (whether in the form of testimony or exhibits), it shall, within thirty (30) days of receiving the deposition transcript, provide the court reporter and other party with written notice as to the pages and/or exhibits in which the Confidential Material appears. The Producing Party shall further provide the court reporter with written notice that the deposition transcript shall be kept under seal and provided only to counsel of record for the parties to this Protective Order.

      9.     This Order shall be without prejudice to the right of the parties or other persons to: (i) bring before this Court at any time the question of whether any particular document or information is Confidential, or whether its use should be Confidential, or (ii) present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

      10.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production in this action of any

3

**DISCUSSION DRAFT**

information or document under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed to have the effect in any other proceeding of an admission or waiver by either party or of altering the Confidential nature of any document or information, or altering any existing obligation of any party or the absence thereof.

11.    The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

**Handling of Discovery Material**

12.    The parties agree that they shall use all material obtained through discovery (regardless of whether designated as Confidential) only for purposes of this litigation or an appeal involving this litigation.

13.    The Receiving Party shall not transmit Confidential Material to any person other than:

(a)    counsel of record for any party to this Protective Order (and their paralegals, secretaries, clerks and other agents and employees);

(b)    the parties to this Protective Order;

(c)    the Court, Court personnel, and jurors;

(d)    court reporters and stenographers or notaries public;

(e)    any other person who is designated by stipulation of the parties to this Protective Order or by Order of the Court after notice to all parties; and

(f)    Qualified Persons as defined above.

14.    Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(b) shall be provided with a copy of this Order and shall execute an Acknowledgment of Entry of Protective Order in the form of Exhibit "A" ("Acknowledgment"). Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(d) shall be provided with a copy of this Order and shall be asked to execute the

4

Acknowledgment. Each "Qualified Person" designated in paragraph 4(d) who testifies at deposition or other proceeding in this action may, in lieu of executing the Acknowledgment, agree on the record to abide by the terms of the Protective Order prior to receiving any Confidential Material. Counsel for the party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Acknowledgments.

15.     If a Receiving Party desires to disclose Confidential Material to a person that does not fall into any of the categories (a)-(e) above, the Receiving Party shall provide written notice to the Producing Party and a reasonable opportunity for the Producing Party to object to the disclosure. If the Producing Party does not agree to the disclosure, the disclosure shall not be made except by Court order.

### Attaching Confidential Material to Court Filings

16.     If a party wishes to make a submission to the Court that includes Confidential Material, the party shall/file or present the Confidential Material under seal. However, if the Court denies permission to file or present particular Confidential Material under seal, the party seeking to file or present the material shall not be precluded from filing or presenting the Confidential Material to the Court.

### Objecting to A Designation of Material As "Confidential"

17.     A Receiving Party may object to the designation of particular material as Confidential Material by giving written notice to the Producing Party not later than sixty (60) days after: (1) the close of discovery; (2) the date on which the party produced the supposedly Confidential Material; or (3) the date on which the party was required to have disclosed the supposedly Confidential Material, whichever is later. Any such objection shall clearly identify the designation to which the objection is directed and shall provide a detailed basis for the

5

DISCUSSION DRAFT

objection.  The parties shall attempt to resolve their differences within ten (10) days from the time notice of written objection is received and, if they are unable to do so, any party may thereafter file a motion requesting that the Court determine whether the material may be designated as Confidential.  The material shall be treated as Confidential Material subject to the protections of this Protective Order until the Court rules on the Producing Party's motion.

18.    The inadvertent production of any arguably privileged attorney-client communications or protected work product shall be without prejudice to any claims that the documents are privileged or protected, and shall not constitute a waiver of any privilege or protection that otherwise may attach thereto, provided that the Producing Party notifies the Receiving Parties promptly upon its discovery of the inadvertent production.  Such production also shall not be deemed a general waiver of such privilege or protection, and the parties agree not to argue that such production constitutes a waiver of such privilege or protection, or in any way impairs the privileges and discovery objections the Producing Party otherwise could assert.  Upon request of the Producing Party, all non-producing parties shall return all copies of any inadvertently provided documents, although nothing in this paragraph shall preclude a non-producing party's right to seek whatever relief if appropriate with respect to such returned documents.

### Use of and Return of Confidential Material

19.    Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

20.    This Order shall survive the termination of this action and continue in full force and effect.

6

DISCUSSION DRAFT

21.    Within sixty (60) days of the termination of this action by final non-appealable judgment, the parties and their counsel shall return all material obtained during discovery to the Producing Party or shall confirm in writing that all such copies have been destroyed. Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, responses, notes and memoranda, and other material archived as part of their case and client files.

22.    If a party in possession of Confidential Material receives a request, demand, subpoena, or order from an administrative or governmental agency for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects. Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party.

**APPROVED AND SO ORDERED:**

Dated:_____        _____
                                        **JUDGE F. DENNIS SAYLOR IV**
                                        **UNITED STATES DISTRICT COURT**

**STIPULATED TO AND AGREED:**

Dated:_____        _____
                                        PLAINTIFFS DONALD P. SPEAKMAN,
                                        STEPHEN H. WEDEL, and MARK L.
                                        ROBARE, Individually and On Behalf of All
                                        Others Similarly Situated

7

DISCUSSION DRAFT

Stephen L. Hubbard
Robert W. Biederman (BBO # 562279)
David M. Grossman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201
(214) 857-6001

Nancy Freeman Gans (BBO # 184540)
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA 02109-4216
(617) 369-7979

Dated: _____     _____
DEFENDANTS ALLMERICA FINANCIAL
LIFE INSURANCE & ANNUITY
COMPANY, FIRST ALLMERICA
FINANCIAL LIFE INSURANCE
COMPANY, and ALLMERICA
FINANCIAL CORP.

Andrea J. Robinson (BBO # 556337)
Jonathan A. Shapiro (BBO # 567838)
Eric D. Levin (BBO # 639717)
Brett R. Budzinski (BBO # 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

8

**DISCUSSION DRAFT**

## EXHIBIT A

### Acknowledgment of Entry of Protective Order

The undersigned hereby states that he or she received a copy of the Protective Order governing the disclosure and treatment of Confidential Material produced in this action, *Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al.*, Civil Action No. 4:04-CV-40077-FDS, has read the same, agrees to be bound by its terms. The undersigned further acknowledges that failure to so comply could expose me to a motion to enforce the Order or seek relief under the terms of this Order.


Signature:      _____

Date:           _____

Name:           _____

Address:        _____
                _____
                _____

Company:        _____


9

-----Original Message-----
**From:** Robert Biederman [mailto:RWBiederman@hblawfirm.com]
**Sent:** Tuesday, August 09, 2005 11:33 AM
**To:** Levin, Eric
**Cc:** Stephen Hubbard; NFGans@aol.com; David Grossman
**Subject:** Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al.

In connection with the draft Stipulated Protective Order, I have the following comments: First, in paragraph 16, I would add the following text, that I have underlined, to the first sentence as follows, "If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material Under Seal." The reason for this proposed change is to conform to the requirements of LR 7.2. Second, in paragraph 22, I would add the following text, that I have underlined, to the last sentence, "Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information, that is not designated as Confidential Material, to or communicate about information that is not designated as Confidential Material with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party." The reason for this change is that without such a provision it, among other things, contradicts the provisions in the first sentence of paragraph 22.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

EXHIBIT

7

8/31/2005

## Robert Biederman

**From:** Levin, Eric [Eric.Levin@wilmerhale.com]
**Sent:** Wednesday, August 10, 2005 11:00 AM
**To:** Robert Biederman
**Cc:** Stephen Hubbard; NFGans@aol.com; David Grossman; Shapiro, Jonathan
**Subject:** RE: Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al.

Rob --

We will agree to the first change you proposed below as to paragraph 16.

We will not agree to the second change you proposed with regard to paragraph 22.  To satisfy your concern, we propose that paragraph 22 be amended to read as follows:

"If a party in possession of Confidential Material receives a request, demand, subpoena, or order for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects.  Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party."

Please let us know whether you will agree to this change.

Thanks,
Rick

-----Original Message-----
**From:** Robert Biederman [mailto:RWBiederman@hblawfirm.com]
**Sent:** Tuesday, August 09, 2005 11:33 AM
**To:** Levin, Eric
**Cc:** Stephen Hubbard; NFGans@aol.com; David Grossman
**Subject:** Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al.

In connection with the draft Stipulated Protective Order, I have the following comments: First, in paragraph 16, I would add the following text, that I have underlined, to the first sentence as follows, "If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material Under Seal." The reason for this proposed change is to conform to the requirements of LR 7.2. Second, in paragraph 22, I would add the following text, that I have underlined, to the last sentence, "Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information, that is not designated as Confidential Material, to or communicate about information that is not designated as Confidential Material with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party." The reason for this change is that without such a provision it, among other things, contradicts the provisions in the first sentence of paragraph 22.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

EXHIBIT



8/11/2005

# HUBBARD & BIEDERMAN, L.L.P.

### ATTORNEYS AT LAW

*A Texas Registered Limited Liability Partnership*

1717 Main Street
Suite 4700
Dallas, Texas 75201

Telephone: 214-857-6000
Facsimile: 214-857-6001
www.hblawfirm.com

August 19, 2005

Eric D. Levin                                      **VIA FACSIMILE 617-526-5000**
WILMER CUTLER PICKERING
 HALE and DORR LLP
60 State Street
Boston, MA 02109

Re:   **Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v.**
      **Allmerica Financial Life Ins. & Annuity Co., et al.; 4:04-cv-40077-FDS**

Dear Rick:

        We were taken aback by the tone and substance of your letter. The e-mails and discussions that we have had belie many of the statements that you make.

        You indicate that these depositions are essential for Defendants' Response to Plaintiffs' Motion for Class Certification.  You further indicate that if a particular Plaintiff does not produce the documents that are sought by Defendants' First Request for Production by September 2, 2005, then Defendants will not take his deposition until all the documents are produced, and Defendants will seek to continue the Motion for Class Certification.

        As an initial matter, we need to discuss the timing and scope of Defendants' First Request for Production in light of the professed purpose of the depositions to oppose the pending Motion for Class Certification.  Inexplicably, Defendants chose not to serve their First Set of Request for Production until July 27, 2005 – <u>26</u> days after the first date they could have under the terms of the Scheduling Order.[1]  By delaying such service and then

---

        [1]Defendants' professed reason for the delay in serving their Request for Production was that they wanted to wait until they had seen the Motion for Class Certification, which was served on July 22nd.  But a review of Defendants' First Request for Production reveals that it is not tailored to address the Motion for Class Certification. Rather, the Requests all seek documents relating to the merits of Plaintiffs' First Amended Complaint, and Defendants' Affirmative Defenses and Counterclaims, which were filed on May 12, 2005.

EXHIBIT

9

Eric D. Levin
Page 2
August 19, 2005

linking the timing of the depositions to the receipt of all the documents, Defendants have created the circumstances that have compressed their time to respond to the Motion for Class Certification. We understand that delay is Defendants' primary objective.

As to the timing of Plaintiffs' production of documents in response to Defendants' First Request for Production, it is ironic that Defendants would demand such documents must be received by September 2nd, lest they will seek to postpone depositions and continue the Motion for Class Certification. Plaintiffs served their First Request for Production on July 1st. Due to your repeated requests for extensions, to which Plaintiffs agreed, Defendants' Response – not the documents – is to be received on Friday, August 19. While demanding that Plaintiffs produce all their documents by September 2nd, Defendants have indicated they can give no assurance when their documents will be produced. This lack of reciprocity speaks for itself. Defendants want everything but are unwilling to commit to anything.

Apart from the double standard that Defendants seek to impose, as a result of tremendous efforts by each of the Plaintiffs, we expect to make available all documents, to which there are no objections, by September 2nd in the case of Messrs. Wedel and Robare. As to Mr. Speakman, his office also has expended a tremendous amount of time and effort gathering documents. While we believe a substantial number of Mr. Speakman's documents will be available by September 2nd, we will not be able to produce all such documents by September 2nd due to the fact, as you are aware, that he had by far the largest amount of business in the Trail Program. Correspondingly, as you further are aware, he has a larger number of documents relating to replacements, which Defendants have requested.

In light of the extent of replacement materials as to Mr. Speakman, we repeatedly offered, for purposes of Mr. Speakman's deposition, to provide a sample of replacements so that the September 2nd production date could be achieved. We based that reasonable request on two grounds that we have mentioned to you. First, during the seven (7) hour limit for the deposition, Defendants could not possibly inquire about every replacement of Mr. Speakman. Second, because the Court is not going to resolve the merits of Defendants' Counterclaim in ruling on Plaintiffs' Motion for Class Certification, Defendants do not need every document regarding replacements prior to the deposition. Again, we urge you to accept, for purposes of Mr. Speakman's deposition, a reasonable sample of replacements that Defendants may select that can be produced by September 2nd. Of course, Defendants already are aware of the identity of each replacement, because they received notice when such exchange occurred. Moreover, to the extent you wish to reserve a portion of your seven hours of deposition time for a subsequent date, we would be willing to discuss such an accommodation.

Eric D. Levin
Page 3
August 19, 2005

As to the dates and location of depositions, we agree that Messrs. Robare and Wedel will be on consecutive days of September 26 & 27 in Houston and Pittsburgh, respectively. To accommodate this demand, we intend to use two teams of attorneys. As to Mr. Speakman, until we know whether you intend to proceed with his deposition on September 12th, there is no point in further discussing the location.[2] Incidentally, contrary to the statements in your letter, the e-mails that I sent reflect that we offered multiple dates for Mr. Speakman's depositions; namely, September 9, 12, & 13. Defendants rejected September 9 & 13 due to your position that only Jonathan Shapiro, who was the second of the four attorneys in your firm listed on the pleadings, could take that deposition.

Please call Steve and me to see whether we can resolve this matter.

Sincerely,

Robert W. Biederman

cc:    Stephen L. Hubbard

---

[2] Your discussion of the case law concerning the location of depositions is inapposite. There is a line of cases that holds that a deposition should be taken where a party resides when that place is a substantial distance from the forum where the lawsuit was filed. *See, e.g., Metrex Research Corp. v. U.S.*, 151 F.R.D. 122, 125 (D. Colo. 1993). While there also is a line of cases holding that the location of a plaintiff's deposition generally should be where he has brought the suit, that proposition is qualified where plaintiff's choice of forum is practically restricted to that venue. *See, e.g., Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395, 396 ( D. Del. 1955); *Operative Plasterers & Cement Masons' International Assoc. Of U.S. & Cannada AFL-CIO v. Benjamin*, 144 F.R.D. 87, 91 (N.D. Ind. 1992). That is the case here. If Plaintiffs had brought three separate and identical class actions in three different fora, Defendants would have sought to consolidate the actions through an MDL in Massachusetts, and sharply criticized Plaintiffs for having brought the same action in multiple courts. The only proper venue under 28 U.S.C. §1391(a) for a lawsuit brought by the Plaintiffs, collectively, in one forum is Massachusetts, because that is where Defendants reside as well as where a substantial part of the claims arose. Conversely, the three Plaintiffs, collectively, could not have brought actions in Texas, Missouri, or Pennsylvania, because Defendants did not reside there, or a substantial part of the claims did not arise as to all of the Plaintiffs in any of those fora. Accordingly, the general rule of deposing the party where he resides applies.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs and<br>          Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>          Defendants and<br>          Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

## NOTICE OF SUBPOENA COMMANDING PACIFIC LIFE & ANNUITY COMPANY TO PRODUCE DOCUMENTS AND TO TESTIFY BY DEPOSITION

TO:     Stephen L. Hubbard
          Robert W. Biederman
          Hubbard & Biederman, LLP
          1717 Main Street, Suite 4700
          Dallas, TX 75201

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30(b)(6) and

45, and commencing at 10:00 a.m. on Tuesday, September 19, 2005, at the offices of Scibelli,

Whiteley & Stanganelli, LLP, 50 Federal, 5th Floor, Boston, MA 02110 (or other location by

agreement of counsel), defendants and counterclaim plaintiffs Allmerica Financial Life

Insurance & Annuity Co., First Allmerica Life Insurance Co., and Allmerica Financial Corp.

shall take the deposition by oral examination of Pacific Life & Annuity Company by one or more

officers, directors, or managing agents, or other persons who consent to testify on its behalf and

- 1 -

EXHIBIT



who are most knowledgeable with respect to each of the topics identified in the attached

Schedule B.

The deposition shall be recorded by stenographic means before a Notary Public or other

officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition

will continue from day to day until completed with such adjournments as to time and place as

may be necessary. A subpoena will be served upon Pacific Life & Annuity Company

commanding one or more persons of the company to attend the deposition.

You are invited to attend.

ALLMERICA FINANCIAL LIFE INSURANCE &
ANNUITY CO., FIRST ALLMERICA
FINANCIAL LIFE INSURANCE CO., and
ALLMERICA FINANCIAL CORP.

By their attorneys,

Brian E. Whiteley (BBO No. 555683)
C. Alex Hahn (BBO No. 634133)
Scibelli, Whiteley & Stanganelli, LLP
50 Federal Street, 5th Floor
Boston, MA 02110
(617) 227-5725

Dated: August 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 25th day of August, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

C. Alex Hahn

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Massachusetts

Donald P. Speakman, et al.

V.

Allmerica Financial Life Ins. & Annuity Co., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  4:04-CV-40077-FDS

TO:  Pacific Life & Annuity Co., c/o Commissioner of Insurance,
Massachusetts Division of Insurance, One South Station,
Boston, MA 02110
(pursuant to Mass Gen. Laws ch. 175, 151 (3), (154) )

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Scibelli, Whiteley & Stanganelli, LLP, 50 Federal Street, 5th Floor, Boston, MA 02110 (or other location by agreement of counsel) | DATE AND TIME  9/19/2005 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE  Scibelli, Whiteley & Stanganelli, LLP, 50 Federal Street, 5th Floor, Boston, MA 02110 | DATE AND TIME  9/6/2005 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  _C. A. G. L_ (for defendant) | DATE  8/25/2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
C. Alex Hahn, Scibelli, Whiteley & Stanganelli, LLP, 50 Federal Street, 5th Floor, Boston, MA 02110 (617)-227-5725

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# SCHEDULE A

## DEFINITIONS

1.      "You" or "Your" shall mean Pacific Life & Annuity Company and any of its past or present parents, subsidiaries, business segments, predecessors, affiliates, officers, directors, employees, and any other person acting or purporting to act on its behalf.

2.      "Speakman" shall mean Donald P. Speakman.

3.      "Wedel" shall mean Stephen H. Wedel.

4.      "Robare" shall mean Mark L. Robare.

5.      "Allmerica" shall mean Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, Allmerica Financial Corp., VeraVest Investments, Inc., State Mutual Life Insurance Company of America, SMA Life Assurance Company, and SMA Equities, Inc.

6.      "Document" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

7.      "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

8.      "Person" shall mean any natural person or any business, legal, or governmental entity or association.

9.      "Concerning" shall mean referring to, describing, evidencing, or constituting.

10.      "Action" shall mean the lawsuit entitled Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al., Civil Action No. 4:04-CV-40077-FDS pending in the United States District Court for the District of Massachusetts.

11.      "NASD" shall mean the National Association of Securities Dealers.

- 1 -

12.    "SEC" shall mean the United States Securities and Exchange Commission.

13.    "Compensation" shall mean salaries, commissions, cost reimbursements, bonuses, incentives of any kind.

14.    "Products" shall mean insurance policy, annuity, or other contract for the sale of securities or insurance.

## INSTRUCTIONS

1.    If you contend any of the Requests are ambiguous or unclear with respect to the materials sought, or that production would create an unnecessary burden or expense, please contact counsel for the parties issuing this Subpoena to address any such issues in a timely and pragmatic manner.

2.    All use of language in these Requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words that are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

3.    If any document responsive to any of these Requests is claimed to be privileged or otherwise protected from discovery, then for each such document, provide the information required by Federal Rule Civil Procedure 26(b)(5).

4.    If no documents exist that are responsive to a particular Request, state that no documents exist.

5.    These Requests are continuing and require supplemental response and production in accordance with the Federal Rules of Civil Procedure and the Local Rules.

## TIME PERIOD

Unless otherwise specified, the time period covered by these requests is from January 1, 2001 to the present.

## **REQUESTS FOR DOCUMENTS**

1.    All documents concerning Your relationship, dealings, and transactions with

Speakman, Wedel, or Robare.

2.    All documents concerning or constituting any agreement, arrangement, or

understanding pursuant to which Speakman, Wedel, or Robare has served as a broker, agent,

salesperson, intermediary, or facilitator for the marketing, sale, or issuance of any Product

issued, underwritten, sold, offered for sale, or provided by You.

3.    All documents concerning Compensation of any sort paid to Speakman, Wedel, or

Robare from January 1, 2001 to the present, including but not limited to documents concerning:

>    (a)    the reasons why that Compensation was provided;
>    (b)    when the Compensation was earned;
>    (c)    when the Compensation was paid or tendered (if that date is different from the date in subparagraph (b); and
>    (d)    the basis upon which that Compensation was calculated.

4.    Attachments 1, 2, and 3 hereto reflect payments from Allmerica to You in

connection with Your issuance of certain Products to persons who previously owned a Product

issued by Allmerica. For each such Product, please produce:

>    (a)    documents sufficient to show the name of the Product, the contract/policy number (if applicable), the person to whom the Product was issued, the date of issuance, and the name of the agent;
>    (b)    all advertising or other materials used to solicit the Product;
>    (c)    all applications and communications relating to the sale or issuance of the Product;
>    (d)    all contracts, policies, or other written instruments setting forth the terms of the Product (or to the extent such documents are not available, a copy of the form or specimen that sets forth the terms of the Product);
>    (e)    all documents concerning Your review, underwriting, or analysis of the sale or issuance of the Product, including but not limited to any review of the suitability of the Product for the Person to whom it was issued and compliance with any internal policies or rules and regulations of any regulatory or governmental agency;
>    (f)    documents concerning any Compensation paid to or for the benefit of Speakman, Wedel, or Robare; and

       (g)     all documents concerning any complaints or disputes of any nature concerning the Product or any Compensation paid in connection therewith.

5.     All documents concerning any training or education provided to or undertaken by Speakman, Wedel, or Robare.

6.     All documents concerning Speakman's, Wedel's, or Robare's prior or current relationship with Allmerica including but not limited to:

       (a)     Speakman's, Wedel's, or Robare's prior employment or affiliation with Allmerica;

       (b)     the termination of Speakman's, Wedel's, or Robare's prior employment or affiliation with Allmerica;

       (c)     the Compensation paid by Allmerica to Speakman, Wedel, or Robare;

       (d)     the marketing or sale of Allmerica products; and

       (e)     the Action.

7.     All documents concerning customer complaints or disputes concerning Speakman, Wedel, or Robare.

8.     All documents concerning any inquiry, investigation, or request for information by the NASD, SEC, or any other state or federal regulatory or governmental agency or self-regulatory organization concerning Speakman, Wedel, or Robare (including but not limited to requests, responses, documents productions, communications, and transcripts or sworn statements).

# HUBBARD & BIEDERMAN, L.L.P.

## ATTORNEYS AT LAW

*A Texas Registered Limited Liability Partnership*

1717 Main Street
Suite 4700
Dallas, Texas 75201

Telephone: 214-857-6000
Facsimile: 214-857-6001
www.hblawfirm.com

August 25, 2005

Eric D. Levin
WILMER CUTLER PICKERING
 HALE and DORR LLP
60 State Street
Boston, MA 02109

**VIA FACSIMILE 617-526-5000**

Re:   **Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v.
      Allmerica Financial Life Ins. & Annuity Co., et al.; 4:04-cv-40077-FDS**

Dear Rick:

In your August 18th letter, you attached notices of depositions in Boston for each of our clients for September 12, 26 & 28 for Messrs. Speakman, Robare & Wedel, respectively. In the body of your letter, however, you indicated that you were amenable to taking Messrs. Robare's and Wedel's depositions on September 26 & 27 in Houston and St. Louis, respectively. In our letter dated August 19th, we agreed to those dates and locations for Messrs. Robare and Wedel. We further indicated in our August19th letter that we expected to make available Messrs. Robare's and Wedel's documents, to which we had no objections, by Friday, September 2.

As to Mr. Speakman's deposition, while we concurred with the date of September 12, we are uncertain whether you still intend to take the deposition, and if so, the location of that deposition. As we indicated in the August 19th letter, due to the volume of materials requested in Defendants' First Request for Production to Mr. Speakman, we will be unable to make available the documents, to which we do not object, by September 2nd. Due to that situation, it is unclear whether you intend to take his deposition on September 12th. If you do intend to take the deposition on September 12th, we also need to know whether you are refusing to take the deposition in Pittsburgh, in which case, we may need to proceed with a Motion for Protective Order.

We look forward to your prompt response.

Sincerely,

Robert W. Biederman

cc:   Stephen L. Hubbard


EXHIBIT
III