## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP. <br><br> Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 4:04-cv-40077-FDS |

---

### RESPONSE TO DEFENDANTS' FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS TO PLAINTIFF DONALD P. SPEAKMAN

---

TO:    Defendants, by and through their attorneys of record.

Plaintiff answers these Requests subject to all objections contained herein, expressly

preserving, and in no way waiving, such objections. Plaintiff also makes this response subject to,

and expressly preserving: (i) all questions and objections as to the competence, relevance,

materiality, and admissibility as evidence for any purpose in any aspect of this lawsuit or any other

court action or judicial or administrative proceeding or investigation; and (ii) the right to object on

any ground to the use of any such request or the subject matter thereof, in any aspect of this lawsuit

or any other court action or judicial or administrative proceeding or investigation.

Plaintiff has not yet completed his investigation of facts and discovery in this matter. For

this reason and to avoid delay, Plaintiff's responses are made on the basis of his investigation to-date

EXHIBIT

12

and upon information currently available to him. Plaintiff reserves the right to amend, clarify,

correct, revise, or supplement each of the responses herein according to any facts or information

gathered at any time after the date of these responses. Further, to avoid delay, Plaintiff will produce

non-privileged documents as set forth herein on a rolling basis to Defendants. Such production shall

be contingent upon the negotiation and execution of a mutually acceptable protective order by the

parties and entry of such order to the Court.

### General Objections

1.   Plaintiff objects to the time and place for production. Responsive documents will be
     made available for inspection and copying at a mutually agreeable time and place.

2.   Plaintiff objects to these Requests which seek documents or materials that is protected by
     the attorney-client privilege and work product doctrine.

3.   Plaintiff objects to the Requests which seek "all documents concerning" a particular
     subject, to the extent that it calls for documents or materials that (i) are protected by the
     attorney-client privilege and work product doctrine; (ii) are protected by the accountant-
     client privilege; or (iii) were provided to or created by consulting experts.

4.   Plaintiff objects to these Requests which seek documents or materials that are a matter of
     public record or equally available to Defendants.

5.   Plaintiff objects to these Requests to the extent they seek documents or materials not in
     their possession, custody, or control.

6.   Plaintiff objects to these Requests to the extent that they seek to impose obligations on
     Plaintiff beyond those required by the Federal Rules of Civil Procedure, Local Rules, or
     terms of the Scheduling Order entered by the Court on June 29, 2005.

### Objections to Definitions

1.   Plaintiff objects to the definition of the term "Plaintiffs" which purports to include third
     parties such as "past and present employees, representatives, trustees, attorneys, and any
     other person acting or purporting to act on their behalf." The definition broadens and, thus,
     violates the definition required by LR 26.5 which limits the definition to parties to the
     litigation. Plaintiffs further object to the definition to the extent that it would purport to

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 2**

require production of documents that are protected by the attorney-client privilege and work product doctrine. Subject to, and without waiving these objections, Plaintiff will answer requests using the definition supplied by LR 26.5.

### Objections to Instructions

1.    Plaintiff objects to Instruction No. 1 to the extent that it purports to require specific detail as to "each document" rather than the "nature of the documents." Instruction No. 1 purports to create obligations not contemplated by the Federal Rules of Civil Procedure or the Local Rules.

2.    Plaintiff objects to Instruction No. 2(b) which purports to create obligations not contemplated by the Federal Rules of Civil Procedure or the Local Rules.

3.    Plaintiff objects to Instruction No. 3 which purports to create obligations not contemplated by the Federal Rules of Civil Procedure or the Local Rules.

### Responses and Objections

### Request No. 1

All Trail Agreements executed by Plaintiffs, including any modifications or amendments thereto.

   **RESPONSE:**

   To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

### Request No. 2

All completed Adviser In-Force Trail Program Election Forms executed by Plaintiffs, including any modifications or amendments thereto.

   **RESPONSE:**

   To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 3**

**Request No. 3**

All Promissory Notes executed by Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 4**

All documents concerning any actual or proposed modifications or amendments of the terms of the Trail Agreement or the Promissory Notes.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 5**

All documents concerning the terms or operation of the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 6**

All documents concerning the negotiation of the terms of the Trail Agreement or the Promissory Notes, including but not limited to (a) any communications with any of the Defendants; (b) any communications with any of the Plaintiffs; (c) drafts of the Trail Agreement or the Promissory Notes; (d) proposals for terms to be included in the Trail Agreement or the Promissory Notes; and (e) any memoranda, reports, or spreadsheets.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 4**

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 7

All documents concerning actual commissions received or commissions expected to be received pursuant to the Trail Agreement.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 8

All documents concerning the financing of the commission payments made or expected to be made to AFLIAC pursuant to the Trail Agreement, and the loan payments made or expected to be made to AFLIAC pursuant to the Promissory Notes.

**RESPONSE:**

Plaintiff objects to the phrase "financing of the commission payments made or expected to be made to AFLIAC pursuant to the Trail Agreement" which is vague, ambiguous, and incapable of being understood. Plaintiff cannot locate any terms in either the Trail Agreement or the Promissory Notes referencing financing of commission payments.

Subject to and without waiving these objections, to the extent that any non-privileged documents which concern loan payments made or expected to be made to AFLIAC pursuant to the Promissory Notes are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 9

All documents concerning any reports or memoranda by, or communications with, any accountants, actuaries or consultants concerning the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 5**

**RESPONSE:**

Plaintiff objects to this Request which seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request which seeks sensitive communications with his advisers and is intended to harass or embarrass.

Plaintiff further objects to this Request which seeks information that is protected by the accountant-client privilege. This includes all documents which concern tax advice or tax treatment of the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

Plaintiff objects to the term "consultants" which is vague, ambiguous, and incapable of being understood.

To the extent that the phrase "consultants" may include attorneys, Plaintiff further objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

To the extent that the phrase "consultants" may include consulting experts, Plaintiff further objects to this Request which seeks documents that are beyond the scope of permissible discovery and in a manner of discovery not permitted by Rule 26(b)(4).

**Request No. 10**

All documents concerning any forecasts, projections, worksheets, or economic assumptions concerning (a) the persistency of the Eligible Annuity Contracts, (b) future productivity of Plaintiffs or any other person that entered into the Trail Agreement, and (c) tax treatment of the commissions earned under the Trail Agreement and payments made pursuant to the Promissory Notes.

**RESPONSE:**

Plaintiff objects to this Request which seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request which seeks sensitive communications with his advisers and is intended to harass or embarrass.

Plaintiff further objects to this Request which seeks information that is protected by the accountant-client privilege.

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 6**

that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Plaintiff further objects to this Request which seeks information from consulting experts which is beyond the scope of permissible discovery and in a manner of discovery not permitted by Rule 26(b)(4).

Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 11

All documents concerning the method of calculating commissions payable under the Trail Agreement (including those containing formulas, commission rates, persistency rates, productivity rates, and account values of the Eligible Annuity Contracts) and the method of calculating taxes payable under the Trail Agreement, including but not limited to quarterly and annual earnings statements, tax statements, memoranda, and reports.

### RESPONSE:

Plaintiff further objects to this Request which seeks information that is protected by the accountant-client privilege.

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 12

All documents concerning the amount of loan payments due under the Promissory Notes and the method of calculating such payments.

SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 7

**RESPONSE:**

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 13**

All documents concerning information or communications on which any of the Plaintiffs relied in deciding to enter into the Trail Agreement or the Promissory Notes.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 14**

All documents concerning the balances due on the Promissory Notes, including but not limited to statements, letters, and default notices.

**RESPONSE:**

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 8**

**Request No. 15**

All documents concerning the cancellation or proposed cancellation of the balances due on the Promissory Notes.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 16**

All Broker's Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 17**

All Independent Contractor Agreement for Registered Representative contracts entered into by any of Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 18**

All Career Agent Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 9**

**Request No. 19**

All Career Agent's Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

    **RESPONSE:**

    Plaintiff objects to this Request which is duplicative of Request No. 18.

    Subject to, and without waiving this objection, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 20**

All documents concerning any surrenders of any Eligible Annuity Contract by any client or customer of Plaintiffs including but not limited to:

    (a)    communications with clients or customers concerning such surrenders;

    (b)    communications with Defendants concerning such surrenders;

    (c)    communications with other companies or persons writing, issuing, or administering annuities concerning such surrenders; and

    (d)    memoranda, notes, or reports concerning such surrenders.

    **RESPONSE:**

    Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

    Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 10**

**Request No. 21**

All documents concerning any transfers or replacements of any Eligible Annuity Contract by any client or customer of Plaintiffs including but not limited to:

   (a)   documents sufficient to show (1) the name and contract/policy number of the Eligible Annuity Contract that was transferred or replaced, (2) the person to whom the replaced annuity was issued, (3) the amount of the replaced annuity, (4) the name and contract/policy number of the annuity that replaced the Eligible Annuity Contract, (5) the name of the company that issued the replacement annuity, (6) the amount of the transfer or replacement, and (7) the date of the issuance of the replacement annuity;

   (b)   all applications concerning such transfers and replacements;

   (c)   communications with clients or customers concerning such transfers or replacements;

   (d)   communications with Defendants concerning such transfers or replacements;

   (e)   communications with the company that issued the new annuities that replaced the Eligible Annuity Contracts;

   (f)   documents concerning any analysis of the suitability of the annuities that replaced the Eligible Annuity Contracts;

   (g)   memoranda, notes, or reports concerning such transfers or replacements; and

   (h)   documents concerning any commissions or other compensation earned by Plaintiffs as a result of such transfers or replacements.

**RESPONSE:**

Plaintiff objects to the undefined phrases "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

Plaintiff further objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 11**

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning surrender of an Eligible Annuity Contract for purposes of purchasing another insurance product with another company are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 22

All documents concerning any of Defendants' policies and practices as to the transfer or replacement of annuities including but not limited to prohibitions on transfers or replacements, communications with clients regarding transfers or replacements, and commissions paid or not paid for transfers or replacements.

### RESPONSE:

Plaintiff objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning Defendants' policies and practices concerning surrender of an annuity for purposes of purchasing another insurance product are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 23

All documents concerning Plaintiffs' communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Eligible Annuity Contract concerning the potential surrender, transfer, or replacement of any Eligible Annuity Contract.

### RESPONSE:

Plaintiff objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 12**

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning communications with any holders or former holders of any Eligible Annuity Contract concerning surrender of such Eligible Annuity Contract for purposes of purchasing another insurance product are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 24

All documents concerning Plaintiffs' communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Eligible Annuity Contract concerning the acquisition, purchase, holding, or sale of annuities written, issued, or administered by any entity other than the Defendants.

### RESPONSE:

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning communications with any holders or former holders of any Eligible Annuity Contract concerning surrender of such Eligible Annuity Contract for purposes of

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 13**

purchasing another insurance product are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 25**

All documents concerning presentations, speeches, conferences, or meetings given or attended by Plaintiffs in which Plaintiffs discussed the Defendants' business, ratings of the Defendants, the Defendants' service of any Eligible Annuity Contracts, the Defendants' ability to service the Eligible Annuity Contracts, the Defendants' payment of a Guaranteed Minimum Death Benefit, the Defendants' ability to pay a Guaranteed Minimum Death Benefit, and the Defendants' accounting of Deferred Acquisition Costs.

> **RESPONSE:**
>
> Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.
>
> Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.
>
> Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 26**

All documents concerning the suitability of the annuities that replaced any Eligible Annuity Contract, including but not limited to communications with the holders of any such annuities, communications with companies who issued the replacement annuities, and communications with the NASD or other governmental or regulatory agency or organization.

> **RESPONSE:**
>
> Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore,

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 14**

the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 27

All documents concerning complaints by holders or former holders of any Eligible Annuity Contracts regarding the suitability of annuities that replaced the Eligible Annuity Contracts, and any documents concerning any response to any such complaints.

### RESPONSE:

Plaintiff objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 28

Plaintiffs' filings with the NASD or any other governmental or regulatory agency or organization.

### RESPONSE:

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request which seeks to impose an undue burden to obtain documents which are a matter of public record and equally accessible to Defendants including, but not limited to non-privileged filings with the NASD, SEC, and state boards of insurance.

SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 15

**Request No. 29**

All documents (including but not limited to requests, responses, document productions, communications, and transcripts or sworn statements) concerning any inquiry, investigation, or request for information of Plaintiffs by the NASD or other governmental or regulatory agency or organization, including but not limited to inquiries, investigations, or requests for information concerning:

> (a)     Plaintiffs' sale of life insurance or annuities;
>
> (b)     Plaintiffs' involvement in the surrender, transfer, or replacement of any Eligible Annuity Contracts or other annuities or policies issued by the Defendants; and
>
> (c)     this lawsuit or any of the allegations in the Complaint, the Answer to the Complaint and Counterclaims, or the Answer to the Counterclaims.

**RESPONSE:**

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

Plaintiff objects to the undefined phrase "surrender, transfer, or replacement" which is vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning any inquiry, investigation, or request for information by the NASD, SEC or state departments of insurance about this lawsuit or about the surrender of any Eligible Annuity Contracts or other annuities or policies issued by the Defendants for the purpose of purchasing another insurance product with another company, will be produced at a mutually agreeable time and place.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 16**

**Request No. 30**

All documents identifying, classifying, describing, evaluating, or treating Plaintiffs or any other person who entered into the Trail Agreement as an employee or independent contractor of any of the Defendants or any affiliate of the Defendants.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 31**

All documents concerning any position that Plaintiffs have taken in any lawsuit, administrative proceeding, or any threatened or actual regulatory action as to whether any person who entered into the Trail Agreement or a Broker's Agreement, Independent Contractor Agreement for Registered Representative, Career Agent Agreement, or Career Agent's Agreement was an employee or independent contractor of any of the Defendants or any affiliate of the Defendants.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 32**

All documents concerning any of Defendants' or any affiliate of the Defendants' control over the time, place and manner of solicitation or servicing of the business of AFLIAC by Plaintiffs or any other person who entered into the Trail Agreement.

**RESPONSE:**

Plaintiff objects to this Request which is vague, indefinite, and not capable of being understood without speculating as to its intended meaning.

Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 33**

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 17**

All communications among Plaintiffs regarding this lawsuit or the allegations of the Complaint, the Answer to the Complaint and Counterclaims, or the Answer to the Counterclaims.

**RESPONSE:**

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation. Furthermore, the Request, as worded, is so broad that it would encompass communications with counsel in connection with an ongoing NASD investigation as well as any and all notes, memoranda, and other documents created by that counsel.

Subject to and without waiving this objection, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 34**

All documents identified or referred to in Plaintiffs' Initial Disclosures.

**RESPONSE:**

Plaintiff will produce, at a mutually agreeable time and place, documents identified or referred to in Plaintiffs' Initial Disclosures.

**Request No. 35**

All documents supporting or forming the basis of Plaintiffs' calculation of damages in their Initial Disclosures.

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting or forming the basis" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to and without waiving these objections, to the extent that any non-privileged documents on which the computation is based are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 18

**Request No. 36**

All documents concerning projections of commissions expected to be earned under the Trail Agreement.

    **RESPONSE:**

    Plaintiff objects to this Request which seeks information that is protected by the accountant-client privilege.

    Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

    Plaintiff further objects to this Request which seeks information from consulting experts which is beyond the scope of permissible discovery and in a manner of discovery not permitted by Rule 26(b)(4).

    Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 37**

All documents reflecting commissions received by Plaintiffs as a result of the transfer or replacement of any Eligible Annuity Contracts.

    **RESPONSE**:

    Plaintiff objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

    Subject to, and without waiving this objection, to the extent that any non-privileged documents reflecting commissions that Plaintiff received from a sale made with proceeds from the surrender of an Eligible Annuity Contract are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 38**

Resumes or *curricula vitae* for each of the Plaintiffs.

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 19**

### RESPONSE:

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 39

All transcripts and exhibits to any deposition or trial testimony, and all affidavits, certifications, or other written statements, given by any of the Plaintiffs in any legal or regulatory proceedings.

### RESPONSE:

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 40

All documents concerning or supporting the allegations in paragraph 5 of the Complaint that "Plaintiffs further believe that when defendants instituted the Trail Program, they were aware of problems inherent in their business plan involving GMDB and DAC exposure that ultimately resulted in the cessation of the sale of life and annuity products."

### RESPONSE:

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 5 of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiff further incorporates by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

## Request No. 41

All documents concerning or supporting the allegations in paragraph 42 of the Complaint that "As a result of Allmerica Companies' instability and cessation of life and annuity business and resulting

loss of competitive position, certain of Speakman's clients have requested to transfer their accounts, many of which are in the Trail Program, to other more stable companies with better guarantees."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 42 of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 42**

All documents concerning or supporting the allegations in paragraph 28 of the Complaint that "Beginning in late 2002, Allmerica Companies wrongfully precluded former sales agents, such as Robare, from interacting with their clients whose annuities were in the Trail Program."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28 of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 43**

All documents concerning or supporting the allegations in paragraph 28.A. of the Complaint that "Allmerica discontinued using Rogers Casey previously touted as an essential consultant to choose and monitor the performance of the funds for the variable annuities."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 21**

worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.A of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiff further incorporates by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

## Request No. 44

All documents concerning or supporting the allegations in paragraph 28.B of the Complaint that "Defendants curtailed the number of available funds and managers available to variable annuities."

### RESPONSE:

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.B of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiff further incorporates by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

## Request No. 45

All documents concerning or supporting the allegations in paragraph 28.C. of the Complaint that "Defendants discontinued database downloads to the 'Contact Partner' client management database system."

### RESPONSE:

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 22

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.C of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 46**

All documents concerning or supporting the allegations in paragraph 28.D. of the Complaint that "Defendants failed to timely update essential client information including Model performance data."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.D of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 47**

All documents concerning or supporting the allegations in paragraph 28.E. of the Complaint that "Defendants caused significant processing errors involving clients' separate accounts contained in Eligible Annuities in the Trail Program."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.E of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 48**

**SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 23**

All documents concerning or supporting the allegations in paragraph 28.F. of the Complaint that "Defendants failed to timely process service requests by clients, including division of annuities in connection with divorces and other matters."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.F of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 49**

All documents concerning or supporting the allegations in paragraph 28.G. of the Complaint that "Defendants failed to send copies of client correspondence to agents even though the letters indicate that agents are copied on the letters that contain important information concerning the annuities."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.G of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 50**

All documents concerning or supporting the allegations in paragraph 59(1) of the Complaint that "Allmerica Life and First Allmerica failed to adequately remove, hedge, or otherwise prudently reserve for its obligations on variable annuity and insurance products, including GMDB."

**RESPONSE:**

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 24**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 59(1) of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiff further incorporates by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

**Request No. 51**

All documents concerning complaints to Plaintiffs or Defendants by owners of variable annuities issued by AFLIAC about the servicing of those annuities or AFLIAC's discontinuation of the sale of life insurance and annuities, and any documents concerning any response to any such complaints.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

Respectfully Submitted,

HUBBARD & BIEDERMAN, L.L.P.

By:_____

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Fax: (214) 857-6001

**SPEAKMAN'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 25**

Nancy Freeman Gans
BBO No. 184540
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, Massachusetts 02109
Telephone: (617) 369-7979
Facsimile:(617) 369-7980

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this

the 29th day of August 2005, to the following:

| | |
|---|---|
| Jonathan A. Shapiro | Brian E. Whiteley |
| Eric Levin | C. Alex Hahn |
| Wilmer Cutler Pickering Hale and Dorr, LLP | Scibelli, Whiteley & Stanganelli, LLP |
| 60 State Street | 50 Federal Street, 5th Floor |
| Boston, MA 02109 | Boston, MA 02110 |
| (617) 526-6000 | via Fedex |
| via electronic mail and Fedex | |

_____

Robert W. Biederman

**SPEAKMAN'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 26**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:04-cv-40077-FDS |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP. | § § § § § § | |
| Defendants. | § § | |

RESPONSE TO DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF STEPHEN H. WEDEL

TO:     Defendants, by and through their attorneys of record.

Plaintiff answers these Requests subject to all objections contained herein, expressly preserving, and in no way waiving, such objections. Plaintiff also makes this response subject to, and expressly preserving: (i) all questions and objections as to the competence, relevance, materiality, and admissibility as evidence for any purpose in any aspect of this lawsuit or any other court action or judicial or administrative proceeding or investigation; and (ii) the right to object on any ground to the use of any such request or the subject matter thereof, in any aspect of this lawsuit or any other court action or judicial or administrative proceeding or investigation.

Plaintiff has not yet completed his investigation of facts and discovery in this matter. For this reason and to avoid delay, Plaintiff's responses are made on the basis of his investigation to-date

EXHIBIT

12

and upon information currently available to him. Plaintiff reserves the right to amend, clarify,

correct, revise, or supplement each of the responses herein according to any facts or information

gathered at any time after the date of these responses. Production of documents shall be contingent

upon the negotiation and execution of a mutually acceptable protective order by the parties and entry

of such order to the Court.

### General Objections

1.      Plaintiff objects to the time and place for production. Responsive documents will be
        made available for inspection and copying at a mutually agreeable time and place.

2.      Plaintiff objects to these Requests which seek documents or materials that is protected by
        the attorney-client privilege and work product doctrine.

3.      Plaintiff objects to the Requests which seek "all documents concerning" a particular
        subject, to the extent that it calls for documents or materials that (I) are protected by the
        attorney-client privilege and work product doctrine; (ii) are protected by the accountant-
        client privilege; or (iii) were provided to or created by consulting experts.

4.      Plaintiff objects to these Requests which seek documents or materials that are a matter of
        public record or equally available to Defendants.

5.      Plaintiff objects to these Requests to the extent they seek documents or materials not in
        their possession, custody, or control.

6.      Plaintiff objects to these Requests to the extent that they seek to impose obligations on
        Plaintiff beyond those required by the Federal Rules of Civil Procedure, Local Rules, or
        terms of the Scheduling Order entered by the Court on June 29, 2005.

### Objections to Definitions

1.      Plaintiff objects to the definition of the term "Plaintiffs" which purports to include third
        parties such as "past and present employees, representatives, trustees, attorneys, and any
        other person acting or purporting to act on their behalf." The definition broadens and, thus,
        violates the definition required by LR 26.5 which limits the definition to parties to the
        litigation. Plaintiffs further object to the definition to the extent that it would purport to
        require production of documents that are protected by the attorney-client privilege and work
        product doctrine. Subject to, and without waiving these objections, Plaintiff will answer
        requests using the definition supplied by LR 26.5.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 2**

## Objections to Instructions

1.    Plaintiff objects to Instruction No. 1 to the extent that it purports to require specific detail as to "each document" rather than the "nature of the documents." Instruction No. 1 purports to create obligations not contemplated by the Federal Rules of Civil Procedure or the Local Rules.

2.    Plaintiff objects to Instruction No. 2(b) which purports to create obligations not contemplated by the Federal Rules of Civil Procedure or the Local Rules.

3.    Plaintiff objects to Instruction No. 3 which purports to create obligations not contemplated by the Federal Rules of Civil Procedure or the Local Rules.

## Responses and Objections

### Request No. 1

All Trail Agreements executed by Plaintiffs, including any modifications or amendments thereto.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

### Request No. 2

All completed Adviser In-Force Trail Program Election Forms executed by Plaintiffs, including any modifications or amendments thereto.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

### Request No. 3

All Promissory Notes executed by Plaintiffs, including any modifications or amendments thereto.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 3**

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 4

All documents concerning any actual or proposed modifications or amendments of the terms of the Trail Agreement or the Promissory Notes.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 5

All documents concerning the terms or operation of the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 6

All documents concerning the negotiation of the terms of the Trail Agreement or the Promissory Notes, including but not limited to (a) any communications with any of the Defendants; (b) any communications with any of the Plaintiffs; (c) drafts of the Trail Agreement or the Promissory Notes; (d) proposals for terms to be included in the Trail Agreement or the Promissory Notes; and (e) any memoranda, reports, or spreadsheets.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 4**

**Request No. 7**

All documents concerning actual commissions received or commissions expected to be received pursuant to the Trail Agreement.

    **RESPONSE:**

    To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 8**

All documents concerning the financing of the commission payments made or expected to be made to AFLIAC pursuant to the Trail Agreement, and the loan payments made or expected to be made to AFLIAC pursuant to the Promissory Notes.

    **RESPONSE:**

    Plaintiff objects to the phrase "financing of the commission payments made or expected to be made to AFLIAC pursuant to the Trail Agreement" which is vague, ambiguous, and incapable of being understood. Plaintiffs cannot locate any terms in either the Trail Agreement or the Promissory Notes referencing financing of commission payments.

    Subject to and without waiving these objections, to the extent that any non-privileged documents which concern loan payments made or expected to be made to AFLIAC pursuant to the Promissory Notes are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 9**

All documents concerning any reports or memoranda by, or communications with, any accountants, actuaries or consultants concerning the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

    **RESPONSE:**

    Plaintiff objects to this Request which seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request which seeks sensitive communications with his advisers and is intended to harass or embarrass.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 5**

Plaintiff further objects to this Request which seeks information that is protected by the accountant-client privilege. This includes all documents which concern tax advice or tax treatment of the Trail Agreement, the Trail Commission Program, or the Promissory Notes.

Plaintiff objects to the term "consultants" which is vague, ambiguous, and incapable of being understood.

To the extent that the phrase "consultants" may include attorneys, Plaintiff further objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, it so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

To the extent that the phrase "consultants" may include consulting experts, Plaintiff further objects to this Request which seeks documents that are beyond the scope of permissible discovery and in a manner of discovery not permitted by Rule 26(b)(4).

## Request No. 10

All documents concerning any forecasts, projections, worksheets, or economic assumptions concerning (a) the persistency of the Eligible Annuity Contracts, (b) future productivity of Plaintiffs or any other person that entered into the Trail Agreement, and (c) tax treatment of the commissions earned under the Trail Agreement and payments made pursuant to the Promissory Notes.

### RESPONSE:

Plaintiff objects to this Request which seeks documents that are not relevant and are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request which seeks sensitive communications with his advisers and is intended to harass or embarrass.

Plaintiff further objects to this Request which seeks information that is protected by the accountant-client privilege.

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Plaintiff further objects to this Request which seeks information from consulting experts which is beyond the scope of permissible discovery and in a manner of discovery not permitted by Rule 26(b)(4).

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 6**

Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 11

All documents concerning the method of calculating commissions payable under the Trail Agreement (including those containing formulas, commission rates, persistency rates, productivity rates, and account values of the Eligible Annuity Contracts) and the method of calculating taxes payable under the Trail Agreement, including but not limited to quarterly and annual earnings statements, tax statements, memoranda, and reports.

### RESPONSE:

Plaintiff further objects to this Request which seeks information that is protected by the accountant-client privilege.

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 12

All documents concerning the amount of loan payments due under the Promissory Notes and the method of calculating such payments.

### RESPONSE:

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 7**

Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 13**

All documents concerning information or communications on which any of the Plaintiffs relied in deciding to enter into the Trail Agreement or the Promissory Notes.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 14**

All documents concerning the balances due on the Promissory Notes, including but not limited to statements, letters, and default notices.

> **RESPONSE:**
>
> Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.
>
> Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 15**

All documents concerning the cancellation or proposed cancellation of the balances due on the Promissory Notes.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 8**

**Request No. 16**

All Broker's Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 17**

All Independent Contractor Agreement for Registered Representative contracts entered into by any of Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 18**

All Career Agent Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 19**

All Career Agent's Agreements entered into by any of Plaintiffs, including any modifications or amendments thereto.

> **RESPONSE:**
>
> Plaintiff objects to this Request which is duplicative of Request No. 18.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 9**

Subject to, and without waiving this objection, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 20

All documents concerning any surrenders of any Eligible Annuity Contract by any client or customer of Plaintiffs including but not limited to:

(a)     communications with clients or customers concerning such surrenders;

(b)     communications with Defendants concerning such surrenders;

(c)     communications with other companies or persons writing, issuing, or administering annuities concerning such surrenders; and

(d)     memoranda, notes, or reports concerning such surrenders.

### RESPONSE:

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 21

All documents concerning any transfers or replacements of any Eligible Annuity Contract by any client or customer of Plaintiffs including but not limited to:

(a)     documents sufficient to show (1) the name and contract/policy number of the Eligible Annuity Contract that was transferred or replaced, (2) the person to whom the replaced annuity was issued, (3) the amount of the replaced annuity, (4) the name and contract/policy number of the annuity that replaced the Eligible Annuity Contract, (5) the name of the company that issued the replacement annuity, (6) the amount of the transfer or replacement, and (7) the date of the issuance of the replacement annuity;

(b)     all applications concerning such transfers and replacements;

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 10**

(c)     communications with clients or customers concerning such transfers or replacements;

(d)     communications with Defendants concerning such transfers or replacements;

(e)     communications with the company that issued the new annuities that replaced the Eligible Annuity Contracts;

(f)     documents concerning any analysis of the suitability of the annuities that replaced the Eligible Annuity Contracts;

(g)     memoranda, notes, or reports concerning such transfers or replacements; and

(h)     documents concerning any commissions or other compensation earned by Plaintiffs as a result of such transfers or replacements.

**RESPONSE:**

Plaintiff objects to the undefined phrases "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.
Plaintiff further objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning surrender of an Eligible Annuity Contract for purposes of purchasing another insurance product with another company are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 22

All documents concerning any of Defendants' policies and practices as to the transfer or replacement of annuities including but not limited to prohibitions on transfers or replacements, communications with clients regarding transfers or replacements, and commissions paid or not paid for transfers or replacements.

**RESPONSE:**

Plaintiff objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.


**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 11**

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning Defendants' policies and practices concerning surrender of an annuity for purposes of purchasing another insurance product are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 23

All documents concerning Plaintiffs' communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Eligible Annuity Contract concerning the potential surrender, transfer, or replacement of any Eligible Annuity Contract.

### RESPONSE:

Plaintiff objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning communications with any holders or former holders of any Eligible Annuity Contract concerning surrender of such Eligible Annuity Contract for purposes of purchasing another insurance product are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 24

All documents concerning Plaintiffs' communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Eligible Annuity Contract concerning the acquisition, purchase, holding, or sale of annuities written, issued, or administered by any entity other than the Defendants.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 12**

**RESPONSE:**

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning communications with any holders or former holders of any Eligible Annuity Contract concerning surrender of such Eligible Annuity Contract for purposes of purchasing another insurance product are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 25**

All documents concerning presentations, speeches, conferences, or meetings given or attended by Plaintiffs in which Plaintiffs discussed the Defendants' business, ratings of the Defendants, the Defendants' service of any Eligible Annuity Contracts, the Defendants' ability to service the Eligible Annuity Contracts, the Defendants' payment of a Guaranteed Minimum Death Benefit, the Defendants' ability to pay a Guaranteed Minimum Death Benefit, and the Defendants' accounting of Deferred Acquisition Costs.

**RESPONSE:**

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 13**

Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 26

All documents concerning the suitability of the annuities that replaced any Eligible Annuity Contract, including but not limited to communications with the holders of any such annuities, communications with companies who issued the replacement annuities, and communications with the NASD or other governmental or regulatory agency or organization.

### RESPONSE:

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 27

All documents concerning complaints by holders or former holders of any Eligible Annuity Contracts regarding the suitability of annuities that replaced the Eligible Annuity Contracts, and any documents concerning any response to any such complaints.

### RESPONSE:

Plaintiff objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 28

Plaintiffs' filings with the NASD or any other governmental or regulatory agency or organization.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 14**

**RESPONSE:**

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request which seeks to impose an undue burden to obtain documents which are a matter of public record and equally accessible to Defendants including, but not limited to non-privileged filings with the NASD, SEC, and state boards of insurance.

**Request No. 29**

All documents (including but not limited to requests, responses, document productions, communications, and transcripts or sworn statements) concerning any inquiry, investigation, or request for information of Plaintiffs by the NASD or other governmental or regulatory agency or organization, including but not limited to inquiries, investigations, or requests for information concerning:

    (a)    Plaintiffs' sale of life insurance or annuities;

    (b)    Plaintiffs' involvement in the surrender, transfer, or replacement of any Eligible Annuity Contracts or other annuities or policies issued by the Defendants; and

    (c)    this lawsuit or any of the allegations in the Complaint, the Answer to the Complaint and Counterclaims, or the Answer to the Counterclaims.

**RESPONSE:**

Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Plaintiff objects to the undefined phrase "surrender, transfer, or replacement" which is vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 15**

Subject to, and without waiving this objection, to the extent that any non-privileged documents concerning any inquiry, investigation, or request for information by the NASD, SEC or state departments of insurance about this lawsuit or about the surrender of any Eligible Annuity Contracts or other annuities or policies issued by the Defendants for the purpose of purchasing another insurance product with another company, will be produced at a mutually agreeable time and place.

## Request No. 30

All documents identifying, classifying, describing, evaluating, or treating Plaintiffs or any other person who entered into the Trail Agreement as an employee or independent contractor of any of the Defendants or any affiliate of the Defendants.

### RESPONSE:

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 31

All documents concerning any position that Plaintiffs have taken in any lawsuit, administrative proceeding, or any threatened or actual regulatory action as to whether any person who entered into the Trail Agreement or a Broker's Agreement, Independent Contractor Agreement for Registered Representative, Career Agent Agreement, or Career Agent's Agreement was an employee or independent contractor of any of the Defendants or any affiliate of the Defendants.

### RESPONSE:

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 32

All documents concerning any of Defendants' or any affiliate of the Defendants' control over the time, place and manner of solicitation or servicing of the business of AFLIAC by Plaintiffs or any other person who entered into the Trail Agreement.

### RESPONSE:

Plaintiff objects to this Request which is vague, indefinite, and not capable of being understood without speculating as to its intended meaning.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 16**

Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 33

All communications among Plaintiffs regarding this lawsuit or the allegations of the Complaint, the Answer to the Complaint and Counterclaims, or the Answer to the Counterclaims.

### RESPONSE:

Plaintiff objects to this Request which seeks documents protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to and without waiving this objection, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 34

All documents identified or referred to in Plaintiffs' Initial Disclosures.

### RESPONSE:

Plaintiff will produce, at a mutually agreeable time and place, documents identified or referred to in Plaintiffs' Initial Disclosures.

## Request No. 35

All documents supporting or forming the basis of Plaintiffs' calculation of damages in their Initial Disclosures.

### RESPONSE:

Plaintiff objects to this Request to the extent that the phrase "supporting or forming the basis" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 17**

Subject to and without waiving these objections, to the extent that any non-privileged documents on which the computation is based are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 36**

All documents concerning projections of commissions expected to be earned under the Trail Agreement.

**RESPONSE:**

Plaintiff objects to this Request which seeks information that is protected by the accountant-client privilege.

Plaintiff further objects to this Request which seeks information protected by the attorney-client privilege and work product doctrine. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation; counsel's communications with consulting experts; and any and all notes, memoranda, and other documents created by counsel in this litigation.

Plaintiff further objects to this Request which seeks information from consulting experts which is beyond the scope of permissible discovery and in a manner of discovery not permitted by Rule 26(b)(4).

Subject to and without waiving these objections, to the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 37**

All documents reflecting commissions received by Plaintiffs as a result of the transfer or replacement of any Eligible Annuity Contracts.

**RESPONSE:**

Plaintiff objects to the undefined terms "transfer" and "replacement" which are vague, ambiguous, and incapable of being understood without speculating as to their intended meaning.

Subject to, and without waiving this objection, to the extent that any non-privileged documents reflecting commissions that Plaintiff received from a sale made with proceeds from the surrender of an Eligible Annuity Contract are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 18**

**Request No. 38**

Resumes or *curricula vitae* for each of the Plaintiffs.

> **RESPONSE:**
>
> To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 39**

All transcripts and exhibits to any deposition or trial testimony, and all affidavits, certifications, or other written statements, given by any of the Plaintiffs in any legal or regulatory proceedings.

> **RESPONSE:**
>
> Plaintiff objects to this Request which is overbroad, unduly burdensome and harassing. Plaintiff further objects to this Request which seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 40**

All documents concerning or supporting the allegations in paragraph 5 of the Complaint that "Plaintiffs further believe that when defendants instituted the Trail Program, they were aware of problems inherent in their business plan involving GMDB and DAC exposure that ultimately resulted in the cessation of the sale of life and annuity products."

> **RESPONSE:**
>
> Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.
>
> Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 5 of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiffs further incorporate by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 19**

**Request No. 41**

All documents concerning or supporting the allegations in paragraph 42 of the Complaint that "As a result of Allmerica Companies' instability and cessation of life and annuity business and resulting loss of competitive position, certain of Speakman's clients have requested to transfer their accounts, many of which are in the Trail Program, to other more stable companies with better guarantees."

> **RESPONSE:**
>
> Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.
>
> Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 42 of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 42**

All documents concerning or supporting the allegations in paragraph 28 of the Complaint that "Beginning in late 2002, Allmerica Companies wrongfully precluded former sales agents, such as Robare, from interacting with their clients whose annuities were in the Trail Program."

> **RESPONSE:**
>
> Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.
>
> Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28 of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 43**

All documents concerning or supporting the allegations in paragraph 28.A. of the Complaint that "Allmerica discontinued using Rogers Casey previously touted as an essential consultant to choose and monitor the performance of the funds for the variable annuities."

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 20**

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.A of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiff further incorporates by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

**Request No. 44**

All documents concerning or supporting the allegations in paragraph 28.B of the Complaint that "Defendants curtailed the number of available funds and managers available to variable annuities."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.B of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiffs further incorporate by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

**Request No. 45**

All documents concerning or supporting the allegations in paragraph 28.C. of the Complaint that "Defendants discontinued database downloads to the 'Contact Partner' client management database system."

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 21**

worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.C of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 46

All documents concerning or supporting the allegations in paragraph 28.D. of the Complaint that "Defendants failed to timely update essential client information including Model performance data."

### RESPONSE:

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.D of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

## Request No. 47

All documents concerning or supporting the allegations in paragraph 28.E. of the Complaint that "Defendants caused significant processing errors involving clients' separate accounts contained in Eligible Annuities in the Trail Program."

### RESPONSE:

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.E of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 22**

**Request No. 48**

All documents concerning or supporting the allegations in paragraph 28.F. of the Complaint that "Defendants failed to timely process service requests by clients, including division of annuities in connection with divorces and other matters."

    **RESPONSE:**

    Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

    Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.F of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 49**

All documents concerning or supporting the allegations in paragraph 28.G. of the Complaint that "Defendants failed to send copies of client correspondence to agents even though the letters indicate that agents are copied on the letters that contain important information concerning the annuities."

    **RESPONSE:**

    Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

    Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 28.G of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

**Request No. 50**

All documents concerning or supporting the allegations in paragraph 59(1) of the Complaint that "Allmerica Life and First Allmerica failed to adequately remove, hedge, or otherwise prudently reserve for its obligations on variable annuity and insurance products, including GMDB."

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 23**

**RESPONSE:**

Plaintiff objects to this Request to the extent that the phrase "supporting" seeks the disclosure of attorney work product and thought process. Specifically, the Request, as worded, is so broad that it would encompass communications with counsel in this litigation as well as any and all notes, memoranda, and other documents created by counsel in this litigation.

Subject to, and without waiving these objections, to the extent that any non-privileged documents concerning the allegations in paragraph 59(1) of the Complaint are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place. Plaintiffs further incorporate by reference, Defendants' 8Ks and 10Q for the years 2000 to present.

**Request No. 51**

All documents concerning complaints to Plaintiffs or Defendants by owners of variable annuities issued by AFLIAC about the servicing of those annuities or AFLIAC's discontinuation of the sale of life insurance and annuities, and any documents concerning any response to any such complaints.

**RESPONSE:**

To the extent that any non-privileged documents which are responsive to this request are in Plaintiff's possession, custody or control, they will be produced at a mutually agreeable time and place.

Respectfully Submitted,

HUBBARD & BIEDERMAN, L.L.P.

By:_____

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Fax: (214) 857-6001

**WEDEL'S RESPONSE TO DEFENDANTS'
FIRST REQUEST FOR PRODUCTION - Page 24**

Nancy Freeman Gans
BBO No. 184540
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, Massachusetts 02109
Telephone: (617) 369-7979
Facsimile:(617) 369-7980

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this

the 29th day of August 2005, to the following:

Jonathan A. Shapiro                          Brian E. Whiteley
Eric Levin                                   C. Alex Hahn
Wilmer Cutler Pickering Hale and Dorr, LLP   Scibelli, Whiteley & Stanganelli, LLP
60 State Street                              50 Federal Street, 5th Floor
Boston, MA 02109                             Boston, MA 02110
(617) 526-6000                               via Fedex
via electronic mail and Fedex

_____
Robert W. Biederman

**WEDEL'S RESPONSE TO DEFENDANTS'**
**FIRST REQUEST FOR PRODUCTION - Page 25**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., <br><br> Defendants and Counterclaim Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 4:04-cv-40077-FDS |

## NOTICE OF SUBPOENA COMMANDING RODNEY K. VINCENT TO PRODUCE DOCUMENTS AND TO TESTIFY BY DEPOSITION

TO:    Stephen L. Hubbard
       Robert W. Biederman
       Hubbard & Biederman, LLP
       1717 Main Street, Suite 4700
       Dallas, TX 75201

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, and

commencing at 10:00 a.m. on Monday, September 19, 2005, at the offices of Wilmer Cutler

Pickering Hale and Dorr LLP, 60 State Street, Boston, MA (or other location by agreement of

counsel), defendants and counterclaim plaintiffs Allmerica Financial Life Insurance & Annuity

Co., First Allmerica Life Insurance Co., and Allmerica Financial Corp. shall take the deposition

by oral examination of Rodney K. Vincent.

The deposition shall be recorded by stenographic means before a Notary Public or other

- 1 -

EXHIBIT
13

officer authorized by law and pursuant to the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. A subpoena will be served upon Rodney K. Vincent commanding him to attend the deposition.

You are invited to attend.

ALLMERICA FINANCIAL LIFE INSURANCE & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INSURANCE CO., and ALLMERICA FINANCIAL CORP.

By their attorneys,

/s/ Eric D. Levin
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: August 30, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on this 30th day of August, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

<u>/s/ Eric D. Levin</u>
Eric D. Levin

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Nebraska

Donald P. Speakman, et al.

V.

Allmerica Financial Life Ins. & Annuity Co., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  4:04-CV-40077-FDS

( Pending in District
of Massachusetts )

TO:  Rodney K. Vincent, Vincent Law Office, Meridian Park
Building, 6940 "O" Street, Suite 322, Lincoln, NE 68510

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (or other location by agreement of counsel) | DATE AND TIME  9/19/2005 10:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A

| PLACE  Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 | DATE AND TIME  9/13/2005 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *Eric D. Levin* (Attorney for Defendants) | DATE  8/30/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Eric D. Levin, Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109 (617) 526-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# SCHEDULE A

## DEFINITIONS

1.    "You" or "Your" shall mean Rodney K. Vincent and any other person or entity acting or purporting to act on your behalf.

2.    "Speakman" shall mean Donald P. Speakman.

3.    "Allmerica" shall mean Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, Allmerica Financial Corp., VeraVest Investments, Inc., and State Mutual Life Insurance Company of America, SMA Life Assurance Company, and SMA Equities, Inc.

4.    "Document" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

5.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.    "Person" shall mean any natural person or any business, legal, or governmental entity or association.

7.    "Concerning" shall mean referring to, describing, evidencing, or constituting.

8.    "Action" shall mean the lawsuit entitled Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al., Civil Action No. 4:04-CV-40077-FDS pending in the United States District Court for the District of Massachusetts.

9.    "NASD" shall mean the National Association of Securities Dealers.

10.    "SEC" shall mean the United States Securities and Exchange Commission.

11.    "Compensation" shall mean salaries, commissions, cost reimbursements, bonuses, incentives of any kind.

12. "Product" shall mean an insurance policy, annuity, or other contract for the sale of securities or insurance.

## INSTRUCTIONS

1. If you contend any of the Requests are ambiguous or unclear with respect to the materials sought, or that production would create an unnecessary burden or expense, please contact counsel for the parties issuing this Subpoena to address any such issues in a timely and pragmatic manner.

2. All use of language in these Requests that appears in the conjunctive form specifically includes the disjunctive form, and vice versa. All words that are used in their singular form include the plural form, and vice versa. The past tense shall be construed to include the present tense, and vice versa.

3. If any document responsive to any of these Requests is claimed to be privileged or otherwise protected from discovery, then for each such document, provide the information required by Federal Rule Civil Procedure 26(b)(5).

4. If no documents exist that are responsive to a particular Request, state that no documents exist.

5. These Requests are continuing and require supplemental response and production in accordance with the Federal Rules of Civil Procedure and the Local Rules.

## TIME PERIOD

Unless otherwise specified, the time period covered by these requests is from January 1, 2001 to the present.

## REQUESTS FOR DOCUMENTS

1. All documents concerning Your relationship, dealings, and transactions with Speakman.

- 2 -

2.      All documents concerning or constituting any agreement, arrangement, or

understanding pursuant to which Speakman has served as a broker, agent, salesperson,

intermediary, or facilitator for the marketing, sale, or issuance of any Product.

3.      All documents concerning Speakman's prior or current relationship with

Allmerica including but not limited to:

      (a)     Speakman's prior employment or affiliation with Allmerica;
      (b)     the termination of Speakman's prior employment or affiliation with Allmerica;
      (c)     the Compensation paid by Allmerica to Speakman;
      (d)     the marketing or sale of Allmerica products; and
      (e)     the Action.

4.      All documents concerning any transfers or replacements of any Allmerica

contract or policy by any client or customer of Speakman including but not limited to:

      (a)     documents sufficient to show (1) the name and contract/policy number of the Allmerica contract or policy that was transferred or replaced, (2) the person to whom the replaced annuity was issued, (3) the amount of the replaced annuity, (4) the name and contract/policy number of the annuity that replaced the Allmerica contract or policy, (5) the name of the company that issued the replacement annuity, (6) the amount of the transfer or replacement, and (7) the date of the issuance of the replacement annuity;
      (b)     all applications concerning such transfers and replacements;
      (c)     communications with clients or customers concerning such transfers or replacements;
      (d)     communications with Allmerica concerning such transfers or replacements;
      (e)     communications with the company that issued the new annuities that replaced the Allmerica contract or policy;
      (f)     documents concerning any analysis of the suitability of the annuities that replaced the Allmerica contract or policy;
      (g)     memoranda, notes, or reports concerning such transfers or replacements; and
      (h)     documents concerning any commissions or other compensation earned by Speakman as a result of such transfers or replacements.

5.    All documents concerning Speakman's communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Allmerica contract or policy concerning the potential surrender, transfer, or replacement of any Allmerica contract or policy.

6.    All documents concerning Speakman's communications (including but not limited to presentations, solicitations, advice, or instructions) with any holders or former holders of any Allmerica contract or policy concerning the acquisition, purchase, holding, or sale of annuities written, issued, or administered by any entity other than Allmerica.

7.    All documents concerning presentations, speeches, conferences, or meetings given or attended by Speakman in which Speakman discussed Allmerica's business, ratings of Allmerica, Allmerica's service of any Allmerica contract or policy, Allmerica's ability to service Allmerica contracts or policies, Allmerica's payment of a Guaranteed Minimum Death Benefit, Allmerica's ability to pay a Guaranteed Minimum Death Benefit, and Allmerica's accounting of Deferred Acquisition Costs.

8.    All documents concerning customer complaints or disputes concerning Speakman.

9.    Speakman's filings with the NASD or any other governmental or regulatory agency or organization.

10.    All documents concerning the supervision or oversight of Speakman pursuant to NASD Rules 2110, 2310, 3010, and 3110.

11.    All documents concerning any inquiry, investigation, or request for information by the NASD, SEC, or any other state or federal regulatory or governmental agency or self-regulatory organization concerning Speakman (including but not limited to requests, responses,

- 4 -

documents productions, communications, and transcripts or sworn statements), and also all documents concerning the investigation "in the replacement of Allmerica Variable Annuities" as referenced on the first page of a letter from Rodney K. Vincent to Margot K. Wallin dated May 24, 2005 (which is attached as Exhibit 1).

      12.     A complete set of the "files" referred to as having been reviewed by Main Street Securities, LLC and Donald Speakman in the third paragraph of the letter from Rodney K. Vincent to Margot K. Wallin dated May 24, 2005 (which is attached as Exhibit 1).

# Vincent Law Offices

**Rodney K. Vincent**
**Darla J. Johnson**
Attorneys at Law

May 24, 2005

Ms. Margot K. Wallin
Chief Compliance Officer
Vera Vest Investments, Inc.
440 Lincoln Street'
Worcester, MA 01653

VeraVest Investments, Inc. Letter of
April 26, 2005

Dear Ms. Wallin:

Upon receiving the above captioned letter, Main Street Securities, LLC. ("Main Street") contacted both Mr. Speakman and myself.

Main Street recognizes that the allegation that Donald Speakman, a registered representative of Main Street, made misleading and potentially disparaging comments regarding Allmerica Financial would, if true, be of concern.    Further your comments regarding the supervision of Mr. Speakman by Main Street are also of interest to Main Street.

As a result of the of the issues raised by your letter, Main Street and Mr. Speakman have reviewed all files indicating transactions similar to those alleged in your letter.  We have been unable to find transactions or events that are even similar to those alleged in your letter.

Mr. Weimer, Main Street's director of compliance, requested that your office provide Main Street with the names of the customers at issue so that your allegations could be investigated further.  It appears that you have refused to provide the names of the alleged customers.

Because of your failure to provide Main Street with the names of the customers or any other identifying information upon which you have based your allegations, one must conclude that your allegations were without factual basis.

The fact that you sent a copy of your unsupported allegations to the NASD demonstrates that this most recent letter is a continuation of Vera Vest Investments, Inc. and Allmerica's efforts to compete in the market place by causing the NASD to institute investigations in the replacement of Allmerica Variable Annuities by representatives

Rodney K. Vincent
5/24/2005
Page 2 of 2

attempting to serve the best interest of their clients.   Vara Vest Investments, Inc. and Allmerica would be better served by offering the public a quality product backed by a credible insurance company.  Vera Vest Investments, Inc. unsupported allegations are in violation of  NASD rule of conduct 2110.

Should you have facts to back your allegations, please provide them to me or Main Street so that we can investigate your allegations.   If  you do not have the facts, please forward an apology to Main Street with a copy sent to the NASD.

Sincerely yours

Rodney K. Vincent

Mr. Dan McClain
NASD Enforcement Division
1801 K Street, NW
8th Floor
Washington, DC 20006

Brian Weimer
Director of Compliance
Main Street Securities, LLC
1407 Main Street
Hays, Kansas 67601

Donald P. Speakman
Speakman Financial Group
Penn Center West Two, Suite 325
Pittsburgh, PA 15276