IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| | § | Civil Action No. 4:04-cv-40077-FDS |
| v. | § § | |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO. and ALLMERICA FINANCIAL CORP. | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER
CONCERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

Nancy Freeman Gans
BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

*ATTORNEYS FOR PLAINTIFFS*

## INTRODUCTION

On August 8, Defendants provided certain information that they had designated confidential in Response to Plaintiffs' First Set of Interrogatories, and concurrently provided a draft Protective Order. The parties agreed to keep the information that was designated confidential in the Responses until such time as the parties had agreed to the terms of the Protective Order, or the Court had entered an Order. Certain discussions ensued during August 8-11 concerning one provision of the draft Protective Order involving the compulsory or voluntary release of confidential information to governmental agencies. On August 11, Plaintiffs thought that an understanding had been reached as to the terms of the Protective Order by removing any reference to providing information to governmental agencies as suggested by Defendants' counsel.

On September 2, Plaintiffs made available to Defendants a substantial number of documents that Defendants had sought in their First Request for Production. Consistent with Plaintiffs' understanding as to the status of the Protective Order, Plaintiffs produced such documents subject to its terms. If such an understanding had not been reached, Plaintiffs would have provided the documents subject to the interim understanding that the parties had reached on August 8 to keep information designated confidential until such time as the Court had entered a Protective Order. Accordingly, Plaintiffs fully expected Defendants, as any adversary who wants access to its opponents' documents, to have these documents immediately copied and forwarded to them. For reasons that became apparent when Defendants filed their Emergency Motion on September 8, Defendants do not want the proffered documents, lest it would undermine their request for a continuance. In order to remove that pretext, Plaintiffs are seeking to have the Court enter a Protective Order.

**MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER** - Page 1

**DETAILS CONCERNING THE DISCOVERY CONFERENCE**

On August 11, a telephonic conference was held between Plaintiffs' Counsel, Stephen Hubbard and Robert Biederman, and Jonathan Shapiro and Eric Levin, attended on behalf of Defendants. At that time, Defendants had prepared a draft Protective Order to which Plaintiffs had provided two written comments, and Defendants had responded in writing to those comments by concurring with one of them. The only matter in dispute was the last paragraph of the draft Protective Order, which addressed the compulsory and voluntary disclosure of information designated as confidential to governmental agencies. Defendants suggested on the teleconference call that the entire last paragraph be deleted. Plaintiffs subsequently agreed with that suggestion, and believed that agreement had been reached as to the terms of the Protective Order. Based upon subsequent developments, there appears to be no accord as to the last paragraph of the draft Protective Order.

**NATURE OF THE CASE AND THE FACTS RELEVANT
TO THE DISCOVERY MATTERS**

On August 9, Defendants proposed a Stipulated Protective Order concurrently with the production of certain information, that Defendants designated as confidential, in the form of their Responses to Plaintiffs' First Set of Interrogatories. *See* Exhibit 1 hereto. Wanting to immediately obtain the information, Plaintiffs agreed to abide by the terms of the Protective Order even though they had certain objections to various terms. *See* Exhibit 2 hereto.

Over the next several days, the parties negotiated various terms of the draft Order, eventually reaching agreement on all terms except a provision in the last paragraph concerning responses to subpoenas from governmental agencies and voluntary production of materials to such agencies. Originally, Defendants proposed the following provision :

> 22. If a party in possession of Confidential Material receives a request, demand, subpoena or order from an administrative or governmental agency for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena or order, if it so elects. Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party.

*See* Exhibit 1 hereto. Plaintiffs had no opposition to the first sentence, but pointed out that the second sentence could be construed by the use of the phrase "notwithstanding the foregoing, nothing in this Order" to completely undermine the purpose of the first sentence. *See* Exhibit 3 hereto. Plaintiffs proposed revising the last paragraph as follows (as reflected in the underlined text):

> 22. If a party in possession of Confidential Material receives a request, demand, subpoena or order from an administrative or governmental agency for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena or order, if it so elects. Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information <u>that is not designated as Confidential Material</u> or communicate about information <u>that is not designated as confidential Material</u> with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party.

In response to Plaintiffs' comments, Defendants essentially proposed to adhere to the original text of paragraph 22 with very slight modifications to the first sentence and no modifications to the second sentence, which was the subject of Plaintiffs' concerns:

**MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER** - Page 3

> 22.  If a party in possession of Confidential Material receives a request, demand, subpoena or order for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena or order, if it so elects. Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party.

*See* Exhibit 4 hereto.

During the August 11 call, Plaintiffs indicated that Defendants' proposed revision (Exhibit 4) did not meet their concerns. Defendants proposed deleting the entire paragraph concerning governmental agencies. Plaintiffs agreed to this suggestion, and believed this matter was resolved. Consistent with that understanding, on September 2, Plaintiffs drafted a [Proposed] Order which conformed with what Plaintiffs thought was the parties' agreement. A copy of the [Proposed] Order was forwarded to counsel for Defendants on September 2, together with a letter giving written notice that Plaintiffs have over 7,000 pages of documents ready for inspection and copying. *See* Exhibit 5 hereto. As reflected in Exhibit 5, Plaintiffs did not condition document production upon entry of a protective order, but merely asked Defendants to agree to treat the materials as confidential as Plaintiffs were requested on August 8, when they received information from Defendants designated as confidential in Interrogatory answers. Despite this offer, Defendants have chosen not to accept production of Plaintiffs' documents in order to delay the hearing on Plaintiffs' Motion for Class Certification.

After several requests for a conference, on September 12, Defendants withdrew their August 11 offer and proposed the following text for paragraph 22 of the Protective Order:

**MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER** - Page 4

> Nothing in this order shall be construed to govern or limit or pertain to a party's ability to respond to subpoenas, court orders, or other compulsory process, or to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party.

*See* Exhibit 6 hereto.

## DISPUTED DISCOVERY ISSUES AND PLAINTIFFS' POSITION

The dispute concerns one provision of the proposed Protective Order; namely, the interplay between the designation of information as confidential and the right of a party, who receives such information, to turn over such restricted information to a governmental agency, whether as a result of compulsory process or voluntarily. It appears that the parties have no dispute with the first sentence of paragraph 22 that addresses the disclosure of confidential information in connection with compulsory process:

> If a party in possession of Confidential Material receives a request, demand, subpoena or order for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena or order, if it so elects.

The dispute concerns the second sentence of paragraph 22 as to the voluntary production of information that is designated as Confidential Material to a governmental agency. Defendants have proposed the following text:

> Nothing in this order shall be construed to govern or limit or pertain to a party's ability to respond to subpoenas, court orders, or other compulsory process, or to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party.

Plaintiffs believe this proposed text would afford Defendants the opportunity to exploit their

**MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER** - Page 5

access to confidential information to which they would not be entitled to receive outside this litigation. In light of the adversarial nature of this lawsuit, Plaintiffs are concerned that Defendants may feed information to regulators, such as the NASD or SEC, in the hope of precipitating inquiries or some other actions by those agencies. While Plaintiffs believe that their conduct has been consistent with regulatory requirements, Defendants are aware that regulatory inquiries demand a tremendous amount of time and expense even where the conduct in question is fully justifiable. Accordingly, a Protective Order that would give Defendants carte blanche authority to unilaterally turn over information that is designated as confidential to regulatory agencies without a subpoena or other administrative order issued by that agency requesting the information and without even informing Plaintiffs that the confidential information is being disseminated provides no "protection." *Compare United States v. IBM*, 1974 WL 985 at * 1(S.D.N.Y. May 6, 1974)(attached as Exhibit 7 hereto)(Court approved entry of Protective Order that protected the confidential information produced by third parties in such a manner that it "may not be used by either plaintiff or defendant for any business, competitive, or governmental purpose or function other than in connection with this litigation, or as otherwise necessitated by law, or as further ordered by this Court.").

Plaintiffs propose the following text for the last paragraph of the Protective Order that is incorporated into a [Proposed] Protective Order that is attached as Exhibit 8 hereto:

> 22. If a party in possession of Confidential Material receives a request, demand, subpoena or order for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena or order, if it so elects. Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information not designated as Confidential Material or communicate information that is not designated as Confidential Material with

**MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER** - Page 6

administrative or governmental agencies, or self-regulatory organizations.

## CONCLUSION

Based upon the foregoing, Plaintiffs request that the Court enter the [Proposed] Protective Order attached as Exhibit 8 hereto.

Dated: September 13, 2005  **MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans, BBO No. 184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

Stephen L. Hubbard
Robert W. Biederman, BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail on this the 13th day of September, 2005, to the following:

Jonathan A. Shapiro, Esq.
**WILMER CUTLER PICKERING**
 **HALE and DORR LLP**
60 State Street
Boston, MA 02109

Brian E. Whiteley, Esq.
C. Alex Hahn, Esq.
**SCIBELLI, WHITELEY AND**
 **STANGANELLI, LLP**
50 Federal Street, Fifth Floor
Boston, MA 02110

/s/ Nancy Freeman Gans
Nancy Freeman Gans