**DISCUSSION DRAFT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiffs and )<br>Counterclaim Defendants, )<br><br>v. )<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., )<br><br>Defendants and )<br>Counterclaim Plaintiffs. ) | Civil Action No. 4:04-cv-40077-FDS |

## STIPULATED PROTECTIVE ORDER

During the course of this litigation, the parties may need to disclose "Confidential Material" through discovery. This Protective Order governs the production and treatment of such Confidential Material by the parties. This Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### Definitions

1.     "Confidential Material" means documents or information that: (a) is or contains non-public financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data; (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7), or (c) contains commercially sensitive information or information the designating party

EXHIBIT

**DISCUSSION DRAFT**

believes pursuant to existing law or a reasonable extension of existing law should be disseminated to Qualified Persons only under the terms of this Order. Documents, information, or testimony obtained by the Receiving Party from a source other than discovery material shall not be deemed Confidential Material, regardless of whether such information is also contained in discovery material designated as Confidential Material.

      2.     "Producing Party" means the party producing material during discovery.

      3.     "Receiving Party" means the party receiving material during discovery.

      4.     "Qualified Persons" means

          (a)     a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action, including class representatives;

          (b)     outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

          (c)     persons identified on the face of the document in question as an author, addressee or other recipient; and

          (d)     a witness in preparation for and/or at any deposition or other proceeding in this action.

<u>Designation of Material As "Confidential"</u>

      5.     If a Producing Party reasonably and in good faith believes that it is disclosing or producing Confidential Material, it shall designate the material as "Confidential."

      6.     If a Producing Party reasonably and in good faith believes a document contains Confidential Material, it shall place a "CONFIDENTIAL" stamp or sticker on each page in

2

which the material appears or, when not practical to do so, by some other method likely to place others on notice of the confidential designation.

7.      If a Producing Party reasonably and in good faith believes a written disclosure (*e.g.*, an interrogatory answer) contains Confidential Material, it shall clearly indicate that the disclosure contains "CONFIDENTIAL" information by typing the word at the beginning and end of the disclosure.

8.      If a Producing Party reasonably and in good faith believes that a deposition involves Confidential Material (whether in the form of testimony or exhibits), it shall, within thirty (30) days of receiving the deposition transcript, provide the court reporter and other party with written notice as to the pages and/or exhibits in which the Confidential Material appears. The Producing Party shall further provide the court reporter with written notice that the deposition transcript shall be kept under seal and provided only to counsel of record for the parties to this Protective Order.

9.      This Order shall be without prejudice to the right of the parties or other persons to: (i) bring before this Court at any time the question of whether any particular document or information is Confidential, or whether its use should be Confidential, or (ii) present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production in this action of any

3

information or document under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed to have the effect in any other proceeding of an admission or waiver by either party or of altering the Confidential nature of any document or information, or altering any existing obligation of any party or the absence thereof.

11.    The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

### Handling of Discovery Material

12.    The parties agree that they shall use all material obtained through discovery (regardless of whether designated as Confidential) only for purposes of this litigation or an appeal involving this litigation.

13.    The Receiving Party shall not transmit Confidential Material to any person other than:

> (a)    counsel of record for any party to this Protective Order (and their paralegals, secretaries, clerks and other agents and employees);
>
> (b)    the parties to this Protective Order;
>
> (c)    the Court, Court personnel, and jurors;
>
> (d)    court reporters and stenographers or notaries public;
>
> (e)    any other person who is designated by stipulation of the parties to this Protective Order or by Order of the Court after notice to all parties; and
>
> (f)    Qualified Persons as defined above.

14.    Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(b) shall be provided with a copy of this Order and shall execute an Acknowledgment of Entry of Protective Order in the form of Exhibit "A" ("Acknowledgment"). Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(d) shall be provided with a copy of this Order and shall be asked to execute the

4

Acknowledgment. Each "Qualified Person" designated in paragraph 4(d) who testifies at deposition or other proceeding in this action may, in lieu of executing the Acknowledgment, agree on the record to abide by the terms of the Protective Order prior to receiving any Confidential Material. Counsel for the party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Acknowledgments.

15.     If a Receiving Party desires to disclose Confidential Material to a person that does not fall into any of the categories (a)-(e) above, the Receiving Party shall provide written notice to the Producing Party and a reasonable opportunity for the Producing Party to object to the disclosure. If the Producing Party does not agree to the disclosure, the disclosure shall not be made except by Court order.

### Attaching Confidential Material to Court Filings

16.     If a party wishes to make a submission to the Court that includes Confidential Material, the party shall file or present the Confidential Material under seal. However, if the Court denies permission to file or present particular Confidential Material under seal, the party seeking to file or present the material shall not be precluded from filing or presenting the Confidential Material to the Court.

### Objecting to A Designation of Material As "Confidential"

17.     A Receiving Party may object to the designation of particular material as Confidential Material by giving written notice to the Producing Party not later than sixty (60) days after: (1) the close of discovery; (2) the date on which the party produced the supposedly Confidential Material; or (3) the date on which the party was required to have disclosed the supposedly Confidential Material, whichever is later. Any such objection shall clearly identify the designation to which the objection is directed and shall provide a detailed basis for the

5

objection. The parties shall attempt to resolve their differences within ten (10) days from the time notice of written objection is received and, if they are unable to do so, any party may thereafter file a motion requesting that the Court determine whether the material may be designated as Confidential. The material shall be treated as Confidential Material subject to the protections of this Protective Order until the Court rules on the Producing Party's motion.

18.    The inadvertent production of any arguably privileged attorney-client communications or protected work product shall be without prejudice to any claims that the documents are privileged or protected, and shall not constitute a waiver of any privilege or protection that otherwise may attach thereto, provided that the Producing Party notifies the Receiving Parties promptly upon its discovery of the inadvertent production. Such production also shall not be deemed a general waiver of such privilege or protection, and the parties agree not to argue that such production constitutes a waiver of such privilege or protection, or in any way impairs the privileges and discovery objections the Producing Party otherwise could assert. Upon request of the Producing Party, all non-producing parties shall return all copies of any inadvertently provided documents, although nothing in this paragraph shall preclude a non-producing party's right to seek whatever relief if appropriate with respect to such returned documents.

### Use of and Return of Confidential Material

19.    Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

20.    This Order shall survive the termination of this action and continue in full force and effect.

**DISCUSSION DRAFT**

21.    Within sixty (60) days of the termination of this action by final non-appealable judgment, the parties and their counsel shall return all material obtained during discovery to the Producing Party or shall confirm in writing that all such copies have been destroyed.  Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, responses, notes and memoranda, and other material archived as part of their case and client files.

22.    If a party in possession of Confidential Material receives a request, demand, subpoena, or order from an administrative or governmental agency for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects.  Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party.

**APPROVED AND SO ORDERED:**


Dated:_____          _____

                                                **JUDGE F. DENNIS SAYLOR IV**
                                                **UNITED STATES DISTRICT COURT**


**STIPULATED TO AND AGREED:**


Dated:_____          _____

                                                **PLAINTIFFS DONALD P. SPEAKMAN,**
                                                **STEPHEN H. WEDEL, and MARK L.**
                                                **ROBARE, Individually and On Behalf of All**
                                                **Others Similarly Situated**

7

**DISCUSSION DRAFT**

Stephen L. Hubbard
Robert W. Biederman (BBO # 562279)
David M. Grossman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201
(214) 857-6001

Nancy Freeman Gans (BBO # 184540)
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA 02109-4216
(617) 369-7979

Dated:_____     _____

DEFENDANTS ALLMERICA FINANCIAL
LIFE INSURANCE & ANNUITY
COMPANY, FIRST ALLMERICA
FINANCIAL LIFE INSURANCE
COMPANY, and ALLMERICA
FINANCIAL CORP.

Andrea J. Robinson (BBO # 556337)
Jonathan A. Shapiro (BBO # 567838)
Eric D. Levin (BBO # 639717)
Brett R. Budzinski (BBO # 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

US1DOCS 5226787v2

DISCUSSION DRAFT

## EXHIBIT A

### Acknowledgment of Entry of Protective Order

The undersigned hereby states that he or she received a copy of the Protective Order

governing the disclosure and treatment of Confidential Material produced in this action, *Donald*

*P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al.*, Civil Action No.

4:04-CV-40077-FDS, has read the same, agrees to be bound by its terms.  The undersigned

further acknowledges that failure to so comply could expose me to a motion to enforce the Order

or seek relief under the terms of this Order.


Signature:    _____

Date:         _____

Name:         _____

Address:      _____
              _____
              _____

Company:      _____

9

## Robert Biederman

**From:**   Robert Biederman

**Sent:**   Tuesday, August 09, 2005 10:44 AM

**To:**   'Levin, Eric'

**Cc:**   Stephen Hubbard; 'NFGans@aol.com'; David Grossman

**Subject:** Confidentiality of Interrogatory Answers, Request for Admissions

I just read the letter that you e-mailed to Nancy Gans on August 8. In the letter you reference a purported agreement with me on August 4 to keep defendants' written discovery responses "as confidential as 'Attorney's Eyes Only' and not use them for any purpose other than the litigation, until the Court enters a Protective Order in this case." My recollection is that we agreed to treat the materials that you were sending as bound by the terms of the draft Protective Order even though it has not yet been finalized or presented to the Court. I don't recall agreeing that during this interim period I could not, for example, share defendants' responses with my clients. To the extent that we do share such information with our clients, we will inform them that they must act in accordance with the terms of the draft Protective Order until it is finalized and presented to the Court when they will be bound by the provisions of such final Protective Order.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

EXHIBIT

2

-----Original Message-----
**From:** Robert Biederman [mailto:RWBiederman@hblawfirm.com]
**Sent:** Tuesday, August 09, 2005 11:33 AM
**To:** Levin, Eric
**Cc:** Stephen Hubbard; NFGans@aol.com; David Grossman
**Subject:** Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al.

In connection with the draft Stipulated Protective Order, I have the following comments: First, in paragraph 16, I would add the following text, that I have underlined, to the first sentence as follows, "If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material Under Seal." The reason for this proposed change is to conform to the requirements of LR 7.2. Second, in paragraph 22, I would add the following text, that I have underlined, to the last sentence, "Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information, that is not designated as Confidential Material, to or communicate about information that is not designated as Confidential Material with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party." The reason for this change is that without such a provision it, among other things, contradicts the provisions in the first sentence of paragraph 22.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

EXHIBIT

3

8/31/2005

## Robert Biederman

| | |
|---|---|
| **From:** | Levin, Eric [Eric.Levin@wilmerhale.com] |
| **Sent:** | Wednesday, August 10, 2005 11:00 AM |
| **To:** | Robert Biederman |
| **Cc:** | Stephen Hubbard; NFGans@aol.com; David Grossman; Shapiro, Jonathan |
| **Subject:** | RE: Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al. |

Rob --

We will agree to the first change you proposed below as to paragraph 16.

We will not agree to the second change you proposed with regard to paragraph 22.  To satisfy your concern, we propose that paragraph 22 be amended to read as follows:

"If a party in possession of Confidential Material receives a request, demand, subpoena, or order for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects.  Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party."

Please let us know whether you will agree to this change.

Thanks,
Rick

-----Original Message-----
**From:** Robert Biederman [mailto:RWBiederman@hblawfirm.com]
**Sent:** Tuesday, August 09, 2005 11:33 AM
**To:** Levin, Eric
**Cc:** Stephen Hubbard; NFGans@aol.com; David Grossman
**Subject:** Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al.

In connection with the draft Stipulated Protective Order, I have the following comments: First, in paragraph 16, I would add the following text, that I have underlined, to the first sentence as follows, "If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material Under Seal." The reason for this proposed change is to conform to the requirements of LR 7.2. Second, in paragraph 22, I would add the following text, that I have underlined, to the last sentence, "Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information, that is not designated as Confidential Material, to or communicate about information that is not designated as Confidential Material with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party." The reason for this change is that without such a provision it, among other things, contradicts the provisions in the first sentence of paragraph 22.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

*EXHIBIT*
4

8/11/2005

## Robert Biederman

| | |
|---|---|
| **From:** | Robert Biederman |
| **Sent:** | Friday, September 02, 2005 11:16 AM |
| **To:** | 'Shapiro, Jonathan'; 'Levin, Eric' |
| **Cc:** | Stephen Hubbard; David Grossman |
| **Subject:** | Speakman v. Allmerica |
| **Attachments:** | protect order.wpd |

This e-mail is to advise you that we have available for your review documents produced by Plaintiffs in response to Defendants' Request for Production. Specifically, there are 2,292 pages (and 2 videotapes) that Plaintiff Speakman has produced, 2,974 pages that Plaintiff Wedel has produced, and 1,978 pages that Plaintiff Robare has produced. Many of these documents are designated "Confidential." To the extent that you want these documents copied, they are subject to the same terms and conditions that you provided us information in connection with Defendants' Responses to Plaintiffs' First Set of Interrogatories and First Set of Request for Admissions. Specifically, these documents will be made available if Defendants agree to be bound by the terms of the Protective Order even though it has not yet been entered by the Court. As to the terms of that Protective Order to which you agree to be bound, it encompasses the draft that Defendants sent on August 8, the changes to which you agreed in connection with our e-mail of August 9, and the change discussed on August 11 to which we agreed to delete the last paragraph of the Order. We need you to confirm in writing that you will be bound by the provisions of that Order, as we did in connection with the Responses to Interrogatories and Request for Admission. We have attached that Protective Order reflecting the above changes that we need to submit to the Court.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

EXHIBIT

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| **DONALD P. SPEAKMAN, STEPHEN H.**<br>**WEDEL and MARK L. ROBARE,**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**ALLMERICA FINANCIAL LIFE INS. &**<br>**ANNUITY CO., FIRST ALLMERICA**<br>**FINANCIAL LIFE INS. CO., and**<br>**ALLMERICA FINANCIAL CORP.**<br><br>    **Defendants.** | § § § § § § § § § § § § § § § |

      **Civil Action No.  4:04-cv-40077-FDS**

## PROTECTIVE ORDER

During the course of this litigation, the parties may need to disclose "Confidential Material" through discovery. This Protective Order governs the production and treatment of such Confidential Material by the parties. This Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### Definitions

1.  "Confidential Material" means documents or information that: (a) is or contains non-public financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data; (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7), or (c) contains commercially sensitive information or information the designating party believes pursuant to existing law or a reasonable extension of existing law should be disseminated to Qualified Persons only under the terms of this Order. Documents, information, or

1

testimony obtained by the Receiving Party from a source other than discovery material shall not be deemed Confidential Material, regardless of whether such information is also contained in discovery material designated as Confidential Material.

2.    "Producing Party" means the party producing material during discovery.

3.    "Receiving Party" means the party receiving material during discovery.

4.    "Qualified Persons" means

(a)    a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action, including class representatives;

(b)    outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)    persons identified on the face of the document in question as an author, addressee or other recipient; and

(d)    a witness in preparation for and/or at any deposition or other proceeding in this action.

### Designation of Material As "Confidential"

5.    If a Producing Party reasonably and in good faith believes that it is disclosing or producing Confidential Material, it shall designate the material as "Confidential."

6.    If a Producing Party reasonably and in good faith believes a document contains Confidential Material, it shall place a "CONFIDENTIAL" stamp or sticker on each page in which the material appears or, when not practical to do so, by some other method likely to place others on notice of the confidential designation.

7.    If a Producing Party reasonably and in good faith believes a written disclosure (e.g., an interrogatory answer) contains Confidential Material, it shall clearly indicate that the

2

disclosure contains "CONFIDENTIAL" information by typing the word at the beginning and end of the disclosure.

8.      If a Producing Party reasonably and in good faith believes that a deposition involves Confidential Material (whether in the form of testimony or exhibits), it shall, within thirty (30) days of receiving the deposition transcript, provide the court reporter and other party with written notice as to the pages and/or exhibits in which the Confidential Material appears. The Producing Party shall further provide the court reporter with written notice that the deposition transcript shall be kept under seal and provided only to counsel of record for the parties to this Protective Order.

9.      This Order shall be without prejudice to the right of the parties or other persons to: (I) bring before this Court at any time the question of whether any particular document or information is Confidential, or whether its use should be Confidential, or (ii) present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10.      This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production in this action of any information or document under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed to have the effect in any other proceeding of an admission or waiver by either party or of altering the Confidential nature of any document or information, or altering any existing obligation of any party or the absence thereof.

3

11.    The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

## Handling of Discovery Material

12.    The parties agree that they shall use all material obtained through discovery (regardless of whether designated as Confidential) only for purposes of this litigation or an appeal involving this litigation.

13.    The Receiving Party shall not transmit Confidential Material to any person other than:

(a)    counsel of record for any party to this Protective Order (and their paralegals, secretaries, clerks and other agents and employees);

(b)    the parties to this Protective Order;

(c)    the Court, Court personnel, and jurors;

(d)    court reporters and stenographers or notaries public;

(e)    any other person who is designated by stipulation of the parties to this Protective Order or by Order of the Court after notice to all parties; and

(f)    Qualified Persons as defined above.

14.    Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(b) shall be provided with a copy of this Order and shall execute an Acknowledgment of Entry of Protective Order in the form of Exhibit "A" ("Acknowledgment"). Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(d) shall be provided with a copy of this Order and shall be asked to execute the Acknowledgment.   Each "Qualified Person" designated in paragraph 4(d) who testifies at deposition or other proceeding in this action may, in lieu of executing the Acknowledgment,

4

agree on the record to abide by the terms of the Protective Order prior to receiving any Confidential Material. Counsel for the party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Acknowledgments.

15.     If a Receiving Party desires to disclose Confidential Material to a person that does not fall into any of the categories (a)-(e) above, the Receiving Party shall provide written notice to the Producing Party and a reasonable opportunity for the Producing Party to object to the disclosure. If the Producing Party does not agree to the disclosure, the disclosure shall not be made except by Court order.

### Attaching Confidential Material to Court Filings

16.     If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material under seal.  However, if the Court denies permission to file or present particular Confidential Material under seal, the party seeking to file or present the material shall not be precluded from filing or presenting the Confidential Material to the Court.

### Objecting to A Designation of Material As "Confidential"

17.     A Receiving Party may object to the designation of particular material as Confidential Material by giving written notice to the Producing Party not later than sixty (60) days after: (1) the close of discovery; (2) the date on which the party produced the supposedly Confidential Material; or (3) the date on which the party was required to have disclosed the supposedly Confidential Material, whichever is later. Any such objection shall clearly identify the designation to which the objection is directed and shall provide a detailed basis for the objection. The parties shall attempt to resolve their differences within ten (10) days from the

5

time notice of written objection is received and, if they are unable to do so, any party may thereafter file a motion requesting that the Court determine whether the material may be designated as Confidential. The material shall be treated as Confidential Material subject to the protections of this Protective Order until the Court rules on the Producing Party's motion.

18.    The inadvertent production of any arguably privileged attorney-client communications or protected work product shall be without prejudice to any claims that the documents are privileged or protected, and shall not constitute a waiver of any privilege or protection that otherwise may attach thereto, provided that the Producing Party notifies the Receiving Parties promptly upon its discovery of the inadvertent production. Such production also shall not be deemed a general waiver of such privilege or protection, and the parties agree not to argue that such production constitutes a waiver of such privilege or protection, or in any way impairs the privileges and discovery objections the Producing Party otherwise could assert. Upon request of the Producing Party, all non-producing parties shall return all copies of any inadvertently provided documents, although nothing in this paragraph shall preclude a non-producing party's right to seek whatever relief if appropriate with respect to such returned documents.

### Use of and Return of Confidential Material

19.    Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

20.    This Order shall survive the termination of this action and continue in full force and effect.

21.    Within sixty (60) days of the termination of this action by final non-appealable judgment, the parties and their counsel shall return all material obtained during discovery to the Producing Party or shall confirm in writing that all such copies have been destroyed. Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, responses, notes and memoranda, and other material archived as part of their case and client files.

**APPROVED AND SO ORDERED:**

**Dated: _____**          _____
                                   **JUDGE F. DENNIS SAYLOR IV**
                                   **UNITED STATES DISTRICT COURT**

## EXHIBIT A

### Acknowledgment of Entry of Protective Order

The undersigned hereby states that he or she received a copy of the Protective Order

governing the disclosure and treatment of Confidential Material produced in this action,

*Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al.,*

Civil Action No. 4:04-CV-40077-FDS, has read the same, agrees to be bound by its terms.

The undersigned further acknowledges that failure to so comply could expose me to a

motion to enforce the Order or seek relief under the terns of this Order.


Signature:    _____

Date:        _____

Name:      _____

Address:    _____

              _____

              _____

Company:  _____

## Robert Biederman

| | |
|---|---|
| **From:** | Levin, Eric [Eric.Levin@wilmerhale.com] |
| **Sent:** | Monday, September 12, 2005 1:50 PM |
| **To:** | David Grossman |
| **Cc:** | Robert Biederman; Stephen Hubbard; Shapiro, Jonathan |
| **Subject:** | RE: Protective Order |

David --

Given that the parties have not reached agreement on the terms of a Protective Order, we do not consent to the filing of a joint motion.  If you choose to file a contested motion, please state that Defendants have not agreed to the draft proposed by Plaintiffs because it would limit their ability to respond to subpoenas/court orders or to provide information or communicate with government agencies.

Please call me if you have any questions.

Thanks,
Rick

-----Original Message-----
**From:** David Grossman [mailto:DMGrossman@hblawfirm.com]
**Sent:** Monday, September 12, 2005 2:35 PM
**To:** Levin, Eric
**Cc:** Robert Biederman; Stephen Hubbard; Shapiro, Jonathan
**Subject:** RE: Protective Order

Rick:

As you know, Plaintiffs previously rejected the language you propose for Paragraph 22.  During an August 11 telephone conference, Rob previously indicated our concerns with the language and, in response; Jonathan suggested deleting Paragraph 22 altogether leaving the order silent as to this issue.  The Order we proposed reflects the compromise suggested by Jonathan which you are apparently now withdrawing.

Unless I hear otherwise, I will assume that there is no further reason to discuss this matter and will be filing my motion.

– David

---

**From:** Levin, Eric [mailto:Eric.Levin@wilmerhale.com]
**Sent:** Monday, September 12, 2005 1:17 PM
**To:** David Grossman
**Cc:** Robert Biederman; Stephen Hubbard; Shapiro, Jonathan
**Subject:** Protective Order

David --

I am getting back to you regarding your correspondence with Jon Shapiro on Friday (9/9) concerning the Protective Order in the Speakman case.  As set forth in the parties' previous correspondence below, the parties had reached agreement on most, but not all, issues concerning the Protective Order.  In particular, the parties did not reach agreement concerning the language in paragraph 22 of the Protective Order, as indicated below.  The draft Protective Order that you sent to Jon on Friday does not include paragraph 22, and thus is not acceptable to us because it does not allow the parties to respond to subpoenas/court orders or to provide information or communicate with government agencies and the like.

**EXHIBIT**



We therefore propose that the Protective Order include the following paragraph 22:

"Nothing in this order shall be construed to govern or limit or pertain to a party's ability to respond to subpoenas, court orders, or other compulsory process, or to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party."

Please let us know whether you will agree to this.

Thanks,
Rick



Not Reported in F.Supp.                                                                    Page 1

Not Reported in F.Supp., 1974 WL 985 (S.D.N.Y.), 1974-2 Trade Cases P 75,417
**(Cite as: Not Reported in F.Supp.)**

**C**
Not Reported in F.Supp., 1974 WL 985 (S.D.N.Y.),
1974-2 Trade Cases P 75,417

United States District Court; S.D. New York.
**United States**
v.
**International Business Machines Corp.**
**No. 69 Civ. 200 (DNE)**
69 Civ. 200 (DNE)
Filed May 6, 1974

EDELSTEIN, Ch. J.

**Protective Order Relating to Discovery of
Nonparties Amended Pretrial Order No. 13**

*1 Whereas, the parties are engaged in a deposition program which involves the production of documents by, and the taking of testimony by oral deposition from, hundreds of nonparty witnesses; and

Whereas, substantial amounts of trade secret or other confidential research, development, or commercial information may be produced by these nonparty witnesses; and

Whereas, a number of such nonparty witnesses have applied to the Court for an order limiting the disclosure of such trade secret or other confidential research, development, or commercial information; and

Whereas, The Publicity in Taking of Evidence Act, 15 U. S. C. § 30 requires that all depositions in this action be open to the public as freely as are trials in open court; and

Whereas, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances;

It Is Hereby Ordered That:

1. **Confidential** information of the type recognized by Fed. **R.** Civ. P. **26(c)(7)** produced by a nonparty to or for either of the parties shall be governed by this Order and may not be used by either plaintiff or defendant for any business, competitive, or **governmental** purpose or function other than in connection with this litigation, or as otherwise necessitated by law, or as further ordered by this Court.

2. Any nonparty which desires to bring itself within the protection accorded by paragraph one (1) above, shall designate in writing the documents or portions thereof which it considers confidential at the time such documents are produced.

3. Only those persons who are employed in the preparation or trial of this action shall be accorded access to such information, *provided*, that in the case of employees of IBM such persons shall include only those employees on full-time assignment to counsel for IBM in this case, and *provided further*, that IBM shall establish a procedure whereby no employee of IBM to whom the confidential information designated pursuant to this Protective Order, or any part thereof, is made available shall be transferred to any other position within IBM except upon (i) fifteen (15) days written notice to the nonparty supplying the information and (ii) the review and written determination by the Vice President and General Counsel of IBM, served upon the nonparty supplying the information, that such transfer will in no way jeopardize its interests.

4. All such information shall be kept in secure, segregated facilities and access to those facilities shall be permitted only to persons employed in the preparation or trial of this action.

5. Each person permitted access to information subject to this Order shall, prior to or immediately upon being afforded such access, sign an affidavit

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT



Not Reported in F.Supp.

Not Reported in F.Supp., 1974 WL 985 (S.D.N.Y.), 1974-2 Trade Cases P 75,417
**(Cite as: Not Reported in F.Supp.)**

stating that he has read and understands the terms of this Order and that he shall abide by them. Such affidavits shall be filed with the Clerk of the United States District Court for the Southern District of New York. The name, employer, current employment location and job description of each affiant shall be furnished by the respective party to each nonparty witness concerned within fifteen (15) days after the execution of such affidavit.

*2 6. Paragraphs 1-5 of this Protective Order shall also apply to documents, materials and any other information falling within the scope of Rule 26(c)(7) of the Federal Rules of Civil Procedure furnished by any nonparty in confidence to the United States Government or to any agency thereof (other than pursuant to discovery of this action), which is produced or made available to IBM by the United States Government or any agency thereof.

Provided That if at any time prior to or during the taking of a deposition a nonparty witness objects to the public disclosure of any information specifically designated by the witness as being confidential, the deposition shall continue as to all matters not so designated by the witness. As to those matters specifically designated by the witness as being confidential, the deposition may be adjourned or recessed upon the consent of the witness that he will reappear at an agreed upon date. The witness may thereupon move this Court for such relief as he deems necessary. Any such motion shall be made in conformance with the Federal Rules of Civil Procedure, the Rules of the United States District Court for the Southern District of New York and Amended Pretrial Order No. 12 in this action.

It Is Further Provided that the terms of this Order shall in no way affect the rights of any person to seek whatever relief is available under the Federal Rules of Civil Procedure.


U.S. v. International Business Machines Corp.
Not Reported in F.Supp., 1974 WL 985 (S.D.N.Y.), 1974-2 Trade Cases P 75,417

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WORCESTER DIVISION

| | | |
|---|---|---|
| **DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,** | § § § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § | **Civil Action No. 4:04-cv-40077-FDS** |
| **ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.** | § § § § § | |
| **Defendants.** | § § | |

## PROTECTIVE ORDER

During the course of this litigation, the parties may need to disclose "Confidential Material" through discovery. This Protective Order governs the production and treatment of such Confidential Material by the parties. This Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### Definitions

1.      "Confidential Material" means documents or information that: (a) is or contains non-public financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data; (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7), or (c) contains commercially sensitive information or information the designating party believes pursuant to existing law or a reasonable extension of existing law should be disseminated to Qualified Persons only under the terms of this Order. Documents, information, or

1

EXHIBIT



testimony obtained by the Receiving Party from a source other than discovery material shall not

be deemed Confidential Material, regardless of whether such information is also contained in

discovery material designated as Confidential Material.

2.    "Producing Party" means the party producing material during discovery.

3.    "Receiving Party" means the party receiving material during discovery.

4.    "Qualified Persons" means

(a)    a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action, including class representatives;

(b)    outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)    persons identified on the face of the document in question as an author, addressee or other recipient; and

(d)    a witness in preparation for and/or at any deposition or other proceeding in this action.

### Designation of Material As "Confidential"

5.    If a Producing Party reasonably and in good faith believes that it is disclosing or producing Confidential Material, it shall designate the material as "Confidential."

6.    If a Producing Party reasonably and in good faith believes a document contains Confidential Material, it shall place a "CONFIDENTIAL" stamp or sticker on each page in which the material appears or, when not practical to do so, by some other method likely to place others on notice of the confidential designation.

7.    If a Producing Party reasonably and in good faith believes a written disclosure (e.g., an interrogatory answer) contains Confidential Material, it shall clearly indicate that the

2

disclosure contains "CONFIDENTIAL" information by typing the word at the beginning and end of the disclosure.

8.    If a Producing Party reasonably and in good faith believes that a deposition involves Confidential Material (whether in the form of testimony or exhibits), it shall, within thirty (30) days of receiving the deposition transcript, provide the court reporter and other party with written notice as to the pages and/or exhibits in which the Confidential Material appears. The Producing Party shall further provide the court reporter with written notice that the deposition transcript shall be kept under seal and provided only to counsel of record for the parties to this Protective Order.

9.    This Order shall be without prejudice to the right of the parties or other persons to: (I) bring before this Court at any time the question of whether any particular document or information is Confidential, or whether its use should be Confidential, or (ii) present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production in this action of any information or document under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed to have the effect in any other proceeding of an admission or waiver by either party or of altering the Confidential nature of any document or information, or altering any existing obligation of any party or the absence thereof.

3

11. The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

### Handling of Discovery Material

12. The parties agree that they shall use all material obtained through discovery (regardless of whether designated as Confidential) only for purposes of this litigation or an appeal involving this litigation.

13. The Receiving Party shall not transmit Confidential Material to any person other than:

(a) counsel of record for any party to this Protective Order (and their paralegals, secretaries, clerks and other agents and employees);

(b) the parties to this Protective Order;

(c) the Court, Court personnel, and jurors;

(d) court reporters and stenographers or notaries public;

(e) any other person who is designated by stipulation of the parties to this Protective Order or by Order of the Court after notice to all parties; and

(f) Qualified Persons as defined above.

14. Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(b) shall be provided with a copy of this Order and shall execute an Acknowledgment of Entry of Protective Order in the form of Exhibit "A" ("Acknowledgment"). Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(d) shall be provided with a copy of this Order and shall be asked to execute the Acknowledgment. Each "Qualified Person" designated in paragraph 4(d) who testifies at deposition or other proceeding in this action may, in lieu of executing the Acknowledgment,

4

agree on the record to abide by the terms of the Protective Order prior to receiving any Confidential Material. Counsel for the party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Acknowledgments.

15.    If a Receiving Party desires to disclose Confidential Material to a person that does not fall into any of the categories (a)-(e) above, the Receiving Party shall provide written notice to the Producing Party and a reasonable opportunity for the Producing Party to object to the disclosure. If the Producing Party does not agree to the disclosure, the disclosure shall not be made except by Court order.

### Attaching Confidential Material to Court Filings

16.    If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material under seal.  However, if the Court denies permission to file or present particular Confidential Material under seal, the party seeking to file or present the material shall not be precluded from filing or presenting the Confidential Material to the Court.

### Objecting to A Designation of Material As "Confidential"

17.    A Receiving Party may object to the designation of particular material as Confidential Material by giving written notice to the Producing Party not later than sixty (60) days after: (1) the close of discovery; (2) the date on which the party produced the supposedly Confidential Material; or (3) the date on which the party was required to have disclosed the supposedly Confidential Material, whichever is later. Any such objection shall clearly identify the designation to which the objection is directed and shall provide a detailed basis for the objection. The parties shall attempt to resolve their differences within ten (10) days from the

5

time notice of written objection is received and, if they are unable to do so, any party may thereafter file a motion requesting that the Court determine whether the material may be designated as Confidential. The material shall be treated as Confidential Material subject to the protections of this Protective Order until the Court rules on the Producing Party's motion.

18.     The inadvertent production of any arguably privileged attorney-client communications or protected work product shall be without prejudice to any claims that the documents are privileged or protected, and shall not constitute a waiver of any privilege or protection that otherwise may attach thereto, provided that the Producing Party notifies the Receiving Parties promptly upon its discovery of the inadvertent production. Such production also shall not be deemed a general waiver of such privilege or protection, and the parties agree not to argue that such production constitutes a waiver of such privilege or protection, or in any way impairs the privileges and discovery objections the Producing Party otherwise could assert. Upon request of the Producing Party, all non-producing parties shall return all copies of any inadvertently provided documents, although nothing in this paragraph shall preclude a non-producing party's right to seek whatever relief if appropriate with respect to such returned documents.

### Use of and Return of Confidential Material

19.     Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

20.     This Order shall survive the termination of this action and continue in full force and effect.

6

21.     Within sixty (60) days of the termination of this action by final non-appealable judgment, the parties and their counsel shall return all material obtained during discovery to the Producing Party or shall confirm in writing that all such copies have been destroyed. Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, responses, notes and memoranda, and other material archived as part of their case and client files.

22.     If a party in possession of Confidential Material receives a request, demand, subpoena or order for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena or order, if it so elects.  Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information not designated as Confidential Material or communicate information that is not designated as Confidential Material with administrative or governmental agencies, or self-regulatory organizations.

**APPROVED AND SO ORDERED:**

**Dated: _____**                      **_____**
                                                                    **JUDGE F. DENNIS SAYLOR IV**
                                                                    **UNITED STATES DISTRICT COURT**

## EXHIBIT A

### Acknowledgment of Entry of Protective Order

The undersigned hereby states that he or she received a copy of the Protective Order governing the disclosure and treatment of Confidential Material produced in this action, *Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al.,* Civil Action No. 4:04-CV-40077-FDS, has read the same, agrees to be bound by its terms. The undersigned further acknowledges that failure to so comply could expose me to a motion to enforce the Order or seek relief under the terns of this Order.


Signature:    _____

Date:         _____

Name:         _____

Address:      _____

              _____

              _____

Company:      _____

8