UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>          Plaintiffs and<br>          Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>          Defendants and<br>          Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
EMERGENCY MOTION FOR ORDER EXTENDING
SCHEDULE FOR CLASS CERTIFICATION BRIEFING**

Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corporation (hereinafter, "Defendants") submit this Reply Brief in further support of their Emergency Motion For Order Extending Schedule For Class Certification Briefing.

**ARGUMENT**

Plaintiffs' Opposition to the Motion does not provide any cogent reason why the Court should not extend the schedule sixty days. Defendants have been diligent serving and responding to discovery (and unfortunately, now also briefing scheduling motions), and have been trying to obtain discovery necessary to oppose Plaintiffs' Motion for Class Certification,

- 1 -

which was filed on July 22. It is significant that there is nothing in Plaintiffs' Opposition (or thick Appendix) that disputes the straightforward reasons why Defendants requested the extension: *(i)* Defendants still have not received a single document from Plaintiffs and, in fact, Plaintiffs now say in their brief that they will not make a complete production until the end of September because of Plaintiffs' work and travel plans[1]; *(ii)* Defendants have only started to receive responses to non-party subpoenas and, in fact, Defendants just learned that at least one non-party has collected some 1427 pages of documents responsive to Defendants' subpoena – but instead of producing them to Defendants, that non-party turned them over to *Plaintiffs' counsel* (who have not turned them over to Defendants); and *(iii)* Plaintiffs have placed atypical (and extraordinary) restrictions on their willingness to be deposed. Defendants obviously need to depose Plaintiffs, are entitled to documents for those depositions, and will need at least some time to digest what they have learned during that hopefully forthcoming discovery to brief their Opposition to the Motion for Class Certification. The current schedule would require all of that to happen by October 5, and therefore is plainly unworkable and would deprive Defendants of a meaningful opportunity to oppose class certification. That is "good cause."

Instead of addressing the reasons that Defendants submit warrant an extension, Plaintiffs make the proposal that the deadlines be extended five days (two being a weekend), which if anything illustrates their not-constructive response to an obvious scheduling logjam. Plaintiffs then inflame a scheduling issue with pages of pejoratives (all unfounded) and an also not-true chronology of the parties' failed attempt to get the calendar in order (which is why we need an extension to re-boot and bring some order to the process). Defendants submit this Reply to

---

[1]    Plaintiffs' response on this point is to say that a subset of their responsive documents are "available," but "available" so far has not meant that Defendants have them. Plaintiffs also argue at length that Defendants somehow are responsible for all the delay and/or do not need the documents because Plaintiffs say they are irrelevant.

address a few of the specific points.

*First,* Plaintiffs' *six-page* chronology (see Plaintiffs' Opposition at 2-7) leaves no question that this case has been active and that Defendants did not seek an extension because they took the summer off.  And although Plaintiffs' summary of the parties' back-and-forth is a revisionist history (Plaintiffs mischaracterize key communications and omit altogether the ones they do not like), the chronology also leaves no question that time is needed to sort all of this out.[2]

It is equally clear from even Plaintiffs' papers that Defendants have been conscientious with respect to discovery.  There is no dispute that in July and August, Defendants served *(i)* Initial Disclosures; *(ii)* Responses to Interrogatories; *(iii)* Responses to Requests for Admission; and *(iv)* Responses to Requests for Production of Documents.  Contrary to Plaintiffs' suggestion, there were no unreasonable requests for extension; all of the responses were served shortly after the due date; the greatest delay was a three-week extension for Defendants to respond to Plaintiffs' Requests for Production, which required additional time due to their number (138 requests) and the fact that those requests were unjustifiably broad.

*Second,* Plaintiffs make the unsupportable claim that Defendants have been "dilatory" in commencing and pursuing their own discovery.  Nonsense.  Defendants served discovery requests on Plaintiffs and non-parties less than a week after service of the Motion for Class Certification (on July 22) and have served five non-party subpoenas in total.  Defendants were entitled to read the Motion for Class Certification before propounding discovery to oppose it,

---

[2]    Plaintiffs chronology (and supporting exhibits) also belie any contention that the Defendants have somehow failed to comply with their meet-and-confer obligations, which was the proffered reason for Plaintiffs' filing of a motion to compel the relocation of depositions from Boston to St. Louis, Houston, and Pittsburgh.  To the contrary, Plaintiffs' own chronology illustrates the time exhausted trying to deal with Plaintiffs' scheduling positions (e.g., Mr. Speakman's blanket unavailability for more than half of September, Plaintiffs' request that all depositions take place outside of Massachusetts (but not on consecutive days), and Plaintiffs' refusal to extend the class certification briefing schedule (and then agreeing to a five-day extension)).

US1DOCS 5291180v1

meaning that there is no merit to Plaintiffs' complaint that Defendants should have served that discovery weeks earlier. Defendants also are entitled to review the responsive documents before taking depositions.

Defendants do not lose the right to take discovery (receive and read documents, then take depositions) because Plaintiffs say that the requested discovery is irrelevant to class certification issues, especially because Plaintiffs do not address the reasons discussed in Plaintiffs' brief as to why it is relevant. See Mem. in Supp. of Emergency Motion for Order Extending Schedule for Class Certification Briefing ("Def. Mem.") at 5 & n.4.

Plaintiffs' related theory that Defendants have "engineered" discovery delays ignores that not one of the named Plaintiffs has produced a single document. Plaintiffs claim that those materials have been "available" but also omit from their (partial) chronology the fact that Defendants have been asking for the material. See Letters from Jonathan Shapiro to Rob Biederman dated September 7 and September 11 (attached hereto as Exhibits A & B.) Plaintiffs also acknowledge that at least one of them will not even be in a position to complete the production of documents until the end of September. See Plaintiffs' Opposition at 10. Plaintiffs' delay in producing documents (to accommodate international vacations, or for any reason) is a very good reason to delay the schedule so these documents can be produced and that party deposed.

*Third,* Plaintiffs' attempt to trivialize Defendants' non-party document subpoenas is both unfounded and irrelevant. The subpoenas seek directly relevant material for the reasons stated in Defendants Opening Brief. See Def. Mem. at 6-7 & n.6. Defendants are starting to receive the benefits of those subpoenas and very recently received two boxes of non-party documents and expect to receive more documents. Although Plaintiffs chide Defendants for serving allegedly

-4-

"defective" subpoenas, the non-party subpoena they use as an example has already resulted in disclosure by that witness of *1,427 pages* of responsive documents. However, for reasons that are unclear, that non-party did <u>not</u> produce these documents to Defendants (even though Defendants served the subpoena) but instead produced the documents to <u>Plaintiffs</u> (who have not passed them on to Defendants). (<u>See</u> Motion to Quash Subpoenas, filed by Rodney K. Vincent on September 8, 2005.)

Plaintiffs also are off the mark in arguing that Defendants should be denied an extension because they served their non-party subpoenas through the Massachusetts Commissioner of Insurance, rather than hiring separate counsel in random states to serve those companies. <u>See</u> Plaintiffs' Opposition at 8. More nonsense. Defendants served the subpoenas in accordance with the <u>statute</u> that expressly provides for service through the Commissioner. <u>See</u> Mass. Gen. Laws ch. 175, §§ 151 & 154.[3] That Plaintiffs are filing briefs quibbling over the mechanics of Defendants' service of non-party subpoenas does, however, illuminate the need for a more pragmatic approach to this degenerating pretrial process.

*Fourth,* Plaintiffs mischaracterize the parties' attempt to negotiate a Protective Order and incorrectly assert that Defendants went back on their word during those negotiations. That is simply false. The dispute is over Plaintiffs' insistence that any Confidentiality Order in this case also govern Allmerica's communications with federal and state regulators – which is a manifestly improper request. For an extended period of time, Allmerica has been responding to NASD Enforcement requests for information about Plaintiffs' conduct, which Allmerica is obligated to do. It is highly inappropriate for Plaintiffs to seek any restrictions on

---

[3]     Plaintiffs acknowledge that under the statute Defendants were entitled to serve these subpoenas in this manner. <u>See</u> Plaintiffs' Opposition at 3 n.2. Instead Plaintiffs speculate that it somehow would have been faster to serve in some other manner.

-5-

communications with regulators when it is Plaintiffs who are being investigated.

Defendants are preparing and will shortly file their brief in opposition to Plaintiffs'

motion to extend a discovery order in this case to those regulatory investigations.

*Finally,* Plaintiffs' offer of a five-day extension (including two weekend days) is no

solution. As set forth more fully in Defendants' opening brief, a sixty-day extension will solve

the parties' document and scheduling issues, will facilitate efficient case management, and will

not prejudice Plaintiffs.

**CONCLUSION**

For the foregoing reasons as well of those set forth in Defendants' prior brief, Defendants

respectfully request that the Court allow their motion.

> Respectfully Submitted,
>
> ALLMERICA FINANCIAL LIFE
> INSURANCE & ANNUITY CO., FIRST
> ALLMERICA FINANCIAL LIFE
> INSURANCE CO., and ALLMERICA
> FINANCIAL CORP.
>
> By their attorneys,
>
>
> /s/ Jonathan A. Shapiro
> Andrea J. Robinson (BBO No. 556337)
> Jonathan A. Shapiro (BBO No. 567838)
> Eric D. Levin (BBO No. 639717)
> Brett R. Budzinski (BBO No.655238)
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109
> (617) 526-6000

Dated: September 15, 2005

US1DOCS 5291180v1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 15th day of September, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201


/s/ Brett R. Budzinski
Brett R. Budzinski