# EXHIBIT B

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

September 11, 2005

**By Facsimile and E-mail**

Robert W. Biederman Esq.
Hubbard & Biederman, L.L.P.
1717 Main Street
Suite 4700
Dallas, TX 75201

Jonathan A. Shapiro

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6224
+1 617 526 5000 fax
jonathan.shapiro@wilmerhale.com

Re:   Speakman, et al. v. Allmerica Financial Life Insurance and Annuity Company, et al.,
      Civil Action No. 4:04-cv-40077-FDS

Dear Rob:

I am writing to respond to the letter you faxed to me on Friday, September 9, 2005. Your letter deals with some of the issues I addressed in the one I sent you on September 7, selectively summarizes/characterizes the history of our failed attempts to negotiate a workable schedule for class certification discovery, and ignores the Motion to extend the deadlines that defendants filed on Thursday, September 8. Although these for-the-record letters plainly have not been achieving anything constructive, I respond below to the issues you have raised in your most recent letter.

Starting with Mr. Speakman, I am not sure why you are criticizing defendants for withdrawing (on September 7) the deposition notice we served for him to testify tomorrow, September 12, in Boston. As I wrote on September 7th, we withdrew the notice because you said Mr. Speakman would not appear pursuant to it and also that he was not going to complete his document production until an unstated date after he was scheduled to testify. (Would it have been better to hire a court reporter and convene a deposition under circumstances where the witness's counsel had been explicit that he would not attend?) I am not sure how to respond to the statements that Mr. Speakman once was available to testify on September 9 or September 13 if we would travel to Pittsburgh, because defendants would not have had his documents by those dates either, and you know we had conflicts.

You also repeat the not-fair assertions that defendants somehow frustrated the meet-and-confer process with respect to scheduling, which is the proffered reason for plaintiffs' filing of a motion Friday afternoon before Labor Day. There is no call to misrepresent our willingness to talk given how much time was wasted meeting-and-conferring (phone calls, email, letters). As Rick Levin wrote on August 18th, we served the deposition notices because talking about them had not worked, and again stated a willingness to meet in the middle by compromising on the dates and locations of the depositions. Now, three weeks later, each of the named plaintiffs still refuses to come to Massachusetts and the five-day extension of the deadlines that plaintiffs now propose is not going to help matters.

As in the past, your September 9 letter again questions whether defendants actually need to receive a complete production from plaintiffs before deposing them. The document requests fall squarely within permissible discovery under Rule 26, and the Rules entitle us to read responsive documents to determine for ourselves if they are useful at deposition and, ultimately, whether to use them in litigating class certification. It also is not true that defendants have rejected a production of representative documents; having received nothing, we are not in a very good position to start negotiating in the abstract what we can do without, nor are defendants inclined to let plaintiffs decide what would be representative. I also disagree that the discovery that defendants have served is harassment.

You also ask to confirm that defendants will depose Messrs. Robare and Wedel on September 26 & 27 in Houston and St. Louis. Mr. Levin proposed those dates and locations in his August 18 letter as part of an overall package to compromise the logjam; as is clear from that letter, we are not willing to compromise without reciprocal movement from plaintiffs, which still has not happened.

Finally, your letter does not even attempt to solve the scheduling problems set forth in the Motion we filed to extend the deadline. That plaintiffs are now willing to agree to extend by five days the deadline for defendants to file their Opposition (from October 5 to October 10) is not a solution. It does not address of the non-party document production issues, which are real issues that impact on scheduling even though I know your view that we should depose plaintiffs without looking at those documents. I appreciate your commitment to producing Mr. Speakman's documents by October 27th, and that he now is offering to be deposed on October 4th, but that still doesn't address the other moving parts and, even if it did, it is not reasonable to expect defendants to take the deposition, obtain a transcript, and incorporate the testimony into a brief due within six days (including a weekend).

Please call if plaintiffs would like to compromise on a realistic solution to these issues.

Very truly yours,

Jonathan A. Shapiro

JAS:gh
cc:    Andrea J. Robinson, Esq.

USIDOCS 5284537v1