UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs and<br>        Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>        Defendants and<br>        Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER CONCERNING THE SCHEDULING OF PLAINTIFFS' DEPOSITIONS

Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance & Annuity Company, First Allmerica Financial Life Insurance Company, and Allmerica Financial Corporation (collectively, "Allmerica") submit this Opposition to Plaintiffs' Motion for Protective Order Concerning the Scheduling of Plaintiffs' Depositions ("Plaintiffs' Motion") (Docket No. 32).

### BACKGROUND

During July and August, Defendants worked to schedule the depositions of the three named Plaintiffs in this case. These depositions are essential for Allmerica to prepare its Opposition to Plaintiffs' Motion for Class Certification, which Plaintiffs filed on July 22 and

under the present schedule Defendants must oppose by October 5. That forty-five day window would be an aggressive schedule under any circumstances because Defendants cannot take meaningful depositions of Plaintiffs until *after* they have received and reviewed relevant documents (which has not happened) but must be able to conclude those depositions *before* their Opposition is due, so as to have a reasonable period to receive and review their transcripts and thereafter brief an important Opposition.

Unfortunately, Allmerica's view in July that this was an aggressive-but-doable schedule was based on what now seems like a naïve assumption of cooperation and flexibility from Plaintiffs. Plaintiffs have been candid in their view that Allmerica's need to take discovery and brief the class certification question is Allmerica's problem, not a shared scheduling problem for which Plaintiffs do not have any obligation to address. The atypical (and extraordinary) limitations on Plaintiffs' ability to be deposed is a prime example. Plaintiffs offered limited dates on which they were available, and said they required that Defendants' counsel travel to their respective hometowns (Houston, St. Louis, Pittsburgh) because they cannot or will not travel to Massachusetts, where they filed suit. Those not-reasonable scheduling requests became altogether unworkable because Plaintiffs have not yet produced any documents, and said they cannot complete their production until after they are deposed (for scheduling reasons, or none at all). (To be accurate, Plaintiffs now say the documents are "available," but will not send them to Defendants unless counsel first agrees to an improper request to restrict its communications with the securities regulators who are investigating Plaintiffs.)

Defendants have tried to accommodate Plaintiffs' requests and have worked to achieve a middle ground – proposing that Defendants' counsel would travel to take two depositions if even one Plaintiff would compromise by coming to Boston – but that was rejected as well.

Ultimately, Allmerica did what the Rules require and noticed depositions under Rule 30(b)(1), but even then invited compromise.[1]  See Letter from Eric D. Levin to Robert W. Biederman, dated August 18, 2005 (attached hereto as Exhibit A.)

Plaintiffs' Motion asserts that Defendants had no right to "unilaterally" notice depositions under Rule 30(b)(1) for Massachusetts (where Plaintiffs sued), and asks the Court to set those Notices aside and instead order Defendants' counsel to depose Plaintiffs in their home cities. Plaintiffs' first and second arguments have nothing to do with the actual dispute, i.e., where and when will Plaintiffs be deposed, and who decides.  Instead, Plaintiffs say they "automatically" get to decide those questions by asserting that Allmerica failed to meet-and-confer on scheduling as required by the Local Rules (which is not true) and/or that the Court should enforce a supposedly "binding agreement" that Plaintiffs claim is memorialized in counsel's correspondence, even though it is immediately apparent from those letters that counsel do not agree on anything.  These arguments are demonstrably false – they are also contradictory insofar as the quasi-contract theory that Allmerica agreed to anything directly refutes the prior meet-and-confer argument that Allmerica refused to talk to Plaintiffs.

It is not until the third argument that Plaintiffs address the question of whether they should be bound by the deposition Notices that Defendants served under Rule 30(b)(1).  They do not, however, provide any principled basis why they should not comply with the Notices and cite no authority from the First Circuit or on analogous facts.

---

[1]  The parties' ability to reach a middle ground on the deposition schedule would be greatly enhanced if the Court grants Defendants' Emergency Motion for an Order Extending the Class Certification Briefing Schedule by sixty days.  As explained more fully in Defendants' Memorandum in Support of that Motion, a sixty-day extension would clear up all of the document and scheduling issues that have arisen.

# ARGUMENT

## I. ALLMERICA DID NOT WAIVE THE RIGHT TO NOTICE DEPOSITIONS UNDER RULE 30(b)(1) OR MAKE A "BINDING AGREEMENT" ON THOSE ISSUES

Defendants have spent an inordinate amount of time attempting to schedule Plaintiffs' depositions. Nevertheless, because of the onerous conditions that the Plaintiffs have placed on those depositions (e.g., Mr. Speakman's unavailability during a seventeen-day period in September and early October, all Plaintiffs' steadfast refusal to travel to Boston, and Plaintiffs' unrelenting refusal to produce Plaintiffs' documents a sufficient time in advance of the depositions), Defendants have as yet been unable to do so.

It is not close to true that Defendants refused to negotiate under L.R. 37.1. There was extensive back-and-forth regarding the depositions (multiple phone calls, e-mails, and letters), including the e-mail, telephone conferences, and letters referred to in Plaintiffs' brief and appendix.[2] The truth of the matter is that Allmerica invested considerable effort negotiating what should be a housekeeping item, but those conversations went nowhere, and actually seemed to make matters worse. The meet-and-confer requirement is supposed to broker compromise and save time and money, but does not require litigants to engage in perpetual letter writing. Having failed to make any headway, Allmerica complied with the Rules by noticing three depositions under Fed. R. Civ. P. 30(b)(1), but even then counsel asked to compromise by agreeing to travel to Houston and St. Louis for two depositions, if one Plaintiff would agree to come to Massachusetts. And also proposed that we could come up with more options if Plaintiffs would extend the schedule. See Exhibit A. Plaintiffs never agreed to move the location of any deposition or extend any deadline until last week, when Plaintiffs agreed that one of them would

---

[2] Plaintiffs' own six-page chronology contained in their Opposition to Defendants' Motion for Order Extending Schedule for Class Certification Briefing (filed earlier this week), while sometimes inaccurate and under-inclusive, recounts at least some of the parties' attempts to set the deposition schedule.

-4-

come to Boston *if* Defendants agreed to depose him on a specific day (regardless of whether Defendants received responses to outstanding discovery requests) and if Defendants would agree to a five-day extension to Oppose Class Certification (and not the sixty days that is realistic).

Plaintiffs next ask the Court to specifically enforce a "binding agreement" they claim requires Defendants to depose Mr. Robare in Houston (on September 26) and Mr. Wedel in St. Louis (on September 27). See Plaintiffs' Motion at 8. In this regard, Plaintiffs rely on Rule 29(1), which allows litigants to stipulate around some discovery rules *provided* they agree to do so. See Fed. R. Civ. P. 29(1). There is, however, nothing in the letters that Plaintiffs cite that suggests that counsel agreed on those depositions (or, really, anything). Defendants' offer to go to St. Louis and Houston for two depositions was part of (i.e., contingent on) an overall proposal that would have a third Plaintiff to come to Boston. See Exhibit A. Ultimately, Plaintiffs got what they wanted simply by refusing to comply with the Notices. Mr. Speakman's counsel said he simply would not show up for his deposition this week in Boston (and would not have time to produce documents before his deposition), so last week Allmerica cancelled it.[3] See Letter from Jonathan Shapiro to Robert Biederman, dated September 7, 2005 (attached hereto as Exhibit B.) So clearly no agreement was reached.

## II. PLAINTIFFS' MOTION LACKS LEGAL SUPPORT

The Court plainly has discretion in considering discovery motions. The weight of authority suggests that it should deny this one.

### A. Plaintiffs Should Testify In The Forum In Which They Filed Suit.

Plaintiffs who sue in Massachusetts should expect that they will testify here. See Wright & Miller, Federal Practice & Procedure § 2112 ("As a normal rule plaintiff will be required to

---

[3] As it turns out, the business commitments that limited Mr. Speakman's availability to travel included a series of conference calls during which he disparaged Allmerica. See August 30, 2005 Letter from Donald Speakman (attached hereto as Exhibit C.)

make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.") (citing cases). Courts in the District of Massachusetts have repeatedly applied this rule to reject requests by out-of-state plaintiffs to be deposed at home.[4] See, e.g., Prizona Shipping Co., Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (denying motion for protective order; "Having chosen to bring actions in United States for a, [plaintiff] cannot now argue that it would be too burdensome for it to appear for discovery here."); In re Good Hope Indus., Inc., 14 B.R. 942, 946 (Bankr. D. Mass. 1981) (rejecting putative plaintiff's arguments that "substantial business responsibilities" and fact that place of business was "considerable distance from Massachusetts" justified deposition in Louisiana; "the Court does not find that these circumstances constitute *extraordinary hardship* such that would cause the Court to designate Louisiana as the place of examination" (emphasis added)).

Plaintiffs' position that it is "appropriate" for them to be deposed in their hometowns is foreclosed by these cases, which Defendants sent to them weeks ago.[5] It also ignores that Rule 30(b)(1) entitles the party noticing the deposition to pick the time and location. See Fed. R. Civ. P. 30(b)(1) ("The notice shall state the time and place for taking the deposition . . . ."). Plaintiffs cite nothing from the First Circuit to the contrary, but instead a few random cases from other jurisdictions that are not close to analogous. None of Plaintiffs' cited authority involve

---

[4] See also Clem v. Allied Van Lines Int'l Corp., 102 F.R.D. 938, 939 (S.D.N.Y. 1984) (denying plaintiffs' motion for order that deposition to be taken telephonically; "In addressing motions for protective orders pursuant to Rule 26(c), this Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstance."); A.I.A. Holdings, S.A. v. Lehman Brothers, Inc., No. 97VIB4978LMMHBP, 2002 WL 1041356, at *1 (S.D.N.Y. May 23, 2002) (rejecting Plaintiffs' motion for a protective order in light of plaintiffs' "minimal showing"; "[I]t is well settled that a plaintiff is ordinarily required to make him or herself available for a deposition in the jurisdiction in which the action is brought.").

[5] Plaintiffs were aware of this authority *before* they filed this Motion (because Defendants researched and sent them to Plaintiffs as part of the meet-and-confer process that Plaintiffs now claim never happened).

depositions of putative class representatives in a class action, but instead very different circumstances involving *non-party* deponents, most of whom had only a very minor role in the litigation. Thus, in Metrex Research Corp. v. United States, 151 F.R.D. 122 (D. Colo. 1993), a suit against the United States Environmental Protection Agency ("EPA"), the court did not require certain *non-party* EPA employees and independent contractors to travel "substantial distance[s]" for depositions. In Ellis Air Lines v. Bellanca Aircraft Corp., 17 F.R.D. 395 (D. Del. 1955), the court ruled it would be "an act of annoyance and oppression" to require the president of the plaintiff corporation to travel from Alaska to Delaware "for a few minutes examination" because the president was not needed at trial and whatever testimony he would offer was duplicative of documents that already had been produced.[6] In Operative Plasterers' & Cement Masons' Int'l Assoc. v. Benjamin, 144 F.R.D. 87, 91 (N.D. Ind. 1992), the court ruled that Rule 30(b)(6) witnesses should not "travel long distances" for depositions that would only last one hour and because none had personal knowledge of matters in dispute. None of these cases has any bearing here, where the class representative Plaintiffs (all of whom are crucial witnesses) are seeking to avoid travel to the forum in which they filed suit.[7]

Plaintiffs argue alternatively that they should be relieved of their obligation to travel to Massachusetts because the only reason they filed suit here was because they needed to establish venue. See Plaintiffs' Motion at 8-10. That Plaintiffs complied with the venue statute does not, however, excuse them from the Rules governing the lawsuit after it was filed. For this reason, the Bankruptcy Court in this District has *rejected* that argument in a case that Plaintiffs cannot

---

[6] The Bankruptcy Court in the District of Massachusetts has also rejected the result in Ellis because it was decided "at a time when air transportation was less sophisticated than it is today." See In re Good Hope, 14 B.R. at 947 & n. 6.

[7] Plaintiffs' other case, Standard Metals Corp. v. Sheftelman, 817 F.2d 625 (10th Cir. 1987), has nothing to do with the facts here. In Standard Metals, the bankruptcy court issued a protective order after a creditor in the bankruptcy proceeding filed proofs of claim and then *noticed his own deposition* in an attempt to get that deposition out of the way before he left on a trip to Portugal.

refute. See In re Good Hope, 14 B.R. at 946 ("even were the Court to conclude that Good Hope had no real choice in where it filed its Chapter XI petition, this Court shares the view . . . that the plaintiff, having embarked upon the legal proceeding, should assume all the incidents thereof which the law contemplates.").

**B.      Plaintiffs Face No Hardship.**

In the few cases where courts have allowed a plaintiff to be deposed at home rather than where he or she sued, the plaintiffs have demonstrated that travel to the forum would result in "exceptional hardship." See, e.g., In re Good Hope, 14 B.R. at 946; Clem v. Allied Van Lines, Inc., 102 F.R.D. 938, 940 (S.D.N.Y. 1984) ("absent extreme hardship, the plaintiff should appear for deposition in his chosen forum"). Plaintiffs do not articulate any hardship (much less "exceptional hardship") they would face by traveling to Massachusetts, but instead have said that coming here would be inconvenient and difficult due to work commitments (and, in one case, a two-week overseas vacation). Litigation is often inconvenient, and here it would not be disproportionately so given that Allmerica said it would travel for two depositions if Plaintiffs would come here for one. See Exhibit A.

**C.      Plaintiffs' Refusal To Come To Massachusetts Is Unjustifiable Becaue They Want to Be Class Representatives.**

Plaintiffs' refusal to travel to Boston for their depositions is strange because they are asking to be appointed class representatives – which a major undertaking and time commitment and is why they need to be deposed.   See Manual for Complex Litigation § 21.26, at 277 (4th ed. 2004) (class representatives owe a duty "to vigorously pursue the litigation" in the interests of the class, "including subjecting themselves to discovery").

-8-

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion.

Respectfully Submitted,

ALLMERICA FINANCIAL LIFE INSURANCE & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INSURANCE CO., and ALLMERICA FINANCIAL CORP.

By their attorneys,


/s/ Jonathan A. Shapiro
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No.655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: September 16, 2005

US1DOCS 5291093v1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 16th day of September, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

/s/ Brett R. Budzinski
Brett R. Budzinski

US1DOCS 5291093v1