IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO. and ALLMERICA FINANCIAL CORP.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:04-cv-40077-FDS |

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER CONCERNING THE SCHEDULING OF PLAINTIFFS' DEPOSITIONS

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
David M. Grossman
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

Nancy Freeman Gans
BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

***ATTORNEYS FOR PLAINTIFFS***

Plaintiffs file this Reply Memorandum in Support of Plaintiffs' Motion for Protective Order Concerning the Scheduling of Plaintiffs' Depositions.

## Introduction

Plaintiffs filed this Motion as a result of Defendants' prolonged silence and equivocation concerning the dates and locations for their depositions. Plaintiffs did not bring the Motion until fourteen *days* after Plaintiffs had written Defendants to confirm whether Defendants intended to take Plaintiffs' depositions during certain dates in September, and if so, the dates and locations of those depositions.[1] In deposition notices, correspondence, opposition papers to this Motion, and Defendants' Memorandum In Support of Motion for Order Extending Schedule For Class Certification Briefing ("Extension Memorandum"), Defendants have taken contradictory positions that have resulted in Plaintiffs (and their counsel) restructuring their calendars in order to block out multiple potential deposition dates at different locations. After unnecessarily tying up their schedules, Defendants may not even elect to proceed with the September depositions for Plaintiffs

---

[1] On August 18, Defendants issued Notices of Deposition for Speakman, Robare & Wedel on September 12, 26 & 28, respectively, in Boston. In a cover letter to the Notices, Defendants, however, alternatively proposed deposing Messrs. Robare & Wedel on September 26 & 27 in Houston & St. Louis, respectively, but also suggested that they may not proceed with any depositions unless Defendants were satisfied that sufficient documents had been produced. On August 19, Plaintiffs promptly sent a letter indicating that the alternate dates and locations for Messrs. Robare's and Wedel's depositions on September 26 & 27 were acceptable, and the date for Mr. Speakman's on September 12 was acceptable. Plaintiffs also indicated that they expected Robare & Wedel to produce their non-privileged documents by September 2, but that Speakman, due to the volume requested, would produce many, but not all, documents by that date. In the August 19 letter, Plaintiffs asked for, but never received, any confirmation that the schedule had been changed. Having received no response, Plaintiffs sent another letter on August 25, again requesting confirmation that the depositions were proceeding on the dates and locations set forth in Plaintiffs' letter of August 19. Defendants did not respond to that letter either.

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** - Page 1

Wedel and Robare but may seek to cancel them as they did with the September 12 Speakman deposition.[2]

### A. The Court Should Grant the Motion for Protective Order, Because Plaintiffs Stand Ready to Appear for Depositions

Defendants' mixed signals have created uncertainty as to whether Defendants will proceed to take Plaintiffs Robare and Wedel Depositions in their home venues on September 26 & 27, respectively, and Plaintiff Speakman's deposition in Boston on October 4 if the Court denies the Extension Motion.[3] Plaintiffs are willing to attend their depositions on those dates and locations.[4] While Defendants' Opposition to this Motion seems to suggest the willingness of Defendants to accept the above locations for Plaintiffs' depositions (see Defendants' Opposition at 4-5), they inconsistently conclude their Opposition by stating that the formal notices of deposition of Messrs. Robare and Wedel on September 26 & 28, respectively in Boston have not been withdrawn.

---

[2] In Defendants' Extension Memorandum at 6-7, Defendants suggest that the alleged failure of certain third parties to respond to subpoenas issued by Defendants may preclude Defendants taking Plaintiffs' depositions during September. Plaintiffs have responded to this spurious position in their Opposition to Defendants' Extension Memorandum.

[3] As Plaintiffs have indicated in the Opposition to the Extension Motion, after Defendants cancelled Speakman's September 12 deposition, they proposed that his deposition be taken on October 4 in Boston. Also, Plaintiffs indicated that they were amenable for a 5 day extension until October 10 for Defendants to file their Opposition to Plaintiffs' Motion for Class Certification, and a corresponding 5 day extension until November 10 for Plaintiffs to file their Reply Brief. Because these events occurred after the filing of this Motion for Protective Order Concerning The Scheduling of Plaintiffs' Depositions, Plaintiffs essentially have amended that Motion to incorporate those new proposed dates and deadlines.

[4] Defendants' suggestion that Plaintiffs somehow have not satisfied their role as proposed class representatives is absurd. Not only have Plaintiffs made themselves available for depositions on multiple dates, but have spent an extensive amount of time locating and assembling documents that are responsive to Defendants' First Request for Production.

**<u>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER</u>** - Page 2

Taking some of Plaintiffs' depositions where they reside is consistent with the uncontested fact that Plaintiffs had no practical choice due to the prescriptions concerning venue in 28 U.S.C. § 1392 to bring this action in this forum. Based upon that principle, the standard presumption that a plaintiff is required to appear for a deposition in the venue where his suit is filed does not apply.[5]

### B.    The Court Should Grant the Motion for Protective Order, Because Defendants' Equivocation As to Whether to take Plaintiffs' Depositions Is an Attempt to Harass Plaintiffs By Forcing Them To Block Out Multiple Dates.

While Defendants have noticed depositions of Robare and Wedel to take place on September 26 & 28 in Boston, they also offered to move the depositions to Houston and St. Louis on the 26 & 27. Defendants further cloud the issue by intimating as to whether the depositions will even take place due to Plaintiffs' alleged failure to produce documents.

While Defendants have yet to produce or make available a single page of documents in response to Plaintiffs' First Set of Request for Production that was served on July 1, Plaintiffs on September 2 made more than 7,000 pages of Speakman's, Robare's, and Wedel's documents available and intend to make available more of Speakman's documents by September 30. Upon making the confidential documents available for inspection and copying on September 2 (and thereafter), Plaintiffs requested only that Defendants send written confirmation that they would abide by an interim agreement to treat documents as confidential or "attorneys' eyes only" until an acceptable confidentiality agreement is reached. These are exactly the <u>same</u> conditions that

---

[5] Defendants rely upon *Prozina Shipping Co. v. Thirty-Four Automobiles*, 179 F.R.D. 41, 48, n. 6 (D. Mass. 1998) and In *re Good Hope Indus.*, 14 B.R. 942, (Bank. D. Mass. 1981) for the proposition that, having chosen to sue in Massachusetts, Plaintiffs cannot argue that it is burdensome to be deposed in Massachusetts. Plaintiffs previously already addressed these cases in their opening Memorandum at p.8, n.5 and will not repeat those arguments here.

Defendants imposed in responding to Plaintiffs' discovery. *See, Eric Levin letter dated August 8, 2005 (Attached as Exhibit A).* Unlike the typical adversary who is anxious to receive documents, Defendants did not even respond to Plaintiffs' proffer of the documents until September 9, when Plaintiffs contacted Defendants concerning document production. To this date, Defendants have been unwilling to accept the same interim terms that they imposed when producing information they considered "confidential." One can only infer from this lack of reciprocity that Defendants have no genuine interest in proceeding on a timely basis with Plaintiffs' depositions.

As a result of Defendants' actions, Plaintiffs, in performance of their duties as proposed class representatives, have spent many days producing thousands of pages of documents and also have made themselves available for depositions. While Plaintiffs are appreciative of their duties, Defendants' cavalier conduct has resulted in Plaintiffs, who have businesses to run, blocking out numerous dates on their busy calendars. Granting Plaintiffs' Motion will accommodate the need of Defendants to proceed with the depositions of Plaintiffs in a timely manner while respecting the scheduling order in this case.

## Conclusion

Based upon the foregoing, Plaintiffs move that the Court order that if Defendants intend to proceed with the depositions of Plaintiffs Speakman, Robare and Wedel prior to October 10, that they occur as follows:

| Deponent | Date | Place |
|---|---|---|
| Mark Robare | 9/26 | Houston |
| Steve Wedel | 9/27 | St. Louis. |
| Donald Speakman | 10/4 | Boston. |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** - Page 4

Dated September 20, 2005.                                          Respectfully submitted,

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans, BBO No. 184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

*ATTORNEYS FOR PLAINTIFFS*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile and first class mail on this the 20th day of September, 2005, to the following attorneys for defendants:

| | |
|---|---|
| Jonathan A. Shapiro | Brian E. Whiteley, Esq. |
| **WILMER CUTLER PICKERING** | C. Alex Hahn, Esq. |
|   **HALE and DORR LLP** | **SCIBELLI, WHITELEY and** |
| 60 State Street |     **STANGANELLI, LLP** |
| Boston, MA 02109 | 50 Federal Street, Fifth Floor |
| (617) 526-5000 fax | Boston, MA 02110 |
| | (617) 722-6003 fax |

/s/ Nancy Freeman Gans
Nancy Freeman Gans

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** - Page 5