# EXHIBIT B

## Shapiro, Jonathan

| | |
|---|---|
| **From:** | Levin, Eric |
| **Sent:** | Monday, September 12, 2005 2:50 PM |
| **To:** | 'David Grossman' |
| **Cc:** | Robert Biederman; Stephen Hubbard; Shapiro, Jonathan |
| **Subject:** | RE: Protective Order |

David --

Given that the parties have not reached agreement on the terms of a Protective Order, we do not consent to the filing of a joint motion.  If you choose to file a contested motion, please state that Defendants have not agreed to the draft proposed by Plaintiffs because it would limit their ability to respond to subpoenas/court orders or to provide information or communicate with government agencies.

Please call me if you have any questions.

Thanks,
Rick

-----Original Message-----
**From:** David Grossman [mailto:DMGrossman@hblawfirm.com]
**Sent:** Monday, September 12, 2005 2:35 PM
**To:** Levin, Eric
**Cc:** Robert Biederman; Stephen Hubbard; Shapiro, Jonathan
**Subject:** RE: Protective Order

Rick:

As you know, Plaintiffs previously rejected the language you propose for Paragraph 22.  During an August 11 telephone conference, Rob previously indicated our concerns with the language and, in response; Jonathan suggested deleting Paragraph 22 altogether leaving the order silent as to this issue.  The Order we proposed reflects the compromise suggested by Jonathan which you are apparently now withdrawing.

Unless I hear otherwise, I will assume that there is no further reason to discuss this matter and will be filing my motion.

-- David

---

**From:** Levin, Eric [mailto:Eric.Levin@wilmerhale.com]
**Sent:** Monday, September 12, 2005 1:17 PM
**To:** David Grossman
**Cc:** Robert Biederman; Stephen Hubbard; Shapiro, Jonathan
**Subject:** Protective Order

David --

I am getting back to you regarding your correspondence with Jon Shapiro on Friday (9/9) concerning the Protective Order in the Speakman case.  As set forth in the parties' previous correspondence below, the parties had reached agreement on most, but not all, issues concerning the Protective Order.  In particular, the parties did not reach agreement concerning the language in paragraph 22 of the Protective Order, as indicated below.  The draft Protective Order that you sent to Jon on Friday does not include paragraph 22, and thus is not acceptable to us because it does not allow the parties to respond to subpoenas/court orders or to provide information or

communicate with government agencies and the like.

We therefore propose that the Protective Order include the following paragraph 22:

"Nothing in this order shall be construed to govern or limit or pertain to a party's ability to respond to subpoenas, court orders, or other compulsory process, or to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party."

Please let us know whether you will agree to this.

Thanks,
Rick


-----Original Message-----
**From:** Levin, Eric
**Sent:** Wednesday, August 10, 2005 12:00 PM
**To:** 'Robert Biederman'
**Cc:** Stephen Hubbard; NFGans@aol.com; David Grossman; Shapiro, Jonathan
**Subject:** RE: Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al.

Rob --

We will agree to the first change you proposed below as to paragraph 16.

We will not agree to the second change you proposed with regard to paragraph 22.  To satisfy your concern, we propose that paragraph 22 be amended to read as follows:

"If a party in possession of Confidential Material receives a request, demand, subpoena, or order for the production of Confidential Material, such party shall promptly notify the party which so designated material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects.  Notwithstanding the foregoing, nothing in this Order shall be construed to govern or limit or pertain to a party's ability to provide information to or communicate with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party."

Please let us know whether you will agree to this change.

Thanks,
Rick

-----Original Message-----
**From:** Robert Biederman [mailto:RWBiederman@hblawfirm.com]
**Sent:** Tuesday, August 09, 2005 11:33 AM
**To:** Levin, Eric
**Cc:** Stephen Hubbard; NFGans@aol.com; David Grossman
**Subject:** Speakman et al. v, Allmerica Financial Life Ins. & Annuity Co. et al.

In connection with the draft Stipulated Protective Order, I have the following comments: First, in paragraph 16, I would add the following text, that I have underlined, to the first sentence as follows, "If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material Under Seal." The reason for this proposed change is to conform to the requirements of LR 7.2. Second, in paragraph 22, I would add the following text, that I have underlined, to the last sentence, "Notwithstanding the foregoing, nothing in this Order shall be construed to

govern or limit or pertain to a party's ability to provide information, <u>that is not designated as Confidential Material</u>, to or communicate <u>about information that is not designated as Confidential Material</u> with administrative or governmental agencies, self-regulatory organizations, or to otherwise discharge disclosure or other obligations imposed upon the party." The reason for this change is that without such a provision it, among other things, contradicts the provisions in the first sentence of paragraph 22.

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax