UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>Defendants. | Civil Action No.<br>04-40077-FDS |

## PROTECTIVE ORDER

During the course of this litigation, the parties may need to disclose "Confidential Material" through discovery. This Protective Order governs the production and treatment of such Confidential Material by the parties. This Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

### Definitions

1.  "Confidential Material" means documents or information that: (a) is or contains non-public financial data, marketing and advertising data and plans, strategic or long-range plans, internal cost data, performance data; (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7), or (c) contains commercially sensitive information or information the designating party believes pursuant to existing law or a reasonable extension of existing law should be

disseminated to Qualified Persons only under the terms of this Order. Documents, information, or testimony obtained by the Receiving Party from a source other than discovery material shall not be deemed Confidential Material, regardless of whether such information is also contained in discovery material designated as Confidential Material.

2. "Producing Party" means the party producing material during discovery.

3. "Receiving Party" means the party receiving material during discovery.

4. "Qualified Persons" means

   (a) a party, or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action, including class representatives;

   (b) outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   (c) persons identified on the face of the document in question as an author, addressee or other recipient; and

   (d) a witness in preparation for and/or at any deposition or other proceeding in this action.

**Designation of Material as "Confidential"**

5. If a Producing Party reasonably and in good faith believes that it is disclosing or producing Confidential Material, it shall designate the materials as "Confidential."

6. If a Producing Party reasonably and in good faith believes a document contains Confidential Material, it shall place a "CONFIDENTIAL" stamp or sticker on each page in which the material appears or, when not practical to do so, by some other method likely to place others on notice of the confidential designation.

7. If a Producing Party reasonably and in good faith believes a written disclosure

(e.g., an interrogatory answer) contains Confidential Material, it shall clearly indicate that the disclosure contains "CONFIDENTIAL" information by typing the word at the beginning and end of the disclosure.

8.  If a Producing Party reasonably and in good faith believes that a deposition involves Confidential Material (whether in the form of testimony or exhibits), it shall, within thirty (30) days of receiving the deposition transcript, provide the court reporter and other party with written notice as to the pages and/or exhibits in which the Confidential Material appears. The Producing Party shall further provide the court reporter with written notice that the deposition transcript shall be kept under seal and provided only to counsel of record for the parties to this Protective Order.

9.  This Order shall be without prejudice to the right of the parties or other persons to: (a) bring before this Court at any time the question of whether any particular document or information is Confidential, or whether its use should be Confidential, or (b) present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production in this action of any information or document under the terms of this Order, nor any proceeding pursuant to this Order shall be deemed to have the effect in any other proceeding of an admission or waiver by

either party or of altering the Confidential nature of any document or information , or altering any existing obligation of any party or the absence thereof.

11. The parties agree that the filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules, or both.

### Handling of Discovery Material

12. The parties agree that they shall use all material obtained through discovery (regardless of whether designated as Confidential) only for purposes of this litigation or an appeal involving this litigation.

13. The Receiving Party shall not transmit Confidential Material to any person other than:

> (a) counsel of record for any party to this Protective Order (and their paralegals, secretaries, clerks and other agents and employees);
>
> (b) the parties to this Protective Order;
>
> (c) the Court, Court personnel, the jurors;
>
> (d) court reporters and stenographers or notaries public;
>
> (e) any other person who is designated by stipulation of the parties to this Protective Order or by Order of the Court after notice to all parties; and
>
> (f) Qualified Persons as defined above.

14. Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(b) shall be provided with a copy of this Order and shall execute an Acknowledgment of Entry of Protective Order in the form of Exhibit "A" ("Acknowledgment"). Prior to receiving any Confidential Material, each "Qualified Person" designated in paragraph 4(d) shall be provided with a copy of this Order and shall be asked to execute the

Acknowledgment. Each "Qualified Person" designated in paragraph 4(d) who testifies at deposition or other proceeding in this action may, in lieu of executing the Acknowledgment, agree on the record to abide by the terms of the Protective Order prior to receiving any Confidential Material. Counsel for the party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Acknowledgments.

15. If a Receiving Party desires to disclose Confidential Material to a person that does not fall into any of the categories (a)-(e) above, the Receiving Party shall provide written notice to the Producing Party and a reasonable opportunity for the Producing Party to object to the disclosure. If the Producing Party does not agree to the disclosure, the disclosure shall not be made except by Court order.

### Attaching Confidential Material to Court Filings

16. If a party wishes to make a submission to the Court that includes Confidential Material, the party shall make a motion in accordance with Local Rule 7.2 to file or present the Confidential Material under seal. However, if the Court denies permission to file or present particular Confidential Material under seal, the party seeking to file or present the material shall not be precluded from filing or presenting the Confidential Material to the Court.

### Objecting to A Designation of Material as "Confidential"

17. A Receiving Party may object to the designation of particular material as Confidential Material by giving written notice to the Producing Party not later than sixty (60) days after: (1) the close of discovery; (2) the date on which the party produced the supposedly Confidential Material; or (3) the date on which the party was required to have disclosed the

supposedly Confidential Material, whichever is later. Any such objections shall clearly identify the designation to which the objection is directed and shall provide a detailed basis for the objection. The parties shall attempt to resolve their differences within ten (10) days from the time notice of written objection is received and, if they are unable to do so, any party may thereafter file a motion requesting that the Court determine whether the material may be designated as Confidential. The material shall be treated as Confidential Material subject to the protections of this Protective Order until the Court rules on the Producing Party's motion.

      18.    The inadvertent protection fo any arguably privileged attorney-client communications or protected work product shall be without prejudice to any claims that the documents are privileged or protected, and shall not constitute a waiver of any privilege or protection that otherwise may attach thereto, provided that the Producing Party notifies the Receiving Parties promptly upon its discovery of the inadvertent production. Such production also shall not be deemed a general waiver of such privilege or protection, and the parties agree not to argue that such production constitutes a waiver of such privilege or protection, or in any way impairs the privileges and discovery objections the Producing Party otherwise could assert. Upon request of the Producing Party, all non-producing parties shall return all copies of any inadvertently provided documents, although nothing in this paragraph shall preclude a non-producing party's right to seek whatever relief if appropriate with respect to such returned documents.

**Use of and Return of Confidential Material**

19. Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement or this action, and for no other purpose.

20. This Order shall survive the termination of this action and continue in full force and effect.

21. Within sixty (60) days of the termination of this action by final non-appealable judgment, the parties and their counsel shall return all material obtained during discovery to the Producing Party or shall confirm in writing that all such copies have been destroyed. Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, responses, notes and memoranda, and other material archived as part of their case and client files.

22. If a party in possession of Confidential Material receives a request, demand, subpoena or order for the production of Confidential Material, such party shall promptly notify the party which so designated the material as Confidential of the pendency of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena or order, if it so elects.

23. If a party in possession of Confidential Material determines in good faith that the voluntary disclosure of such Confidential Material to a federal or state governmental authority or the National Association of Securities Dealers would advance a legitimate business or regulatory objective of that party, the party may make such voluntary disclosure; provided, however, that such party shall first give ten days' advance notice to the party that designated the material as

Confidential in order to provide an adequate opportunity to that party to show cause to this Court why such disclosure should not be made. The notice provided under this paragraph shall be of sufficient particularity so that the other party may readily identify the documents to be disclosed, the entity to whom they are to be disclosed, and the reason for the proposed disclosure.

**APPROVED AND SO ORDERED:**

                                            /S/ F. Dennis Saylor IV
                                            F. Dennis Saylor IV

Dated: October 5, 2005                        United States District Judge

# EXHIBIT A

## Acknowledgment of Entry of Protective Order

The undersigned hereby states that he or she received a copy of the Protective Order governing the disclosure and treatment of Confidential Material produced in this action, *Donald P. Speakman, et al. v. Allmerica Financial Life Insurance & Annuity Co., et al.*, Civil Action No. 4:04-CV-40077-FDS, has read the same, agrees to be bound by its terms. The undersigned further acknowledges that failure to so comply could expose me to a motion to enforce the Order or seek relief under the terms of this Order.

Signature: _____

Date: _____

Name: _____

Address: _____

_____

_____

Company: _____