IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO. and ALLMERICA FINANCIAL CORP.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:04-cv-40077-FDS<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

Nancy Freeman Gans
BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

ATTORNEYS FOR PLAINTIFFS

Plaintiffs file this Motion to Compel Discovery and for Entry of Protective Order under Fed. R. Civ. P. 26(c) and Local Rule 37.1.

1. Pursuant to this Court's Scheduling Order dated June 29, 2005, discovery commenced on July 1 when the parties exchanged their Responses to the Request for Disclosure. On July 1, Plaintiffs served:

   a. Plaintiffs' First Request for Production of Documents to Defendants;

   b. Plaintiffs' First Set of Request for Admissions to Allmerica Financial Life Ins. & Annuity Co.; First Allmerica Financial Life Ins. Co.; and Allmerica Financial Corp.; and

   c. Plaintiffs' First Set of Interrogatories to Defendant Allmerica Financial Life Ins. & Annuity Co.; First Allmerica Financial Life Ins. Co.; and Allmerica Financial Corp.

2. Defendants' responses to Plaintiffs' written discovery were due on August 3, but Defendants requested and received extensions of time. Defendants served their Responses to Plaintiffs' Interrogatories and Request for Admissions on August 8 and finally served their Responses to Request for Production on August 15.

3. Defendants' Responses to the Interrogatories and Request for Admission were deficient in numerous respects and Plaintiffs notified Defendants of the problems in writing on August 15, and requested a conference under L.R. 37.1 on August 16.

4. Defendants' Responses to the Request for Production were also deficient in numerous respects, including the failure to produce a single page of documents or to state when documents would be made available. On August 25, Plaintiffs sent a letter detailing issues with the Responses and, again, requesting a conference under L.R. 37.1. to discuss these issues as well as those issues raised with respect to the Interrogatories and Request for Admission.

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY - Page** 2

5. Plaintiffs received no response to their correspondence dated August 15 & 16 or to the August 25 letter.

6. On October 5, 2005, Plaintiffs sent a draft copy of this Motion to Defendants and again requested a conference which was held on October 14, 2005.

7. Plaintiffs seek an Order overruling :

   a. General Objection No. 1 to the Interrogatories & Request for Production; and

   b. General Objection No. 6 & 16 to the Request for Production.

8. Plaintiffs further request an Order overruling Defendants' objections and compelling Answers to Interrogatories Nos. 1-3, 5, 6 and 12.

9. Plaintiffs further request an Order overruling Defendants' objections and compelling production of documents responsive to Request for Production Nos. 94-99, 117, 133-135.

10. Plaintiffs further seek an order requiring Defendants to immediately produce documents bearing upon class certification and to complete their document production on or before November 15.

11. Plaintiffs' grounds are fully set forth in the Memorandum in Support of Plaintiffs' Motion to Compel Discovery which is being filed contemporaneously.

WHEREFORE, based upon the foregoing, Plaintiffs request that the Court (i) overrule Defendants' objections as requested above; (ii) compel responses as requested above; and (iii) such further relief that the Court deems proper.

Dated: October 27, 2005                                                     Respectfully submitted,

                                              Stephen L. Hubbard
                                              Robert W. Biederman
                                              BBO No. 562279

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY - Page** 3

> David M. Grossman
> **HUBBARD & BIEDERMAN, LLP**
> 1717 Main Street, Suite 4700
> Dallas, Texas 75201
> Telephone: (214) 857-6000
> Facsimile: (214) 857-6001
>
> Nancy Freeman Gans
> BBO No. 184540
> **MOULTON & GANS, P.C.**
> 33 Broad Street, Suite 1100
> Boston, Massachusetts 02109-4216
> Telephone: (617) 369-7979
> Facsimile: (617) 369-7980
>
>
> By: /s/Robert W. Biederman
> ATTORNEYS FOR PLAINTIFFS

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

On October 7, Plaintiffs sent a letter to Defendants setting forth issues that they intended to raise in a Motion to Compel, forwarded a draft of the Memorandum in Support of this Motion, and requested a conference pursuant to Local Rule 37.1.  On October 14 at 11:00 a.m., CDT, a conference concerning the discovery issues was held.  Eric D. Levin, Jared Miller, and Brett Rasinsky represented Defendants and Robert W. Biederman and David Grossman represented Plaintiffs.  The conference lasted over an hour, and the following agreements were reached:

- Defendants agreed not to redact or withhold any policyholder/annuitant information from the documents being produced;

- Defendants agreed to produce a CD ROM in response to Plaintiffs First Set of Interrogatories No. 13;

- Defendants agreed to produce customer complaint logs in response to Request for Production No. 55;

- Defendants agreed to produce non-public information in response to Request for Production Nos. 59-62, 69, 70, 76 & 78; and

- Defendants agreed to produce documents responsive to Request for Production Nos. 34-36.

Other issues, however, remained unresolved. Specifically, among other things, Defendants have refused to agree to a deadline for the production of those documents, to which they had no objection, regarding class certification and the merits. Rather, Defendants have indicated that they will produce documents on a "rolling" basis without any indication when that process will be completed. Also, there were certain particular request for documents that Defendants have refused to produce. In letters dated October 17 and 24, Plaintiffs confirmed the outstanding issues. Defendants have not responded in writing or orally to these remaining issues. Based upon these unresolved issues, this Motion addresses the following three broad matters:

- The Court compel the immediate production of documents, that Defendants have agreed to produce and that are pertinent to Plaintiffs' Motion for Class Certification;

- The Court set a deadline of November 15 for Defendants to produce all other documents to which they have no objection; and

- The Court overrule and compel production of certain documents, to which Defendants have refused to produce.

/s/Robert W. Biederman
Robert W. Biederman

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY - Page** 5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following:

Jonathan A. Shapiro
WILMER CUTLER PICKERING
  HALE and DORR LLP
60 State Street
Boston, MA 02109
(617) 526-5000 fax

Brian E. Whiteley, Esq.
C. Alex Hahn, Esq.
Scibelli, Whiteley and Stanganelli, LLP
50 Federal Street, Fifth Floor
Boston, MA 02110
(617) 722-6003 fax

ATTORNEYS FOR DEFENDANTS

/s/Nancy Freeman Gans
Nancy Freeman Gans