IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 4:04-cv-40077-FDS<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DISCOVERY**

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
David M. Grossman
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

Nancy Freeman Gans
BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980
ATTORNEYS FOR PLAINTIFFS

**Introduction**

Plaintiffs file this Memorandum In Support of Motion to Compel Discovery against Allmerica Financial Life Ins. Annuity Co., First Allmerica Financial Life Ins. Co., and Allmerica Financial Corp. (collectively, "Defendants").

**The Discovery at Issue**

On July 1, 2005, Plaintiffs served their First Request for Production of Documents and First Set of Interrogatories on all Defendants. Copies of Plaintiffs Request for Production and Interrogatories are attached as Exhibits A-B, respectively and copies of Defendants' responses to the Request for Production and Interrogatories are attached as Exhibits C-D, respectively.[1] Defendants' inadequate responses to this discovery are the subject of this Motion.

**Compliance With Local Rule 37.1**

On October 7, Plaintiffs sent a letter to Defendants setting forth issues that they intended to raise in a Motion to Compel, forwarded a draft of this Memorandum, and requested a conference pursuant to Local Rule 37.1. On October 14 at 11:00 a.m., CDT, a conference concerning the discovery issues was held. Eric D. Levin, Jared Miller, and Brett Rasinsky represented Defendants and Robert W. Biederman and David Grossman represented Plaintiffs. The conference lasted over an hour, and the following agreements were reached:

- Defendants agreed not to redact or withhold any policyholder/annuitant information from the documents being produced;

- Defendants agreed to produce a CD ROM in response to Plaintiffs First Set of Interrogatories No. 13;

- Defendants agreed to produce customer complaint logs in response to Request for Production No. 55;

---

[1] Although Plaintiffs served separate Request for Admission and Interrogatories to each Defendant, the discovery was identical. For the Court's convenience, only the discovery served and responses filed by Allmerica Financial life Ins. & Annuity Co. are attached.

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - Page 1**

- Defendants agreed to produce non-public information in response to Request for Production Nos. 59-62, 69, 70, 76 & 78; and

- Defendants agreed to produce documents responsive to Request for Production Nos. 34-36.

Other issues, however, remained unresolved. Specifically, among other things, Defendants have refused to agree to a deadline for the production of those documents, to which they had no objection, regarding class certification and the merits. Rather, Defendants have indicated that they will produce documents on a "rolling" basis without any indication when that process will be completed. Also, there were certain particular request for documents that Defendants have refused to produce. In letters dated October 17 and 21 (Attached as Exhibits E-F), Plaintiffs confirmed the outstanding issues. Defendants have not responded in writing or orally to these remaining issues. Based upon these unresolved issues, this Motion addresses the following three broad matters:

- The Court compel the immediate production of documents, that Defendants have agreed to produce and that are pertinent to Plaintiffs' Motion for Class Certification;

- The Court set a deadline of November 15 for Defendants to produce all other documents to which they have no objection; and

- The Court overrule and compel production of certain documents, to which Defendants have refused to produce.

**The Nature of the Case and Facts Relevant to this Motion**

The Court is familiar with the claims in this case involving Plaintiffs' participation in the Trail Program. The claims arise out of Defendants' unilateral decisions to abandon the life and annuity business beginning in September 2002, when Defendants terminated all agency agreements and ceased to sell any new insurance or annuity products in order to entirely focus on their remaining property and casualty business. That unilateral decision has had a foreseeable negative

impact on the participants, such as Plaintiffs, in the Trail Program, which assumed that Defendants would remain in business as a viable life and annuity company.

Procedurally, the upcoming deadlines on both class certification and merits discovery are pertinent to the instant motion. Having been unsuccessful in their own attempt to significantly delay the case, Defendants' are now delaying production of discovery materials to Plaintiffs in an attempt to force Plaintiffs to seek a continuance. This Motion is brought to ensure the continued integrity of the Court's decisions concerning scheduling.

**The Specific Issues that Are Subject to the Motion to Compel
and Plaintiffs' Positions As to Those Issues**

**I.    DEFENDANTS HAVE NOT EMPLOYED A GOOD FAITH EFFORT TO PRODUCE DOCUMENTS IN A TIMELY FASHION**

   **A.    Defendants' Position**

In their General Objection No. 6, Defendants objected to the requests to the extent that they required search of thousands of boxes of documents stored in a warehouse which "would create a significant delay that would be disproportionate to the probative value of the materials sought." Despite that, Defendants agreed to make a diligent search and produce documents on a "rolling basis" as indicated in their General Objection No. 16.

   **B.    Plaintiffs' Position.**

Defendants have not made a "diligent" search or production of documents. Despite the fact that this case has been pending for seventeen months and the discovery at issue has been pending *over sixteen weeks* now, Defendants have barely even begun to produce responsive documents. To date, Defendants have produced approximately 15,700 pages of documents, of which at least 6,584 pages are filler materials such as public filings that Defendants initially indicated were publicly

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - Page 3**

available and Plaintiffs agreed were not going to be produced. *See, e.g.*,General Objection No. 8 to Defendants' Responses to Request for Production.[2]

The slow pace and questionable contents of the production to date are only two problems with Defendants' lack of good faith. Defendants argue that this Motion is premature because the production so far is responsive to only a fraction of Plaintiffs' discovery requests and Defendants eventually intend to produce additional documents. Even if Plaintiffs were inclined to believe this assertion, Defendants refuse to give any estimate of when that production will be completed. The only answer that Defendants would give during the October 14 conference concerning this Motion was that the production was in the "very early stages" and that Defendants had no idea when the production would be complete. Defendants are attempting to create a situation where they have the ability to pick and choose which documents are available before class certification, releasing only those documents they want the Court to see for class certification.

Defendants' piecemeal, rolling production is not only inadequate, but also results in unnecessarily running up litigation costs.[3] Defendants' document production is inexcusable given that Defendant is represented by two law firms, one of which has over 1,000 lawyers alone and countless paralegals. Plaintiffs request this Court establish a date certain by which Defendants must make all responsive documents available for review.

    **C.**     **This Court Should Require Defendants to Timely Complete Their "Rolling Production"**

---

[2] Despite repeated oral and written instructions, Plaintiffs have told Defendants not to copy every document that Defendants intend to produce in this case. Rather, in accordance with Fed. R. Civ. P. 34(a), Plaintiffs first want the opportunity to review documents and decide which documents to copy.

[3] Producing the documents in a piecemeal fashion has necessitated making and shipping copies of documents sight unseen. *See,* Ex.F, Letter Dated October 21.

Defendants' delay is unacceptable, given the scheduling in this case and the announcement of the sale of Allmerica in November. The most immediate Court-ordered deadlines are:

<u>December 6, 2005</u>: Plaintiffs' Reply to Defendants' Opposition to Motion for Class Certification must be filed

<u>December 14, 2005</u>: Oral argument on Plaintiffs' Motion for Class Certification

<u>January 31, 2006</u>: Deadline to amend pleadings

<u>February 28, 2006</u>: Deadline for written discovery

<u>March 30, 2006</u>: Close of merits discovery

**1.    This Court Should Require Defendants to Produce All Documents Potentially Bearing upon Class Certification Immediately .**

Plaintiffs' reply brief on class certification is due on December 6. In light of the length of time Defendants have already taken to gather documents and these deadlines, Defendants should be ordered to immediately produce the following documents which Plaintiffs need to respond to positions Defendants have articulated as being relevant to class certification issues:

> **(a)    Inadequate Production of Documents Relating to Defendants' Approval of Replacements of Annuities in the Trail Program and Communications With Plaintiffs' Clients Regarding Replacements.**

In connection with their Motion for Order Extending Schedule for Class Certification Briefing, Defendants argued that they believed discovery concerning replacements of annuities that are part of the Trail Program to be an integral part of their defense to class certification. While the relevance of the replacement activity as to class certification is doubtful, Plaintiffs need sufficient discovery to respond. The following Requests bear upon this issue:

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - Page 5**

**Request No. 54.** Produce all DOCUMENTS CONCERNING COMMUNICATIONS to or from DEFENDANTS and PLAINTIFFS or any PERSON who entered into the TRAIL AGREEMENT involving their replacement of annuities that were part of the TRAIL AGREEMENT.

**Request No. 55.** Produce all DOCUMENTS CONCERNING COMMUNICATIONS to or from DEFENDANTS and any PERSON who entered into a annuity that was part of the TRAIL AGREEMENT and which annuity was replaced.

**Request No. 129.** Produce all DOCUMENTS CONCERNING the surrenders of all annuities that were part of the TRAIL AGREEMENT for each PERSON that entered into the TRAIL AGREEMENT from October 1, 2002 to present.

First, Defendants failed to produce any "switch letters" or other correspondence concerning Allmerica's or VeraVest's explicit approval of replacements of annuities in the Trail Agreement.

Second, while Defendants produced certain e-mails concerning calls from Plaintiffs' clients and four audio recordings involving contact with Plaintiffs' clients, that production is inadequate. Apparently, Defendants had a "mandatory" policy of recording all calls with Plaintiffs' clients. It is well-settled that audio recordings are included within the meaning of the term "document." *See*, L.R.26.5(c)(2). Accordingly, Defendants should be required to produce recordings of these calls.

Third, Defendants failed to produce any documents concerning replacements made by persons other than Plaintiffs or putative Class Members. Defendants have indicated their intention to focus on the various "outgo rates" of Plaintiffs and Putative Class members in their opposition to class certification. In evaluating those outgo rates, it is important to show that a major component of those rates is replacements by persons other than Plaintiffs and putative class members, such as competitors. Defendant have not yet produced any documents responsive to Request No. 129 which bears upon those third party replacements.

    **(b)**     **Documents Concerning Substantial Surrender Charges That Defendants Collected in Connection With Surrendered Annuities in the Trail Program.**

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - Page 6**

Defendants argue that commissions earned by Plaintiffs and putative Class Members somehow bear upon certain issues of damages that Defendants believe are pertinent to class certification. While Plaintiffs question the relevance at the class certification stage, the corollary issue is the magnitude of surrender charges collected by Defendants in connection with replacements of Trail Program annuities. That information should be readily available since it appears to have been requested by and provided to the NASD and falls within Request for Production 55 and 129.

### (c) Documents Concerning Commissions Outside the Trail Program that Defendants Have Offset to Pay the DAC Notes.

**Request No. 20.** Produce all DOCUMENTS CONCERNING any setoffs or offsets taken against commissions due any PERSON who entered into the TRAIL AGREEMENT by any of DEFENDANTS to pay any part of the DAC NOTES.

Despite agreeing to produce documents responsive to this Request, Defendants have failed to produce documents concerning commissions outside the Trail program that Defendants offset against the DAC Notes. Again, while this discovery concerns damages, Defendants apparently believe that to be relevant to class certification. To the extent that Defendants intend to introduce evidence on the subject, Plaintiffs are entitled to present evidence bearing upon class claims that Defendants took improper offsets.

### (d) Failure to Produce DAC Notes.

**Request No. 13.** Produce all the DAC NOTES.

Defendants stated that they would produce "All Promissory Notes (but in redacted form for putative class members) and non-privileged documents in their possession, custody, or control concerning the negotiation of and communications between Defendants and Plaintiffs with respect to the Promissory Notes, and will produce non-privileged documents sufficient to show the amounts due and owing on those Promissory Notes." Regardless of that statement, Defendants have

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - Page 7**

produced only Plaintiffs' DAC Notes.  In light of a document that Defendants have produced, Plaintiffs believe that there may be DAC Notes payable to an entity other than Allmerica Financial Life Ins. and Annuity Co.

### (e) Failure to Produce Enclosures to Correspondence With the NASD.

**Request No. 51.**  Produce all DOCUMENTS CONCERNING any COMMUNICATIONS by DEFENDANTS to or from the Securities & Exchange Commission, the National Association of Securities Dealers or any other regulatory or governmental agency about the replacement of any variable or fixed annuities issued by ALLMERICA LIFE by any of PLAINTIFFS or any other PERSON who entered into the TRAIL AGREEMENT.

This seeks documents concerning representations and positions that Defendants presented to the NASD concerning replacements.  To the extent that Defendants consider replacement activities to bear upon class certification issues, Plaintiffs are entitled to discover Defendants' positions concerning the same.

While Defendants produced some correspondence with the NASD concerning replacements, VeraVest, and Plaintiff Speakman, the production is incomplete.  Defendants failed to produce their responses to the correspondence from the NASD dated September 23, 2004 and December 6, 2004. Additionally, Defendants failed to produce exhibits or attachments to the correspondence that was produced.  Many of the exhibits bear upon issues that Defendants have designated as relevant to class certification.  Because the enclosures are mostly in electronic form Defendants should be compelled to immediately produce the missing correspondence and exhibits.

### (f) Failure to Produce Commission Statements.

**Request No. 24.**   Produce all the quarterly and annual statements sent to each PERSON who entered into the TRAIL AGREEMENT CONCERNING the payment calculations and commission rates under the TRAIL AGREEMENT.

As explained above, Defendants argue that commissions are somehow relevant to class certification.   Indeed, Defendants demanded that Plaintiffs immediately produce all of the

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - Page 8**

commission statements from both Allmerica and third parties that they had in their possession, claiming that the information was "critical." At substantial expense and effort, with the exception of complete information concerning Mark Robare's commissions from Allmerica for the third quarter of 2002 to present (which he has never received and has been unable to access), Plaintiffs were able to comply with the request and produced the information within days of Defendants' claim. To the extent that Defendants intend to introduce evidence on the subject, Plaintiffs are entitled to discover Defendants' documents. Defendants have failed to produce any information concerning Plaintiffs' of Class Members' commissions. Plaintiffs request the immediate production of commission statements, with all back up, for Mark Robare from the third quarter of 2002 to present.

### 2. This Court Should Set a Short Deadline for Defendants to Make All Remaining Responsive Documents Available for Review

In order to meet these deadlines, Plaintiffs intend to take additional discovery, such as merits depositions, which cannot be scheduled because of Defendants' refusal to timely produce documents. Plaintiffs contend that this Court should order Defendant to produce all responsive documents no later than November 15.

## II. DEFENDANTS HAVE IMPROPERLY REFUSED TO PRODUCE DOCUMENTS WITHIN THE SCOPE OF DISCOVERY

### A. Defendants Improperly Refused to Produce Documents and Information Relating to Producers Other than Plaintiffs

#### 1. Defendants' Position.

Defendants interposed General Objection No. 1 to the Interrogatories and to the Request for Production, "to the extent they seek information concerning putative class or Trail Program

participants other than the three named plaintiffs, except where the discovery is relevant to address the appropriateness of class certification."

### 2. Plaintiffs' Position.

Defendants have produced documents in a redacted form that eliminates references to any putative Class Member. Defendants acknowledge that the redactions make it impossible to correlate those underlying documents to the charts Defendants used in responding to interrogatories. The Court should overrule Defendants' general objection and require production of responsive, unredacted documents. Alternatively, Defendants should, at a minimum, be required to remove redactions and produce information concerning those Class Members who have engaged Plaintiffs' counsel to represent them in connection with the claims made the basis of this lawsuit. A list of those individuals was previously provided to counsel for Defendants.

### B. Refusal to Provide Information Concerning Financial Ties and Potential Bias of Key Witnesses as Requested Request for Production 94-99, 135.

**Request No. 94**. Produce the Consulting Agreement dated October 25, 2002, between ALLMERICA FINANCIAL and John F. O'Brien.

**Request No. 95**. Produce all DOCUMENTS CONCERNING payment to and services rendered by John O'Brien pursuant to the October 25, 2002 Consulting Agreement and all COMMUNICATIONS relating thereto.

**Request No. 96.** Produce the 83(b) Agreements dated March 21, 2000, entered into by FIRST ALLMERICA and John F. O'Brien, Richard Reilly, and J. Kendall Huber and all COMMUNICATIONS relating thereto.

**Request No. 97**. Produce the Severance Agreement dated February 24, 2004, between FIRST ALLMERICA and Mark Hug and all COMMUNICATIONS relating thereto.

**Request No. 98**. Produce all DOCUMENTS CONCERNING payments made to Mark Hug in connection with the February 24, 2004 Severance Agreement.

**Request No. 99**. Produce the Agreement between Michael P. Angelini and ALLMERICA FINANCIAL dated November 6, 2002.

**Request No. 135.** Produce all employment, severance, or consulting agreements between DEFENDANTS and James Bellner, Mark Hug, or Phil Alston and all COMMUNICATIONS relating thereto.

1. **Defendants' Position.**

Defendants objected to these requests as not relevant and refused to produce any documents.

2. **Plaintiffs' Position.**

These requests seek information concerning potential witnesses, their relationship with Defendants, and potential bias. Agreements, even settlement agreements, are discoverable to demonstrate bias. See, e.g., *See Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.,* No. CIV-A 97-3012, 1998 WL 186705, at *3 (E.D.La.1998) (allowing discovery of settlement agreements in order to evaluate a witness' potential bias, interest and credibility).  As such, the information is discoverable and the Court should overrule Defendants' objections and compel production of the documents.

C. **Refusal to Produce Documents Concerning Defendants' Knowledge and Motivations in Response to Request for Production 117, 133 & 134.**

**Request No. 117.** Produce all DOCUMENTS CONCERNING disclosures about the TRAIL AGREEMENT and/or this litigation in any offers to sell or solicitation of bids to purchase the annuities that are part of the TRAIL AGREEMENT or any other annuities or life business that is on the books of ALLMERICA LIFE and all COMMUNICATIONS relating thereto.

**Request No. 133.**  Produce all DOCUMENTS CONCERNING any proposals to sell or to entertain offers for any life or annuity business of ALLMERICA LIFE or  FIRST ALLMERICA and all COMMUNICATIONS relating thereto.

**Request No. 134.** Produce all DOCUMENTS CONCERNING any negotiations to sell any life or annuity business of ALLMERICA LIFE OR FIRST ALLMERICA and all COMMUNICATIONS relating thereto.

1. **Defendants' Position.**

Defendants objected stating the documents are not relevant.

2. **Plaintiffs' Position.**

These documents bear upon Defendants' motivations and knowledge concerning the timing of their plan to sell the life and annuity lines of business.  It was  announced on August 22, 2005 that the variable annuity business, including contracts impacting the Trail Agreements, are now being

sold to Goldman Sachs with an anticipated closing in November, 2005. The information sought is relevant to determine who will own the DAC Notes; who will be responsible to pay any commissions under the Trail Program; the specific nature of representations and warranties made by Defendants in the agreement which may bear upon the issues in this lawsuit; and who owns the alleged counterclaims which purport to be brought under the Trail program.[4]  The Court should overrule Defendants' objections and compel production of the requested documents.

**Conclusion**

Based upon the foregoing, Plaintiffs move that the Court (i) overrule Defendants' objections as requested above; (ii) compel timely responses as requested above; and (iii) such further relief that the Court deems proper.

Respectfully submitted,

Stephen L. Hubbard
Robert W. Biederman
BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001


Nancy Freeman Gans
BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979

---

[4]In addition to Goldman Sachs, Plaintiffs believe that there were draft agreements and negotiations with other entities which were not completed. Such documents are relevant for many of the same reasons just mentioned. Additionally. Plaintiffs believe that discussions regarding the sale of the same assets that are part of the Goldman Sachs transaction took place with Pacific Life and those discussions are a large reason that VeraVest explicitly approved and encouraged replacements of Annuities that are part of the Trail Program with Pacific Life products.

        Facsimile: (617) 369-7980

        By:
        <u>/s/ Robert W. Biederman</u>
        Robert W. Biederman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following:

| | |
|---|---|
| Jonathan A. Shapiro<br>WILMER CUTLER PICKERING<br>  HALE and DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-5000 fax | Brian E. Whiteley, Esq.<br>C. Alex Hahn, Esq.<br>Scibelli, Whiteley and Stanganelli, LLP<br>50 Federal Street, Fifth Floor<br>Boston, MA 02110<br>(617) 722-6003 fax<br><br>ATTORNEYS FOR DEFENDANTS |

<u>/s/Nancy Freeman Gans</u>
Nancy Freeman Gans