**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.  4:04-cv-40077-FDS |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP. | § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO.

TO:    Defendant, by and through its attorney of record, Jonathan A. Shapiro, Wilmer Cutler Pickering Hale and Dore, LLP, 60 State Street, Boston MA 02109

Plaintiffs Donald P. Speakman, Stephen H. Wedel and Mark L. Robare, by and through counsel, hereby serve upon Defendant Allmerica Financial Life Ins. & Annuity Co. the following First Set of Interrogatories pursuant to Fed. R. Civ. P. 33. Answers under oath and objections are to be served within thirty (30) days  to the offices of Hubbard & Biederman, LLP, 1717 Main Street, Suite 4700, Dallas, Texas 75201, and Moulton & Gans, 33 Broad Street, Suite 1100, Boston, Massachusetts 02109-4216.

**INTERROGATORIES TO DEFENDANT** - Page 1

## INSTRUCTIONS

TIME PERIOD - Unless otherwise specified, the time period covered by these requests is from January 1, 2000, to present.

## DEFINITIONS

1.      "ACTION" shall mean the lawsuit entitled Donald P. Speakman et al. V. Allmerica Financial Life Ins. & Annuity Co., et al, Civil Action No. 4:04-cv-40077-FDS pending in the United States District Court for the District of Massachusetts, Central Division.

2.      "AFFIRMATIVE DEFENSES" shall mean the affirmative defenses set forth in DEFENDANTS' Answer to the COMPLAINT in the ACTION.

2.      "ALLMERICA FINANCIAL" shall mean Allmerica Financial Corp.

3.      "ALLMERICA LIFE" shall mean Allmerica Financial Life Ins. & Annuity Co.

4.      "COMMUNICATION" shall have the meaning set forth in LOCAL RULE 26.5(c)(1).

5.      "COMPLAINT" shall mean the First Amended Class Action Complaint filed in the ACTION.

6.      "CONCERNING" shall have the meaning set forth in LOCAL RULE 26.5(c)(7).

7.      "COUNTERCLAIM" shall mean the counterclaims set forth in DEFENDANTS' ANSWER to the COMPLAINT and Counterclaims.

8.      "DAC" shall mean Deferred Acquisition Costs.

**INTERROGATORIES TO DEFENDANT - Page 2**

9.      "DAC NOTE" shall mean the Promissory Notes that were entered into by PERSONS and payable to ALLMERICA FINANCIAL in connection with the TRAIL AGREEMENT.

10.     "DEFENDANTS" shall mean Allmerica Financial Life Ins. & Annuity Co., First Allmerica Financial Life Ins. Co. and Allmerica Financial Corp.

11.     "DOCUMENT" shall have the meaning set forth in LOCAL RULE 26.5(c)(2).

12.     "FIRST ALLMERICA" shall mean First Allmerica Financial Life Ins. Co.

13.     "GMDB" shall mean the guaranteed minimum death benefit feature of certain variable annuities that ALLMERICA LIFE issued.

14.     "IDENTIFY (with respect to PERSONS)" shall have the same meaning as set forth in LOCAL RULE 26.5(c)(3).

15.     "IDENTIFY (with respect to DOCUMENTS) shall have the same meaning as set forth in LOCAL RULE 26.5(c)(4).

16.     "LOCAL RULE" shall mean the Local Rules for the United States District Court for the District of Massachusetts.

17.     "PARTIES" shall have meaning set forth in LOCAL RULE 26.5(c)(5).

18.     "PERSON" shall have the meaning set forth in LOCAL RULES 26.5(c)(6).

19.     "PLAINTIFFS" shall mean Donald P. Speakman, Stephen H. Wedel, and Mark L. Robare.

20.     "REQUEST FOR ADMISSIONS" shall refer to Plaintiffs' First Set of Request For Admissions in this ACTION which are being served contemporaneously with these Interrogatories.

**INTERROGATORIES TO DEFENDANT - Page 3**

21.    "STATE THE BASIS" shall have the meaning set forth in LOCAL RULES 26.5(c)(8).

22.    "TRAIL AGREEMENT" shall mean the "Agent In-Force Trail Commission Agreement" effective on January 1, 2001, entered into by ALLMERICA FINANCIAL and PLAINTIFFS and any other PERSON.

## INTERROGATORIES

**Interrogatory No. 1:** IDENTIFY (a) all PERSONS who entered into the TRAIL AGREEMENT with ALLMERICA LIFE; (b) whether they selected the variable or flat trail commission rate; (c) for those selecting the variable rate, the actual rate used for each quarter since January 1, 2001; (d) how DEFENDANTS arrived at the commission rate; and (e) the outgo rate for each PERSON for each quarter since January 1, 2001.

    **Answer:**


**Interrogatory No. 2:**    For each PERSON who entered into the TRAIL AGREEMENT, IDENTIFY (a) all those with DAC NOTES, (b) the original principal balance of each DAC NOTE, (c)  the current balance of each DAC NOTE, (d) if the DAC Note is in default; and (e) any resolution of the default.

    **Answer:**


**Interrogatory No. 3**: As to each  PERSON who entered into the TRAIL AGREEMENT, IDENTIFY (a) all those terminated by ALLMERICA LIFE prior to December 31, 2002, and whether the termination was for cause or not; (b) those who had resigned as a career

**INTERROGATORIES TO DEFENDANT - Page 4**

agent of ALLMERICA LIFE prior to December 31, 2002; (c) those who entered into a Broker's Agreement with ALLMERICA LIFE effective as of January 1, 2003; (d) those who had been terminated by ALLMERICA LIFE between January 1, 2003 and December 31, 2003, and whether the termination was for cause or not; and (e) those who resigned as a broker with ALLMERICA LIFE after January 1, 2003.

**Answer:**

**Interrogatory No. 4:** As to the TRAIL AGREEMENT (a) state all modifications to the terms of the TRAIL AGREEMENT; (b) the date that each modification took effect, and if applicable, ended; (c) IDENTIFY each PERSON affected by the modification; (d) state the reason for each modification and the reason that it applied to the particular PERSON and not all PERSONS; and (e) IDENTIFY all DOCUMENTS CONCERNING 4 (a) -(d).

**Answer:**

**Interrogatory No. 5:** IDENTIFY any COMMUNICATION between DEFENDANTS and any PERSON during 1999 or 2000 CONCERNING (a) assumptions used to determine the amortization of DAC; (b) how downturns in the equity markets created a risk of partial or permanent impairment of the recovery of DAC; (c) the effect of the partial or permanent impairment of the recovery of DAC to the earnings or surplus of any of DEFENDANTS and the ratings assigned to any of DEFENDANTS by the rating agencies such as Standard & Poor's, Best's, and Moody's; (d) the effect of lowered ratings on the ability of

**INTERROGATORIES TO DEFENDANT - Page 5**

DEFENDANTS to sell their proprietary life and annuity products; and (e) strategies to lessen the risk of the permanent or partial impairment of DAC.

**Answer:**


**Interrogatory No. 6:** IDENTIFY any COMMUNICATION between DEFENDANTS and any PERSON during 1999 or 2000 CONCERNING (a) assumptions used to determine the exposure to the GMDB risk; (b) how downturns in the equity markets created an increase in GMDB risk, including how a 1% change in the Standard & Poor's 500 index would affect the net amount of risk and statutory surplus of ALLMERICA LIFE or FIRST ALLMERICA; (c) the effect of the increase in the GMDB risk on earnings or surplus of any of DEFENDANTS, and the ratings assigned to any of DEFENDANTS by the rating agencies such as Standard & Poor's, Best's, and Moody's; and (e) strategies to lessen the GMDB risk.

**Answer:**


**Interrogatory No. 7:**     For any REQUEST FOR ADMISSIONS that you did not unconditionally admit, state the factual basis for your failure to admit such request and IDENTIFY all DOCUMENTS that support or CONCERN such basis.

**Answer:**




**INTERROGATORIES TO DEFENDANT - Page 6**

**Interrogatory No. 8**:      STATE THE BASIS for the Third AFFIRMATIVE DEFENSE.

      **Answer**:

**Interrogatory No. 9**:      STATE THE BASIS for the Eighth AFFIRMATIVE DEFENSE.

      **Answer**:

**Interrogatory No. 10**:      STATE THE BASIS for the Ninth AFFIRMATIVE DEFENSE.

      **Answer**:

**Interrogatory No. 11**:      STATE THE BASIS for the Tenth AFFIRMATIVE DEFENSE, including, but not limited to, the amount of the alleged set-off.

      **Answer**:

**Interrogatory No. 12**:      STATE THE BASIS for the Fifteenth AFFIRMATIVE DEFENSE.

      **Answer**:

**Interrogatory No. 13**: (a) STATE THE BASIS for DEFENDANTS' contention that PLAINTIFFS' breached the terms of the TRAIL PROGRAM, Career Agency Agreements, Broker's Agreement, and/or Independent Contractor Agreement for Registered Representative; (b) the date(s) the alleged breaches occurred; (c) how and when

**INTERROGATORIES TO DEFENDANT - Page 7**

DEFENDANTS first discovered each alleged breach; and (d) IDENTIFY the DOCUMENTS that support this contention.

   **Answer**:


                              Respectfully submitted,

                              HUBBARD & BIEDERMAN, L.L.P.

                              By: _____
                                 Stephen L. Hubbard
                                 Robert W. Biederman
                                 BBO No. 562279
                                 1717 Main Street, Suite 4700
                                 Dallas, Texas 75201
                                 Telephone: (214) 857-6000
                                 Facsimile: (214) 857-6001

                                 Nancy Freeman Gans
                                 BBO No. 184540
                                 Moulton & Gans, P.C.
                                 33 Broad Street, Suite 1100
                                 Boston, Massachusetts 02109
                                 Telephone: (617) 369-7979
                                 Facsimile:(617) 369-7980


                              ATTORNEY FOR PLAINTIFFS


<u>**INTERROGATORIES TO DEFENDANT**</u> - **Page 8**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via FedEx on this the ___ day of July, 2005 to the following:

Jonathan A. Shapiro
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Stephen L. Hubbard

**INTERROGATORIES TO DEFENDANT - Page 9**