# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., <br><br> Defendants and Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants and Counterclaim

Plaintiffs Allmerica Financial Life Insurance & Annuity Co., First Allmerica Financial Life

Insurance Co., and Allmerica Financial Corp. (collectively, the "Allmerica Defendants") hereby

object and respond to Plaintiffs and Counterclaim Defendants' First Request for Production of

Documents ("requests") as follows:

### GENERAL OBJECTIONS

Each of the Allmerica Defendants' responses is subject to and incorporates the following

general objections. The assertion of the same, similar, or additional objections, or a partial

response to any individual request does not waive any of the Allmerica Defendants' general

objections.

1.    Given that the Court has not ruled on Plaintiffs' Motion for Class Certification, the Allmerica Defendants object to these requests to the extent they seek information concerning putative class members or Trail Program participants other than the three named plaintiffs, except where that discovery is relevant to address the appropriateness of class certification.

2.    The Allmerica Defendants object to the requests to the extent they seek the "disclos[ure] of any personal or privileged information about an individual collected or received in connection with an insurance transaction" that is prohibited by Mass Gen. Laws ch. 175I, § 13 ("Chapter 175I"). The Allmerica Defendants will produce documents in a manner that does not identify any individuals covered under Chapter 175I, but is designed to provide summary data and other information sufficient to show the requested information. If you contend that any response is inadequate due to the withholding of personal or privileged information under Chapter 175I, please contact counsel to address any such issues.

3.    Defendants Allmerica Financial Life Insurance & Annuity Co. ("AFLIAC"), First Allmerica Financial Life Insurance Co. ("FAFLIC"), and Allmerica Financial Corp. ("AFC") are separate entities. None of the Allmerica Defendants' responses herein shall constitute a waiver of any and all defenses, protections or rights accorded to the Allmerica Defendants as separate entities, nor as an admission that any of the Allmerica Defendants as a separate entity possesses any documents referred to herein.

4.    The Allmerica Defendants object to the requests to the extent they seek documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. The inadvertent production by the

-2-

Allmerica Defendants of any document containing information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, shall not constitute a waiver by the Allmerica Defendants of any such protection.

5.      The Allmerica Defendants object to the requests to the extent they seek to impose any obligation on the Allmerica Defendants beyond those required by the Federal Rules of Civil Procedure or the Local Rules, including but not limited to any request that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 34.

6.      The Allmerica Defendants object to the requests to the extent they purport to impose on the Allmerica Defendants a duty to search for documents beyond a diligent search of their files where potentially responsive materials reasonably would be expected to be found. The Allmerica Defendants further object to the breadth of the requests to the extent they impose on the Allmerica Defendants an unreasonable expense or will create a significant delay that would be disproportionate to the probative value or relevance of the material sought.  For example, potentially discoverable materials are located in a warehouse and contained in several thousand boxes of documents.  In addition, the Allmerica Defendants are in the process of assessing the extent to which responsive materials may be contained in archived electronic data, and thereafter will need to determine the feasibility, mechanics, timing and expense of reviewing that data.  Given the volume of material, the review and production of the documents sought could present a time delay and cost that is greatly disproportionate to the likelihood of yielding discoverable material.  The Allmerica Defendants state that they will meet and confer with Plaintiffs regarding the scope of any search for responsive documents in its warehouse or electronic archived files.

7.    The Allmerica Defendants object to the requests to the extent that they are unreasonably cumulative and duplicative of each other or call for the production of "all" documents on a given topic where many of those documents contain the same or similar information that has been or will be produced.  For example, Request Nos. 13-22, among other requests, boil down to a request for "all" documents concerning the Promissory Notes; in many respects, these requests are redundant of each other and seek information that already has been provided by the Allmerica Defendants in response to Plaintiffs' First Set of Interrogatories. Moreover, it is unduly burdensome to require the Allmerica Defendants to produce "all" documents that in some sense could be said to concern the Promissory Notes, because the key information (e.g., amounts owed and dates) already has been provided in response to Plaintiffs' First Set of Interrogatories and is much more manageable to produce in summary form (as opposed to production of back-up information).

8.    The Allmerica Defendants object to the requests to the extent they seek documents or materials that are a matter of public record or equally available to Plaintiffs.

9.    The Allmerica Defendants object to the requests to the extent they seek documents or materials not in their possession, custody, or control.

10.    The Allmerica Defendants object to the definition of "Trail Agreement" on the ground that there was no single Trail Agreement, but rather there were various Trail Agreements with different terms and that over time these various agreements were modified in differing respects.

11.    The Allmerica Defendants object to the definition of "DAC Note" on the ground that the notes associated with the Trail Agreements were "Promissory Notes," and the term "DAC Note" is vague and ambiguous.

12.    The Allmerica Defendants object to the date range of documents sought by Plaintiffs (January 1, 2000 to the present) which, with respect to many requests, calls for the production of documents that could not be relevant to the claims or defenses of the parties.

13.    None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents or materials, or the truth or accuracy of any statement or characterization contained in the requests. The Allmerica Defendants retain the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of the documents that it produces, in whole or in part, in this or any other action.

14.    Unless otherwise indicated, the Allmerica Defendants will not produce documents or other materials encompassed by their objections.

15.    The Allmerica Defendants' production of documents is contingent upon the negotiation and execution of a mutually-acceptable protective order by the parties, and entry of such order by the Court.

16.    The Allmerica Defendants state that they will produce non-privileged documents as set forth herein on a rolling basis to the Plaintiffs.

17.    The Allmerica Defendants' discovery and investigation of facts relevant to this litigation is ongoing. For this reason and to avoid delay, the Allmerica Defendants' responses

herein are made on the basis of their investigation to date and upon information currently

available to them. The Allmerica Defendants reserve the right to amend, supplement, or

modify their responses as further information becomes available and is analyzed in accordance

with Federal Rule of Civil Procedure 26(e).

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the foregoing general objections, the Allmerica

Defendants specifically respond to each document request as follows:

### REQUEST NO. 1

Produce all DOCUMENTS that were provided to PLAINTIFFS or any other PERSON who entered the TRAIL AGREEMENT, prior to entering the TRAIL AGREEMENT including, but not limited to, memoranda explaining the operation or terms of the TRAIL AGREEMENT, projections or worksheets of contemplated commissions, and memoranda or correspondence about the operation or terms of the TRAIL AGREEMENT.

### RESPONSE NO. 1

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce any non-privileged documents in their possession, custody, or control

concerning the design, negotiation, and administration of the Trail Agreements, as well as the

Plaintiffs' and Defendants' communications about and the performance of the Trail Agreements.

### REQUEST NO. 2

Produce the "'worst' case scenario worksheet" that is described in the October 23, 2000, Memorandum from Phyllis Aiello of ALLMERICA FINANCIAL that was provided to PLAINTIFFS or any other PERSON that entered into the TRAIL AGREEMENT.

RESPONSE NO. 2

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 3**

Produce all DOCUMENTS CONCERNING the decision to create the TRAIL
AGREEMENT including, but not limited to, reports, memoranda or correspondence to or from
directors, officers, employees or other agents of DEFENDANTS; minutes of any executive
committee, board of director, or ad hoc committee convened by DEFENDANTS; reports,
memoranda or correspondence to or from DEFENDANTS or any of their agents and
PLAINTIFFS or any other agents of ALLMERICA LIFE; and drafts of TRAIL AGREEMENT.

RESPONSE NO. 3

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege. The Allmerica Defendants further

object to this request to the extent it is overbroad and subjects the Allmerica Defendants to

unreasonable and undue annoyance, oppression, burden and expense. The Allmerica Defendants

further object to this request as vague insofar as it seeks to require them to identify which

documents concerned subjective decisions made by Plaintiffs or others, which may not be

apparent from the face of the documents. Subject to and without waiving their general and

specific objections, the Allmerica Defendants will produce the categories of non-privileged

documents described in Response No. 1.

**REQUEST NO. 4**

Produce all DOCUMENTS CONCERNING the negotiation of the terms of the TRAIL
AGREEMENT including, but not limited to, any correspondence, memoranda or reports between
any of DEFENDANTS and PLAINTIFFS or any other PERSON who entered into the TRAIL
AGREEMENT; reports, memoranda or correspondence to or from directors, officers, employees
or other agents of DEFENDANTS; minutes of any executive committee, board of director, or ad
hoc committee convened by DEFENDANTS; reports, memoranda or correspondence to or from
DEFENDANTS or any of their agents and PLAINTIFFS or any other agents of ALLMERICA
FINANCIAL; reports, memoranda, or correspondence of any accountants or actuaries; drafts of

any TRAIL AGREEMENT agreements; and projections of the contemplated operation of the TRAIL AGREEMENT.

RESPONSE NO. 4

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense. Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response No. 1.

**REQUEST NO. 5**

Produce all DOCUMENTS CONCERNING any economic assumptions that
DEFENDANTS, PLAINTIFFS or any other PERSON who entered into the TRAIL
AGREEMENT made at the time of entering into the TRAIL AGREEMENT, including, but not
limited to, the amounts of commissions under the TRAIL AGREEMENT, payments that
ALLMERICA LIFE expected to receive in connection with the DAC NOTES, persistency of the
annuities that were included in the TRAIL AGREEMENT, future productivity of PLAINTIFFS
or any other PERSON that entered into the TRAIL AGREEMENT, and tax treatment of the
commissions and DAC NOTE payments under the TRAIL AGREEMENT.

RESPONSE NO. 5

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request as vague insofar as it seeks to

require them to identify what Plaintiffs assumed when they signed the Trail Agreements.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1.

## REQUEST NO. 6

Produce all DOCUMENTS created or used by DEFENDANTS to induce any PERSON to enter into the TRAIL AGREEMENT.

## RESPONSE NO. 6

The Allmerica Defendants object to this request to the extent it is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense. Allmerica further objects to this request on the ground that Allmerica did not induce anyone to enter the Trail Agreements; those who executed Trail Agreements wanted to participate. Subject to and without waiving their general and specific objections, the Allmerica Defendants will produce the categories of non-privileged documents described in Response No. 1.

## REQUEST NO. 7

Produce all DOCUMENTS CONCERNING any COMMUNICATION with any PERSON to induce them to enter into the TRAIL AGREEMENT.

## RESPONSE NO. 7

The Allmerica Defendants object to this request to the extent it is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense. Subject to and without waiving their general and specific objections, the Allmerica Defendants will produce the categories of non-privileged documents described in Response No. 1.

## REQUEST NO. 8

Produce all DOCUMENTS that embody the original terms of the TRAIL AGREEMENT, including all DOCUMENTS CONCERNING provisions or terms of the TRAIL AGREEMENT that are not contained in the TRAIL AGREEMENT itself.

RESPONSE NO. 8

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 9**

Produce all executed TRAIL AGREEMENTS.

RESPONSE NO. 9

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 10**

Produce all completed Advisor Inforce Trail Program Election Forms by each PERSON
who entered into the TRAIL AGREEMENT.

RESPONSE NO. 10

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 11**

Produce all DOCUMENTS CONCERNING any modifications, amendments, or
clarification of the terms of the TRAIL AGREEMENT.

RESPONSE NO. 11

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity.  The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.  Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 12**

Produce all DOCUMENTS CONCERNING any proposed or possible modifications, amendments, or clarification of the terms of the TRAIL AGREEMENT, including, but not limited to, internal memoranda, notes, or reports of DEFENDANTS, drafts of proposed or possible modifications or amendments.

RESPONSE NO. 12

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request on the ground

that it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties,

and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression,

burden and expense. Subject to and without waiving their general and specific objections, the

Allmerica Defendants will produce the categories of non-privileged documents described in

Response No. 1.

**REQUEST NO. 13**

Produce all the DAC NOTES.

RESPONSE NO. 13

Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce all Promissory Notes (but in redacted form for putative class members)

and non-privileged documents in their possession, custody, or control concerning the negotiation

of and communications between Defendants and Plaintiffs with respect to the Promissory Notes,

and will produce non-privileged documents sufficient to show the amounts due and owing on

those Promissory Notes.

**REQUEST NO. 14**

Produce all DOCUMENTS CONCERNING any modifications or amendments to the DAC NOTES.

RESPONSE NO. 14

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense. Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response No. 13.

**REQUEST NO. 15**

Produce all DOCUMENTS CONCERNING any settlement with any PERSON who entered into the TRAIL AGREEMENT, including any release, modification, or termination of obligations or terms of the TRAIL AGREEMENT as to that PERSON.

RESPONSE NO. 15

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. Subject to and without waiving their general and specific objections,

the Allmerica Defendants will produce the categories of non-privileged documents described in

Response Nos. 1 and 13 and also settlement agreements whereby Promissory Notes were

cancelled (in redacted form to protect the identities of the parties).

**REQUEST NO. 16**

Produce all DOCUMENTS CONCERNING any modification or restructuring of the terms of the DAC NOTE or TRAIL AGREEMENT as to any PERSON who entered into the TRAIL AGREEMENT.

RESPONSE NO. 16

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense. Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response Nos. 1, 13, and 15.

**REQUEST NO. 17**

Produce all DOCUMENTS CONCERNING the balances allegedly due on the DAC
NOTES.

RESPONSE NO. 17

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response No.

13.

**REQUEST NO. 18**

Produce all DOCUMENTS CONCERNING the DAC NOTES that are allegedly in
default.

RESPONSE NO. 18

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

-13-

Defendants will produce the categories of non-privileged documents described in Response No.

13.

## REQUEST NO. 19

Produce all DOCUMENTS CONCERNING any actions taken by any of DEFENDANTS relating to the DAC NOTES that are allegedly in default, including, but not limited to, demand or other letters, or lawsuits.

RESPONSE NO. 19

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense. Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response Nos. 13 and 15, and also will produce pleadings filed in any court that are

responsive to this request and are in their possession, custody, or control.

## REQUEST NO. 20

Produce all DOCUMENTS CONCERNING any setoffs or offsets taken against commissions due any PERSON who entered into the TRAIL AGREEMENT by any of DEFENDANTS to pay any part of the DAC NOTES.

RESPONSE NO. 20

The Allmerica Defendants further object to this request to the extent it is overbroad and

subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden

and expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response Nos.

1 and 13.

-14-

**REQUEST NO. 21**

Produce all DOCUMENTS CONCERNING all DAC NOTES that have been cancelled.

RESPONSE NO. 21

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and

subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden

and expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response Nos.

13 and 15.

**REQUEST NO. 22**

Produce all DOCUMENTS CONCERNING all DAC NOTES that have been paid in full.

RESPONSE NO. 22

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response Nos.

13 and 15.

**REQUEST NO. 23**

Produce all DOCUMENTS CONCERNING the identity of and all payments to
ALLMERICA LIFE in connection with the TRAIL AGREEMENT by any PERSON who did
not have a DAC NOTE.

RESPONSE NO. 23

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 24**

Produce all the quarterly and annual statements sent to each PERSON who entered into
the TRAIL AGREEMENT CONCERNING the payment calculations and commission rates
under the TRAIL AGREEMENT.

RESPONSE NO. 24

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense.  Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response No.

1.

**REQUEST NO. 25**

Produce all the tax statements sent to each PERSON who entered into the TRAIL
AGREEMENT CONCERNING payments made or received under the TRAIL AGREEMENT.

RESPONSE NO. 25

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that after due inquiry, they have not located any documents responsive to this request.

**REQUEST NO. 26**

Produce all DOCUMENTS CONCERNING how DEFENDANTS identified variable annuities or fixed annuities that were to be included as part of the of the TRAIL AGREEMENT in accordance with paragraph I(2)((a)-(d) of the TRAIL AGREEMENT, including, but not limited to, replacement contracts issued after December 31, 1995, that fall within those sections.

RESPONSE NO. 26

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request on the ground that the phrase

"how DEFENDANTS identified" is vague and ambiguous in the context of this request. Subject

to and without waiving their general and specific objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 27**

Produce all DOCUMENTS CONCERNING how DEFENDANTS identified variable annuities or fixed annuities that were to be included as part of the of the TRAIL AGREEMENT in accordance with paragraph I(2)((a)-(d) of the TRAIL AGREEMENT, including, but not limited to, replacement contracts issued after December 31,1995, that fall within those sections as to PLAINTIFF Speakman.

RESPONSE NO. 27

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request on the ground that the phrase

"how DEFENDANTS identified" is vague and ambiguous in the context of this request. The

Allmerica Defendants further object to this request as duplicative of Request No. 26. Subject to

and without waiving their general and specific objections, the Allmerica Defendants will produce

the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 28**

Produce all DOCUMENTS CONCERNING how DEFENDANTS identified the aggregate premiums paid on "the replaced contract," as defined in paragraph III(b) (ii) of the TRAIL AGREEMENT(or a percentage thereof in the case of a partial replacement) plus the aggregate premiums paid on any ALLMERICA LIFE insurance or annuity contract that was replaced by the replaced contract.

RESPONSE NO. 28

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request on the ground that the phrase

"how DEFENDANTS identified" is vague and ambiguous in the context of this request and

further object on the ground that the second part of this request is unintelligible. Subject to and

without waiving their general and specific objections, the Allmerica Defendants will produce the

categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 29**

Produce all DOCUMENTS CONCERNING how DEFENDANTS identified the aggregate premiums paid on all of "the replaced contract(s)," as defined in paragraph III(b) (ii) of the TRAIL AGREEMENT(or a percentage thereof in the case of a partial replacement), plus the aggregate premiums paid on any ALLMERICA LIFE life insurance or annuity contract that was replaced by the replaced contract as to PLAINTIFF Speakman.

RESPONSE NO. 29

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request on the ground that the phrase

"how DEFENDANTS identified" is vague and ambiguous in the context of this request and

further object on the ground that the second part of this request is unintelligible. The Allmerica

Defendants further object to this request as duplicative of Request No. 28. Subject to and

without waiving their general and specific objections, the Allmerica Defendants will produce the

categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 30**

Produce all DOCUMENTS CONCERNING how DEFENDANTS determined the
amount set forth in III(b)(iii) of the TRAIL AGREEMENT.

RESPONSE NO. 30

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request on the ground that the phrase

"how DEFENDANTS determined" is vague and ambiguous in the context of this request.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 31**

Produce all DOCUMENTS CONCERNING how DEFENDANTS determined the
amount set forth in III(b)(iii) of the TRAIL AGREEMENT as to PLAINTIFF Speakman.

RESPONSE NO. 31

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request on the ground that the phrase

"how DEFENDANTS determined" is vague and ambiguous in the context of this request. The

Allmerica Defendants further object to this request as duplicative of Request No. 30. Subject to

and without waiving their general and specific objections, the Allmerica Defendants will produce

the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 32**

Produce all DOCUMENTS CONCERNING any COMMUNICATIONS to any PERSON including, but not limited to, any PERSON who entered into the TRAIL AGREEMENT, auditors of any of DEFENDANTS, or any governmental entity that regulates any of DEFENDANTS about writing off, writing down, or cancellation of balances due on DAC NOTES.

RESPONSE NO. 32

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request on the ground

that it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties,

and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression,

burden and expense. Subject to and without waiving their general and specific objections, the

Allmerica Defendants will produce the categories of non-privileged documents described in

Response Nos. 1 and 13.

**REQUEST NO. 33**

Produce all DOCUMENTS CONCERNING any COMMUNICATIONS to any PERSON about the characterization or treatment on the financial statements of any DEFENDANTS of the payments made by or to DEFENDANTS under the TRAIL AGREEMENT.

RESPONSE NO. 33

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request on the ground

that it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties,

and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression,

burden and expense. The Allmerica Defendants further object to this request on the ground that

the phrase "characterization or treatment" is vague and ambiguous in the context of this request.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with the SEC.

## REQUEST NO. 34

Produce all professional liability, errors and omissions, or director and officers insurance policies, including the applications for those policies, covering the acts or omissions of the employees, officers, or directors of DEFENDANTS.

## RESPONSE NO. 34

The Allmerica Defendants object to this request to the extent it seeks documents that are

not relevant to the claims or defenses of the parties. Subject to and without waiving their general

and specific objections, the Allmerica Defendants will produce a copy of any insurance policy

under which they have asserted a claim for coverage in connection with this litigation.

## REQUEST NO. 35

Produce all professional liability, or errors and omissions insurance policies, including the applications for those policies, covering the acts or omissions of PLAINTIFFS or any other PERSON, who entered into the TRAIL AGREEMENT.

## RESPONSE NO. 35

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it seeks information that is not relevant to the claims or defenses of the parties.

## REQUEST NO. 36

Produce all DOCUMENTS CONCERNING the charging to and payment by PLAINTIFFS or any other PERSON who entered into the TRAIL AGREEMENT of any premiums involving professional liability or errors and omissions insurance policies.

## RESPONSE NO. 36

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it seeks information that is not relevant to the claims or defenses of the parties.

**REQUEST NO. 37**

Produce all DOCUMENTS CONCERNING whether PLAINTIFFS or any other PERSON who entered into the TRAIL AGREEMENT were employees of ALLMERICA LIFE.

RESPONSE NO. 37

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity.  The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.  Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce contracts and other documents setting forth

the terms of the Plaintiffs' relationship with the Allmerica Defendants.

**REQUEST NO. 38**

Produce all DOCUMENTS CONCERNING whether PLAINTIFFS or any other PERSON who entered into the TRAIL AGREEMENT were independent contractors or ALLMERICA LIFE.

RESPONSE NO. 38

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity.  The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.  Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response No. 37.

**REQUEST NO. 39**

Produce all DOCUMENTS CONCERNING any position that DEFENDANTS have taken in any lawsuit, administrative proceeding, or any threatened or actual regulatory action as to whether any PERSON who entered into a Career Agent's Agreement with State Mutual Life Assurance Company of America or ALLMERICA LIFE was an employee or independent contractor of either of those entities.

RESPONSE NO. 39

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity.  Subject to and without waiving their general and specific objections,

the Allmerica Defendants state that they are undertaking a search for responsive documents, but

have not located any to date.

**REQUEST NO. 40**

Produce all DOCUMENTS CONCERNING any of DEFENDANTS' control over the time, place and manner of solicitation of servicing of the business of ALLMERICA LIFE by PLAINTIFFS or any other PERSON who entered into the TRAIL AGREEMENT, including but not limited, to any position taken in a lawsuit, administrative proceeding, or any threatened or actual regulatory action.

RESPONSE NO. 40

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it is

overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.  Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response Nos. 1 and 37.

**REQUEST NO. 41**

Produce all Career Agent's Agreements, including all exhibits thereto, that were entered into by any of PLAINTIFFS and any other PERSONS who entered into the TRAIL AGREEMENT, on the one hand, and DEFENDANTS or State Mutual Life Assurance Company of America, on the other hand.

RESPONSE NO. 41

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 37.

**REQUEST NO. 42**

Produce all modifications or amendments to Career Agent's Agreements, including all exhibits or attachments thereto, that were entered into by any of PLAINTIFFS and any other PERSONS who entered into the TRAIL AGREEMENT, on the one hand, and ALLMERICA LIFE or State Mutual Life Assurance Company of America, on the other hand.

RESPONSE NO. 42

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 37.

**REQUEST NO. 43**

Produce all Broker's Agreements, including all exhibits thereto, that were entered into by any of PLAINTIFFS and any other PERSONS who entered into the TRAIL AGREEMENT, on the one hand, and ALLMERICA LIFE, on the other hand.

RESPONSE NO. 43

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents concerning the parties' relationship

described in Response No. 37.

**REQUEST NO. 44**

Produce all modifications or amendments to Broker's Agreements, including all exhibits or attachments thereto, that were entered into by any of PLAINTIFFS and any other PERSONS who entered into the TRAIL AGREEMENT, on the one hand, and ALLMERICA LIFE , on the other hand.

RESPONSE NO. 44

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 37.

**REQUEST NO. 45**

Produce all Independent Contractor Agreement for Registered Representative entered
into by any of PLAINTIFFS and any other PERSONS who entered into the TRAIL
AGREEMENT, on the one hand, and VeraVest Investments, Inc., on the other hand.

RESPONSE NO. 45

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request will produce the categories of non-

privileged documents described in Response No. 37.

**REQUEST NO. 46**

Produce all modifications or amendments to Independent Contractor Agreement for
Registered Representative, including all exhibits or attachments thereto, entered into by any of
PLAINTIFFS and any other PERSONS who entered into the TRAIL AGREEMENT, on the one
hand, and VeraVest Investments, Inc., on the other hand.

RESPONSE NO. 46

Subject to and without waiving their general objections, the Allmerica Defendants will

produce the categories of non-privileged documents described in Response No. 37.

**REQUEST NO. 47**

Produce all DOCUMENTS CONCERNING any of DEFENDANTS' policies and
practices as to the replacement of variable annuities or any other policies issued by
DEFENDANTS, including, but not limited to, prohibitions on replacements, permission of
replacements, commissions paid or not paid for replacements.

RESPONSE NO. 47

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce non-privileged documents containing their practices or policies regarding the

prohibition or permission of replacements of variable annuities issued by the Allmerica

Defendants.

## REQUEST NO. 48

Produce all DOCUMENTS CONCERNING any of DEFENDANTS
COMMUNICATIONS with PLAINTIFFS or any PERSON that entered into the TRAIL
AGREEMENT regarding DEFENDANTS' policies and practices as to the replacement of
variable annuities or any other policies issued by DEFENDANTS, including, but not limited to,
prohibitions on replacements, permission of replacements, commissions paid or not paid for
replacements.

## RESPONSE NO. 48

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce non-privileged documents concerning communications with the Named Plaintiffs

about the Allmerica Defendants' policies or practices regarding the prohibition or permission of

replacements of variable annuities issued by the Allmerica Defendants.

## REQUEST NO. 49

Produce all DOCUMENTS CONCERNING any of DEFENDANTS' policies and
practices as to the replacement of variable annuities or any other policies issued by an insurance
company other than DEFENDANTS, including, but not limited to, prohibitions on replacements,
permission of replacements, commissions paid or not paid for replacements.

RESPONSE NO. 49

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 47.

**REQUEST NO. 50**

Produce all DOCUMENTS CONCERNING any COMMUNICATIONS with
PLAINTIFFS or any other PERSON who entered into the TRAIL AGREEMENT as to any of
DEFENDANTS' policies as to the replacement of variable or fixed annuities, that were issued by
an insurance company other than DEFENDANTS.

RESPONSE NO. 50

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 47.

**REQUEST NO. 51**

Produce all DOCUMENTS CONCERNING any COMMUNICATIONS by
DEFENDANTS to or from the Securities & Exchange Commission, the National Association of
Securities Dealers or any other regulatory or governmental agency about the replacement of any
variable or fixed annuities issued by ALLMERICA LIFE by any of PLAINTIFFS or any other
PERSON who entered into the TRAIL AGREEMENT.

RESPONSE NO. 51

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege or immunity.  Subject to and without waiving their general and specific objections, the

Allmerica Defendants will produce non-privileged documents responsive to this request that are

in their possession, custody, or control to the extent they concern any of the Plaintiffs.

## REQUEST NO. 52

Produce all DOCUMENTS when DEFENDANTS first determined that PLAINTIFFS or
any other PERSON who entered into the TRAIL AGREEMENT had replaced variable or fixed
annuities that DEFENDANTS believed was in violation of any agreements that PLAINTIFFS or
any other PERSON who entered into the TRAIL AGREEMENT had entered into with
DEFENDANTS.

RESPONSE NO. 52

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege or immunity.  The Allmerica Defendants further object to this request on the ground

that the phrase "Produce all DOCUMENTS when" is unintelligible.  The Allmerica Defendants

further object to this request to the extent it seeks documents that are not relevant to the claims or

defenses of the parties.  Subject to and without waiving their general and specific objections, the

Allmerica Defendants will produce non-privileged documents concerning any determination that

the Plaintiffs violated their agreements with the Allmerica Defendants, and also will produce the

categories of non-privileged documents described in Response Nos. 1 and 51.

## REQUEST NO. 53

Produce all DOCUMENTS CONCERNING the replacements of variable or fixed
annuities, that were part of the TRAIL AGREEMENT that DEFENDANTS maintain violated
any agreement, regulation of the Securities Exchange Commission, rule of the National
Association of Securities Dealers, or any other law, rule, or regulation of any governmental
authority.

RESPONSE NO. 53

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense. Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce non-privileged documents responsive to this

request that are in their possession, custody, or control to the extent they concern the Plaintiffs,

and also will produce the categories of documents described in Response Nos. 1 and 51.

### REQUEST NO. 54

Produce all DOCUMENTS CONCERNING COMMUNICATIONS to or from
DEFENDANTS and PLAINTIFFS or any PERSON who entered into the TRAIL AGREEMENT
involving their replacement of annuities that were part of the TRAIL AGREEMENT.

### RESPONSE NO. 54

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response No.

1.

### REQUEST NO. 55

Produce all DOCUMENTS CONCERNING COMMUNICATIONS to or from
DEFENDANTS and any PERSON who entered into a annuity that was part of the TRAIL
AGREEMENT and which annuity was replaced.

### RESPONSE NO. 55

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants