state that they will meet and confer with Plaintiffs regarding the scope of this request and any

search for responsive documents.

## REQUEST NO. 56

Produce all DOCUMENTS CONCERNING any action that any of DEFENDANTS has taken since 2002 to complain about, criticize, defend, or prosecute any PERSON in the Partner or Select distribution channel in connection with the replacement of a variable annuity or variable insurance policy issued by any of DEFENDANTS.

RESPONSE NO. 56

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and

subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden

and expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents responsive to this request that are in their

possession, custody, or control to the extent they concern any of the Plaintiffs, and also will

produce the categories of documents described in Response Nos. 1 and 37.

## REQUEST NO. 57

Produce all DOCUMENTS CONCERNING any action by DEFENDANTS since 2002 to complain about, criticize, defend, or prosecute any PERSON who entered into the TRAIL PROGRAM concerning the replacement of a variable annuity or variable insurance policy.

RESPONSE NO. 57

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense. Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response No. 56.

## REQUEST NO. 58

Produce all DOCUMENTS CONCERNING any action by DEFENDANTS since 2002 to complain about, criticize, defend, or prosecute any PERSON who entered into a Career Agency Agreement or Broker's Agreement concerning the replacement of a variable annuity or variable insurance policy.

RESPONSE NO. 58

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense. Subject to and without waiving their general and specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response No. 56.

## REQUEST NO. 59

Produce all DOCUMENTS CONCERNING how DEFENDANTS analyzed, considered, or handled the risk of impairment of DAC, including, but not limited to, projections as to the impairment, use of reinsurance or hedging strategies to limit the risk.

RESPONSE NO. 59

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with SEC.

**REQUEST NO. 60**

Produce all DOCUMENTS CONCERNING the assumptions that DEFENDANTS used in 1999 and 2000 as to the amortization of DAC and all COMMUNICATIONS relating thereto.

RESPONSE NO. 60

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with SEC.

**REQUEST NO. 61**

For 1999 and 2000, produce all DOCUMENTS CONCERNING (a) all assumptions used to determine the amortization of DAC for each of those years; (b) how downturns in the equity markets created a risk of the partial or permanent impairment of the recovery of DAC; (c) the effect of the partial or permanent impairment of the recovery of DAC in connection with DEFENDANTS' life and annuity business could pose to the earnings or surplus of any of DEFENDANTS, and the ratings assigned to any of DEFENDANTS by the rating agencies such as Standard & Poor's, Best's, and Moody's; (d) the effect of lowered ratings by rating agencies on the ability of DEFENDANTS to sell their proprietary life and annuity products; and (e) strategies to lessen the risk of the permanent or partial impairment of DAC.

RESPONSE NO. 61

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with SEC.

**REQUEST NO. 62**

For 1999 and 2000, produce all DOCUMENTS CONCERNING (a) all assumptions used to determine the exposure to the GMDB risk for each of those years; (b) how downturns in the equity markets created an increase in GMDB risk, including how a 1% change in the Standard &

Poor's 500 index would affect the amount of statutory surplus of ALLMERICA LIFE or FIRST ALLMERICA and the net amount of risk; (c) the effect of the increase in the GMDB risk in connection with DEFENDANTS' life and annuity business to the earnings or surplus of any of DEFENDANTS, and the ratings assigned to any of DEFENDANTS by the rating agencies such as Standard & Poor's, Best's, and Moody's; (e) strategies to lessen the GMDB risk;

RESPONSE NO. 62

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and

subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden

and expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce AFC's annual and quarterly financial statements as filed with SEC.

**REQUEST NO. 63**

Produce all DOCUMENTS CONCERNING the raising, consideration, discussion, or decision during 2000 by DEFENDANTS of the curtailment, limitation, or modification of the sales of variable annuities or variable universal life products issued by ALLMERICA LIFE and all COMMUNICATIONS relating thereto.

RESPONSE NO. 63

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that after due inquiry, they have not located any documents responsive to this request.

**REQUEST NO. 64**

Produce all DOCUMENTS CONCERNING the raising, consideration, discussion, or decision during 2000 by DEFENDANTS of the curtailment, modification or termination of their life and annuity sales force and all COMMUNICATIONS relating thereto.

RESPONSE NO. 64

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants state that after due inquiry, they have not located any documents responsive to this

request.

**REQUEST NO. 65**

Produce all DOCUMENTS CONCERNING the raising, consideration, discussion, or
decision after 2000 by DEFENDANTS of the curtailment, limitation, or modification of the sales
of variable annuities or variable universal life products issued by ALLMERICA LIFE and all
COMMUNICATIONS relating thereto.

RESPONSE NO. 65

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and

subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden

and expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents concerning any effect on the Trail

Agreements or Promissory Notes of any decision after 2000 by the Allmerica Defendants to

curtail, limit, or modify the sales of variable annuities or variable universal life products issued

by AFLIAC and also documents sufficient to show the basis for and business circumstances

attendant to that decision.

**REQUEST NO. 66**

Produce all DOCUMENTS CONCERNING the raising, consideration, discussion, or decision after 2000 by DEFENDANTS of the curtailment, modification or termination of their life and annuity agency sales force and all COMMUNICATIONS relating thereto.

RESPONSE NO. 66

The Allmerica Defendants object to this request to the extent it seeks documents

protected from disclosure by the attorney-client privilege, work product doctrine, or any other

privilege and immunity. The Allmerica Defendants further object to this request to the extent it

is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and

subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden

and expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents concerning any effect on the Trail

Agreements or Promissory Notes of any decision after 2000 by the Allmerica Defendants to

curtail, limit, or modify their life annuity agency sales force, and also documents sufficient to

show the basis for and circumstances attendant to that decision.

**REQUEST NO. 67**

Produce all DOCUMENTS CONCERNING the raising, discussion, consideration, or decision after 2000 by DEFENDANTS that the DAC in connection with variable annuities and variable life policies issued by ALLMERICA LIFE was, in whole or part, permanently impaired, or had to be written or charged off and all COMMUNICATIONS relating thereto.

RESPONSE NO. 67

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with SEC, and also will

produce the categories of non-privileged documents described in Response No. 65.

## REQUEST NO. 68

Produce all DOCUMENTS CONCERNING the amount of reserves that had to be increased, or the amount of charges taken to earnings or income after 2000 due to GMDB and all COMMUNICATIONS relating thereto.

## RESPONSE NO. 68

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 65.

## REQUEST NO. 69

Produce all DOCUMENTS CONCERNING the assumptions used for each year after 2000 to determine the amount of reserves for GMDB, or adjustments to statutory surplus.

## RESPONSE NO. 69

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with SEC.

## REQUEST NO. 70

Produce all DOCUMENTS CONCERNING the assumptions used for each year after 2000 to determine the amount of DAC to amortize, including any retroactive adjustments.

RESPONSE NO. 70

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with SEC.

**REQUEST NO. 71**

Produce all DOCUMENTS CONCERNING the profitability analysis performed in 1999
and 2000 to determine the amortization of DAC attributable to variable annuities and variable
insurance sold by DEFENDANTS' Select and Partner distribution channels and all
COMMUNICATIONS relating thereto.

RESPONSE NO. 71

In addition to their general objections, the Allmerica Defendants object to this request to

the extent it is overbroad, seeks documents that are not relevant to the claims or defenses of the

parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 72**

Produce all DOCUMENTS CONCERNING the profitability analysis performed for each
year after 2000 to determine the amortization of DAC attributable to variable annuities and
variable insurance sold by DEFENDANTS' Select and Partner distribution channels.

RESPONSE NO. 72

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 73**

For 1999 and 2000, produce all DOCUMENTS CONCERNING the effect for each 1 % change in the Standard & Poor's 500 index would affect the amount of DAC that had to be amortized.

RESPONSE NO. 73

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that after due inquiry, they have not located any documents responsive to this request.

**REQUEST NO. 74**

For each year after 2000, produce all DOCUMENTS CONCERNING the effect for each 1% change in the Standard & Poor's 500 index would affect the amount of DAC that had to be amortized.

RESPONSE NO. 74

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that after due inquiry, they have not located any documents responsive to this request.

**REQUEST NO. 75**

For 1999 and 2000, produce all DOCUMENTS CONCERNING the effect for each 1 % change in the Standard & Poor's 500 index would affect the amount of statutory surplus of ALLMERICA LIFE or FIRST ALLMERICA or the net amount of risk in connection with GMDB.

RESPONSE NO. 75

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that after due inquiry, they have not located any documents responsive to this request.

**REQUEST NO. 76**

For each year after 2000, produce all DOCUMENTS CONCERNING the effect for each
1% change in the Standard & Poor's 500 index would affect the amount of statutory surplus of
FIRST ALLMERICA or ALLMERICA LIFE or the net amount of risk in connection with
GMDB.

RESPONSE NO. 76

The Allmerica Defendants object to this request on the ground that it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce AFC's annual and quarterly financial statements as filed with SEC.

**REQUEST NO. 77**

Produce all DOCUMENTS CONCERNING the GMDB mortality reinsurance program
effective December 1, 2002 and all COMMUNICATIONS relating thereto.

RESPONSE NO. 77

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

## REQUEST NO. 78

Produce all DOCUMENTS CONCERNING the hedge program commenced on December 5, 2003, to hedge the exposure to the GMDB risk and all COMMUNICATIONS relating thereto.

RESPONSE NO. 78

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

## REQUEST NO. 79

Produce all DOCUMENTS CONCERNING any COMMUNICATIONS between any of DEFENDANTS and any state department or division of insurance relating to the TRAIL AGREEMENT, the effect of GMDB on the statutory surplus of ALLMERICA LIFE or FIRST ALLMERICA, the decision by DEFENDANTS to cease issuing new annuity and life products, the decision by DEFENDANTS to terminate the sales force of ALLMERICA LIFE, DEFENDANTS' amortization of DAC, the financial condition of ALLMERICA LIFE or FIRST ALLMERICA, or complaints by owners of variable annuities issued by ALLMERICA LIFE about the servicing of those annuities, the failure to update the products, or ALLMERICA LIFE'S discontinuation of the sale of proprietary life and annuity business, the discontinuation of the sale of non-proprietary life and annuity policies, minimum amount of risk based capital that ALLMERICA LIFE or FIRST ALLMERICA had to maintain, and the authority to make and distribute dividends by ALLMERICA LIFE or FIRST ALLMERICA.

RESPONSE NO. 79

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response Nos. 51 and 65.

**REQUEST NO. 80**

Produce all DOCUMENTS CONCERNING COMMUNICATIONS between any of DEFENDANTS and the Securities & Exchange Commission relating to the TRAIL AGREEMENT, the effect of GMDB on the statutory surplus of ALLMERICA LIFE or FIRST ALLMERICA, the decision by DEFENDANTS to cease issuing new annuity and life products, the decision by DEFENDANTS to terminate the sales force of ALLMERICA LIFE, DEFENDANTS' amortization of DAC, or complaints by owners of variable annuities issued by ALLMERICA LIFE about the servicing of those annuities, the failure to update the products, ALLMERICA LIFE'S discontinuation of its sale of proprietary life and annuity business, or the discontinuation of its sale of non-proprietary life and annuity policies.

RESPONSE NO. 80

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response Nos. 51 and 65.

**REQUEST NO. 81**

Produce all DOCUMENTS CONCERNING COMMUNICATIONS between any of DEFENDANTS and Standard & Poor's, Moody's, A.M. Best relating to the TRAIL AGREEMENT, the effect of GMDB on the statutory surplus of ALLMERICA LIFE or FIRST ALLMERICA, the decision by DEFENDANTS to cease issuing new proprietary annuity and life products, the decision by DEFENDANTS to terminate the life and annuity sales force of ALLMERICA LIFE, DEFENDANTS' amortization of DAC, the decision to not sell any non-proprietary life and annuity products, and the ratings assigned by Standard & Poor's, Moody's or A.M. Best to ALLMERICA LIFE or FIRST ALLMERICA.

RESPONSE NO. 81

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

## REQUEST NO. 82

Produce all DOCUMENTS CONCERNING the names and titles of all employees and officers of ALLMERICA LIFE and FIRST ALLMERICA as of January 1, 2000; January 1, 2001; January 1, 2002; January 1, 2003; January 1, 2004; and January 1, 2005, and the last known address of each employee or officer.

RESPONSE NO. 82

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.  The Allmerica Defendants further object to this request on the

ground that it calls for the unreasonable invasion of privacy of employees and former employees

of the Allmerica Defendants.  See Mass. Gen. Laws ch. 214, § 1B.

## REQUEST NO. 83

Produce all DOCUMENTS CONCERNING the budget, business plan, financial forecast or projections for ALLMERICA LIFE and FIRST ALLMERICA for 2000, 2001, 2002, 2003, 2004, and 2005, including dividends by either of those entities, amounts of statutory surplus, GMDB exposure, payments to be made or received under the TRAIL AGREEMENTS.

RESPONSE NO. 83

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that they will meet and confer with Plaintiffs regarding the scope of this request and any

search for responsive documents.

**REQUEST NO. 84**

Produce all DOCUMENTS CONCERNING all complaints made to DEFENDANTS about the servicing of variable annuities issued by ALLMERICA LIFE, the failure to update those variable annuities through new features, riders or endorsements, or ALLMERICA LIFE'S cessation of its sale of proprietary life and annuity policies and all COMMUNICATIONS relating thereto.

RESPONSE NO. 84

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents responsive to this request that are in their

possession, custody, or control.

**REQUEST NO. 85**

Produce all DOCUMENTS CONCERNING the fund options that were available to owners of variable annuities that are part of the TRAIL AGREEMENT during 2000, 2001, 2002, 2003, 2004, and 2005.

RESPONSE NO. 85

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents sufficient to show the fund options that were

available to owners of variable annuities that were part of the Trail Agreement from 2000 to

2005.

**REQUEST NO. 86**

Produce all DOCUMENTS CONCERNING the decisions to select, increase, or reduce the number of fund options that were available to owners of variable annuities that are part of the TRAIL AGREEMENT during 2000, 2001, 2002, 2003, 2004, and 2005 and all COMMUNICATIONS relating thereto.

RESPONSE NO. 86

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents responsive to this request that are in their

possession, custody, or control.

**REQUEST NO. 87**

Produce all DOCUMENTS CONCERNING the retention of, payment to, and rendition
of services by consultants by any of DEFENDANTS to select the performance of the mutual
fund advisors or independent management firms who manage the funds for variable annuities
that are part of the TRAIL AGREEMENT during 2000, 2001, 2002, 2003, 2004, and 2005 and
all COMMUNICATIONS relating thereto.

RESPONSE NO. 87

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Allmerica further objects to this request on the ground that the phrase "to select the performance

of the mutual fund advisors and independent management firms" is vague and ambiguous in this

context of this request. Subject to and without waiving their general and specific objections, the

Allmerica Defendants will produce non-privileged documents concerning their retention of and

the rendition of services by any consultants involving the selection of mutual fund advisors or

independent management firms who manage the funds for variable annuities that are part of the

Trail Agreements from 2000 to 2005.

**REQUEST NO. 88**

Produce all DOCUMENTS CONCERNING the name and address of the mutual fund
advisors or independent management firms who manage the funds available for variable

annuities that are part of the TRAIL AGREEMENT during 2000, 2001, 2002, 2003, 2004, and 2005.

RESPONSE NO. 88

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 89**

Produce all DOCUMENTS CONCERNING all past and present practices and procedures to notify PERSONS who are enrolled in the TRAIL AGREEMENT that an owner of a variable annuity in the TRAIL AGREEMENT intends to terminate, replace or exchange the variable annuity and all COMMUNICATIONS relating thereto.

RESPONSE NO. 89

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents responsive to this request that are in their

possession, custody, or control.

**REQUEST NO. 90**

Produce all DOCUMENTS CONCERNING current and past practices and procedures to notify PERSONS who are enrolled in the TRAIL AGREEMENT about any COMMUNICATIONS with any owners of variable annuities that are part of the TRAIL AGREEMENT.

RESPONSE NO. 90

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

## REQUEST NO. 91

Produce all DOCUMENTS CONCERNING all past and present updates, riders or endorsements to the variable annuities that are offered to owners of the variable annuities that are part of the TRAIL AGREEMENT and all COMMUNICATIONS relating thereto.

RESPONSE NO. 91

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce non-privileged documents responsive to this request that are in their

possession, custody, or control.

## REQUEST NO. 92

Produce all DOCUMENTS CONCERNING the identify, [sic] address, and telephone number of each PERSON who entered into the TRAIL AGREEMENT at any time.

RESPONSE NO. 92

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that the Court has not ruled on Plaintiffs' Motion for Class Certification and this

request seeks information concerning putative class members or Trail Program participants other

than the three Plaintiffs and such discovery is not relevant to address the appropriateness of class

certification.

## REQUEST NO. 93

Produce all DOCUMENTS CONCERNING COMMUNICATIONS between any of DEFENDANTS and analysts any other PERSON about the amortization of DAC and its effect on the earnings of ALLMERICA FINANCIAL, the effect of GMDB on the statutory surplus of

ALLMERICA LIFE or FIRST ALLMERICA or earnings of ALLMERICA FINANCIAL, the decision by DEFENDANTS to cease issuing proprietary annuity and life products, the decision by DEFENDANTS to terminate the life and annuity sales force of ALLMERICA LIFE, DEFENDANTS' decision to cease selling non-proprietary annuity and life products, or the ratings assigned by Standard & Poor's, Moody's or A.M. Best to ALLMERICA LIFE or FIRST ALLMERICA.

RESPONSE NO. 93

The Allmerica Defendants object to this request on the ground that the phrase "analysts any other PERSON" is unintelligible. The Allmerica Defendants further object to this request to the extent it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense. The Allmerica Defendants further object to this request to the extent it is duplicative of prior requests. Subject to and without waiving their general and specific objections, the Allmerica Defendants will produce the categories of non-privileged documents described in Response No. 65.

**REQUEST NO. 94**

Produce the Consulting Agreement dated October 25, 2002, between ALLMERICA FINANCIAL and John F. O'Brien.

RESPONSE NO. 94

In addition to their general objections, the Allmerica Defendants object to this request on the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

**REQUEST NO. 95**

Produce all DOCUMENTS CONCERNING payment to and services rendered by John O'Brien pursuant to the October 25, 2002 Consulting Agreement and all COMMUNICATIONS relating thereto.

RESPONSE NO. 95

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 96**

Produce the 83(b) Agreements dated March 21,2000, entered into by FIRST
ALLMERICA and John F. O'Brien, Richard Reilly, and J. Kendall Huber and all
COMMUNICATIONS relating thereto.

RESPONSE NO. 96

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 97**

Produce the Severance Agreement dated February 24,2004, between FIRST
ALLMERICA and Mark Hug and all COMMUNICATIONS relating thereto.

RESPONSE NO. 97

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 98**

Produce all DOCUMENTS CONCERNING payments made to Mark Hug in connection
with the February 24, 2004 Severance Agreement.

RESPONSE NO. 98

In addition to their general objections, the Allmerica Defendants object to this request on the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

**REQUEST NO. 99**

Produce the Agreement between Michael P. Angelini and ALLMERICA FINANCIAL dated November 6, 2002.

RESPONSE NO. 99

In addition to their general objections, the Allmerica Defendants object to this request on the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

**REQUEST NO. 100**

Produce all DOCUMENTS CONCERNING the 2000 restructuring plan for any of DEFENDANTS.

RESPONSE NO. 100

The Allmerica Defendants object to this request to the extent it is overbroad and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense. Subject to and without waiving their general and specific objections, the Allmerica Defendants state that they are undertaking a search for responsive documents, but have not located any to date.

**REQUEST NO. 101**

Produce the letter between John F. Kelly and the Massachusetts Division of Insurance dated March 4, 1999.

RESPONSE NO. 101

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 102**

Produce the letter dated October 24, 2002, between FIRST ALLMERICA and the
Massachusetts Division of Insurance.

RESPONSE NO. 102

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 104**

Produce all DOCUMENTS identified in Defendants' Disclosure pursuant to Fed. R. Civ.
P. 26(a)(1)(B).

RESPONSE NO. 104

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 105**

Produce all DOCUMENTS that form the basis for calculation of damages made by
DEFENDANTS pursuant to Fed. R. Civ. P. 26(a)(1)(C).

RESPONSE NO. 105

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 106**

Produce all DOCUMENTS that form the basis for the Third AFFIRMATIVE DEFENSE.

RESPONSE NO. 106

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 107**

Produce all DOCUMENTS that form the basis for the Fourth AFFIRMATIVE
DEFENSE.

RESPONSE NO. 107

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 108**

Produce all DOCUMENTS that form the basis for the Seventh AFFIRMATIVE
DEFENSE.

RESPONSE NO. 108

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 109**

Produce all DOCUMENTS that form the basis for the Eighth AFFIRMATIVE
DEFENSE.

RESPONSE NO. 109

Subject to and without waiving their general objections, the Allmerica Defendants will produce non-privileged documents responsive to this request that are in their possession, custody, or control.

**REQUEST NO. 110**

Produce all DOCUMENTS that form the basis for the Ninth AFFIRMATIVE DEFENSE.

RESPONSE NO. 110

Subject to and without waiving their general objections, the Allmerica Defendants will produce non-privileged documents responsive to this request that are in their possession, custody, or control.

**REQUEST NO. 111**

Produce all DOCUMENTS that form the basis for the Tenth AFFIRMATIVE DEFENSE.

RESPONSE NO. 111

Subject to and without waiving their general objections, the Allmerica Defendants will produce non-privileged documents responsive to this request that are in their possession, custody, or control.

**REQUEST NO. 112**

Produce all DOCUMENTS that form the basis for the Fourteenth AFFIRMATIVE DEFENSE.

RESPONSE NO. 112

Subject to and without waiving their general objections, the Allmerica Defendants will produce non-privileged documents responsive to this request that are in their possession, custody, or control.

**REQUEST NO. 113**

Produce all DOCUMENTS that form the basis for the Fifteenth AFFIRMATIVE DEFENSE.

RESPONSE NO. 113

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 114**

Produce all DOCUMENTS that form the basis for the allegations in paragraph 15 of the COUNTERCLAIM.

RESPONSE NO. 114

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request that are in their possession,

custody, or control.

**REQUEST NO. 115**

Produce all DOCUMENTS CONCERNING COMMUNICATIONS with PLAINTIFFS or other PERSONS who entered into the TRAIL AGREEMENT including but not limited to those occurring on December 12, 2002, February 4, 2003, February 5, 2003, March 18, 2003, November 1, 2003, and November 6, 2003.

RESPONSE NO. 115

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 116**

Produce all DOCUMENTS CONCERNING the defined contribution plan or defined benefit pension plan contributions that were to include a percentage of gross commissions from the TRAIL AGREEMENT during each year since 2000; the actual amount of the defined contribution plan or defined benefit pension plan contributions based upon the percentage of gross commissions from the TRAIL AGREEMENT that were made on behalf of PLAINTIFFS, or any other PERSON who entered into the TRAIL AGREEMENT; and the decision to cease making contributions to the defined contribution plan or defined benefit pension plan as a percentage of gross commissions from the TRAIL AGREEMENT.

RESPONSE NO. 116

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response No.

1.

**REQUEST NO. 117**

Produce all DOCUMENTS CONCERNING disclosures about the TRAIL AGREEMENT and/or this litigation in any offers to sell or solicitation of bids to purchase the annuities that are part of the TRAIL AGREEMENT or any other annuities or life business that is on the books of ALLMERICA LIFE and all COMMUNICATIONS relating thereto.

RESPONSE NO. 117

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it is overbroad, seeks documents that are not relevant to the claims or defenses of

the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 118**

Produce all DOCUMENTS CONCERNING any media interviews of DEFENDANTS as to the effect of GMDB on the statutory surplus of ALLMERICA LIFE or FIRST ALLMERICA, the decision by DEFENDANTS to cease issuing proprietary annuity and life products, the decision by DEFENDANTS to terminate the sales force of ALLMERICA LIFE, the decision by

DEFENDANTS to cease selling non-proprietary life and annuity products, and the ratings assigned by Standard & Poor's, Moody's or A.M. Best to ALLMERICA LIFE or FIRST ALLMERICA.

RESPONSE NO. 118

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

The Allmerica Defendants further object to this request to the extent that it seeks materials or

information that are publicly available. Subject to and without waiving their general or specific

objections, the Allmerica Defendants will produce the categories of non-privileged documents

described in Response No. 65.

**REQUEST NO. 119**

Produce all DOCUMENTS CONCERNING projected surrender rates for variable annuities included in the TRAIL AGREEMENT since January 1, 2000.

RESPONSE NO. 119

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response No.

1.

**REQUEST NO. 120**

Produce all Annual Statements filed by ALLMERICA LIFE and FIRST ALLMERICA with the Massachusetts or Delaware Departments of Insurance for 2000, 2001, 2002, 2003, 2004, and 2005.

RESPONSE NO. 120

The Allmerica Defendants object to this request to the extent that it seeks materials or information that are publicly available. Subject to and without waiving their general and specific objections, the Allmerica Defendants will produce non-privileged documents responsive to this request that are in their possession, custody, or control.

**REQUEST NO. 121**

Produce all Form 10-K and 8-Q [sic, 8-K?] filings by ALLMERICA FINANCIAL for 2000, 2001, 2002, 2003, 2004 and 2005.

RESPONSE NO. 121

The Allmerica Defendants object to this request to the extent that it seeks materials or information that are publicly available or equally readily available to Plaintiffs. Subject to and without waiving their general and specific objections, the Allmerica Defendants will produce non-privileged documents responsive to this request that are in their possession, custody, or control. In addition, Plaintiffs are directed to www.sec.gov, where these documents are readily available free of charge.

**REQUEST NO. 122**

Produce all examination reports by any Department of Insurance of ALLMERICA LIFE or FIRST ALLMERICA including draft reports, and any responses to same.

RESPONSE NO. 122

The Allmerica Defendants object to this request to the extent it is overbroad, seeks documents that are not relevant to the claims or defenses of the parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense. Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that they will meet and confer with Plaintiffs regarding the scope of this request and any

search for responsive documents.

## REQUEST NO. 123

Produce all DOCUMENTS CONCERNING all PERSONS who had entered into the TRAIL AGREEMENT and (a) were terminated by ALLMERICA LIFE prior to December 31, 2002, and whether the termination was for cause or not; (b) who resigned as a career agent of ALLMERICA LIFE prior to December 31, 2002; (c) entered into a Broker's Agreement with ALLMERICA LIFE effective as of January 1, 2003; (d) were terminated by ALLMERICA LIFE between January 1, 2003 and December 31, 2003, and whether the termination was for cause or not; and (e) had resigned as a broker with ALLMERICA LIFE after January 1, 2003.

RESPONSE NO. 123

Subject to and without waiving their general objections, the Allmerica Defendants will

produce U5 Forms for persons who signed a Trail Agreement.

## REQUEST NO. 124

Produce each of DEFENDANTS' document retention policy.

RESPONSE NO. 124

Subject to and without waiving their general objections, the Allmerica Defendants will

produce non-privileged documents responsive to this request in their possession, custody, or

control.

## REQUEST NO. 125

Produce all DOCUMENTS CONCERNING the amount of contributions that any of DEFENDANTS made into any retirement and/or pension plan for the benefit of any PERSON that entered into the TRAIL AGREEMENT that was based upon commissions.

RESPONSE NO. 125

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general or specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents concerning the Trail

Agreements described in Response No. 1.

## REQUEST NO. 126

Produce all DOCUMENTS CONCERNING the discontinuation of contributions that any of DEFENDANTS made into any retirement and/or pension plan for the benefit of any PERSON that entered into the TRAIL AGREEMENT that was based upon commissions.

RESPONSE NO. 126

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response No.

1.

## REQUEST NO. 127

Produce all DOCUMENTS CONCERNING other compensation for discontinuation of contributions made by any of DEFENDANTS into any retirement and/or pension plan for the benefit of any PERSON that entered into the TRAIL AGREEMENT.

RESPONSE NO. 127

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. The Allmerica Defendants further object to this request on the ground that the phrase

"other compensation for discontinuation" is vague and ambiguous in the context of this request.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 128**

Produce all DOCUMENTS CONCERNING any retirement and/or pension plan that was entered into by any PERSON that entered into the TRAIL AGREEMENT and any amendments thereto.

RESPONSE NO. 128

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1.

**REQUEST NO. 129**

Produce all DOCUMENTS CONCERNING the surrenders of all annuities that were part of the TRAIL AGREEMENT for each PERSON that entered into the TRAIL AGREEMENT from October 1, 2002 to present.

RESPONSE NO. 129

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving any of their general and specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents concerning the Trail

Agreements described in Response No. 1.

**REQUEST NO. 130**

Produce all DOCUMENTS CONCERNING the surrenders of all annuities and life insurance policies issued by any of DEFENDANTS that were sold by any of PLAINTIFFS, and were not part of the TRAIL AGREEMENT, from October 1, 2002 to present.

RESPONSE NO. 130

In addition to their general objections, the Allmerica Defendants object to this request to

the extent it is overbroad, seeks documents that are not relevant to the claims or defenses of the

parties, and subjects the Allmerica Defendants to unreasonable and undue annoyance,

oppression, burden and expense.

**REQUEST NO. 131**

Produce all DOCUMENTS CONCERNING the reduction or changes since 2002 in the
services that DEFENDANTS offered to PERSONS who own variable annuities and all
COMMUNICATIONS relating thereto.

RESPONSE NO. 131

The Allmerica Defendants object to this request to the extent it is overbroad and subjects

the Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and

expense. Subject to and without waiving their general or specific objections, the Allmerica

Defendants will produce the categories of non-privileged documents described in Response No.

1.

**REQUEST NO. 132**

Produce all DOCUMENTS CONCERNING the investigation, internal or external audit
of services that any of DEFENDANTS offer or provide to annuitants.

RESPONSE NO. 132

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1.

-60-

**REQUEST NO. 133**

Produce all DOCUMENTS CONCERNING any proposals to sell or to entertain offers for any life or annuity business of ALLMERICA LIFE or FIRST ALLMERICA and all COMMUNICATIONS relating thereto.

RESPONSE NO. 133

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it seeks documents that are not relevant to the claims or defenses of the parties.

**REQUEST NO. 134**

Produce all DOCUMENTS CONCERNING any negotiations to sell any life or annuity business of ALLMERICA LIFE OR FIRST ALLMERICA and all COMMUNICATIONS relating thereto.

RESPONSE NO. 134

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it seeks documents that are not relevant to the claims or defenses of the parties.

**REQUEST NO. 135**

Produce all employment, severance, or consulting agreements between DEFENDANTS and James Bellner, Mark Hug, or Phil Alston and all COMMUNICATIONS relating thereto.

RESPONSE NO. 135

In addition to their general objections, the Allmerica Defendants object to this request on

the ground that it seeks documents that are not relevant to the claims or defenses of the parties.

**REQUEST NO. 136**

Produce all DOCUMENTS CONCERNING the aggregate amount of DAC that remained unamortized for the annuities that were part of all the TRAIL AGREEMENTS as of January 1, 2001 and the items that comprised the unamortized DAC and all COMMUNICATIONS relating thereto.

RESPONSE NO. 136

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response Nos. 1 and 13.

**REQUEST NO. 137**

Produce all DOCUMENTS CONCERNING the average age of annuitants in the TRAIL
AGREEMENTS as of January 1, 2001, and for each quarter thereafter.

RESPONSE NO. 137

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

will produce the categories of non-privileged documents described in Response No. 1 and the

Form 10-Qs filed by AFC with the SEC.

**REQUEST NO. 138**

Produce all DOCUMENTS CONCERNING the aggregate dollar amount and percentage
allocation by type of funds for all annuities in the TRAIL AGREEMENTS.

RESPONSE NO. 138

The Allmerica Defendants object to this request to the extent it is overbroad, seeks

documents that are not relevant to the claims or defenses of the parties, and subjects the

Allmerica Defendants to unreasonable and undue annoyance, oppression, burden and expense.

Subject to and without waiving their general and specific objections, the Allmerica Defendants

state that after due inquiry, they have not located any documents responsive to this request.

                    ALLMERICA FINANCIAL LIFE INSURANCE &
                    ANNUITY CO., FIRST ALLMERICA
                    FINANCIAL LIFE INSURANCE CO., and
                    ALLMERICA FINANCIAL CORP.

                    By their attorneys,


                    /s/ Eric D. Levin
                    Andrea J. Robinson (BBO No. 556337)
                    Jonathan A. Shapiro (BBO No. 567838)
                    Eric D. Levin (BBO No. 639717)
                    Brett R. Budzinski (BBO No. 655238)
                    Wilmer Cutler Pickering Hale and Dorr LLP
                    60 State Street
                    Boston, MA 02109
                    (617) 526-6000

Dated: August 19, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on this 19th day of August, 2005 by <u>e-mail and overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

<div style="margin-left:40%;">

<u>/s/ Eric D. Levin</u>
Eric D. Levin

</div>

USIDOCS 5228232v3