# Exhibit E

## HUBBARD & BIEDERMAN, L.L.P.
### ATTORNEYS AT LAW
*A Texas Registered Limited Liability Partnership*

1717 Main Street  
Suite 4700  
Dallas, Texas 75201

Telephone: 214-857-6000  
Facsimile: 214-857-6001  
www.hblawfirm.com

October 17, 2005

Eric D. Levin, Esq.  
WILMER CUTLER PICKERING  
HALE and DORR LLP  
60 State Street  
Boston, MA 02109

**VIA FACSIMILE (617) 526-5000**

Re:   **Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v. Allmerica Financial Life Ins. & Annuity Co., et al.; 4:04-cv-40077-FDS**

Dear Rick:

I am writing to confirm the positions and understandings reached during our conference on Friday concerning the draft Motion to Compel Discovery that we previously circulated.

1. <u>Timing of Defendants' Document Production.</u> It is our understanding that Defendants began their "rolling" production of documents last Thursday by sending two boxes of documents. While we have not yet received those boxes, it is our understanding that the contents are responsive to only a fraction of our discovery requests, and that your production is still in the "very early stages." These discovery requests have been pending since July 1 and we find it hard to believe that two boxes of documents in three-and-a-half months is a good faith effort by Defendants which are represented by two law firms, one of which has over 1,000 lawyers alone and countless paralegals. Not only has the production been wholly inadequate, but incredibly, you indicated that you have neither any idea when we can expect to receive the balance of the production or when we can even get your estimate of when that production will conclude. If you cannot give us a reasonable date when production will be concluded, we will seek judicial intervention.

2. <u>Defendants' Position on Redactions and Client Information.</u> Previously, issues were raised concerning redaction of policyholder and agent information. During our call, you indicated that Defendants will not be redacting any policyholder/annuitant information from the documents being produced. You further indicated Defendants' have redacted the names of any agents, other than Plaintiffs, from the documents being produced. We inquired as to whether the documents (i) will correlate the redacted agent's name by the same number assigned to such agent Defendants' Responses to Plaintiffs' First Set of Interrogatories and (ii) will remove the redactions as to those agents that our firm represents, and provide us the number

Eric D. Levin
October 17, 2005
Page 2

        that corresponds to each of those individuals, which Jonathan had agreed to do. You asked us to review the documents and to let you know if the information was unusable as redacted. You also indicated that you would get back with us concerning elimination of redactions as to agents that this firm represents. You further indicated that the customers alluded to in Defendants' response to Interrogatory 13 would be identified in information coming on a CD ROM and that customer complaint logs would be produced in response to Request for Production No. 55.

3. **Negotiations Concerning Sale of Annuity Business.** In our discussion concerning Request for Production Nos. 117, 133 & 134, you indicated that Jonathan has in his possession, documents concerning the pending sale of Allmerica's annuity business to Goldman Sachs and that the documents are going to be produced "subject to objections." You could not answer questions concerning what that qualification meant, the contents or scope of the production, or even when we can expect to receive the documents. We indicated that the scope of our discovery requests extends not only to the pending sale to Goldman Sachs, but also to negotiations with other entities (such as Pacific Mutual) which may not ultimately have been completed. You stated that you were unsure what documents would be produced. If you are refusing to produce these documents, we will seek judicial intervention.

4. **Non-Public Information Concerning the DAC, GMDB and Trail Program.** In connection with Request for Production Nos. 59-62, 69, 70 & 76-78, Defendants originally referred Plaintiffs to publicly-filed documents and gave no indication of an intent to produce documents going behind those generic public statements. You indicated that we would eventually receive some non-public information concerning the DAC, GMDB, and Trail Program, but were uncertain as to when we could expect to receive the information or what type of documents we could expect to receive. Further, you indicated a continued unwillingness to produce any documents responsive to Request for Production No. 77. We will seek to obtain these documents through judicial intervention.

5. **Potentially Overly-Narrow Reading of Request for Production 65-68, 93.** Defendants' responses to these Requests indicated that documents *concerning the effect* on the Trail Agreements and Promissory Notes will be produced. Plaintiffs inquired as to whether the intended production would be limited to documents that actually discuss the effect on the Trail Agreements and Promissory Notes, which would be entirely too narrow a production, or whether it is intended to include all documents concerning products that had an effect on the Trail Agreements and Promissory Notes. You clarified that, although you were unsure as to when we could expect to receive the information or what type of documents we could expect to receive, that Plaintiffs had read Defendants' responses too narrowly.

Eric D. Levin
October 17, 2005
Page 3

6. <u>Information Concerning Potential Bias of Witnesses.</u> In our discussions concerning Request for Production Nos. 94-99, 135, you indicated that some of the agreements at issue were a matter of public record and others were not public and that you would stand on your objection as to the non-public documents. While the requested documents may be mentioned in public filings, we are unable to locate the documents themselves from any readily-available public source. As such, we renew our demand that you produce the responsive documents, and if you refuse, we will seek assistance from the Court.

7. <u>Copies of Insurance Policies</u>. In Request For Production No. 34, Plaintiffs requested all policies that could confer coverage for acts and/or omissions alleged in this lawsuit and Defendants originally agreed to produce all policies "under which they have asserted a claim for coverage in connection with this litigation", leaving open the question of whether there are policies that could confer coverage under which no claim has yet been asserted. You clarified that, other than the policies being produced, there are no policies that could confer coverage. In Request for Production Nos. 35-36, Plaintiffs requested information concerning applications and premium arrangements on insurance policies that Defendants purchased for Plaintiffs. You responded that Defendants are searching for responsive documents and, if located, the policies and applications would be produced.

8. <u>Documents Concerning Other Distribution Channels.</u> Request for Production Nos. 56-58 sought information concerning Defendants' treatment of their sales force in the Partner and Select distribution channels. Your response was to limit production to the agency distribution channel because the Trail Agreement applied only to that channel. On the call, however, you admitted that Defendants' counterclaim was not intended to be limited to annuities that are part of the Trail Agreement and that some products at issue in the counterclaim may have been sold through other distribution channels. Despite that concession, you remained unwilling to produce responsive documents and told us that this issue will have to be taken up with the Court.

9. <u>Names and Titles of Employees.</u> As an initial response to Request for Production No. 82, you agreed to produce organizational charts reflecting Defendants' senior management.

10. <u>Documents Concerning Termination of Plaintiffs and Class Members.</u> In response to Request for Production No. 123, Defendants agreed to produce U5 forms. Plaintiffs demanded documents including resignation or termination letters. You indicated that what you characterized as Plaintiffs' "personnel" files were being produced and if there were any particular documents in that file that we felt important, we could later discuss whether you are willing to produce similar forms for other Class Members.

Eric D. Levin
October 17, 2005
Page 4

11. **Failure to "State the Basis" for the Affirmative Defense.** In Interrogatory 12. Plaintiffs asked Defendants to "STATE THE BASIS for the Fifteenth AFFIRMATIVE DEFENSE." Defendants objected that the request was "premature." As we stated in our call on Friday, Defendant must have some good faith factual basis for asserting the claim under Rule 11 and it cannot be "premature" to inquire as to those facts. You indicated that Defendants would stand by their objection and that we would have to take this matter up with the Court.

If this does not accurately reflect our conversation or if you would like to further discuss any of these issues, please let me know as soon as possible.

Sincerely,

David M. Grossman