# Exhibit F

**HUBBARD & BIEDERMAN, L.L.P.**
ATTORNEYS AT LAW

*A Texas Registered Limited Liability Partnership*

1717 Main Street
Suite 4700
Dallas, Texas 75201

Telephone: 214-857-6000
Facsimile: 214-857-6001
www.hblawfirm.com

October 21, 2005

Eric D. Levin, Esq.
WILMER CUTLER PICKERING
HALE and DORR LLP
60 State Street
Boston, MA 02109

**VIA FACSIMILE (617) 526-5000**

Re: **Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v. Allmerica Financial Life Ins. & Annuity Co., et al.; 4:04-cv-40077-FDS**

Dear Rick:

I am writing to raise some issues concerning Defendants' document production in this case.

1. **Inexplicable Delay and Unnecessary Costs**.

   As we saw yesterday, Defendants' piecemeal, last-second, rolling production is completely inadequate and continues to create complications. The situation is untenable and must not be repeated. Yesterday's event was the latest in an alarming pattern developing which is unnecessarily running up the expenses in this case.

   For example, of the six boxes of documents produced by Allmerica, batches of hundreds of documents are repeated multiple times, sometimes even within the same box. Additionally, over half of your document production consisted of public filings that Defendants' Responses to Request for Production indicated were publicly available and were not going to be produced which we previously indicated was acceptable.

   We also note worse inefficiencies regarding the production of documents received from third parties. With respect to Pacific Life, yesterday you indicated for the first time that their documents were produced electronically on CD. Rather than copying the CD at a cost of $10-15, you elected to have the 22,164 pages of documents printed, bates labeled, and shipped to us. The process not only slowed the production down by weeks, but the cost was exponentially and needlessly higher.

Eric D. Levin
October 21, 2005
Page 2

      As we discussed on our telephone call last Friday, October 14, it has never been our practice to take documents sight unseen in class litigation. While we agreed to take the few boxes that you represented contained the documents pertinent to the upcoming depositions, we do not want you to unnecessarily run up the litigation costs by shipping documents that we have not been able to review. We are skeptical of your good faith in light of the fact that these requests have now been pending for *sixteen weeks* and you claim that you are still not able to provide a date when we can review your clients' entire production either on-site or at your offices, as is the custom in class litigation. Your delay is inexcusable and we demand that you provide us with a date that we can review your clients' documents.

2. **Documents Missing that Plaintiffs Want for Class Certification.**

      We demand that you produce the following items immediately:

      *Commission Statements.* You failed to produce any commission statements at all. These documents were requested in Request for Production No. 24. At a minimum, we want these documents for Plaintiffs.

      *Recordings of Customer Calls.* Documents produced by Defendants indicated a "mandatory" policy of recording all calls from Plaintiffs' clients. *See, e.g.*, ALL000469. Other documents indicate that audio CDs of the calls exist. *See*, ALL 000941. It is well-settled that audio recordings are included within the meaning of the term "document." *See*, L.R.26.5(c)(2). Accordingly, we demand a copy of the CD recordings of these calls.

      *Switch Letters.* Defendants failed to produce any correspondence with Plaintiffs or other Class Members concerning replacements and especially VeraVest's approval of replacements of annuities that were part of the Trail Agreement. Those documents were demanded in Request for Production 54 and 129. Such documents include approvals in 2002 and 2003 by Defendants of replacements where Plaintiffs were the agents through whom the clients were requesting replacements.

      *Surrender Charges.* Defendants also failed to produce any information concerning the surrender charges they collected from annuities that were part of the Trail Agreement. That information should be readily available since it appears to have been requested by and provided to the NASD and falls within Request for Production 55 and 129. Such documents include any surrender charges that Defendants received in connection with the surrender of any annuities that were included in Plaintiffs' trail commission.

Eric D. Levin
October 21, 2005
Page 3

> *Setoffs.* Defendants failed to produce any information concerning setoffs or offsets taken against commissions for Plaintiffs or other putative Class Members. That information was demanded in Request for Production No. 20.

3. **Omissions in Correspondence With NASD**

   While you have produced some correspondence with the NASD, the production appears to be incomplete. While likely not a complete list, we have been unable to locate Allmerica's responses to the following correspondence from the NASD:

   | | |
   |---|---|
   | Letter dated September 23, 2004 | (ALL 001142-43) |
   | Letter dated December 6, 2004 | (ALL 000012-14) |

   Additionally, almost every exhibit or attachment that was sent in your clients' correspondence with the NASD was omitted from the production. This includes, but is not limited to exhibits in the following:

   | | |
   |---|---|
   | VeraVest's letter dated February 17, 2004 | (ALL 000016-19) |
   | Allmerica's letter dated February 19, 2004 | (ALL 000015) |
   | Allmerica's letter dated March 10, 2004 | (ALL 000022-23) |
   | Allmerica's letter dated April 15, 2004 | (ALL 000952-55) |
   | Allmerica's letter dated August 19, 2004 | (ALL 001107-112) |
   | Allmerica's letter dated August 26, 2004 | (ALL 001117-19) |
   | Allmerica's letter dated October 14, 2004 | (ALL 000001-2) |
   | Allmerica's letter dated October 14, 2004 | (ALL 000003-5) |
   | VeraVest's letter dated December 21, 2004 | (ALL 000010-11) |

   Apparently, many of these documents were on CDs or diskettes provided to the NASD which are readily available. Please produce the CD or diskettes.

4. **Improper Redactions**

   As a final point, we have reviewed the numerous redactions in the documents you produced and demand that, at a minimum, you remove the redactions as to individuals who are represented by this office. This issue was discussed with Mr. Shapiro and it was our understanding that he agreed not to redact such information. If your understanding is different, please let us know immediately so that we can take it up with the Court.

Eric D. Levin
October 21, 2005
Page 4

If you would like to discuss any of the foregoing, please feel free to call.

Sincerely,

David M. Grossman