UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, et al. ) | |
| ) | |
| Plaintiffs and Counterclaim Defendants, ) | |
| ) | Civil Action No. 4:04-cv-40077-FDS |
| v. ) | |
| ) | |
| ALLMERICA FINANCIAL LIFE INS. & ) | |
| ANNUITY CO., et al. ) | |
| ) | |
| Defendants and Counterclaim Plaintiffs. ) | |

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION
## TO EXTEND SCHEDULE FOR CLASS CERTIFICATION BRIEFING

Defendants and Counterclaim Plaintiffs ("Allmerica") submit this memorandum in support of their Motion to extend the deadline (currently, November 11, 2005) within which to file their Opposition to plaintiffs' Motion for Class Certification to be ten (10) days following the conclusion of named Plaintiff Donald Speakman's deposition.

As set forth below, the requested extension is necessary because

*(i)*  Mr. Speakman cut short his deposition last Wednesday by 1 ½ hours (after testifying for approximately 5 ½ hours) to catch a flight;

*(ii)*  Mr. Speakman improperly refused to answer questions about the NASD investigation of his replacement of the annuities that are the subject of his lawsuit against Allmerica; and

*(iii)*  Mr. Speakman's counsel requested that Allmerica adjourn the examination about the NASD investigation until a later date when Mr. Speakman's separate counsel in that matter could attend, which plaintiffs agreed to schedule (but have not).

### BACKGROUND

As the Court is aware, the parties have encountered difficulty agreeing on scheduling and discovery issues regarding the pending Motion for Class Certification. Specifically:

- 1 -

1.   In September, the parties filed motions regarding the dates and locations for depositions of the three named plaintiffs and related document issues.

2.   On October 25, 2005, the Court heard oral argument on the motions and entered an Order requiring Allmerica to travel to depose two of the named plaintiffs and that the third named plaintiff travel to Boston for his deposition, which had been Allmerica's proposal. The Order also assumed a prompt document production by plaintiffs.[1]

3.   Following the Order, Allmerica deposed one named plaintiff in St. Louis (October 24, 2005) and another named plaintiff in Dallas (November 4, 2005).[2]

4.   The parties scheduled (and plaintiffs confirmed in writing) Mr. Speakman's deposition for last Wednesday, November 2, 2005, in Boston at noon. At plaintiffs' request, defendants started that deposition early. However, as set forth below, Mr. Speakman could not stay to testify for 7 hours (allowed by Rule 30(d)(2)) and also did not answer certain questions, refusing to do so on his own initiative and at the instruction of counsel.[3]

5.   Counsel agreed on the record to schedule a continuance of Mr. Speakman's deposition, although plaintiffs have failed to do so. See infra.

## ARGUMENT

There is "good cause" to extend the briefing schedule ten days after Mr. Speakman finishes his deposition. Mr. Speakman did not answer questions during his deposition and then left early. Allmerica is entitled to a full and fair opportunity to depose Mr. Speakman before

---

[1]   See Transcript of October 5, 2005 Hearing (Docket No. 46) at 17.

[2]   Although issues also have arisen with respect to those depositions, Allmerica does not seek an extension of time to brief class certification to address them.

[3]   The cited pages from Mr. Speakman's deposition transcript ("Tr.") are attached hereto as Exhibit A. The parties' correspondence concerning the time and date of Mr. Speakman's deposition and post-deposition attempts to reschedule it are attached as Exhibit B.

opposing the Motion that he filed seeking to be a class representative. The Court's Order was based on the notion that Allmerica would have that opportunity. See supra n.1. An extension would not in any sense prejudice Mr. Speakman -- it was his refusal to answer questions and his flight schedule that created the problem.

### A. Mr. Speakman Left His Deposition Early.

Allmerica is entitled to depose Mr. Speakman for at least 7 hours, exclusive of breaks, etc. See Rule 30(d)(2). His deposition started just after 11:30 a.m. and adjourned shortly before 6:00 p.m. See Tr. at 1, 289-90. All told, he testified for approximately 5½ hours because there were some breaks, including for lunch. The deposition ended early because Mr. Speakman and his counsel said they needed to catch flights. See id. at 288.[4]

Plaintiffs' counsel repeatedly stated on the record that they would schedule (or arrange) the continuation of Mr. Speakman's deposition and in fact requested that the deposition be continued to another date so the attorney who is representing Mr. Speakman in the NASD investigation could attend. See Tr. at 279. Allmerica's counsel was explicit that, if Mr. Speakman could not continue to testify, Allmerica expected him to finish before their Opposition to Class Certification was due. See id. at 289.[5]

Late Friday afternoon, however, plaintiffs said that Mr. Speakman would not testify in-person before the Opposition is due this coming Friday (November 11), and that they wouldn't extend any deadline. See Ex. B. Plaintiffs said Mr. Speakman was willing to testify by telephone this week (one proposed date was Friday, the day the Opposition is due), which

---

[4] Plaintiffs' counsel confirmed Mr. Speakman's noon start time weeks earlier and did not say anything about their flight schedules, etc., until after 5 p.m. the day before the deposition. See Ex. B. Despite having done so, plaintiffs now suggest that it was Allmerica's fault for not starting earlier. See id.

[5] Plaintiffs' counsel also agreed to discuss some other issues, including some rather striking lapses in document preservation and failure to produce documents that do exist.

-3-

Allmerica refused because it is entitled to a live deposition under the Rules.  See id.[6]

### B. Mr. Speakman Refused to Answer Legitimate Questions.

Mr. Speakman refused to answer questions (on his own initiative and also upon instruction by counsel) concerning the NASD investigation of his replacement of the Allmerica annuities.  See Tr. at 266-279.  Specifically:

- Mr. Speakman refused to answer whether "anyone has notified you that [the investigation] has been closed?" and "[i]s the NASD inquiry of you still active?" See Tr. at 269-70.

- Mr. Speakman thereafter took the broader position that "I'm not going to answer any questions about the NASD investigation." See Tr. at 271.

- Mr. Speakman did not testify in response to questions about conversations with other "former Allmerica agents" about the NASD testimony, or if he "sp[oke] to Mr. Wedel [his co-named plaintiff] about your NASD Testimony." Tr. at 277-79.  With respect to these questions, plaintiffs' counsel wouldn't allow Mr. Speakman to answer, having instructed him not to, and telling the witness he would be "very uncomfortable" if he answered, and generally talking over the record.

Ultimately, plaintiffs' counsel shut down the examination on the ground that Mr. Speakman is represented by different counsel in the NASD proceeding (Rod Vincent) and requested a continuance of the deposition to a time when that other counsel could participate:

> **Q.    Did you discuss with any of the former Allmerica agents how your NASD testimony went?**
>
> **Mr. Hubbard:** I object to the form of the question.  Mr. Speakman, you have separate counsel for that proceeding.  I'd feel very uncomfortable with you being examined on all that with your counsel not present.
> I've let some of these questions go, but at this point in time if you want to ask any additional questions concerning NASD proceedings, I'd request that we do that with Mr. Rod Vincent present.
>
> **Q.    What's your schedule look like next week, Mr. Speakman?**

---

[6]    Plaintiffs said they would discuss an in-person deposition at some later date, and that if Allmerica needed Mr. Speakman's testimony to oppose certification it could file a supplemental brief later on.

-4-

Tr. at 277:4-16.

> **Q.   Did you speak to Mr. Wedel about your NASD testimony?**
>
> **Mr. Hubbard:** All right. I've got -- both Mr. Speakman and I have to leave for the airport.
> If you want to ask other detailed questions about the NASD inquiry, which are highly inappropriate -- You're obviously trying to get this witness to answer questions without the assistance of his counsel in that proceeding. I think it's totally inappropriate, Jon. I don't know what you're trying to do here.
> If you want to continue this questioning, we will provide or arrange a time when his counsel can be present to represent him in connection with that situation.

Id. at 278:20-279:11.

Allmerica seeks an extension to conclude this examination for a few reasons.

First, Mr. Speakman's investigation by the NASD for replacement of Allmerica annuities is discoverable under Rule 26(b)(1). He testified that these are the same annuities at issue in the lawsuit he filed against Allmerica. See Tr. at 278. He also testified that Allmerica's counterclaim rests in part on the same issues. See id. at 280-81. That Mr. Speakman's replacement activity may be attributed to factors not caused by Allmerica (for example, his ability to earn higher commissions elsewhere) bears on the standard class certification analysis (e.g., predominance, typicality). See Rule 23(a).[7]

Second, the attorney-client privilege does not excuse Mr. Speakman from answering the questions that he did not. It is clear from Mr. Speakman's other testimony that he has more discoverable information, including about his conversations with non-lawyers. For example, Mr. Speakman testified that he "talked to a lot of advisors [other insurance agents] about my situation with the NASD," and had "phone conferences" with as many as thirty other former Allmerica

---

[7] That the named plaintiff may have engaged in improper or unlawful conduct with respect to the securities transactions at issue in his lawsuit also bears on adequacy to serve as class representative (regardless of how the investigation turns out).

agents. See Tr. at 272-73, 276-77. He should answer questions about what was said. Nor can Mr. Speakman appropriately refuse to testify about his conversations with his co-named plaintiff Mr. Wedel. See id. at 278. The status of the investigation of the named plaintiff and the names of others who are subjects -- i.e., just the facts, not whatever was said with lawyers -- similarly are not privileged. See id. at 271-72.

Third, plaintiffs' counsel (Mr. Hubbard) took the position during the deposition that he was not comfortable letting his client testify about the NASD (because Mr. Speakman has another lawyer) and committed that "we will provide or arrange a time" to continue. Tr. at 277, 279. Putting aside whether that is a legitimate reason to shut down questions, Allmerica was and is amenable to plaintiffs' request, *provided* that the promised continuance of the deposition happen. See id. at 289. The problem now is that plaintiffs failed to deliver on that commitment. See supra; Ex. B.

## C. Allmerica Will be Prejudiced Absent the Extension.

Allmerica lived up to its end of the deal ordered by the Court. It traveled for two depositions and scheduled and confirmed one in Boston (Mr. Speakman). Allmerica reasonably believed that Mr. Speakman would stay for a full deposition day and would answer the questions put to him, in accordance with the Rules. And when Mr. Speakman did not answer questions and would not stay, Allmerica reasonably believed that plaintiffs' request to continue the deposition would be followed with a proposal for a live deposition in time for Allmerica to use the testimony for the purpose for which it was sought.

At bottom, Allmerica has acted in good faith in seeking this extension. Allmerica should not be prejudiced in its ability to oppose Class Certification because the named plaintiff did not answer questions, needed to catch a flight, and requested a continuance to seek advice from

different counsel on a topic relevant to certification. See generally 4B Wright & Miller, Federal Practice and Procedure § 1165 (requests to extend deadlines "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party").

## CONCLUSION

For the reasons stated, Defendants respectfully request that the Court allow their motion.

Respectfully Submitted,

ALLMERICA FINANCIAL LIFE
INSURANCE & ANNUITY CO., FIRST
ALLMERICA FINANCIAL LIFE
INSURANCE CO., and ALLMERICA
FINANCIAL CORP.

By their attorneys,

/s/ Jonathan A. Shapiro
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No.655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: November 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on this 7th day of November, 2005 by <u>overnight mail and e-mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

                                                        /s/ Jonathan A. Shapiro
                                                        Jonathan A. Shapiro

US1DOCS 5368672v2