# EXHIBIT B

Case 4:04-cv-40077-FDS   Document 50-3   Filed 11/07/2005   Page 1 of 8

**HUBBARD & BIEDERMAN, L.L.P.**
ATTORNEYS AT LAW
*A Texas Registered Limited Liability Partnership*

1717 Main Street
Suite 4700
Dallas, Texas 75201

Telephone: 214-857-6000
Facsimile: 214-857-6001
www.hblawfirm.com

October 10, 2005

Eric D. Levin, Esq.
WILMER CUTLER PICKERING
 HALE and DORR LLP
60 State Street
Boston, MA 02109

**Via Facsimile**
**(617) 526-5000**

Re:  **Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v. Allmerica Financial Life Ins. & Annuity Co., et al.; 4:04-cv-40077-FDS**

Dear Rick:

This is to confirm the deposition schedule you proposed this morning as follows:

1. October 24, 2005    Stephen H. Wedel in St. Louis
                       (beginning at 10:00 a.m.)

2. November 2, 2005    Donald P. Speakman in Boston
                       (beginning at noon)

3. November 4, 2005    Mark L. Robare in Dallas
                       (beginning at 10:00 a.m.)

We will plan to appear at your offices for Mr. Speakman's deposition and our offices for Mr. Robare's deposition. Please confirm these locations and start times along with your expectations for the location of Mr. Wedel's deposition in St. Louis.

Please contact me immediately if you have any questions.

Sincerely,

Stephen L. Hubbard

SLH/dao

## Budzinski, Brett

**From:** Budzinski, Brett
**Sent:** Tuesday, November 01, 2005 4:25 PM
**To:** 'Robert Biederman'
**Cc:** Stephen Hubbard; Daphne Ostrander
**Subject:** RE: Speakman v. Allmerica

Rob:

Jonathan can start tomorrow's deposition of Mr. Speakman at 11:30 a.m., but cannot start any earlier than that.

Accordingly, we will begin the deposition at 11:30 a.m.

-- Brett
-----Original Message-----
**From:** Robert Biederman [mailto:RWBiederman@hblawfirm.com]
**Sent:** Monday, October 31, 2005 3:08 PM
**To:** Budzinski, Brett
**Cc:** Stephen Hubbard; Daphne Ostrander
**Subject:** Speakman v. Allmerica

Brett:

On October 10, we sent a letter confirming the dates, times and location of the depositions for, among others, Don Speakman and Mark Robare. As to Mr. Robare, the letter indicated the deposition would begin on November 4 at 10:00 a.m. in our office. As to Don Speakman, it indicated it would begin on November 2 at 12:00 p.m. in your office. As to Mr. Speakman's deposition, we would like to begin at around 10:30 a.m. Please confirm these dates, times, and locations of the depositions.

Thanks,
Rob

Robert W. Biederman
HUBBARD & BIEDERMAN, LLP
1717 Main Street, Suite 4700
Dallas, Texas 75201
(214) 857-6000
(214) 857-6001 fax

11/7/2005

# WILMER CUTLER PICKERING
## HALE AND DORR LLP

November 4, 2005

**VIA FACSIMILE**

Stephen L. Hubbard, Esq.
Hubbard & Biederman, L.L.P.
1717 Main Street
Suite 4700
Dallas, TX 75201

Jonathan A. Shapiro

60 STATE STREET
BOSTON, MA 02109
+1 617 526 6224
+1 617 526 5000 fax
jonathan.shapiro@wilmerhale.com

Re: Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v.
Allmerica Financial Life Ins. & Annuity Co., et al.; 4:04-cv-40077-FDS

Dear Steve:

I am writing to follow up on the telephone conversation we had late yesterday afternoon about the issues that arose during Mr. Speakman's deposition on Wednesday. During our conversation I raised three issues. First, Mr. Speakman's deposition was cut short to accommodate his and your flight schedules, which I was pleased to accommodate but should not prejudice defendants. Second, Mr. Speakman refused to testify in response to questions about NASD's investigation of him and the replacement of the annuities that are the subject of his lawsuit, and you requested that we continue the examination until a later date so that the different counsel who represents Mr. Speakman in that matter could attend. Third, Mr. Speakman's testimony has exacerbated our concern that he has failed to make a complete and timely document production in advance of his deposition, and that documents likely to contain discoverable material may not have been preserved following his filing of this lawsuit.

With respect to the first and second issues, during our conversation yesterday afternoon you again offered to coordinate a time for us to resume Mr. Speakman's deposition, with the attendance of the attorney who represents him in connection with the NASD matter; thank you. Please let me know as soon as possible when you can come to Boston and I will do my best to clear my schedule as well. We obviously need to resume that deposition as soon as possible, so defendants can obtain the transcript and prepare their Opposition to Class Certification. That Opposition presently is scheduled to be filed on November 11, 2005, so there obviously is a time crunch. As I proposed yesterday on the phone, it seems reasonable to extend the deadline within which Allmerica may file that Opposition to be ten (10) days following Mr. Speakman's resumed deposition, which is the same amount of time we would have had to write the brief if Mr. Speakman's schedule would have allowed him to continue testifying this week. I really hope we can avoid another scheduling dispute over this issue.

With respect to the third issue, having read the deposition transcript this morning it seems clear to me that the document preservation and production issues are substantial (and, perhaps, very substantial) and that there is no reason to believe we will be able to resolve those disputes

Stephen L. Hubbard, Esq.
November 4, 2005
Page 2

quickly. I assume you have a contrary view about the adequacy of plaintiffs' document preservation and production. Given what I expect will be a time-consuming process of resolving the apparent dispute, Allmerica simply asks that Mr. Speakman produce, as soon as possible prior to the continuation of his deposition, any additional documents responsive to Allmerica's request that have not yet been produced. There is, unfortunately, no time for us to litigate a motion to compel prior to the filing of the Opposition; Allmerica of course reserves its rights to do so as the case proceeds if we cannot resolve those issues among ourselves.

Please let me know as soon as possible proposed dates of the continuation of Mr. Speakman's deposition and confirm that plaintiffs have extended the deadline within which Allmerica may file its Opposition to be ten (10) days following the resumed deposition. I will check voice mail over the weekend so if for whatever reason you want to review the calendar, I will be available to you.

Very truly yours,

Jonathan A. Shapiro

JAS/gh
cc:    Andrea J. Robinson, Esq.
       Eric D. Levin, Esq.

**HUBBARD & BIEDERMAN, L.L.P.**
ATTORNEYS AT LAW

*A Texas Registered Limited Liability Partnership*

1717 Main Street  
Suite 4700  
Dallas, Texas 75201

Telephone: 214-857-6000  
Facsimile: 214-857-6001  
www.hblawfirm.com

November 4, 2005

Jonathan A. Shapiro, Esq.  
WILMER CUTLER PICKERING  
HALE and DORR LLP  
60 State Street  
Boston, MA 02109

VIA FACSIMILE (617) 526-5000

Re: **Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v. Allmerica Financial Life Ins. & Annuity Co., et al.; 4:04-cv-40077-FDS**

Dear Jonathan:

I am writing to follow up on yesterday's conversation and to respond to your letter that I just received by facsimile dated November 4, 2005.

The deposition of Donald Speakman was recessed on Wednesday at 5:53 p.m. so that my client and I could make our flights. In the weeks leading up to the deposition, we repeatedly requested you to confirm a start time so that we could schedule appropriate flights. While we originally suggested a noon start time, in correspondence dated October 11, 2005, Eric Levin said that you wanted to start earlier and that he would let us know shortly. Instead he never bothered to return telephone calls or e-mails requesting a start time. Mr. Speakman and I made arrangements to be available for the deposition early Wednesday morning to accommodate his morning request, a fact that we communicated to you on multiple occasions. Mr. Speakman and I were in your offices and ready to proceed on Wednesday at 10:15 a.m. You did not commence the deposition until 11:30 a.m. You were able to depose Mr. Speakman for nearly six hours and, of course, would have had 7 hours if you had started earlier.

At the end of the deposition, you asked me to call you Thursday to discuss the conclusion of the deposition and I agreed. During our conversation and in your e-mail yesterday, you made it apparent that you wanted additional documents before resuming the deposition and told me that you would be sending a letter detailing the additional documents. Your letter does not detail any request for additional documents but instead references unspecified document production and preservation issues that are "substantial". I asked you yesterday what documents you needed and you stated the "switch letters". While we have demanded the "switch letters" from you as part of our Motion to Compel, we have produced the "switch letters" in Mr. Speakman's possession, which were included

Jonathan A. Shapiro, Esq.
November 4, 2005
page 2

in his initial production of documents available to you in early September and delivered to you on October 7, 2005. Of course, if you have any document production or preservation issues we are available to discuss these issues with you today or next week.

Your deposition questioning of Mr. Speakman that I objected to concerned an NASD proceeding that occurred approximately a year ago and to which you have been provided the full transcript of his testimony. Regardless of that, I am willing to schedule a one hour deposition (so that you may have your full 7 hours) of Mr. Speakman by telephone allowing his NASD counsel, Rod Vincent to participate (or I can contact him to determine if there are any confidentiality issues) and you may complete your examination on this or other issues. Mr. Speakman is available as follows:

<u>Eastern time</u>

Monday, November 7, 2005
12:00 noon

Wednesday, November 9, 2005
4:00 p.m.

Thursday, November 10, 2005
3:30 or 4:00 p.m.

Friday, November 11, 2005
11:00 a.m.

We are also willing to produce Mr. Speakman in person for a deposition at a later date in order for you to complete the remainder of your 7 hour examination. You, of course, may supplement your class response if you obtain critical class certification information that you were not able to extract in the first six hours of Mr. Speakman's deposition or in your review of more than 11,000 pages of documents that Mr. Speakman has already produced.

As I carefully explained to you yesterday, this case was filed in May, 2004 and your client has continually sought to delay these proceedings. Your clients are even now selling one of the Defendants in this case with an announced closing this month. (You continue to refuse to produce exhibits to that sales agreement and have forced us to file a Motion to Compel while offering no reason why you will not produce these clearly relevant documents). You have now had more than three months to reply to our Motion For Class Certification, which we timely filed on July 22, 2005. Accordingly, we will agree to no continuance or deadline extension.

Jonathan A. Shapiro, Esq.
November 4, 2005
page 2

    I am available to discuss these issues this weekend or next week. We will block out the Monday time as long as we can but we would request you respond immediately if you want to proceed at that time.

Sincerely,

Stephen L. Hubbard