IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 4:04-cv-40077-FDS |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP. | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO EXTEND SCHEDULE FOR CLASS CERTIFICATION BRIEFING**

Stephen L. Hubbard
Robert W. Biederman, BBO No. 562279
David M. Grossman
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

Nancy Freeman Gans, BBO No. 184540
**MOULTON & GANS, P.C.**
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

*ATTORNEYS FOR PLAINTIFFS*

Plaintiffs file this Memorandum In Opposition to Defendants' Emergency Motion To Extend Schedule for Class Certification Briefing ("Emergency Motion").

Defendants filed their second Emergency Motion concerning the class certification hearing without notice or adequately conferring with Plaintiffs. By letter dated November 3, Plaintiffs offered various dates and methods of concluding the deposition of Mr. Speakman in an expeditious manner, and were willing to consider alternate dates and locations. Defendants responded with this Emergency Motion.

Plaintiff Speakman was deposed in Boston for almost 6 hours on November 2. On October 10, Plaintiffs offered to begin this deposition at noon on November 2. Two days later, Defendants refused to commit to a start time and stated that they would like to commence at an earlier time. *See* Exhibit A. Plaintiffs neither received any Notice of Deposition nor any other notice indicating when the deposition would begin on November 2. Plaintiffs finally sent Defendants a letter stating that they could start the deposition at 10:30 a.m. to accommodate Defendants' schedule and Plaintiffs' travel plans. *See* Exhibit B. On the evening before the deposition, Defendants refused this request, finally stating that the deposition would begin at 11:30 a.m. Following the adjournment of the deposition on November 2, Defendants requested that Plaintiffs confer the next day to arrive at dates to conclude the deposition. On November 3, Plaintiffs responded by letter and telephone to address such dates and times, which process Defendants pretermitted by filing the Emergency Motion. Plaintiffs are willing to conclude the deposition in Boston on November 11.

Plaintiffs request the Court order the deposition to proceed on one of these dates, particularly in light of Defendants' unwillingness to conclude the deposition until they receive certain unspecified documents from Mr, Speakman. In correspondence sent to Plaintiffs (attached as

**MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION - Page 1**

Exhibit C), as well as in Defendants' Memorandum In Support of Emergency Motion at 3, n. 5, Defendants suggest that until certain undefined document issues are resolved they will not conclude Mr. Speakman's deposition.[1] Plaintiff Speakman has produced a substantial number of documents exceeding 11,000 pages, including detailed files concerning the replacement of annuities that were in the Trail Program, detailed phone logs with those clients about the replacement of their annuities, tapes of seminars given by Mr. Speakman, commissions received in connection with annuities in the Trail Program, transcript of Mr. Speakman's testimony before the NASD, and documents provided to the NASD. Plaintiff Speakman has produced responsive, non-privileged documents to Defendants' First Request for Production of Documents. Plaintiffs strongly urge the Court to require that Mr. Speakman's deposition be completed in Boston on November 11 to prevent Defendants from using these issues as an excuse to seek another delay of the class certification hearing.[2]

As to the extension for filing their Opposition, Plaintiffs are willing to accommodate a short extension, but not the excessive request of 10 days following the conclusion of Mr. Speakman's deposition. In the revised schedule set by the Court on October 5, Defendants are required to file their Opposition on November 11. This afforded Defendants 7 days (not 10 days) after the last of

---

[1] While the alleged failure to produce documents is not the basis for the Emergency Motion, Defendants do not commit in that pleading to conclude the deposition by a date certain. Instead of seeking the Court to order that the deposition take place in Boston by a specified date, Defendants have left open that issue.

[2] A large part of Defendants' Memorandum at 4-6 addresses Mr. Speakman's and his counsel's concern about answering questions involving the NASD proceeding. After inquiry, Plaintiffs' counsel now understands there is no confidentiality order in connection with the NASD proceeding and will allow Mr. Speakman to answer questions about his NASD inquiry, except those communications with counsel.

**MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION - Page 2**

Plaintiffs' deposition. (Plaintiff Robare's deposition occurred on November 4.).[3] Moreover, because only approximately 1 ½ hours of deposition time remain, there is no need for a full seven days to complete their Opposition to Defendants' Brief that was filed on July 22. Plaintiffs suggest that an additional 5 days following the conclusion of the deposition is more than adequate for Defendants to complete their brief, particularly when transcripts are available the same or next day of a deposition.[4] So long as the Court orders Mr. Speakman's deposition to conclude on November 11, Plaintiffs will not to seek an extension for the filing of their Reply Brief which is due on December 6.[5]

## Conclusion

In connection with Defendants' Emergency Motion, Plaintiffs request the deposition of Mr. Speakman be completed on November 11 in Boston and that Defendants file their Opposition to Plaintiffs' Motion for Class Certification on or before November 16.

## Request for Oral Argument

Plaintiffs concur with Defendants' request for oral argument on this matter.

---

[3] Ironically, while Plaintiff Robare was willing to stay a full 7 hours of actual deposition time, Defendants left early in order to accommodate their travel plans.

[4] Defendants requested a next day transcript of the Mr. Speakman's deposition.

[5] While Defendants have not disclosed any alleged experts in connection with the class certification proceeding, to the extent that they are attaching any reports or affidavits of alleged experts, Defendants will need to make those individuals available for depositions immediately.

**MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION - Page 3**

Respectfully submitted,

Stephen L. Hubbard
Robert W. Biederman. BBO No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
    Nancy Freeman Gans
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
Telephone: (617) 369-7979
Facsimile: (617) 369-7980

*ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile and first class mail on this the 7th day of November, 2005, to the following:

| | |
|---|---|
| Jonathan A. Shapiro, Esq.<br>WILMER CUTLER PICKERING<br>  HALE and DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-5000 fax | Brian E. Whiteley, Esq.<br>C. Alex Hahn, Esq.<br>SCIBELLI, WHITELEY and<br>STANGANELLI, LLP<br>50 Federal Street, Fifth Floor<br>Boston, MA 02110<br>(617) 722-6003 fax |

/s/ Nancy Freeman Gans
    Nancy Freeman Gans