UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., <br><br> Defendants and Counterclaim Plaintiffs. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4:04-cv-40077-FDS <br><br><br> ORAL ARGUMENT REQUESTED |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY**

Defendants and Counterclaim Plaintiffs Allmerica Financial Life Insurance and Annuity

Company ("AFLIAC"), First Allmerica Financial Life Insurance Company ("FAFLIC"), and

Allmerica Financial Corporation ("AFC") (collectively, "Allmerica") submit this memorandum

in opposition to Plaintiffs and Counterclaim Defendants' Motion to Compel Discovery.

**INTRODUCTION**

As in initial matter, Plaintiffs' motion is premature. Allmerica has repeatedly requested

that the parties address all of their discovery issues at one time rather than proceed in a

piecemeal fashion, involving multiple motions to the Court. Discovery is still in its early stages

and the fact discovery deadline is five months in the future. Given that Allmerica has issues with

Plaintiffs' discovery and more issues are likely to arise in the future, it makes sense for the Court to deny Plaintiffs' motion without prejudice to renew it in the future, which will give both parties a chance to resolve any existing discovery disputes as well as to identify and resolve those that likely will arise in the future.  To the extent the Court considers the merits of Plaintiffs' motion, it should be denied in its entirety.

Plaintiffs' request for Allmerica to complete its production of documents by November 15 is unrealistic and unwarranted.  In the one month since the Court entered a Protective Order on October 5, Allmerica has produced approximately 20,000 pages of documents from its corporate headquarters, which represent the core documents concerning the design, negotiation, and administration of the Trail Program, as well as documents that are relevant to class certification.  Allmerica has made and will continue to make a good faith effort to locate additional responsive documents, and will produce them to Plaintiffs on a rolling basis in an expeditious manner.  This process is fair and reasonable given that the litigation is at the class certification stage and fact discovery does not close until April 30, 2006.[1]  Plaintiffs provide no reason why the fact discovery deadline should be moved up by over five months.

Plaintiffs' request to compel certain categories of documents which Allmerica already has agreed to produce also should be denied.  In their motion, Plaintiffs acknowledge that Allmerica substantially has agreed to produce documents responsive to Request Nos. 13, 20, 24, 51, 54, 55, and 129, but contend that they must be produced by November 15.  However, Plaintiffs have failed to explain why they need any of the requested documents *now* to support their motion for class certification or how they relate in any way to numerosity, commonality, typicality, adequacy, predominance, or superiority under Rule 23.

---

[1]     Plaintiffs incorrectly list the close of merits discovery as March 30, 2006.  See Plaintiffs' Memorandum in Support of their Motion to Compel Discovery ("Pls.' Mem.") at 5.

US1DOCS 5372613v1

Plaintiffs' other requests similarly should be denied.  First, Allmerica should not be required to unredact the names of putative class members who are not represented by counsel prior to a decision on class certification because the identity of unrepresented class members (as opposed to substantive information about them) is not relevant to class certification.  Second, Plaintiffs' request to compel various employment agreements between Allmerica and certain employees and former employees should be denied because they have nothing to do with the Trail Program or any other issue in this litigation, and the request constitutes an invasion of privacy and undue harassment.  Finally, Plaintiffs' request to compel documents concerning any proposals or negotiations to sell AFLIAC or FAFLIC should be denied as overbroad.

## BACKGROUND

Discovery has proceeded at a very fast pace in this case.  To recap:

- In August, Allmerica responded to Plaintiffs' First Request for Production of Documents, which contained 137 separate requests.  In that month, Allmerica also responded to Plaintiffs' First Set of Interrogatories and First Set of Requests for Admissions.  In its interrogatory responses, Allmerica provided very detailed information about the 151 agents who participated in the Trail Program including but not limited to charts showing their elections under the Trail Program, their trail commission rates, their Outgo Rates, when they left Allmerica and why, their original and current balances on their Promissory Notes, and whether they are default on their Promissory Notes.  In these charts, Allmerica redacted the names of all trail participants, except for the named plaintiffs, and assigned a number to each participant.[2]  In its interrogatory responses, Allmerica also provided information relating to modifications to the Trail Agreement, disclosures regarding its finances and risks, and contentions supporting its defenses and counterclaims.[3]

- Allmerica issued document requests to each named plaintiff and document subpoenas to five third parties.  Two of these third parties filed motions to quash in foreign jurisdictions, which Allmerica opposed.

- The parties filed and briefed three motions in September and October: Allmerica's motion to extend the schedule for class certification briefing, Plaintiffs' motion for a

---

[2]    More recently, Allmerica agreed to unredact the names of any trail participants who are represented by Plaintiffs' counsel.

[3]    Plaintiffs filed AFLIAC's interrogatory responses in support of their motion.  See Ex. D.  However, Plaintiffs misleadingly did not file the numerous exhibits that AFLIAC attached to its interrogatory responses.

Protective Order regarding the locations of depositions, and Plaintiffs' motion for the entry of a Protective Order.  The Court held a hearing on these motions on October 5, in which it granted additional time for Allmerica to file its brief in opposition to class certification and entered a Protective Order.

- Since the hearing, Allmerica has produced approximately 20,000 pages of documents from its corporate headquarters in Worcester, Massachusetts, which is the location it determined to be most likely to contain responsive documents that are central to the issues in this litigation.  Allmerica also reviewed thousands of pages of documents produced by third parties and Plaintiffs in preparation for depositions of the named plaintiffs.

- Allmerica took the depositions of Stephen Wedel in St. Louis on October 24, Donald Speakman in Boston on November 2, and Mark Robare in Dallas on November 4.  The parties recently reached an agreement to continue Mr. Speakman's deposition on November 11.

Allmerica's opposition to Plaintiffs' motion for class certification is due on November 17, 2005.  See Electronic Order dated November 9, 2005.  By contrast, fact discovery is scheduled to close on April 30, 2006 – more than five months later.  See Scheduling Order dated June 29, 2005.

## ARGUMENT

### I.  THE COURT SHOULD NOT REQUIRE ALLMERICA TO COMPLETE ITS DOCUMENT PRODUCTION BY NOVEMBER 15, 2005.

The Court should deny Plaintiffs' request to "order Defendant[s] to produce all responsive documents no later than November 15."  Pls.' Mem. at 9.  As set forth below, Allmerica has made and will continue to make a good faith effort to produce documents in an expeditious manner.  There simply is no reason why the fact discovery deadline should be moved up by over five months, especially given that this case already has been proceeding on a fast track.  There also is no reason to order Allmerica to produce by November 15 certain categories of documents that Allmerica already agreed to produce and that, by Plaintiffs' own admission, are not relevant to class certification.  See Pls.' Mem. at 5-9.

**A.** **Allmerica Has Made a Good Faith Effort to Search for and Produce Responsive Documents.**

Plaintiffs contend without any basis that Allmerica has not made a "diligent" search and production of documents. See Pls.' Mem. at 3. Plaintiffs do not dispute that Allmerica has produced approximately 20,000 pages of documents in the one month since the Court entered a Protective Order. Nor do they dispute that Allmerica has agreed to produce documents responsive to the great majority of their 137 document requests, including many of the requests that are the subject of their motion to compel. Similarly, Plaintiffs cannot dispute that Allmerica has otherwise been very busy in this case, including briefing motions in this Court and other jurisdictions, reviewing documents produced by parties and non-parties, taking three depositions (two for which they had to travel), and preparing its opposition to Plaintiffs' motion for class certification. Finally, it is undisputed that Allmerica will continue to search for and produce documents to Plaintiffs on a rolling basis.

Plaintiffs offer three incredibly weak reasons why Allmerica supposedly has not exercised diligence in this case. First, Plaintiffs complain that Allmerica has refused to provide a "guarantee" when its production of documents will be complete. See Pls.' Mem. at 4. Of course, any request for a guarantee completely ignores the fact that merits discovery closes on April 30, 2006. It also ignores the inherent uncertainties and large time commitment involved in searching for and producing documents of a large company like Allmerica. Due to the broad scope and extensive number of Plaintiffs' document requests, as well as the fact that potentially responsive materials likely reside in a warehouse among thousands of boxes of documents, it defies reality to suggest that Allmerica could guarantee a date in the near future by which its review and production of documents will be complete. Second, Plaintiffs assert that their document requests have been pending for 16 weeks. See Pls.' Mem. at 3. Plaintiffs

conveniently pretend as if the parties have not been busy during this time and ignore all of the

materials and information that Allmerica has produced to them.  See supra Background.  Third,

Plaintiffs note that Allmerica is represented by a large law firm – the implication being that this

somehow makes it acceptable to unilaterally move up the fact discovery deadline by over five

months.[4]

Allmerica already has produced the core documents regarding the design, negotiation and

administration of the Trail Program, which were located at its corporate headquarters.  Allmerica

focused its initial searches for responsive documents on the sources most likely to yield a high

percentage of documents responsive to the central issues of this litigation, with a particular

emphasis on producing documents relevant to class certification as quickly as possible.

However, Allmerica believes that potentially discoverable materials also may be interspersed

throughout a collection of over 200,000 boxes located in a document storage warehouse.  It is

counsel's understanding that VeraVest, Allmerica's former broker-dealer affiliate, transferred

most or all its documents to this storage facility upon its dissolution.[5]  Allmerica has offered to

meet and confer with Plaintiffs regarding the scope of any search for responsive documents

potentially located in the warehouse.  See General Objection No. 6 of Defendants' Response to

Plaintiffs' First Request for Production of Documents (attached to Plaintiffs' Motion as Exhibit

C).  However, Plaintiffs have failed to discuss with Allmerica the scope or process for searching

---

[4]     Plaintiffs' also cite to Allmerica's production of "filler materials," such as public filings, as evidence of
Allmerica's supposed lack of good faith.  See Pls.' Mem. at 3.  However, Plaintiffs requested these documents, and
their document requests make no distinction between public and non-public documents.

[5]     Allmerica has approximately 227,000 boxes located at this document storage facility, of which
approximately 4,700 boxes pertain to VeraVest.  The VeraVest boxes likely contain relevant materials given that
VeraVest was the broker-dealer under which several of the trail participants worked under in 2003.

the documents in the storage facility, and instead now simply make the impossible demand that

Allmerica produce all responsive documents by November 15. [6]

In sum, Allmerica has made a good faith effort to search for and produce documents in a

timely manner, and Plaintiffs have no evidence whatsoever to the contrary.  The fact discovery

deadline is five months away, and the Court should deny Plaintiffs' attempt to change it to

November 15.[7]

> **B.      The Court Should Not Order Allmerica to Complete its Production of Documents Responsive to Request Nos. 13, 20, 24, 51, 54, 55, and 129 by November 15.**

In their motion, Plaintiffs seek to compel documents responsive to Request Nos. 13, 20,

24, 51, 54, 55, and 129 by November 15.  See Pls.' Mem. at 5-9.  As an initial mater, Allmerica

has substantially agreed to produce these categories of documents (with a few noted exceptions).

It is thus inappropriate for Plaintiffs to seek an order to compel production.  See John Doe v. The

District of Columbia, 231 F.R.D. 27 (D.D.C. 2005) ("Whether defendant is entitled to an order

compelling further production of documents depends on whether plaintiff's production to date

---

[6]      Plaintiffs request that, due to cost concerns, Allmerica make documents available for Plaintiffs' review, rather than simply copying and producing responsive documents to Plaintiffs.  See Pls.' Mem. at 4.  Such a procedure, however, would vastly slow down the process for producing documents to Plaintiffs and is at odds with Plaintiffs' stated desire that this Court compel the immediate production of responsive documents.  Moreover, Allmerica already has offered to meet and confer with Plaintiffs regarding the scope and procedure to search for responsive documents in the storage facility, and Plaintiffs have not acted on this.

[7]      Although Plaintiffs criticize Allmerica for not completing its document production, Mr. Speakman's deposition testimony confirmed that he has failed to produce all documents in his possession, custody or control that are responsive to Allmerica's discovery requests.  Specifically, Mr. Speakman admits that he keeps a daily diary in which he has written both about Allmerica and financial matters, see Speakman Dep. at 258:15-260:8, but no such diary has been produced to Allmerica.  Mr. Speakman also has not produced any electronic documents and testified in his deposition that he does not even know if anyone in his office has searched for e-mail responsive to Plaintiffs document requests.  See Speakman Dep. at 258:12-14.  Mr. Speakman further admitted that he has been generally uninvolved in either document preservation or collection activities.  Mr. Speakman stated that he has not spent any time collecting documents for this litigation, a task he delegated to his brother, and, in fact, does not even know what a document request is.  See Speakman Dep. at 256:23-257:1, 258:4-8.  Mr. Speakman also delegated the task of preserving responsive documents to his brother, but has "no idea" what his brother did to ensure that responsive documents were preserved.  See Speakman Dep. at 260:23-261:7.

has actually been deficient. Defendant is frustratingly vague and unclear in its pleadings on this matter, failing to point out particular holes in plaintiff's production.").

More importantly, however, Plaintiffs provide no explanation as to why the requested documents are necessary to support their motion for class certification. Class certification in this case concerns whether Plaintiffs satisfy the four elements of Rule 23(a) -- numerosity, commonality, typicality, and adequacy of representation -- and the predominance and superiority requirements of Rule 23(b)(3). Significantly, Plaintiffs do not mention *any* of these requirements in their memorandum. In fact, quite the contrary, Plaintiffs actually state their view that several categories of requested documents are *not* relevant to class certification. See Pls.' Mem. at 5, 7, 8. Each request is addressed below.

1.      *Request Nos. 54, 55 and 129.*

Plaintiffs request an order compelling Allmerica to produce documents responsive to Request Nos. 54, 55 and 129. Request Nos. 54 and 129 seek documents pertaining to the surrender and replacement of annuities subject to the Trail Agreement. Plaintiffs assert that Allmerica has failed to produce "switch letters," recordings of phone calls with Plaintiffs' clients, and documents concerning replacements made by persons other than Plaintiffs or putative class members. See Pls.' Mem. at 6. In fact, Allmerica has produced documents and audio recordings responsive to these requests to the extent they concern the named plaintiffs, and it will continue to search for additional responsive documents. Moreover, there may be responsive documents located at Allmerica's storage facility.

On the other hand, Allmerica should not be required to produce all documents concerning surrenders and replacements made by clients of trail participants other than the named plaintiffs at this stage of litigation. Allmerica already has provided detailed information to Plaintiffs

concerning the surrender rates for each trail participant (*i.e*., Outgo Rates) and other detailed

information.  See supra Background (first bullet point).  According to Plaintiffs, "the relevance

of the replacement activity as to class certification is doubtful."  Pls.' Mem. at 5.  Plaintiffs also

do not explain how "surrender charges collected by Defendants in connection with replacements

of Trail Program annuities," Pls.' Mem. at 7, are relevant to numerosity, commonality, typicality,

adequacy, predominance or superiority.  It is unclear why Plaintiffs need any of these documents

by November 15.

### 2.     *Request No. 20.*

Plaintiffs also seek to compel Allmerica to produce documents responsive to Request No.

20 by November 15.  See Pls.' Mem. at 7.  Request No. 20 calls for "documents concerning any

setoffs or offsets taken against commissions due" to any trail participants.  Setoffs taken by

Allmerica, however, are not relevant to class certification, and Plaintiffs make no attempt to

explain how they relate in any way to the four elements of Rule 23(a) or the predominance and

superiority requirements of Rule 23(b).  See id.  Allmerica, as it previously indicated to

Plaintiffs, will search for documents responsive to Request No. 20 and produce them on a rolling

basis to the extent they exist and are located.

### 3.     *Request No. 13.*

Request No. 13 calls for the production of "DAC Notes" for each trail participant.

Allmerica has produced Promissory Notes for the three named plaintiffs, and Plaintiffs

acknowledge that Allmerica has agreed to produce Promissory Notes for the remaining putative

class members to the extent they exist and can be located.  See Pls.' Mem. at 7.  However, once

again, Plaintiffs fail to explain why they need Promissory Notes for all trail participants by

November 15 or why they are relevant in any way to class certification.

4.      *Request No. 51.*

Request No. 51 calls for documents concerning communications between Allmerica and the SEC, NASD, or other regulatory agency concerning the replacement of Allmerica annuities by trail participants.  Allmerica agreed to produce non-privileged responsive documents to the extent they concern any of the named plaintiffs.  See Allmerica's Response to Request No. 51. Plaintiffs acknowledge that Allmerica already has produced documents responsive to this request, but complain that the production is incomplete, in particular with regard to exhibits and attachments to correspondence that was produced.  See Pls.' Mem. at 8.  Allmerica represents that it is continuing to search for documents responsive to this request (including exhibits and attachments) and will make it a priority to locate and produce them to Plaintiffs in an expeditious manner.

5.      *Request No. 24.*

Request No. 24 calls for the production of quarterly and annual statements sent to each trail participant concerning payment calculations and commission rates under the Trail Agreement.  Allmerica agreed to produce responsive documents for the named plaintiffs.  See Allmerica's Response to Request No. 24.  Moreover, Allmerica already has provided Plaintiffs with the commission rates for each trail participant from the beginning of the Trail Program through Q1 2005.  See Allmerica's Interrogatory Responses.  Plaintiffs have not explained why the underlying statements for each trail participant must be produced by November 15 or why these statements relate to class certification.  Nevertheless, as requested by plaintiffs, Allmerica will search for commission statements for Mark Robare from Q3 2002 to the present and produce them in an expeditious manner to the extent they exist and can be located.  See Pls.' Mem. at 9.

II.    **PLAINTIFFS' REQUESTS FOR DOCUMENTS THAT ARE NOT RELEVANT TO THE CLAIMS AND DEFENSES OF THE PARTIES SHOULD BE DENIED.**

A.    **Plaintiffs are not Entitled to Information Regarding Putative Class Members Who are not Represented by Counsel, Except to the Extent that Information Relates to Class Certification**

Plaintiffs seek an order overruling Allmerica's General Objection No. 1 to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories, in which Allmerica objected to Plaintiffs' discovery requests "to the extent they seek information concerning putative class members or Trail Program participants other than the three named plaintiffs, except where that discovery is relevant to address the appropriateness of class certification." Pls.' Mot. at 3. Plaintiffs cite no authority for the proposition that they are entitled to merits discovery concerning members of the putative class (other than the named plaintiffs) prior to a decision on class certification. This request therefore should be denied.

Plaintiffs similarly seek to compel Allmerica to produce the names of putative class members who are not represented by counsel. In its interrogatory responses and documents, Allmerica redacted the names and other identifying information of putative class members other than the three named plaintiffs, and assigned a number for each participant. At Plaintiffs' request, Allmerica has ceased redacting this information for trail participants who are represented by Plaintiffs' counsel. Allmerica is in the process of reviewing its discovery responses and documents previously provided to Plaintiffs and will shortly produce unredacted versions of any previously-redacted information pertaining to individuals represented by Plaintiffs' counsel. This is not good enough for Plaintiffs.

Allmerica acknowledges that certain information *concerning* putative class members may be relevant to class certification issues, but contends that the *names* of putative class members are irrelevant to any conceivable issue pertinent to class certification. Plaintiffs have failed to

show otherwise.  The district court's decision in <u>Brinkerhoff v. Rockwell Int'l Corp.</u>, 83 F.R.D.

478 (N.D. Tex. 1979) is directly on point.  In <u>Brinkerhoff</u>, the court rejected the defendants'

attempt to discover the names of putative class members because they failed to show why the

names of putative class members were needed to evaluate the issues of typicality, numerosity

and commonality pertinent to class certification.  <u>See</u> <u>id.</u> at 480-81 ("Defendants only need to

know what the claims are, not who made them, to assess the similarity of those claims and

plaintiff's claims … Resemblance and characteristics of a claim can be evaluated without

knowing the identity of the claimant.").  The court held that the names of putative class members

are "not relevant," and therefore not discoverable before certification.  <u>See</u> <u>id.</u>[8]

> **B.    Employment Agreements Between Allmerica and Managerial Employees are
> <u>not Relevant to the Claims or Defenses of the Parties.</u>**

Request Nos. 94-99 and 135 seek documents relating to various agreements between

Allmerica and several of its employees and former employees.  These agreements are entirely

irrelevant to this litigation.  Plaintiffs contend that these documents concern potential witnesses,

their relationship with Defendants, and "potential bias."  Pls.' Mem. at 11.  However, Plaintiffs

do not establish with any specificity how contracts between Allmerica and managerial employees

are relevant to the claims and defenses of the parties -- which concern the design, negotiation,

and administration of the Trail Program; commissions earned under the Trail Program; and

Plaintiffs' clients' surrenders and replacements of annuities subject to the Trail Program.  <u>See</u>

<u>Thompson, Jr. v. Glenmede Trust Co.</u>, Civ. Action No. 92-5233, 1993 U.S. Dist. LEXIS 17070,

at * 5-6 (E.D. Pa. 1993) (denying a motion to compel production of an employment agreement

---

[8]    Allmerica previously informed Plaintiffs during the parties' October 14, 2005 meet and confer conference, that in the event a document is unusable due to a redaction, Allmerica would provide Plaintiffs with the class members' corresponding number to permit Plaintiffs to link him or her with the information contained in Allmerica's interrogatory responses.  Plaintiffs have thus far failed to present any documents to Allmerica where the redactions of putative class member names have made the documents unusable for Plaintiffs.

because the agreement was not relevant to the claims in the litigation). Further, Plaintiffs' bald

assertion that they are entitled to such agreements because they might relate to "potential bias" is

not a sufficient justification for the discovery of non-public documents concerning the terms of

these parties' employment with Allmerica. This request constitutes an invasion of privacy.

**C.     Plaintiffs are not Entitled to Discover Documents Concerning Proposals or
Negotiations Regarding the Potential Sale of AFLIAC and FAFLIC.**

Request Nos. 117, 133 and 134 seek documents related to disclosures and negotiations

concerning the sale or potential sale of any life or annuity business owned by AFLIAC or

FAFLIC. As an initial matter, Allmerica recently announced the sale of AFLIAC to Goldman

Sachs. Allmerica is in the process of reviewing materials relating to this sale. It is undisputed

that any such materials are not relevant to class certification. Allmerica is willing to meet and

confer with Plaintiffs to determine which, if any, documents relating to the Goldman Sachs deal

are relevant to the merits of this case. However, Request Nos. 117, 133, and 134 also call for

documents concerning the potential sale of AFLIAC or FAFLIC without regard to whether such

negotiations or proposals came to fruition. Plaintiffs have not and cannot show that never-

completed proposals and negotiations are relevant to this litigation in any way, and, in fact, have

pointed to no evidence that such negotiations even took place. These requests should be denied

to the extent they seek such documents.[9]

**CONCLUSION**

For the foregoing reasons, Allmerica respectfully requests that the Court deny Plaintiffs'

Motion to Compel Discovery.

---

[9]     Plaintiffs also request an order compelling Allmerica to answer Interrogatory Nos. 1-3, 5, 6 and 12. See
Pls.' Motion at 3. First, Allmerica has responded to these interrogatories. Second, Plaintiffs have provided no
explanation for this request in their supporting memorandum and have not articulated why Allmerica should be
compelled to respond further to these interrogatories. Plaintiffs' request is thus in violation of the requirements for
discovery motions set forth in Local Rule 37.1.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(D), Defendants hereby request that the Court grant a hearing

on Plaintiffs' motion.  In support of their request, Defendants believe that oral argument will

assist the Court in clarifying and evaluating the issues raised in the motion.


Respectfully Submitted,

ALLMERICA FINANCIAL LIFE INSURANCE &
ANNUITY CO., FIRST ALLMERICA
FINANCIAL LIFE INSURANCE CO., and
ALLMERICA FINANCIAL CORP.

By their attorneys,


/s/ Eric D. Levin
Andrea J. Robinson (BBO No. 556337)
Jonathan A. Shapiro (BBO No. 567838)
Eric D. Levin (BBO No. 639717)
Brett R. Budzinski (BBO No. 655238)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: November 10, 2005

- 14 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served on this 10th day of
November, 2005 by <u>overnight mail</u> on:

Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street
Boston, MA 02109-4216

Stephen L. Hubbard
Robert W. Biederman
Hubbard & Biederman, LLP
1717 Main Street, Suite 4700
Dallas, TX 75201

        /s/ Eric D. Levin
        Eric D. Levin