## HUBBARD & BIEDERMAN, L.L.P.
ATTORNEYS AT LAW

*A Texas Registered Limited Liability Partnership*

1717 Main Street
Suite 4700
Dallas, Texas 75201

Telephone: 214-857-6000
Facsimile: 214-857-6001
www.hblawfirm.com

August 25, 2005

Eric D. Levin, Esq.　　　　　　　　　　　　　　**VIA FACSIMILE (617) 526-5000**
WILMER CUTLER PICKERING
HALE and DORR LLP
60 State Street
Boston, MA 02109

**Re:   *Donald P. Speakman, Stephen H. Wedel and Mark L. Robare v. Allmerica Financial Life Ins. & Annuity Co., et al.*; 4:04-cv-40077-FDS**

Dear Rick:

As you know, we previously wrote to raise concerns about Defendants' Responses to Plaintiffs' First Set of Interrogatories and Request for Admissions and to request a conference under L.R. 37.1(a). You suggested that we wait to take up those issues until Defendants served their response to Plaintiffs' First Request for Production. Now that you have served those responses, we are writing to flag additional issues with those responses and to request a date for the conference under L.R. 37.1(a).

In connection with Defendants' Responses to Plaintiffs' First Set of Request for Admissions and First Set of Interrogatories, we have the following issues that we need to discuss:

**A.   General Issues**

1. **Status of Stipulated Protective Order.** Many of the concerns you raise with respect to privacy issue would be resolved by that Order. Furthermore, as will be discussed below, the wording of your general objection No. 15 makes it unclear whether documents are being withheld until the Order is entered. We need to finalize the Stipulated Protective Order and are amenable to deleting the last paragraph of the most recent draft that was circulated.

2. **Confusing Incorporation by Reference.** In response to many of Plaintiffs' Requests, you state that you will produce documents responsive to some prior, unrelated request. In many cases, the

EXHIBIT


Eric D. Levin
August 25, 2005
Page 2

anticipated scope of the request and the incorporated request are quite divergent and, upon first review, the reference makes no sense. However, some of the incorporated responses seem to indicate production of documents that is broader than was asked. In such cases, we need clarification that the incorporated response (i.e., Nos. 1, 13 and 15) was intended to encompass <u>all</u> documents responsive to the later requests, even though the documents specified do not technically fall under the initial request. For example, Request No. 1 sought certain documents given to Plaintiffs concerning the Trail Agreement. Your response to Request No.1 appears to say that you are producing documents given to Plaintiffs <u>and</u> documents concerning "design, negotiation, and administration of the Trail Agreements." Request No. 3 seeks Defendant's internal documents concerning the Trail Agreement which likely were not given to Plaintiffs. Your response to Request No. 3 simply incorporates documents that are being produced in response to Request No. 1 leaving open the question of whether documents concerning "design, negotiation, and administration of the Trail Agreements" means all such documents or only those that were given to the Plaintiffs. Additional confusion arises in the context of attorney-client privilege where the incorporated response did not raise privilege or immunity but references that "non-privileged" documents are being produced.

A. **Issues Concerning Defendant's General Objections**

1. **General Objection No. 1.** In this general objection, you object to all requests "to the extent that they seek discovery concerning putative class members or Trail Program participants other than the three named plaintiffs, except where the discovery is relevant to address the appropriateness of class certification." This general objection is inappropriate. <u>First</u>, the distinction you draw is improper as there is no order bifurcating discovery in this case. <u>Second</u>, by making this a "general objection", rather than objecting in context of specific requests, it is impossible for us to determine the requests to which you are invoking this objection and which requests you believe are "relevant to address the appropriateness of class certification." <u>Finally</u>, because you did not produce a single document in connection with your responses, it is impossible for us to determine whether we agree with your unilateral determination that you will provide documents beyond those involving the three named Plaintiffs if it is "relevant to address the appropriateness of class certification."

Eric D. Levin
August 25, 2005
Page 3

2. **General Objection No. 2.** In this general objection, you object to production of personal or privileged information about individuals involved in insurance transactions and state that you will produce "summary data and other information" in order to respond to the request. The objection raises serious questions as to the adequacy of your planned production. First, the Insurance Information and Privacy Protection Act explicitly states that it is solely for the protection of residents of Massachusetts. See MGLA Ch.175II § 1. As such, it cannot be invoked as a reason for you to restrict access to information concerning policyholders outside of Massachusetts. Please advise us immediately if you intend to withhold any information based upon this Act as to individuals outside of Massachusetts. Second, as to policyholders residing within Massachusetts, you need to explain the reasons that you maintain the protective order is insufficient to protect their interests. Finally, you invite us to contact you concerning any contention that your redacted "summary data and other information" is insufficient. That is impossible because (i) you did not produce a single document in connection with your responses; and (ii) by making this a "general objection", rather than objecting in context of specific requests, it is impossible for us to determine for which requests you are invoking this objection and withholding information.

3. **General Objection No. 4.** In this general objection, you object to requests that call for documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. This general objection fails to give Plaintiffs notice of the privileges or immunities that are being invoked and to which requests. As such, the general objection is improper. Furthermore, to the extent that responsive documents are being withheld on the basis of privilege or immunity, Plaintiffs are entitled to, and demand, a privilege log.

4. **General Objection No. 6.** In this general objection, you object to the requests to the extent they purport to impose "a duty to search for documents beyond a diligent search of their files where potentially responsive materials reasonably would be expected to be found." You further complain about the burden of production on your client which allegedly arises from the manner in which the documents are kept. You finally offer to meet and confer concerning the scope of your search. As a preliminary matter, our requests do not purport to impose any duties to search for documents that are greater than or different from those contemplated by the rules. We are willing to

Eric D. Levin
August 25, 2005
Page 4

      discuss the manner in which your client keeps its documents and how to best access the information. Please let us know dates that you are available for such a conference.

5. **General Objection No. 7.** In this general objection, you are apparently refusing to produce "all documents" where you believe the key information was disclosed in summary form in answers to Plaintiffs' First Set of Interrogatories. Because you have failed to produce a single document, we cannot fully evaluate the adequacy of your unilateral determination of what "key information" is more manageable in summary form; however, we would point out that a litigant is not required to take the other party's interrogatory response at face value and is entitled to discover the documents that form the basis for the documents that underlie your interrogatory responses.

6. **General Objection No. 12.** In this general objection, you object to the date range January 1, 2000 to present. You state that the range is objectionable "with respect to many requests," but did not specify which requests. This "general objection" is inappropriate and, where documents you produce only go back a few years, will not give Plaintiffs an adequate basis for understanding whether no earlier documents exist or whether they are being withheld on the basis of this general objection.

7. **General Objection No. 15.** It was our understanding that the parties needed to finalize the form of a Stipulated Protective Order and that production would not be delayed while entry of that order is pending. From this general objection, however, it appears that you are withholding documents, pending entry of an order. We need clarification on this point.

8. **General Objection No. 16.** You indicate that production of documents will be on a "rolling" basis, but have not indicated when that production will commence and what timetable you expect for the production. We need clarification on this point.

B. **Issues Concerning Specific Responses and Objections**

1. **Request Nos. 1 and 2.** You state that you will produce certain, responsive, non-privileged documents, but failed to assert any privilege. In response to other requests, such as Request No. 3,

Eric D. Levin
August 25, 2005
Page 5

however, you object to privilege and reference your response to Request No. 1. We need clarification that the reference to production of "non-privileged" documents is intended only to cover those requests, such as Request No. 3, where a privilege is actually asserted. Furthermore, we need clarification as to whether any documents are being withheld on the basis of privilege or immunity.

2. **Request Nos. 3, 4, 54, 119, 125-129, 131- 132.** Here, you object to privilege and reference your response to Request No. 1. Because the scope of these requests was different from No. 1, we need clarification that the categories of documents specified in your response to Request No. 1. was intended to include all documents responsive to these Requests.

In addition, we need a privilege log as to documents being withheld in response to Requests Nos. 3 and 4.

3. **Request Nos. 5-12, 23-24, 26-31.** Because the scope of these requests is different from No. 1, we need clarification that the categories of documents specified in your response to Request No. 1. was intended to include all documents responsive to these Requests.

In addition, we need a privilege log as to documents being withheld in response to Request No. 11.

4. **Request No. 14.** Your response to this request references the production you promise in response to Request No. 13. Because the scope of this request is different from No. 13, we need clarification that the categories of documents specified in your response to Request No. 13 were intended to include all documents responsive to these Requests.

5. **Requests No. 14, 17, 18, 20, 32, 136.** Your response to this request references the production you promise in response to Request Nos. 1 and 13. Because the scope of these requests is different from Nos. 1 and 13, we need clarification that the categories of documents in response to those requests were intended to include all documents responsive to these Requests.

In addition, we need a privilege log as to documents being withheld in response to Request No. 32.

Eric D. Levin
August 25, 2005
Page 6

6. **Request Nos. 15.** Your response to this request promises the production of certain documents as well as referencing the production you promise in response to Request Nos. 1 and 13. Because the scope of these requests is different from Nos. 1 and 13, we need clarification that the categories of documents in response to those requests were intended to include all documents responsive to these Requests.

   In addition, we need a privilege log as to documents being withheld in response to Request No. 15.

7. **Request No. 16** Your response to this request references the production you promise in response to Request Nos. 1, 13, and 15. Because the scope of these requests is different from Nos. 1, 13, and 15, we need clarification that the categories of documents in response to those requests were intended to include all documents responsive to these Requests.

   In addition, we need a privilege log as to documents being withheld in response to Request No. 16.

8. **Request No. 19, 21, 22.** Your response to this request references the production you promise in response to Request Nos. 13 and 15, but not 1. Other responses, such as your response to Request No. 16, reference all three. We need clarification as to what is being produced in response and the reasons for the difference, especially when the response to No. 15 purports to include documents responsive to Requests Nos. 1. and 13.

   In addition, we need a privilege log as to documents being withheld in response to Request No. 19.

10. **Request No. 34.** Your response limiting the production of documents to insurance policies under which claims have been made, implies that other coverage exists, but that no claims have been made. If that is the case, Plaintiff does not understand the basis for your failing to disclose the existence of all insurance policies that could afford coverage. Please clarify whether other coverages exist and, if so, the basis for your refusal to produce the information.

11. **Request Nos. 35 and 36.** These Requests seek information concerning professional liability insurance coverage for Plaintiffs and

Eric D. Levin
August 25, 2005
Page 7

      class members. You object that the information is not relevant; however, the professional application and premium arrangement will bear upon whether Defendants characterized Plaintiffs and class members as employees or independent contractors.

12. **Request No. 39.** Plaintiffs requested documents concerning positions Defendants have taken concerning the employee or independent agent status of its sales force and you responded that no documents have been located. We would like clarification on whether your search has included briefing in either the *Bussie Class Action*, the *Allmerica v. Certain Lloyds Underwriter* case, or any of the lawsuits by or against agents or brokers since November 2002.

13. **Request No. 40.** Your response to this request references the production you promise in response to Request Nos. 1 and 37. Because the scope of these requests is different from Nos. 1 and 37, we need clarification that the categories of documents in response to those requests were intended to include all documents responsive to these Requests

14. **Request Nos. 41-46.** Your response to this request references the production you promise in response to Request No. 37. Because the scope of these requests is different from No. 37, we need clarification that the categories of documents in response to that request were intended to include all documents responsive to these Requests.

15. **Request Nos. 47-50.** These requests seek certain information bearing upon counterclaims asserted by Defendants. Your response indicates that the document production will be limited to documents concerning variable annuities. On its face, however, the counterclaim does not state that it is limited to variable annuities. Plaintiff needs clarification as to whether Defendants are limiting the counterclaim to variable annuities and, if not, the basis for limiting the document production.

16. **Request 51.** Plaintiffs need a privilege log as to documents being withheld in response to Request No. 51.

17. **Request Nos. 52 and 53.** Your response to this request references the production you promise in response to Request Nos. 1 and 51. Because the scope of these requests is different from Nos. 1 and 51, we need clarification that the categories of documents in response to

Eric D. Levin
August 25, 2005
Page 8

those requests were intended to include all documents responsive to these Requests.

18. **Request Nos. 55, 83, 122, 133-134.** You offer to meet and confer concerning the scope of the request and search for responsive documents. Please let us know dates that you are available for a conference.

19. **Request No. 56.** This request seeks information concerning actions that Defendants have taken that are consistent or inconsistent with those being asserted as counterclaims in this lawsuit. The request seeks Defendants' treatment of their sales force in the Partner and Select distribution channels, but your response offers only to produce information concerning Plaintiffs who were in the agency distribution channel. We do not understand your reasons for limiting production in this manner. Additionally, to the extent that the response references the production you promise in response to Request Nos. 1 and 37, we need clarification that the categories of documents in response to those requests were intended to include all documents responsive to these Requests.

    In addition, we need a privilege log as to documents being withheld in response to Request No. 56.

20. **Request Nos. 57 and 58.** In response to these Requests, you reference the documents being produced in response to Request No. 56 which simply refers to documents as to the named Plaintiffs. There is no order bifurcating discovery in this case or other justification for limiting your production in this manner. Furthermore, we need clarification as to whether you intend to broaden the production once a class is certified.

21. **Request Nos. 59-62.** You object that these requests seek information that is not relevant and offer to produce some publicly available filings. These requests seek the core documents concerning Defendants' knowledge, analysis and planning as to the DAC issue and Trail Program. As such the information is clearly probative on relevant issues and discoverable. Furthermore, reference to public filings is not sufficient in response to these Requests which seek to go behind those generic public statements in order to discover internal documents reflecting Defendants' decision-making process including its analysis, planning, knowledge, and intent.

Eric D. Levin
August 25, 2005
Page 9

In addition, we need a privilege log as to documents being withheld in response to Request No. 62

22. **Request Nos. 65-68, 93.** These requests seek information concerning Defendants' decision-making process including its analysis, planning, knowledge, and intent with respect to closing the variable annuity and variable universal life business. Your response indicates that documents concerning the effect on the Trail Agreements and Promissory Notes will be produced. From that vague response, it is unclear whether the production will be limited to documents that actually discuss the effect on the Trail Agreements and Promissory Notes, which would be entirely too narrow a production, or whether it is intended to include all documents concerning products that had an effect on the Trail Agreements and Promissory Notes.

In addition, we need a privilege log as to documents being withheld in response to Request Nos. 65 and 66

23. **Request Nos. 69-70, 76.** You object that these requests seek information that is not relevant and offer to produce some publicly available filings. These requests seek the core documents concerning Defendants' knowledge, analysis and planning as to issues disclosed in those filings. As such the information is clearly probative on relevant issues and discoverable. Furthermore, reference to public filings is not sufficient in response to these Requests which seek to go behind those generic public statements in order to discover internal documents reflecting Defendants' decision-making process including its analysis, planning, knowledge, and intent.

24. **Requests Nos. 77 and 78.** You object that these requests seek information that is not relevant. These requests seek the core documents concerning Defendants' knowledge, analysis and planning as to issues disclosed in relevant public filings. The information is clearly probative on Defendants' decision-making process including its analysis, planning, knowledge, and intent on issues bearing upon the Trail Agreements and is discoverable.

25. **Request Nos. 79 and 80.** Your response to this request references the production you promise in response to Request Nos. 51 and 65. Because the scope of these requests is different from Nos. 51 and 65, we need clarification that the categories of documents in response to

Eric D. Levin
August 25, 2005
Page 10

those requests were intended to include all documents responsive to these Requests. This is especially the case here where the scope of production on Requests 51 and 65 would appear to be completely different from the scope of these requests.

26. **Request No. 82.** The general law you cite does not appear to apply because of the limited nature of this Request; however, Plaintiffs are willing to discuss a phased production in which you would first produce an organizational chart and then would identify the persons occupying certain positions. Please let us know dates that you are available to confer on possible solutions.

27. **Request No. 92.** Plaintiffs have no objection to deferring production of this information until after class certification as long as you will clarify and stipulate as to whether such information exists and can be produced at that juncture.

28. **Request Nos. 94-99, 135.** You object that these requests seek information that is not relevant and refuse to produce any responsive documents. These requests seek information concerning potential witnesses, their relationship with Defendants, and potential bias. As such, the information is discoverable.

29. **Request No. 117.** You object that the information sought is not relevant; however, this Request seeks information relating to statements that Defendants made to third parties about the issues raised in this litigation. This information is especially pertinent given Defendants' announcement on August 22, 2005 that the variable annuity business, including contracts impacting the Trail Agreements, are now being sold to a third party.

30. Request No. 118. Your response to this request references the production you promise in response to Request No. 65. Because the scope of this request is different from No. 65, we need clarification that the categories of documents in response to those requests were intended to include all documents responsive to these Requests. Additionally, the same issues as to the vagueness of the response to Request No. 65 applies here.

31. **Request No. 123.** Your response indicates that a publicly-available document will be produced; however, Plaintiffs are entitled to discover information that underlies and forms the basis for Defendants' filing

Eric D. Levin
August 25, 2005
Page 11

        rather than taking the filing at face value. In particular, the U5 form should be premised upon either a resignation or termination letter, either of which is discoverable.

32. **Request Nos. 133 and 134.** In light of the announcement made by Defendants on August 22 about the impending sale to Goldman Sachs, these requests are highly relevant.

33. **Request No. 137.** Your response indicates that certain publicly-available documents will be produced and further incorporates the documents to be produced in response to Request No. 1. As discussed above, Plaintiffs are entitled to discover information that underlies and forms the basis for Defendants' filing rather than taking such public filings at face value. With respect to the reference to Request No. 1, because the scope of this request is different from No. 1, we need clarification that the categories of documents specified in your response to Request No. 1 were intended to include all documents responsive to this Request.

Please let me know as soon as possible which day you would like to have the conference to discuss the above. I am available any day next week.

                                Sincerely,

                                Robert W. Biederman