UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP.,<br><br>        Defendants and Counterclaim Plaintiffs. | Civil Action No. 4:04-CV-40077-FDS |

## JOINT MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs and Defendants make this Joint Motion to Modify Scheduling Order and state the following grounds in support of the Motion:

**Reasons for the Request**

1.   On June 29, 2005, this Court entered a Scheduling Order ("Current Scheduling Order"). A copy of the Current Scheduling Order is attached as Exhibit A. Among the deadlines in the Current Scheduling Order are the following ones: amendments to pleadings (January 31, 2006); written discovery served (February 28, 2006); fact depositions (April 30, 2006); and expert discovery (various dates beginning on June 30, 2006).

2.   On December 14, this Court held a hearing on Plaintiffs' Motion for Class Certification and took the matter under advisement. This motion is now pending.

3.  The Court's ruling on the pending Motion for Class Certification may materially affect the form of the pleadings and the scope and pace of discovery. If the Court certifies a class, the Court's certification order may impact the issues that will be in dispute. Conversely, if the Court does not certify a class, then the procedural posture of the case will change with a concomitant effect on the claims that may be pursued and the discovery to be undertaken.

4.  Given this reality, the parties have reached an agreement that Defendants will complete their document production within 60 days after the Court rules on class certification. Under this agreement, Defendants will not complete their production of documents responsive to Plaintiffs' initial document requests until an indefinite date, which will be no sooner than March 2006. The reason for this agreement is that the Court's ruling on class certification may affect the scope of Defendants' production of documents.

5.  Similarly, the Court's ruling on class certification may materially affect the need of any party to amend the pleadings, issue new discovery requests, conduct depositions, and resolve existing or future discovery disputes.

### The Discovery That Remains to be Taken

6.  Following Defendants' production of documents, Plaintiffs anticipate service of their final set of requests for production as well as additional interrogatories, requests for admission, and fact and expert depositions.

7.  Similarly, Defendants anticipate serving requests for production as well as additional interrogatories, requests for admission, and taking additional fact and expert depositions.

8.  As noted above, the Court's ruling on the pending Motion for Class Certification may materially affect the scope and pace of discovery.

**Specific Dates by Which Completion is Expected**

9. Because it is unknown whether this case is going to proceed as a class action, Plaintiffs and Defendants are not currently in a position to make recommendations for new deadlines for amendments to pleadings (Scheduling Order ¶ 2); fact discovery (Scheduling Order ¶¶ 3-4); expert disclosure and discovery (Scheduling Order ¶ 6); and dispositive motions (Scheduling Order ¶ 8). Plaintiffs and Defendants propose that the Court vacate those deadlines and set a status conference, after it rules on the Motion for Class Certification, at which time new deadlines will be set. This will allow the parties to recommend new deadlines for amendments to pleadings (Scheduling Order ¶ 2); fact discovery (Scheduling Order ¶¶ 3-4); expert disclosure and discovery (Scheduling Order ¶ 6); and dispositive motions (Scheduling Order ¶ 8).

WHEREFORE, Plaintiffs and Defendants respectfully pray this Court vacate the deadlines set in ¶¶ 2, 3, 4, 6, and 8 of the Scheduling Order and set a status conference following the ruling on Plaintiffs' Motion for Class Certification.

Dated: January 6, 2006.

                Respectfully submitted,

                Stephen L. Hubbard
                Robert W. Biederman (BBO No. 562279)
                Hubbard & Biederman LLP
                1717 Main Street, Suite 4700
                Dallas, Texas 75201
                Telephone: (214) 857-6000
                Facsimile: (214) 857-6001

                Nancy Freeman Gans (BBO No. 184540)
                Moulton & Gans, P.C.
                33 Broad Street, Suite 1100
                Boston, Massachusetts 02109-4216
                Telephone: (617) 369-7979
                Facsimile: (617) 369-7980

                By:    /s/ Robert W. Biederman
                          Attorney for Plaintiffs

                Andrea J. Robinson (BBO No. 556337)
                Jonathan A. Shapiro (BBO No. 567838)
                Eric D. Levin (BBO No. 639717)
                Brett R. Budzinski (BBO No. 655238)
                Wilmer Cutler Pickering Hale and Dorr LLP
                60 State Street
                Boston, MA 02109
                Telephone: (617) 526-6000
                Facsimile: (617) 526-5000

                By:    /s/ Eric D. Levin
                          Attorney for Defendants

                        /s/ Brett R. Budzinski
                        Attorney for Defendants