UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL, and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP., <br><br> Defendants and Counterclaim Plaintiffs. | Civil Action No. 4:04-cv-40077-FDS |

**[PROPOSED] ORDER PRELIMINARILY CERTIFYING
A CLASS FOR SETTLEMENT PURPOSES ONLY,
APPOINTING LEAD COUNSEL FOR THE CLASS,
DIRECTING ISSUANCE OF A CLASS NOTICE TO
THE CLASS, AND SCHEDULING A FAIRNESS HEARING**

WHEREAS the Court is familiar with all the pleadings and hearings and orders in the above action;

WHEREAS Plaintiffs Donald P. Speakman, Stephen H. Wedel and Mark L. Robare (collectively, "Plaintiffs") have filed an unopposed motion to amend the putative class action complaint in the matter captioned <u>Donald P. Speakman, Stephen H. Wedel and Mark L. Robare, Individually and On Behalf of All Others Similarly Situated v. Allmerica Financial Life Ins. & Annuity Co., First Allmerica Financial Life Ins. Co., and Allmerica Financial Corp.</u>, Civil Action No. 4:04-cv-40077-FDS in the United States District Court for the District of Massachusetts (the "Lawsuit");

-2-

WHEREAS the Parties and their attorneys have undertaken extensive discovery, including the depositions of each of the Plaintiffs, interrogatories, requests for admission, the production of voluminous documents, and service of subpoenas on multiple non-parties, and engaged in motion practice concerning the appropriate scope and extent of discovery;

WHEREAS after extensive negotiation and analysis, the Parties and their attorneys have entered into a Stipulation of Settlement, dated May 23, 2006 (together with exhibits thereto, the "Settlement Agreement"), in which the Parties have agreed upon a settlement of the Lawsuit subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement, which, if approved, will result in dismissal of the Lawsuit with prejudice;

WHEREAS the Court has carefully reviewed the Settlement Agreement and the memoranda submitted to date in support of the Settlement Agreement;

WHEREAS the Court has determined that it would be in the best interests of the Parties, the Class and the Court to conduct hearings and other proceedings about the Settlement Agreement;

NOW, after review of the Settlement Agreement, and the matter having come before the Court by hearing on _____, 2006; and the Plaintiffs having appeared by Stephen L. Hubbard, Esq. and Robert W. Biederman, Esq. of the law firm of Hubbard & Biederman, LLP, and the Defendants having appeared by Andrea J. Robinson, Esq. and Jonathan A. Shapiro, Esq. of the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, on application of the Parties and based on the record;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows (all capitalized terms used herein are defined as they are defined in the Settlement Agreement, unless otherwise defined herein):

1. <u>Staying the Lawsuit</u>.  All discovery and other pretrial proceedings in this Lawsuit are hereby stayed and suspended until further order of the Court.

2. <u>Filing Amended Complaint</u>.  The Court hereby grants Plaintiffs' unopposed motion to file a Second Amended Complaint.

3. <u>Jurisdiction</u>.  Pending resolution of the settlement proceedings in this matter, the Court hereby asserts jurisdiction over the members of the Class for purposes of effectuating this settlement and releasing their claims.

4. <u>Class Certification for Settlement Purposes Only</u>.  The Court finds that a class should be preliminarily certified only for settlement purposes.  The Class consists of Plaintiffs and all other original participants in the Trail Program who executed a DAC Note, except any such participants who, prior to April 10, 2006, released their claims in connection with the Trail Program pursuant to a settlement with any of the Defendants.[1]  The Court directs that, for the sole purpose of settlement, and without an adjudication on the merits, the Lawsuit shall proceed as a class action on behalf of the Class.

5. <u>Class Representatives and Lead Counsel</u>.  Donald P. Speakman, Stephen H. Wedel, and Mark L. Robare are designated as representatives of the Class for the purpose of seeking approval of the settlement of the Lawsuit.  The law firm of Hubbard & Biederman, LLP is hereby designated as Lead Counsel for the Class.

---

[1] The Settlement Agreement defines "Trail Program" as "the contractual obligations and business relationship embodied by the Trail Agreements and DAC Notes collectively"; "Trail Agreements" as "the In-Force Annuity Trail Commission Agreements executed in connection with the Trail Program on or about January 1, 2001"; and "DAC Notes" as "the Promissory Notes executed in connection with the Trail Program on or about January 1, 2001."

6.      <u>Granting Preliminary Approval</u>.  The Settlement Agreement is preliminarily approved as fair, reasonable and in the best interests of the Class, subject to the right of any Class Member to challenge the Settlement Agreement and to show cause, if any exists, why a Final Order and Judgment dismissing this Lawsuit (based on the Settlement Agreement) should not be entered after due and adequate notice to the Class and a Fairness Hearing as ordered herein.

7.      <u>Findings Regarding Proposed Settlement</u>.  The Court finds that:  *(I)* the proposed settlement resulted from extensive arm's-length negotiation and was concluded only after Plaintiffs' Counsel had conducted extensive discovery and *(ii)* the proposed settlement evidenced by the Settlement Agreement is sufficient to warrant *(a)* notice thereof to the members of the Class and *(b)* a full hearing on the settlement.

8.      <u>Fairness Hearing</u>.  A hearing (the "Fairness Hearing") will be held on August 11, 2006, at 3:00 pm in Room ____ of the United States District Court for the District of Massachusetts, 595 Main Street, Worcester, Massachusetts 01068, to determine:  *(I)* whether the Lawsuit should be finally certified for class action settlement purposes; *(ii)* whether the settlement of the Lawsuit should be approved as fair, reasonable and adequate; *(iii)* whether the Lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; *(iv)* whether Class Members should be bound by the Release set forth in the Settlement Agreement; *(v)* whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances related thereto, in this Lawsuit; and *(vi)* whether the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses,

and the application of Plaintiffs for Incentive Awards, should be approved. The Parties' supplemental submissions in support of the settlement shall be filed with the Court by August 4, 2006. The Parties' responses, if any, to any objections or appearances filed pursuant to paragraph 14 of this Order shall be filed with the Court by August 4, 2006.

9. <u>Pre-Hearing Notices</u>.

(a) <u>Notice by Mail</u>. Notice and the accompanying materials substantially in the form filed with this Court as Exhibit B to the Settlement Agreement (the "Class Notice") shall be mailed, at the Defendants' expense, by first-class mail, postage prepaid, no later than June 27, 2006, to the last known address of each member of the Class.

(b) <u>Remailing and Additional Notice</u>. Allmerica or an administrator shall remail any notices returned by the Postal Service with a forwarding address that are received by Allmerica or the administrator at least 20 days before the Fairness Hearing.

(c) <u>Proof of Mailing</u>. At or before the Fairness Hearing, the Defendants or an administrator shall file with the Court a proof of mailing of the Class Notice.

10. <u>Findings Concerning Notice</u>. Having considered, among other factors *(I)* the various methods by which notice to members of the Class might be given, *(ii)* the stake of each member of the Class, and *(iii)* the likelihood that significant numbers of members of the Class might desire to exclude themselves from the Class or appear individually, the Court finds that notice given in the form and manner provided in paragraph 9 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise members of the Class of *(a)* of the pendency of this Lawsuit, *(b)* of their right to exclude themselves from the proposed settlement, *(c)* that any judgment, whether favorable or not, will include all Class Members who have not been excluded; and *(d)* that any Class Member who has not been excluded may object

to the settlement and, if he or she desires, enter an appearance either personally or through counsel. The Court further notes that the Class Notice provided in the Settlement Agreement is written in simple English and is readily understandable by members of the Class. In sum, the Court finds that such notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to be provided with notice, and that it meets the requirements of due process, the Federal Rules of Civil Procedure and the Rules of the Court.

11.     <u>Communications with Class Members</u>.  The Defendants are authorized to communicate with members of the Class about the Lawsuit and the terms of the proposed settlement provided for in the Settlement Agreement, and Allmerica is authorized to engage in any other communication within the normal course of its business.

12.     <u>Retention of Administrators</u>.  The Court authorizes the Defendants, in consultation with Lead Counsel, to retain one or more administrators to help implement the terms of the proposed settlement, and authorizes such administrators to assist the Defendants in *(I)* mailing the Class Notice, and *(ii)* carrying out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Lawsuit.

13.     <u>Exclusion from Class</u>.

(a)     <u>Requests for Exclusion</u>.  Any member of the Class who wishes to be excluded from the Class must send a written request for exclusion to the Clerk of the Court, with copies to Allmerica's Counsel and Lead Counsel, by first-class mail, postage prepaid, to the following addresses:

> Clerk of the Court
> U.S. District Court for the District of Massachusetts
> P.O. Box 961485
> Boston, Massachusetts 02196
> Re: Case No. 04-40077

>    Stephen L. Hubbard, Esq.
>    Robert W. Biederman, Esq.
>    Hubbard & Biederman LLP
>    1717 Main Street, Suite 4700
>    Dallas, Texas 75201
>    Lead Counsel for Plaintiffs and the Class
>
>    Andrea J. Robinson, Esq.
>    Jonathan A. Shapiro, Esq.
>    Wilmer Cutler Pickering Hale and Dorr LLP
>    60 State Street
>    Boston, MA 02109
>    Counsel for Allmerica

Any such exclusion request must be postmarked no later than July 27, 2006. If the proposed settlement is approved, any member of the Class who has neither submitted an appropriate, timely, written request for exclusion from the Class, nor has been excluded pursuant to paragraph 13(b) below, shall be bound by all subsequent proceedings, orders and judgments in this Lawsuit, even if he or she has pending or subsequently initiates litigation encompassed by the Class Members' Release against the Defendants (or any of them) relating to the claims released in the Settlement Agreement.

      (b)    <u>Class Members Involved in Bankruptcy Proceedings</u>. If, on or before the Final Settlement Date, any Class Member is a debtor subject to a pending bankruptcy proceeding with respect to such Class Member under the federal bankruptcy laws (a "Bankruptcy Proceeding"), such Class Member shall be excluded from the Class and neither the Settlement Agreement nor the Final Order and Judgment (including, without limitation, the Release and the relief provided therein) shall have any effect with respect to the Class Member, unless on or before the Final Settlement Date: *(I)* a final order and judgment approving and incorporating the terms of the Settlement Agreement as to such Class Member (in its entirety and without qualification or conditions that affect Allmerica's rights thereunder), or such other final order

and judgment that the Parties agree to, has been entered by the federal court having jurisdiction over such Bankruptcy Proceeding; and *(ii)* the Class Member files such an order with this Court and delivers to Plaintiffs' Counsel and Allmerica's Counsel copies of the same at the addresses set forth in paragraph 13(a) above.

14.   Objections and Appearances.

(a)   Written Objections.  Any Class Member who has not been excluded from the Class and who complies with the requirements of this paragraph may object to any aspect of the proposed settlement and/or the award of attorneys' fees and expenses and/or Plaintiffs' Incentive Awards, either on his or her own or through an attorney hired at his or her expense. Any Class Member who wishes to object to the proposed settlement must file with the Court and deliver to Lead Counsel for the Class and Allmerica's Counsel a written statement of objection by no later than July 27, 2006.  Such statement shall include the specific reason(s), if any, for each objection, including any legal support, evidence, papers or briefs that the Class Member wishes the Court to consider, shall include a reference to the case number, and shall be provided to each of the following:

>   Clerk of the Court
>   U.S. District Court for the District of Massachusetts
>   Donohue Federal Building
>   595 Main Street
>   Worcester, Massachusetts 01608
>   Re: Case No. 04-40077
>
>   Stephen L. Hubbard, Esq.
>   Robert W. Biederman, Esq.
>   Hubbard & Biederman LLP
>   1717 Main Street, Suite 4700
>   Dallas, Texas 75201
>   Lead Counsel for the Class

>Andrea J. Robinson, Esq.
>Jonathan A. Shapiro, Esq.
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109
>Counsel for Allmerica

Any Class Member who does not timely file and serve a written objection pursuant to the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the settlement, and any objection that is not timely or validly made shall be barred.

(b)     <u>Appearance at Settlement Hearing</u>.  Any Class Member who files and serves a timely and valid written objection pursuant to the terms of paragraph 14(a) of this Order and complies with the requirements of this paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense.  Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Lead Counsel for the Class and Allmerica's Counsel and file with the Court, at the address specified in paragraph 14(a) of this Order, by no later than July 27, 2006, notice of intention to appear, setting forth the case number, and the name, address and telephone number of the Class Member (and if applicable, the name of the Class Member's attorney).  Any Class Member who does not timely and validly file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear, except for good cause.

15.     <u>Post-Office Box</u>.  The Defendants or their designated agents are directed to rent a post-office box in the name of the Clerk of the Court to be used for receiving requests for exclusions and any other Class Member communications.  In addition to the Court and the Clerk of the Court, only Defendants, Allmerica's Counsel, Plaintiffs' Counsel and their designated agents shall have access to the post-office box.

16.     <u>Access to Discovery Materials</u>.  Lead Counsel for the Class shall make available to any member of the Class during regular business hours, at the member's expense, the documents exchanged by the Parties during discovery in this Lawsuit, and deposition transcripts and attached exhibits generated in this Lawsuit.  These documents shall be made available for review only at the offices of Hubbard & Biederman LLP, 1717 Main Street, Suite 4700, Dallas, TX 75201.  Any member of the Class wishing to obtain access to these materials must first agree in writing to be bound by the Protective Order entered in this Lawsuit.  Any breach of the Protective Order shall constitute a violation of this Order and may, upon application to this Court by any party aggrieved by the violation, result in an order of contempt of Court or other sanctions.  If a Class Member hires an attorney to represent him or her in connection with the review of such documents, the attorney must *(I)* file a notice of appearance with the Clerk of the Court at the address specified in paragraph 14(a) of this Order by no later than July 27, 2006, and *(ii)* deliver to Lead Counsel for the Class and Allmerica's Counsel at the addresses specified in paragraph 14(a) of this Order a copy of the notice of appearance by no later than July 27, 2006.

17.     <u>Preliminary Injunction</u>.   All members of the Class who have not been excluded from the Class (and all persons acting on behalf of Class Members who have not been excluded from the Class) are hereby enjoined from *(I)* directly, representatively or in any other capacity filing, commencing, prosecuting, intervening in, or participating in and/or continuing to prosecute or participate in, or receiving any benefits or other relief from, directly or indirectly (as class members or otherwise), any action, lawsuit, or other proceeding, in any jurisdiction based on or relating to any of the claims and causes of action in this Lawsuit and/or subject of the Class Members' Release, or the facts and circumstances relating thereto; and *(ii)* organizing

Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto.  This Court finds that the issuance of this preliminary injunction is necessary and appropriate to aid the Court's jurisdiction over the Lawsuit and to protect and effectuate the Court's preliminary approval and consideration of the Settlement Agreement.

      18.      <u>Service of Papers</u>.  Allmerica's Counsel and Plaintiffs' Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Fairness Hearing, any further documents in support of the proposed settlement, including responses to any papers filed by Class Members.  Allmerica's Counsel and Plaintiffs' Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Fairness Hearing.  Plaintiffs' Counsel and Allmerica's Counsel shall be prepared at the Fairness Hearing to respond to any objections filed by Class Members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved by the Court.

      19.      <u>Termination of Settlement</u>.  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if:  *(I)* the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or *(ii)* the proposed settlement is terminated in accordance with the

Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

20.     <u>Use of Order</u>.  This Order shall be of no force or effect if the settlement does not become final, and shall not be construed or used as an admission, concession or declaration by or against Defendants or Plaintiffs or members of the Class of the validity of any claim or Counterclaim or any actual or potential fault, wrongdoing or liability whatsoever, or by or against Plaintiffs, members of the Class or Defendants, that their claims or the Counterclaims lack merit or that the relief requested in the Second Amended Complaint or the Counterclaims is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims it or they may have.

21.     <u>Reservation of Rights</u>.  The Court reserves the right to approve the Settlement Agreement with such modifications as may be agreed by the Parties and without requiring further notice to the Class Members.

22.     <u>Continuation of Hearing</u>.  The Court reserves the right to continue the Fairness Hearing without further written notice.

IT IS SO ORDERED.

Dated _____, 2006.

                                                  _____
                                                  THE HONORABLE F. DENNIS SAYLOR, IV
                                                  U.S. DISTRICT COURT JUDGE