IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP. <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 4:04-cv-40077-FDS |

## PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

Plaintiffs, Donald P. Speakman, Stephen H. Wedel and Mark L. Robare ("Plaintiffs") make this Unopposed Motion for Class Certification for Settlement Purposes Only, and state as follows:

### Background

1. On July 22, 2005, Plaintiffs filed a Motion for Class Certification. The Motion was fully briefed by both sides and the Court heard argument on the Motion on December 14, 2005. The Court has not yet issued any ruling.

2. On May 23, 2006, the parties executed a Stipulation of Settlement.

3. Concurrently with this Motion, the parties have filed a Joint Motion for Preliminary Approval of Stipulation of Settlement and Entry of Hearing Order, and Plaintiffs' Unopposed Motion to File Second Amended Complaint.

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY - Page 1**

4.      The Stipulation of Settlement ("Proposed Settlement"), which is attached to the Joint Motion for Preliminary Approval of Stipulation of Settlement and Entry of Hearing Order provides, in part, for the certification of a class (as defined below) for settlement purposes. *See* Proposed Settlement at 6, §2.7 (Definition of "Class"); at 42 § 12.1.2 ("Plaintiffs' modification of their pending Motion for Class Certification, unopposed by Defendants, to seek certification for settlement purposes of the Class as defined above"); 31, §9.1.1. (Order of Notice, Settlement Hearing and Administration providing for certification of the Class for settlement purposes only, appointing Plaintiffs as Class representatives, and appointing Hubbard & Biederman, LLP as Lead Counsel for the Class); at 36, §10.1.3 (Final Approval and Final Order and Judgment providing for "(f)inally certifying the Class for settlement purposes").

## Class Definition

5.      Plaintiff seeks certification of a class for settlement purposes of all original participants in the Trail Program who executed a DAC Note, except any such participants who, prior to April 10, 2006, released their claims in connection with the Trail Program pursuant to a settlement with any of the Defendants.[1]

6.      There are 132 persons in the Class, taking into account the above exclusions ("Class Members").

## The Standard and Evidence to Be Applied

---

[1] The Proposed Settlement at 10, § 2.42 defines "Trail Program" as "the contractual obligations and business relationship embodied by the Trail Agreements and DAC Notes collectively"; at 10, § 2.40 defines the "Trail Agreements" as "the In-Force Annuity Trail Commission Agreements executed in connection with the Trail Program on or about January 1, 2001"; and at 6, § 2.12 defines "DAC Notes" as "the Promissory Notes executed in connection with the Trail Program on or about January 1, 2001." The Class definition in this Motion conforms to the one in the proposed Second Amended Complaint and the Proposed Settlement.

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY -
Page 2**

7. Prior to addressing the adequacy of a proposed settlement, the Court must determine whether the plaintiff class, as agreed to by the parties, meets the prerequisites for certification, except for the factor contained in Fed. R. Civ. P. 23(b)(3)(D) "whether the case, if tried, would present intractable management problems." *Amchem Products, Inc. v. Windsor*, 521 U.S., 591, 620 (1997).

8. As explained above, the parties have extensively briefed the issue of Class Certification which, for purposes of settlement, Defendants are not opposing. In support of this Unopposed Motion for Class Certification for Settlement Purposes Only, Plaintiffs incorporate the Motion for Class Certification filed on July 22, 2005, Plaintiffs' Memorandum In Support of Motion for Class Certification filed on July 22, Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Class Certification filed on December 6, Appendix of Deposition Excerpts to Reply Memorandum in Support of Plaintiffs' Motion for Class Certification filed on December 6, and Appendix of Exhibits to Reply Memorandum in Support of Plaintiffs' Motion for Class Certification filed on December 6.

### FED.R.CIV.P. 23(a) & (g)

9. The Class satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1) in that there are 132 Class Members dispersed throughout 25 states, making joinder impractical.

10. There are questions of law or fact common to the Class within the meaning of Fed. R. Civ. P. 23(a)(2). Those questions include the following:

    a. whether Defendants breached the implied duty of good faith and fair dealing by withdrawing from the life and an annuity business;

    b. whether Defendants' breach caused damage to the Class;

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY - Page 3**

      c.      whether Defendants' breach constituted a deceptive act or practice within the meaning of ch. 93A §§ 2,11;

      d.      whether Defendants omitted to disclose material facts as to the financial condition of Defendants to the Class at the time of entering into the Trail Program; and

      e.      whether Defendants' withholding of material information from Plaintiffs and the Class constituted a deceptive act or practice within the meaning of Ch. 93A §§ 2,11.

11. Plaintiffs' claims are typical of those of the Class, arise from the same conduct, and are based on the same legal or remedial theory within the meaning of Fed. R. Civ. P. 23(a)(3).

12. Plaintiffs, as Class Representatives, will fairly and adequately protect the interests of the Class and have chosen counsel experienced in class action insurance litigation and competent to prosecute the class claims within the meaning of Fed. R. Civ. P. 23(a)(4). Plaintiffs have no interests antagonistic to, or in conflict with, the other members of the Class they seek to represent. Therefore, Plaintiffs are adequate class representatives.

13. Plaintiffs are represented by the law firms of Hubbard & Biederman, LLP and Moulton & Gans, P.C.. Hubbard & Biederman, LLP has been involved, and acted as counsel and lead counsel in, numerous class actions, including actions against other life insurance companies. Moulton & Gans, P.C. has also served as class counsel in numerous class actions, including actions against other life insurance companies.

14. Plaintiffs' counsel are well qualified to prosecute these claims on behalf of absent class members, have performed significant work identifying and investigating the claims in this

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY -
Page 4**

action, are experienced in handling class actions and other complex litigation and claims of the type asserted here, have knowledge of the applicable law, and have demonstrated that they have the necessary resources to represent the Class so as to satisfy the requirements of Fed. R. Civ. P. 23(g).

### Fed.R.Civ.P. 23(b)(3)

15. There are numerous questions of law and fact common to the Class which predominate over questions affecting individual members within the meaning of Fed. R. Civ. P. 23(b)(3).

16. Pursuant to Restatement (Second) Conflict of Laws, Plaintiffs claim that Massachusetts law governs the claims and defenses in this action, and questions of law predominate over any individual questions affecting individual Class Members.

17. As to Plaintiffs' claims, there is a well-defined community of interest in the questions of law or fact affecting the Class which predominate over any questions affecting only individual members that can be proved through common evidence:

    a. As to the contract claims, common questions predominate because all members of the Class have operated under the Trail Program.

    b. Whether Defendants breached the implied duty of good faith and fair dealing by withdrawing from the life and an annuity business is also proven by common evidence because the claim turns on the conduct of Defendants, which was uniform as to the Class.

    c. As to the ch. 93A claim based upon the breach of the implied duty of good faith, predominance is satisfied for the reasons set forth above;

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY - Page 5**

      d.      As to the other basis for the ch. 93A claim based upon non-disclosure of material facts, common questions predominate, because such a claim does not require proof that a plaintiff relied on the representation or that a defendant intended to deceive the plaintiff, but merely looks at whether the act has a "tendency to deceive."

      e.      Common questions concerning damage predominate because cancellation of the DAC Notes is a common remedy to the Class and, alternatively, individualized damages are susceptible to proof through the use of a common mathematical formula.

    18.    As to Defendants' defenses, Plaintiffs further contend that because common evidence to establish defenses such as the fifth (assumption of risk), fourteenth (no meeting of the minds), fifteenth (failure to state Ch. 93A claim because it arises in an employment relationship); and sixteenth (business judgment rule) affirmative defenses, those defenses further support a finding of predominance. Similarly, as to the second (estoppel), third (laches), and tenth (waiver) affirmative defenses, the same type of proof as to one class member generally will be applicable to the others by virtue of the common underlying facts as to each class member because all members of the Class entered the Trail Program at the same time, have participated during the same period of time, have not been treated differently on an individual basis, were all terminated as agents at the end of 2002, and for those who signed new agreements were terminated at the end of 2003.

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY -**
**Page 6**

19. Defendants' counterclaims for breach of contract do not disturb a finding of predominance. The common question as to whether or not Defendants, whom Plaintiffs claim breached the Trail Program, can themselves sue for breach of contract predominates.

20. Considering the factors set forth in Fed. R. Civ. P. 23(b)(3)(A)-(D), a class action is superior to all other available methods for the fair and efficient adjudication of this controversy:

    a. The only litigation of which Plaintiffs are aware involving the Trail Program is an individual lawsuit initiated by Defendants against a proposed Class Member against which that individual asserted a counterclaim;

    b. This forum is the most efficient and desirable location to resolve the issues in this lawsuit, because the conduct giving rise to this lawsuit occurred here and Defendants are based here; and

    c. Plaintiffs do not have to satisfy the manageability standard contained in Fed. R. Civ. P. 23(b)(3)(D). *See Amchem*, 521 U.S. at 620.

WHEREFORE, Plaintiffs respectfully request this Court:

Enter Order Preliminarily Certifying A Class For Settlement Purposes Only, Appointing Lead Counsel for the Class, Directing Issuing of A Class Notice to the Class, and Scheduling A Fairness Hearing attached as Exhibit A to the Proposed Settlement.

Dated this 21st day of June, 2006.

                              Respectfully submitted,

                              /s/ *Robert W. Biederman*
                              Stephen L. Hubbard

Robert W. Biederman (BBO No. 562279)
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001
*slhubbard@hblawfirm.com*
*rwbiederman@hblawfirm.com*

Nancy Freeman Gans (BBO No. 184540)
**MOULTON & GANS, P.C.**
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353
*nfgans@aol.com*

ATTORNEYS FOR PLAINTIFFS

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY - Page 8**

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 21, 2006.

      Andrea J. Robinson, Esq.
      Jonathan A. Shapiro, Esq.
      Eric D. Levin, Esq.
      Brett R. Budzinski, Esq.
      WILMER CUTLER PICKERING HALE and DORR LLP
      60 State Street
      Boston, MA 02109
      (617) 526-5000 fax

      Brian E. Whiteley (BBO No. 555683)
      C. Alex Hahn (BBO No. 634133)
      SCIBELLI, WHITELEY & STANGANELLI, LLP
      50 Federal Street, 5th Floor
      Boston, MA 02110
      (617) 722-6003 fax

      */s/ Robert W. Biederman*
      ROBERT W. BIEDERMAN

**MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY - Page 9**