IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:04-cv-40077-FDS |
| v. | § § | |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP. | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF STIPULATION OF SETTLEMENT AND ENTRY OF HEARING ORDER**

Stephen L. Hubbard
Robert W. Biederman (BBO No. 562279)
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001
*slhubbard@hblawfirm.com*
*rwbiederman@hblawfirm.com*

ATTORNEYS FOR PLAINTIFFS

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  Proposed Settlement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.   Settlement Negotiations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     B.   The Principal Terms of the Proposed Settlement . . . . . . . . . . . . . . . . . . . . . . . 3

          1.   Termination of the Trail Program: Cancellation of the DAC Notes and
               Termination of Trail Commissions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
          2.   Cash Payments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
               a.   Set-off Supplemental Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
               b.   True-Up Supplemental Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
          3.   Release . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
          4.   Attorneys' Fees and Incentive Awards . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.   The Court Should Preliminarily Approve the Proposed Settlement . . . . . . . . . . . 6

     B.   The Proposed Notice to the Proposed Class Meets All Applicable
          Requirements. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

          1.   The Form of the Notice Complies With All Requirements . . . . . . . . . . . 7
          2.   The Manner of Sending the Notice Satisfies All Requirements . . . . . . . . 9
          3.   The Period for Objections And Opt-Outs Is Adequate . . . . . . . . . . . . . . 9

IV.  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

# FEDERAL CASES

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) . . . . . . . . . . . . . . . . .   8

*In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694 (E.D. Mo. 2002). . .   9

*Bussie v. Allmerica Financial Corp.*, 50 F. Supp. 2d 56 (D. Mass. 1999)  . . . .   3

*Duhaime v. John Hancock Mutual Life Insurance Co.*, 177 F.R.D. 54
    (D. Mass. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-75 (1974). . . . . . . . . . . . . . . .   9

*In re First Commodity Corp. Of Boston Customer Account Litigation*,
    119 F.R.D. 301(D. Mass. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Greenspun v. Bogan*, 492 F.2d 375(1st Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . .   10

*In re Lupron Marketing And Sales Practices Litigation*, 228 F.R.D. 75
    (D. Mass. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) . . . . . . . . .   9

*In re Nasdaq Market-Makers Antitrust Litigation*, 176 F.R.D. 99
    (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

# FEDERAL STATUTES

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7,8

## I. Introduction

On May 23, 2006, Plaintiffs and Defendants entered into the Stipulation of Settlement ("Proposed Settlement") attached as Exhibit A to the Joint Motion for Approval of the Stipulation of Settlement. The Proposed Settlement fully resolves the claims and counterclaims in this lawsuit, and provides substantial benefits to the proposed class of participants in the In-Force Annuity Trail Commission Program ("Trail Program").[1]

The Proposed Settlement was reached after extensive and often contentious negotiations, and follows nearly two years of highly contested litigation including motions to dismiss and for class certification, and substantial discovery involving numerous third party subpoenas, production of approximately 80,000 pages of documents, and depositions of each of the Plaintiffs.

The Proposed Settlement provides the following benefits to the proposed Class: (i) terminates the Trail Program including the cancellation or satisfaction of all outstanding DAC Notes with an aggregate balance as of March 30, 2006 of approximately $13.5 million; (ii) provides cash payments to those whose commissions from outside the Trail Program were offset by Defendants against their DAC Notes since May 1, 2005, which offsets through March 30, 2006 total approximately $360,000; (iii) provides cash payments to those who accelerated their DAC Note payments, which amounts through March 30, 2006 total approximately $500,000; and (iv) provides for mutual releases between the parties.

---

[1] Concurrently with the Joint Motion for Approval of the Stipulation of Settlement and as provided by the Proposed Settlement, Plaintiffs have filed an Unopposed Motion to File Second Amended Complaint and Unopposed Motion for Class Certification for Settlement Purposes Only. As explained below, with certain exceptions, the proposed class includes all individuals who entered into the Trail Program and executed Promissory Notes ("DAC Notes" or "Notes") as part of the Trail Program.

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL** - Page 2

In light of these substantial benefits that the Proposed Settlement afford the proposed Class in this highly contentious lawsuit, Plaintiffs submit that it meets all applicable standards for preliminary approval of a class settlement.

## II.     Proposed Settlement

### A.     Settlement Negotiations

Preliminary settlement negotiations were initiated in late 2004, but were broken off by April 2005. Following the December 2005 class certification hearing, settlement negotiations were re-commenced. As a result of extensive negotiations that included numerous telephone conferences, a face-to-face meeting in Dallas, and the exchange of eight (8) drafts, the parties entered into a Memorandum of Understanding ("MOU") on April 10, 2006, setting forth the primary terms of a proposed class settlement that was to be reflected in a formal settlement agreement. Following the entry of the MOU, the parties informed the Court of that development and that the parties were proceeding to prepare a proposed settlement agreement.

To arrive at the terms of the Proposed Settlement, the parties engaged in numerous telephone conferences, a face-to-face meeting in Boston, and the exchange of multiple drafts of the settlement papers. Following these extensive negotiations, the parties entered into the Proposed Settlement on May 23, 2006. Only after the parties had agreed to all terms of the Proposed Settlement did the parties begin discussing the amount of attorneys' fees and incentive awards that Defendants would not oppose and would be subject to this Court's approval.

Counsel for Plaintiffs and Defendants have substantial experience litigating and settling class actions. Plaintiffs' Counsel's qualifications and experience are set forth in their Affidavit in Support of Plaintiffs' Motion for Class Certification at 2, ¶ 4 and Exhibit J-1 thereto filed on July 22, 2005.

This experience includes *Duhaime v. John Hancock Mutual Life Ins. Co.*, 177 F.R.D. 54 (D. Mass. 1997). Similarly, Defendants' counsel experience in this field is substantial, and includes the representation of Defendants in *Duhaime* and *Bussie v. Allmerica Financial Corp.*, 50 F. Supp.2d 56 (D. Mass. 1999). Plaintiffs' and Defendants' counsel strongly endorse the Proposed Settlement.

  B.  **Principal Terms of the Proposed Settlement**

    1.  **Termination of the Trail Program: Cancellation of the DAC Notes And Termination of Trail Commissions**

The Proposed Settlement provides for the termination of the Trail Program and cancellation of all outstanding indebtedness on the DAC Notes. See Proposed Settlement at 11, § 3.1. As of March 30, 2006, the amount of the outstanding indebtedness was approximately $13.5 million.[2] All Class Members are eligible for this relief. In connection with the cancellation of the DAC Notes, the Trail Program will be terminated resulting in the payment of no further commissions under that Program.

---

[2] In order for the Proposed Settlement to become effective, it requires, among other things, the entry of a final order approving the Proposed Settlement in a form to which the parties have agreed, the passage of the period of appeal with no appeals having been filed, and the elapse of 10 days from the close of the quarter in which the order approving the settlement becomes final. *See* Proposed Settlement at 6, § 2.16 (Definition of "Disbursement Date"), at 7 §§ 2.18 (Definition of "Final Order and Judgement"), 2.19 (Definition of "Final Settlement Date"), and at 36-38,§§ 10.1-10.1.13 (Final Approval and Final Order and Judgment). If the final hearing to approve the settlement is held by August 11, 2006, and the Final Order and Judgment approving the Proposed Settlement is entered on that date, and no appeal is filed, then the relief will become effective on October 10, 2006; namely, 10 days after the close of the quarter ending on September 30, 2006.

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL** - Page  4

    **2.**     **Cash Payments**

        **a.**     **Set-off Supplemental Relief**

To the extent that commissions generated by the Trail Program have been inadequate to meet the quarterly payments on the DAC Notes, and to the extent that a participant has generated trail commissions outside the Trail Program, Defendants unilaterally exercised a set-off to cover the resulting quarterly payment shortfall. The parties have agreed that set-offs that were taken on or after May 1, 2005, will be refunded. As of March 30, 2006, the aggregate amount of set-offs is approximately $360,000,[3] and as of that date, 65 class members would qualify for this relief.

        **b.**     **True-Up Supplemental Relief**

Additional relief will be paid to those Class Members who paid on a net basis more than the originally-scheduled quarterly payments on the DAC Notes. *See* Proposed Settlement at 11, §§3.3.1-3.3.3. As of March 30, 2006, the aggregate amount of this relief is approximately $500,000,[4] and 24 Class Members would be eligible for this relief.[5]

---

[3] In light of the provisions discussed above as to when relief will become effective, the amount of the cash set-off payment will <u>increase</u> significantly due to the passage of at least two additional quarters (second and third quarter of 2006) between the execution of the Proposed Settlement and earliest date that the settlement relief will be provided. Since the execution of the Proposed Settlement, Defendants have maintained a "Segregated Set-Off Account" to preserve these cash amounts from May 1, 2005, to the actual Disbursement Date. *See* Proposed Settlement at 9, §2.35 (Definition of Segregated Set-Off Account), & at 12, §3.42 ("Upon execution of this Agreement, Defendants shall maintain a Segregated Set-Off Account.").

[4] As with all the settlement relief provided, the amount of the True-Up relief will be affected by the passage of time between the date that the Proposed Settlement was entered into and the Disbursement Date. Based upon the timetable discussed above, the calculation of the True-Up amount will be made through the Final Settlement Date which would occur during but before the end of the third quarter. It is anticipated that the amount of the True-Up relief will decrease, but not significantly, as a result of this additional passage of time.

[5] An additional provision of the Proposed Settlement is that a Class Member, who is eligible for both the Set-Off and True-Up Relief shall only receive the greater of the two

### 3. Release

The Proposed Settlement has broad mutual releases that resolve all claims and counterclaims in the lawsuit as well as any other claims arising our of their long-term business relationship. *See* Proposed Settlement at 21, 29, §§ 7.1-7.2. There are certain mutual carve-outs from the releases including the Class' preservation of claims in connection with retirement and pension benefits; commissions outside the Trail Program; and commission claims in the *Ries v. Allmerica Financial Corporation*, No. GD 04:9786 in the Court of Common Pleas, Allegheny County, Pennsylvania. (**"***Ries Complaint***"**). *See* Proposed Settlement at 24-26, §§ 7.1.2.4.-7.1.2.5. Defendants have retained corresponding defenses and counterclaims to the Class' claims. See Proposed Settlement at 28-29, §§ 7.1.3.4-7.1.3.4.5.[6]

### 4. Attorneys' Fees and Incentive Awards

The Proposed Settlement provides that the parties in good faith shall seek to agree on an amount for which Plaintiffs' Counsel may submit an application for awards of attorneys' fees and incentive awards, which application Defendants will not oppose. *See* Proposed Settlement at 30,

---

amounts. *See* Proposed Settlement at 13, §3.5. As of March 30, 2006, 9 of the 24 proposed Class Members who were eligible for the True-Up Relief also qualified for the Set-Off relief. As of March 30, for 3 of these individuals the Set-Off amounts exceed the True-Up amounts, which lesser True-Up amounts were in the aggregate amount of approximately $5,800. For the other 6 individuals, the total Set-Off amounts were less than the True-Up amounts, which lesser amounts were in the aggregate amount of approximately $13,200.

[6] For certain of these carve-out claims the parties further have agreed that if disputes arise, that they will be resolved by arbitration unless another forum is required by law. *See* Proposed Settlement at 53, §13.1-13.3.

8.1.[7] Absent an agreement, any such awards shall be determined by the Court. *Id.*[8] These payments will result in no diminution in the settlement benefits to the Class.[9]

## III.  Argument

### A.  The Court Should Preliminarily Approve the Proposed Settlement.

Preliminary approval of a settlement should be granted, where "the proposed settlement is within the range of reason and merits customer consideration as a possible fair, reasonable, and adequate settlement of their claims as a class." *In re First Commodity Corp. Of Boston Customer Accounts Litigation*, 119 F.R.D. 301, 313 (D. Mass. 1987). In making this evaluation the Court considers whether there was adequate discovery, the settlement negotiations were non-collusive, and the settlement provides relief for all proposed class members without preferential treatment to the class representatives. *Id* at 313-314. *See also In re Nasdaq Market-Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997)( "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant

---

[7] Plaintiffs and Plaintiffs' Counsel will make a separate motion for an incentive award and attorneys' fees, respectively, at least thirty (30) days before the final hearing to approve the Proposed Settlement.

[8] As a result of these post-May 23 discussions, Defendants have agreed not to oppose an application for the payment of a total of $60,000 in Incentive Awards to the three named Plaintiffs and proposed Class Representatives, or $20,000 each for their substantial time and effort in this case.  See *In re Lupron Marketing And Sales Practices Litigation*, 228 F.R.D. 75, 98 (D. Mass. 2005) (Incentive award approved in an amount of $25,000). Plaintiffs and the proposed Class Members are entitled to receive settlement benefits that are calculated in the same manner.

[9] Additionally, Defendants will pay all costs in connection with the administration of the Proposed Settlement, including preparing and sending the notice to the Class of the Proposed Settlement. *See* Proposed Settlement at 30, § 8.3.

preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.").

The parties handily satisfy these requirements: (i) substantial discovery has been undertaken; (ii) the extensive settlement negotiations occurred following contentious litigation, and involved highly experienced class action counsel; and (iii) the terms of the Proposed Settlement provide substantial relief without any preferential treatment to the Plaintiffs and proposed Class Representatives. Accordingly, Plaintiffs submit that the Proposed Settlement should be preliminarily approved.

### B.    The Proposed Notice to the Proposed Class Meets All Applicable Requirements.

#### 1.    The Form of the Notice Satisfies Fed. R. Civ. P. 23.

Once the Court determines that preliminary approval is appropriate, "the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval." *Nasdaq*, id.

As to the requirements for notice for a certified class, Fed. R. Civ. P. 23(b)(3), the Rule prescribes:

> The notice must concisely and clearly state in plain, easily understood language:
>
> - the nature of the action,
> - the definition of the class certified,
> - the class claims, issues, or defenses,
> - that a class member may enter an appearance through counsel if the member so desires,
> - that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
> - the binding effect of a class judgment on class

members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).[10]

The Notice satisfies all applicable requirements: it provides a description of the action (Notice at 3, ¶ 3 ); the definition of the class certified (Notice at 2-3, ¶ 2); a description of the class claims, issues and defenses (Notice at 3-4,¶ 3 ); that a class member may enter an appearance through counsel (Notice at 7-9,¶ 7); that a class member may object to the Proposed Settlement (Notice at 7-9, ¶ 7); that the class member has a right to exclude himself from the Class and provides detailed description as to that right (Notice at 6, ¶ 6); and the terms of the and binding effect of the judgment if the Proposed Settlement is approved by the Court (Notice at 5-6, ¶ 5 & Appendix A thereto).[11] Moreover, because this is a settlement, the Notice provides a description of the relief to the class (Notice at 4-5,¶ 4) and the attorneys' fees sought by Plaintiffs' Counsel and incentive awards sought by Plaintiffs (Notice at 9,¶ 8).

### 2.     The Manner of Sending the Notice Satisfies All Requirements.

The Proposed Settlement requires Defendants to send, at their expense, the Notice by first class mail to the last known address of the Class Member at least 45 days prior to the Fairness

---

[10] In connection with a settlement, Fed. R. Civ. P. 23(e)(1)(B) also provides that, "the court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Because the Supreme Court in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997), requires that all Fed. R. Civ. P. 23(b)(3) classes certified for settlement must satisfy the requirements for certification under Fed. R. Civ. P. 23(a) and (b)(3), except as to the "manageability" requirement under Fed. R. Civ. P.(b)(3)(D), Plaintiffs believe it is prudent that the Notice complies with the requirements under Fed. R. Civ. P. 23(c)(2)(B) for a certified class.

[11] Appendix A to the Notice contains the text of the entire release that is in the Proposed Settlement.

Hearing. *See* Proposed Settlement at 14, § 4.1. Defendants also are required to remail any notices returned by the postal service with a forwarding address that are received by Defendants at least 20 days before the Fairness Hearing. *See* Proposed Settlement at 15, § 4.1.4. The Proposed Settlement also provides for a post-settlement notice informing Class Members (i) that the order approving the settlement has become final and no longer subject to appeal and (ii) that they are entitled to the relief under and are subject to all the terms set forth in the Settlement Agreement and the Final Order and Judgment. *Id* at 4.2.

Notice to class members must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). This requirement is satisfied by sending notice by first class mail to the last known address of the class member. *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-75 (1974).[12]

### 3. The Period for Objections And Opt-Outs Is Adequate.

The Notice affords Class Members 30 days from the date that the Notice is to be mailed to object or opt-out. This period of time has been found to be more than adequate. *See, e.g., In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 708 (E.D. Mo., 2002)(and cases collected therein) (3-4 weeks between the mailing of the notice and the last date to object, with an additional 3 weeks to prepare for the settlement hearing was adequate.); *see also, Greenspun v. Bogan*, 492 F.2d 375, 379 (1st Cir. 1974)(Without comment, the Court does not question the sending of a notice

---

[12] Because Defendants have engaged in periodic communications with each member of the proposed Class in the form of sending quarterly and annual commission statements in connection with the Trail Program, the addresses for the Class Members are known to Defendants.

30-days before the fairness hearing, and which afforded 24-days to object to the proposed settlement).

## IV. Conclusion

Based upon the foregoing, Plaintiffs submit that this Court should preliminarily approve the Proposed Settlement and enter the Hearing Order.

Respectfully submitted,

/s/ *Robert W. Biederman*
Stephen L. Hubbard
Robert W. Biederman (BBO No. 562279)
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001
*slhubbard@hblawfirm.com*
*rwbiederman@hblawfirm.com*

Nancy Freeman Gans (BBO No. 184540)
**MOULTON & GANS, P.C.**
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353
*nfgans@aol.com*

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 21, 2006.

        Andrea J. Robinson, Esq.
        Jonathan A. Shapiro, Esq.
        Eric D. Levin, Esq.
        Brett R. Budzinski, Esq.
        WILMER CUTLER PICKERING HALE and DORR LLP
        60 State Street
        Boston, MA 02109
        (617) 526-5000 fax

        Brian E. Whiteley (BBO No. 555683)
        C. Alex Hahn (BBO No. 634133)
        SCIBELLI, WHITELEY & STANGANELLI, LLP
        50 Federal Street, 5th Floor
        Boston, MA 02110
        (617) 722-6003 fax

                      /s/ *Robert W. Biederman*
                      ROBERT W. BIEDERMAN