IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | | |
|---|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL and MARK L. ROBARE, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 4:04-cv-40077-FDS |
| v. | § § | |
| ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., and ALLMERICA FINANCIAL CORP. | § § § § § § | |
| Defendants. | § | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT**

Stephen L. Hubbard
Robert W. Biederman
Mass. Bar No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001
*slhubbard@hblawfirm.com*
*rwbiederman@hblawfirm.com*

Nancy Freeman Gans
Mass. Bar No. 184540
**MOULTON & GANS, P.C.**
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353
*nfgans@aol.com*

ATTORNEYS FOR PLAINTIFFS
AND THE CLASS

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Background of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      The Courts in the First Circuit Have Specified the Standards for
               Approval of Class Settlements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        B.      The Proposed Settlement Meets all the Procedural Fairness Standards . . . . . . . . 3

        C.      The Proposed Settlement Satisfies the *Grinnell* Factors . . . . . . . . . . . . . . . . . . 4

              1.      The Complexity, Expense and Likely Duration of the Litigation . . . . . . 4

              2.      The Reaction of the Class Favors Settlement . . . . . . . . . . . . . . . . . . . . . 4

              3.      The Stage of the Proceedings and the Amount of Discovery . . . . . . . . . 4

              4.      The Risks of the Class Prevailing (Establishing Liability, Establishing
                   Damages, Maintaining the Class through Trial) . . . . . . . . . . . . . . . . . . . 5

              5.      The Ability of the Defendants to Withstand a Greater Judgment . . . . . . . 6

              6.      Range of Reasonableness of Settlement Fund in Light of Best Possible
                   Recovery and Attendant Risks of Litigation . . . . . . . . . . . . . . . . . . . . . . 6

III.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**

## FEDERAL CASES

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) . . . . . . . . . . . . . . . . 2

*Bussie v. Allmerica Financial Corp.*, 50 F. Supp. 2d 56 (D. Mass. 1999).. 3,6,7

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir.1974), *overruled
on other grounds by Missouri v. Jenkins*, 491 U.S. 274 (1989) . . . . . . . . 3

*City Partnership Co. v. Atlantic Acquisition Ltd. Partnership*,
100 F.3d 1041 (1st Cit. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Duhaime v. John Hancock Mutual Life Insurance Co.*, 177 F.R.D. 54
(D. Mass. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4,5,7

*Durrett v. Housing Authority of the City of Providence*, 896 F.2d 600
(1st Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Greenspun v. Bogan*, 492 F.2d 375 (1st Cir. 1974) . . . . . . . . . . . . . . . . . . . . . 5

*In re Lupron Marketing And Sales Practices Litigation*, 228 F.R.D. 75
(D. Mass. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,6

*In re Relafen Antitrust Litigation*, 231 F.R.D. 52 (D.Mass. 2005) . . . . . . . 3,7

*Speakman v. Allmerica Financial Life Insurance*, 367 F. Supp. 2d 122
(D.Mass. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## FEDERAL STATUTES

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 23(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**I.      Introduction**

On May 23, 2006, Plaintiffs and Defendants entered into the Stipulation of Settlement ("Proposed Settlement") attached as Exhibit A to the Joint Motion for Approval of the Stipulation of Settlement.  The Proposed Settlement fully resolves the claims and counterclaims in this lawsuit, and provides substantial benefits to the proposed class of participants in the In-Force Annuity Trail Commission Program ("Trail Program").

On June 21, 2006, the parties filed a Joint Motion for Preliminary Approval of Stipulation of Settlement and Entry of Hearing Order, that the Court granted on June 26, 2006 ("Preliminary Order").  In accordance with the Preliminary Order, Defendants sent the Notice of the Proposed Settlement to the Class ("Class Notice").

The Court and the parties received no objections to the Proposed Settlement.  The parties received nine (9) Requests for Exclusion out of 132 Class Members.  93% of the Class, therefore, has accepted the Proposed Settlement.

The Proposed Settlement provides the following benefits to the Class, excluding the opt-outs: (i) terminates the Trail Program including the cancellation or satisfaction of all outstanding DAC Notes with an aggregate balance as of July 20, 2006 of approximately $12.33 million; (ii) provides cash payments to those whose commissions from outside the Trail Program were offset by Defendants against their DAC Notes since May 1, 2005, which offsets through July 20, 2006 total approximately $447,000; (iii) provides cash payments to those who accelerated their DAC Note payments, which amounts through July 20, 2006 total approximately $428,000; and (iv) provides for mutual releases between the parties.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page  2

In light of these substantial benefits and considering the risks and expenses involved with this highly contentious lawsuit, Plaintiffs submit that the Proposed Settlement meets all applicable standards for approval of a class settlement.

## II.     Background of the Case.

The Declaration of Stephen L. Hubbard filed on July 12, 2006, details the background of this case ("Hubbard Original Declaration").

## III.    Argument.

### A.    The Courts in the First Circuit Have Specified the Standards for Approval of Class Settlements.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court "may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(1)(C); *Durrett v. Housing Authority of the City of Providence,* 896 F.2d 600, 604 (1st Cir.1990). Although there is an overlap between this Rule 23(e) analysis and the decision to certify, this Court is required to analyze fairness as a separate and distinct issue. Rule 23(e)"was designed to function as an additional requirement, not a superseding direction, for the 'class action' to which Rule 23(e) refers is one qualified for certification under Rule 23(a) and (b)." *Amchem Products, Inc. v. Windsor,* 521 U.S.591, 621 (1997).

"When sufficient discovery has been provided and the parties have bargained at arms-length, there is a presumption in favor of settlement." *City Partnership Co. v. Atlantic Acquisition Ltd. Partnership*, 100 F.3d 1041, 1043 (1st Cit. 1996). After giving due effect to that presumption, courts in this district first have examined the "procedural fairness" of the proposed settlement. These

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page 3

factors examine whether the notice to the Class is adequate, whether the settlement negotiations were at arms-length and no discussion of attorneys' fees occurred until after the parties agreed on all material terms of the settlement as to the Class, and whether counsel for the parties are experienced. *See, e.g., Duhaime v. John Hancock Mutual Life Ins. Co.*, 177 F.R.D.54, 67 (D. Mass. 1997); *Bussie v. Allmerica Financial Corp.,*, 50 F. Supp.2d 56, 77 (D. Mass. 1999).

After reviewing these procedural matters, courts in this district have analyzed the substantive terms of the proposed settlement using essentially the same standards that are reflected most recently in *In re Lupron Marketing And Sales Practices Litigation,* 228 F.R.D. 75, 93-4 (D. Mass. 2005); and *In re Relafen Antitrust Litigation* 231 F.R.D. 52, 72 (D.Mass. 2005), which endorsed the factors set forth in *City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir.1974), *overruled on other grounds by Missouri v. Jenkins,* 491 U.S. 274 (1989). The *Grinnell* factors are:

(1) the complexity, expense and likely duration of the litigation;
(2) the reaction of the class to the settlement;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the risks of establishing liability;
(5) the risks of establishing damages;
(6) the risks of maintaining the class action through the trial;
(7) the ability of the defendants to withstand a greater judgment;
(8) the range of reasonableness of the settlement fund in light of the best possible recovery; and
(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell,* 495 F.2d at 463 (citations omitted).

### B.    The Proposed Settlement Meets All the Procedural Fairness Standards.

All the procedural fairness standards have been readily satisfied: (i) the proposed Notice meets all requirements of Fed. R. Civ. P. 23 and due process; (ii) the lengthy arms-length settlement negotiations followed protracted and contentious litigation; (iii) the parties expressly did not discuss

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page  4

any issues involving the amount of attorneys' fees or incentive awards until they had executed the Proposed Settlement; and (iv) both parties are represented by counsel with years of experience in prosecuting and settling class actions, including insurance class actions.

### C. The Proposed Settlement Satisfies the *Grinnell* Factors.

#### 1. The Complexity, Expense and Likely Duration of the Litigation.

This case has the potential to impose enormous costs on all of the parties. To date, the parties have already reviewed more than 80,000 pages of documents involving primarily Plaintiffs' claims in this lawsuit. Additional discovery remains. For example, should Defendants be permitted to pursue their counterclaims against the Class, similar productions may be required of the remaining members of the proposed Class as well as numerous depositions. Moreover, there will be substantial costs in connection with the retention and deposition of experts, and the trial will entail the presentation of numerous experts concerning the annuity business and damages asserted by the parties. In light of the high stakes involved, an appeal is certain to follow regardless of the outcome at trial. The complexity, expense and likely duration of the litigation weighs heavily in favor of final approval of the Settlement.

#### 2. The Reaction of the Class Favors Settlement.

As noted above, there were no objections to the Proposed Settlement. Additionally, only 9 Class Members opted out, representing only 7% of the Class. These numbers reflect a favorable reaction by the Class.

#### 3. The Stage of the Proceedings and the Amount of Discovery.

In evaluating this factor, the Court's concern should be whether or not the discovery was sufficient to permit a reliable assessment of each parties' strengths and weaknesses. *Duhaime,* 177 F.R.D. at 67 *citing, Armstrong v. Board of School Directors of Milwaukee,* 616 F.2d 305, 325 (7th Cir.1980)("The stage of the proceedings at which settlement is reached is important because it

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page 5

indicates how fully the district court and counsel are able to evaluate the merits of plaintiffs' claims."). In this case, there should be no doubt that the parties had access to sufficient information to evaluate the merits of the case. The extent of that knowledge is demonstrated in the briefing on class certification which analyzes both class certification and merits issues with extensive exhibits culled from over two years of litigation and discovery including written discovery as well as the analysis of more than 80,000 pages of documents produced by the parties and third-parties, depositions of fact witnesses, and review of documents and transcripts from the NASD.[1]

### 4. The Risks of the Class Prevailing (Establishing Liability, Establishing Damages, Maintaining the Class through Trial).

While Plaintiffs believed their case was strong, there were numerous defenses and counterclaims that had not been resolved by the time of the Proposed Settlement. Defendants have asserted numerous defenses to the claims in the lawsuit, including set-offs, failure to state a ch. 93A claim because it arises in an employment relationship, estoppel, laches, and waiver as well as counterclaims for breach of contract. While Plaintiffs believe that they could overcome these defenses if the case were litigated, there is no assurance of that fact. In denying the Motion to Dismiss, the Court noted:

> The Court also notes that these issues have been raised in the context of a motion to dismiss, not after development of a factual record. The Court is therefore required to make all reasonable inferences in plaintiffs' favor, and to dismiss the action only if there is no set of facts under which plaintiffs could recover. Under the circumstances of this case-where the plaintiffs allege that defendants undertook voluntary action to

---

[1] Settlements have been supported with far less discovery. *See e.g., Greenspun v. Bogan,* 492 F.2d 375, 378 (1st Cir. 1974) (only two depositions concerning the proposed fee schedule were taken after settlement had been reached).

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page 6

undermine their contracts and saddle them with enormous debt obligations-the Court is unwilling to hold that there is no possibility of relief.

*Speakman v. Allmerica Financial Life Ins.,* 367 F. Supp.2d 122, 138 (D. Mass. 2005).

Moreover, even if Plaintiffs prevailed on liability, establishment of damages potentially could be problematical  As this Court noted, "It may prove difficult to compute damages resulting from plaintiffs' inability to sell AFLIAC products for the time period that the company's performance obligations were in force." *Id.* at 138, n.28.  In evaluating the settlement, the preclusive or prejudicial effect of affirmative defenses, or in this case, counterclaims should also be taken into account.  *See, e.g., Bussie*, 50 F.Supp.2d at 76.  While Plaintiffs believe that they could overcome the merits of the defenses and counterclaims, they properly assigned a degree of risk to that resolution in recommending the Proposed Settlement.

### 5.    The Ability of the Defendants to Withstand a Greater Judgment.

This is a "defendant oriented" consideration.  *See Lupron,* 228 F.R.D. at 97.  Here, the factor is largely neutral as Defendants should be able to withstand judgment.

### 6.    Range of Reasonableness of Settlement Fund in Light of Best Possible Recovery and Attendant Risks of Litigation.

This factor has been explained as follows:

> A fine-tuned equation by which to determine the reasonableness of the size of a settlement fund does not exist. *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir.1972) ("[I]n any case there is a *range* of reasonableness with respect to a settlement." (emphasis added)). Moreover, "[a] high degree of precision cannot be expected in valuing a litigation, especially regarding the estimation of the probability of particular outcomes." *Reynolds,* 288 F.3d at 285.

*In Re Relafen,*  231 F.R.D. at 73.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page  7

In making this assessment, this Court previously noted that it should not "rule on the merits of either the Class's claims or Allmerica's multiple defenses." *Bussie,* 50 F. Supp.2d at 76. Also, the court "cannot, and should not, use as a benchmark the highest award that could be made to the plaintiff after full and successful litigation of the claim. Nor should the court consider cases of particular individual class members to determine whether each and every member of the class receives the fullest possible compensation." *Duhaime,* 177 F.R.D. at 68.

As discussed above, parties are given great deference in their evaluations of the claims and settlement and a presumption is that an arm-length settlement is fair.  General complaints about the sufficiency of the relief available to the class in an arms-length settlement run afoul of countless decisions holding that such objections are meritless.  *Duhaime*, 177 F.R.D. at 72 ("The fact that some might have preferred more lucrative relief does not control that question.  A settlement is, after all, not full relief but an acceptable compromise.").   As part of their settlement negotiations, and the ultimate decision to accept the relief in the Proposed Settlement, Plaintiffs analyzed various risks of continuing litigation.

The relief afforded by the Proposed Settlement is the principal relief sought in the lawsuit; namely, cancellation of the DAC Notes.  *See also, Speakman*, 367 F. Supp.2d at 138, n. 28 (Court preliminarily opined that "reliance" relief in the amount of the DAC Notes may be the only remedy available to Plaintiffs).[2]   Additionally, the Proposed Settlement provides no set-offs in favor of Defendants in connection with any commissions earned by Plaintiffs or the Class outside the Trail

---

[2] The cancellation of the DAC Notes is part of the overall termination of the Trail Program.  That termination also ends the payment of future commissions under the Trail Program.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page  8

Program; rather, Defendants have agreed to pay the Class any non-Trail set-offs since May 1, 2005. Further cash relief is provided to those Class Members who accelerated their DAC Note payments. Based upon Defendants' records, Plaintiffs estimate that termination of the Trail Program and satisfaction of the DAC Notes will relieve the Class of potentially $12.33 million of liability, together with over $870,000 in cash benefits as of July 20, 2006.[3]  In light of the defenses and counterclaims, the costs associated with litigation, and the likelihood of an appeal of any final adjudication of this case, this recovery is fair and reasonable.

## IV. Conclusion.

Based upon the foregoing, Plaintiffs submit that the relief provided by the Proposed Settlement is fair, adequate, and reasonable in light of the claims asserted in this lawsuit, and that the Court should approve the Proposed Settlement.

---

[3] The estimated value of the Proposed Settlement is set forth in Hubbard Original Declaration, and the Supplemental Declaration of Stephen L. Hubbard filed concurrently with this Memorandum.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page 9

Respectfully submitted,

/s/ *Robert W. Biederman*
Stephen L. Hubbard
Robert W. Biederman
Mass. Bar No. 562279
**HUBBARD & BIEDERMAN, LLP**
1717 Main Street, Suite 4700
Dallas, Texas 75201
Telephone: (214) 857-6000
Facsimile: (214) 857-6001
*slhubbard@hblawfirm.com*
*rwbiederman@hblawfirm.com*


Nancy Freeman Gans
Mass. Bar No. 184540
**MOULTON & GANS, P.C.**
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353
*nfgans@aol.com*

ATTORNEYS FOR PLAINTIFFS
AND THE CLASS

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page 10

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 4, 2006.

>Andrea J. Robinson, Esq.
>Jonathan A. Shapiro, Esq.
>Eric D. Levin, Esq.
>Brett R. Budzinski, Esq.
>WILMER CUTLER PICKERING HALE and DORR LLP
>60 State Street
>Boston, MA 02109
>(617) 526-5000 fax

>Brian E. Whiteley (BBO No. 555683)
>C. Alex Hahn (BBO No. 634133)
>SCIBELLI, WHITELEY & STANGANELLI, LLP
>50 Federal Street, 5th Floor
>Boston, MA 02110
>(617) 722-6003 fax

>*/s/ Robert W. Biederman*
>ROBERT W. BIEDERMAN

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF THE STIPULATION OF SETTLEMENT** - Page 11