under any statute or law of any jurisdiction that provides in substance that a general release does not extend to claims which the plaintiff does not know or suspect exist, including all rights the Defendants may have under California Civil Code Section 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." Defendants hereby expressly agree to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

                7.1.3.2.        In connection with the Release set forth in part 7.1.3, Defendants acknowledge that they are aware that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of Defendants in executing this Release to fully, finally and forever settle and release all such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Lawsuit).

                7.1.3.3.        Without in any way limiting its scope, the Release set forth in part 7.1.3 covers, without limitation, any and all claims for attorneys' fees, costs or disbursements incurred by Defendants' Counsel or any other counsel representing Defendants, or by Defendants, in connection with or related in any manner to the Lawsuit, the settlement of the Lawsuit, the administration of such settlement and/or the Released Transactions, except to the extent otherwise specified in the Settlement Agreement.

7.1.3.4.        Nothing in the Release set forth in part 7.1.3 shall be

deemed to alter:

>  7.1.3.4.1.        Defendants' rights with respect to any of the Agent
>  Plans or Agent Policies referred to in subpart
>  7.1.2.4.1, including the right (if any) to modify,
>  amend or terminate such Agent Plans or Agent
>  Policies;
>
>  7.1.3.4.2.        Defendants' rights to assert claims, defenses or
>  counterclaims with respect to any matters
>  encompassed by subpart 7.1.2.4.1;
>
>  7.1.3.4.3.        any rights, defenses, or other claims, or
>  counterclaims, if any, that the Defendants may have
>  against any of the Plaintiff Releasees with respect to
>  indemnification, contribution or recovery from the
>  Plaintiff Releasees (including, without limitation,
>  rights or claims to money damages, losses,
>  expenses, judgments, settlements, attorneys fees
>  incurred and other liabilities of every kind and
>  nature), arising out of or as a result of Third-Party
>  Claims or any matter encompassed by subpart
>  7.1.2.4.3;

7.1.3.4.4.    Allmerica's rights to assert claims, defenses or

counterclaims with respect to any matters

encompassed by subpart 7.1.2.4.4; or

7.1.3.4.5.    any claim by The Goldman Sachs Group, Inc. or

any of its subsidiaries or affiliates against a Plaintiff

Releasee solely to the extent that the claim is

unrelated to *(a)* any Defendant, *(b)* the Released

Transactions or *(c)* any of the acts, facts,

transactions, occurrences, representations or

omissions that were or could have been alleged in

the Lawsuit.

7.1.3.5.    Nothing in the Release set forth in part 7.1.3 shall preclude any action to enforce the terms of the Agreement, the Final Order and Judgment, the Release, or the Permanent Injunction.

7.2.    <u>Order of Dismissal and Release</u>.  The Parties shall seek and obtain from the Court, as a condition of settlement, a Final Order and Judgment (as to which the time for appeal has expired without any modifications in the Final Order and Judgment) as further described below in part 10.  The Final Order and Judgment shall, among other things, *(i)* certify the Class for settlement purposes, *(ii)* approve this Settlement Agreement as fair, reasonable and adequate, *(iii)* dismiss the Lawsuit with prejudice and on the merits, and *(iv)* incorporate the terms of the Release set forth in part 7.1.

## 8.    ATTORNEYS' FEES, INCENTIVE AWARDS AND ADMINISTRATIVE EXPENSES.

8.1.    The Parties in good faith shall seek to agree on an amount for which Plaintiffs' Counsel may submit an application for awards of Attorneys' Fees and Incentive Awards in the Lawsuit, which application Allmerica would not oppose. If the Parties are unable to reach such agreement, any such awards shall be as determined by the Court in the Lawsuit. Such awards shall be paid by Allmerica within 10 business days of the Final Settlement Date.

8.2.    Lead Counsel will allocate and distribute any award of Attorneys' Fees and expenses among Counsel for the Class.

8.3.    Allmerica shall bear the administrative expenses reasonably incurred after the execution of this Settlement Agreement, including printing and mailing costs of the Class Notice and the Post-Settlement Notice; post-office rental box costs; any processing costs for requests for exclusion; fees and disbursements to the administrator and any other third-party contractors or administrators.

8.4.    Neither Allmerica nor its past, present and future parents, subsidiaries, affiliates, predecessors, successors, assigns, entities and divisions, and each of their respective past, present and future officers, directors, employees, general agents, agents, producers, brokers, solicitors, representatives, attorneys, insurers, co-insurers, re-insurers, partners, joint venturers, accountants, trustees, heirs, administrators, executors, predecessors, successors and assigns, or any of them, shall be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Lawsuit, this Settlement Agreement, or the proposed settlement, other than the amount or amounts expressly provided for in this Settlement Agreement.

- 30 -

9.    **ORDER OF NOTICE, SETTLEMENT HEARING AND ADMINISTRATION.**

9.1.    Prior to June 21, 2006, the Parties will submit this Agreement, including all attached exhibits, to the Court and seek and obtain from the Court an Order Preliminarily Certifying a Class for Settlement Purposes, Appointing Lead Counsel for the Class, Directing Issuance of a Class Notice to the Class, an Scheduling A Fairness Hearing (the "Hearing Order") in the form attached hereto as Exhibit A, unless otherwise agreed to by the Parties:

9.1.1.    Providing for the certification of the Class for settlement purposes only, appointing Plaintiffs as Class representatives, and appointing Hubbard & Biederman, LLP as Lead Counsel for the Class;

9.1.2.    Finding that the proposed settlement is sufficient to warrant sending notice to the Class;

9.1.3.    Scheduling the Fairness Hearing to be held on _____, 2006, or at such later date as the Court may direct, to consider the fairness, reasonableness and adequacy of the proposed settlement, whether it should be approved by the Court, and to consider any award of Attorneys' Fees and Incentive Awards;

9.1.4.    Approving the proposed Class Notice and notice methodology described in this Agreement;

9.1.5.    Directing Allmerica or its designee(s) to mail the Class Notice to each Class Member by first-class mail, postage prepaid, to his or her last known address no later than 45 days before the Fairness Hearing;

9.1.6.    Determining that the Class Notice:  *(i)* is the best practicable notice, *(ii)* is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Lawsuit and of their right to object to or exclude themselves from the proposed settlement, *(iii)* is reasonable and constitutes due, adequate and sufficient notice to all

- 31 -

persons entitled to receive notice, and *(iv)* meets all applicable requirements of Rule 23 of the

Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution

and the Rules of the Court;

9.1.7.        Ruling that Allmerica, or the administrator(s), shall remail any

notices returned by the Postal Service with a forwarding address that are received by Allmerica

or the administrator(s) at least 20 days before the Fairness Hearing;

9.1.8.        Requiring Allmerica to file proof of the mailing of the Class

Notice at or before the Fairness Hearing;

9.1.9.        Authorizing Allmerica to communicate with potential members of

the Class about the Lawsuit and the terms of the proposed settlement and to engage in any other

communications within the normal course of Allmerica's business;

9.1.10.       Requiring each member of the Class who wishes to exclude

himself or herself from the Class to submit an appropriate, timely written request for exclusion,

postmarked no later than the Opt-Out and Objection Date, to the Clerk of the Court, in care of

the address provided in the Class Notice.

9.1.11.       Preliminarily enjoining all Class Members who have not been

excluded from the Class (and all persons acting on behalf of Class Members who have not been

excluded from the Class) from *(i)* directly, representatively, or in any other capacity filing,

commencing, prosecuting, intervening in, or participating in and/or continuing to prosecute or

participate in, or receiving any benefits or other relief from, directly or indirectly (as class

members or otherwise) any action, lawsuit, claim or other proceeding, in any jurisdiction based

on or relating to any of the claims and causes of action in this Lawsuit and/or the subject of the

Class Members' Release, or the facts and circumstances relating thereto, and *(ii)* organizing

- 32 -

Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto;

9.1.12.     Ruling that any member of the Class who does not submit a timely, valid written request for exclusion from the Class, or is not excluded by virtue of a Bankruptcy Proceeding as set forth in part 5.5, will be bound by all proceedings, orders and judgments in this Lawsuit, even if such Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release;

9.1.13.     Requiring each Class Member who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed settlement, or to any award of Attorneys' Fees or Incentive Awards, to deliver to Plaintiffs' Counsel and Allmerica's Counsel and to file with the Court, no later than the Opt-Out and Objection Date, or at such other time as the Court may direct, a statement of the objection, as well as the specific reasons, if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objection, or be forever barred from separately objecting;

9.1.14.     Requiring any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to this Agreement or the proposed settlement, or to the award of Attorneys' Fees or Incentive Awards, to file with the Clerk of Court and deliver to Plaintiffs' Counsel and Allmerica's Counsel a notice of appearance no later than the Opt-Out and Objection Date, or as the Court otherwise may direct;

- 33 -

9.1.15.    Requiring any Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to deliver to Plaintiffs' Counsel and Allmerica's Counsel and file with the Court no later than the Opt-Out and Objection Date, or as the Court otherwise may direct, a notice of intention to appear;

9.1.16.    Authorizing Allmerica *(i)* to establish the means necessary to administer the proposed settlement relief in accordance with the terms of this Agreement, and *(ii)* to retain one or more administrators, in consultation with Plaintiffs' Counsel, to help administer the proposed settlement, including the notice provisions;

9.1.17.    Directing Allmerica or its designated agents to rent a post-office box in the name of the Clerk of the Court, to be used for receiving requests for exclusion and any other communications, and providing that, other than the Court or the Clerk of Court, only Allmerica, Allmerica's Counsel, Plaintiffs' Counsel and their designated agents shall have access to this post-office box;

9.1.18.    Directing Allmerica's Counsel or Plaintiffs' Counsel, and any other counsel for Plaintiffs or the Class, promptly to furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession;

9.1.19.    Providing a means for those filing objections to obtain access at Plaintiffs' Counsel's office to the documents disclosed through discovery to Plaintiffs' Counsel by Allmerica in this Lawsuit, and also to deposition transcripts and exhibits thereto in this Lawsuit, at their own expense, provided that such individuals enter into the Protective Order described in subpart 12.5 below; and

9.1.20.    Containing any additional provisions that might be necessary to

implement and administer the terms of this Agreement and the proposed settlement.

## 10.    FINAL APPROVAL AND FINAL ORDER AND JUDGMENT.

10.1.    After the Fairness Hearing, and upon the Court's approval of this Agreement, the Parties shall seek and obtain from the Court a Final Order and Judgment essentially identical to the form attached hereto as Exhibit C.  The Final Order and Judgment shall, among other things:

10.1.1.    Find that the Court has personal jurisdiction over all Class Members and that the Court has subject matter jurisdiction to approve this Agreement and all exhibits thereto;

10.1.2.    Approve this Agreement and the proposed settlement as fair, reasonable and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, as to, and in the best interests of, each of the Parties and the Class Members; direct the Parties and their counsel to implement and consummate this Agreement according to its terms and provisions; and declare this Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of, Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

10.1.3.    Finally certify the Class for settlement purposes;

10.1.4.    Find that the Class Notice and the notice methodology implemented pursuant to this Agreement *(i)* constitute the best practicable notice, *(ii)* constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Lawsuit, their right to object to or exclude themselves from the proposed settlement and to appear at the Fairness Hearing, *(iii)* are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and *(iv)* meet all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the Rules of the Court.

- 36 -

10.1.5.    Find that the Post-Settlement Notice and the post-settlement notice methodology to be implemented pursuant to this Agreement *(i)* constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Class Members pursuant to the Final Order and Judgment, and applicable time periods, and *(ii)* constitute due, adequate and sufficient post-settlement notice for all other purposes to all Class Members;

10.1.6.    Find that Plaintiffs' Counsel and the Class representatives adequately represented the Class for purposes of entering into and implementing the settlement;

10.1.7.    Dismiss the Lawsuit (including all individual claims and Class claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement;

10.1.8.    Incorporate the Release set forth above in part 7.1, make the Release effective as of the date of the Final Order and Judgment, and forever discharge the Defendant Releasees and the Plaintiff Releasees from the claims or liabilities that are the subject of the Class Members' Release and Defendants' Release, respectively;

10.1.9.    Bar and enjoin all Class Members who have not been excluded from the Class (and all persons acting on behalf of Class Members who have not been excluded from the Class) from *(i)* directly, representatively or in any other capacity filing, commencing, prosecuting, intervening in, or participating in and/or continuing to prosecute or participate in, or receiving any benefits or other relief from, directly or indirectly (as class members or otherwise), any action, lawsuit, claim or other proceeding, in any jurisdiction based on or relating to any of the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto, and *(ii)* organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class

action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto;

        10.1.10.      Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement and all exhibits attached hereto as *(i)* shall be consistent in all material respects with the Final Order and Judgment or *(ii)* do not limit the rights of Class Members under this Agreement;

        10.1.11.      Authorize Allmerica, at its sole discretion but in consultation with Plaintiffs' Counsel and without approval from the Court, to implement the settlement prior to the Final Settlement Date;

        10.1.12.      Without affecting the finality of the Final Order and Judgment for purposes of appeal, retain exclusive jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of this Agreement and the Final Order and Judgment (including, but not limited to, the Release and Permanent Injunction), and for any other necessary purpose; and

        10.1.13.      Incorporate any other provisions, as the Court deems necessary and just.

## 11.    MODIFICATION OR TERMINATION OF THIS AGREEMENT.

11.1.    The terms and provisions of this Agreement may be amended, modified or expanded by agreement of both Allmerica and Plaintiffs' Counsel and approval of the Court; provided, however, that after entry of the Final Order and Judgment the Parties may by agreement effect such amendments, modifications or expansions of this Agreement and its implementing documents (including all exhibits hereto) without notice to or approval by the Court if such changes are consistent in all material respects with the Court's Final Order and Judgment or do not limit the rights of Class Members.

11.2.    Allmerica, in consultation with Plaintiffs' Counsel and without approval of the Court, may implement the terms of the settlement after entry of the Final Order and Judgment but prior to the Final Settlement Date.

11.3.    This Agreement shall terminate at the option of Plaintiffs (through Plaintiffs' Counsel) or Allmerica if *(i)* the Court, or any appellate court(s), rejects, modifies or denies approval of any portion of this Agreement or the proposed settlement that the terminating party reasonably determines is material, including, without limitation, the terms of relief, the findings of the Court, the provisions relating to notice, the definition of the Class and/or the terms of the Release, or *(ii)* the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Order and Judgment, or any of the Court's findings of fact or conclusions of law, that the terminating party reasonably determines is material.  The terminating party must exercise the option to withdraw from and terminate this Agreement, as set forth in this subpart, no later than twenty days after receiving notice of the event prompting the termination.  Nothing herein shall be construed to permit Plaintiffs to terminate this Agreement because of the amount of Attorneys' Fees or Incentive Awards awarded by the Court or any

- 39 -

appellate court(s). Allmerica, however, may elect to terminate this Agreement if the amount of Attorneys' Fees or Incentive Awards awarded exceeds any amount agreed upon by the Parties.

11.4.    By written notice to Plaintiffs' Counsel no later than five days prior to the Fairness Hearing, Allmerica also may unilaterally withdraw from and terminate this Agreement if Requests for Exclusion in the aggregate include the holders of 15% or more of the aggregate annuity account values that on September 30, 2005, were subject to the Trail Agreements.

11.5.    If an option to withdraw from and terminate this Agreement arises under subparts 11.3 and/or 11.4, *(i)* neither Allmerica nor Plaintiffs are required for any reason or under any circumstance to exercise that option, and *(ii)* any exercise of that option shall be made in good faith.

11.6.    If this Agreement is terminated pursuant to subparts 11.3 and/or 11.4, then:

11.6.1.    This Agreement shall be null and void and shall have no force or effect, and no party to this Agreement shall be bound by any of its terms, except for the terms of this subpart 11.6 and subparts 1.3.2, 1.3.5, 12.2, 12.3, 12.4, 12.5 and 12.26-12.31.

11.6.2.    This Agreement, all of its provisions, and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of Allmerica, Plaintiffs or any other member of the Class, all of whom shall be restored to their respective positions existing immediately before the execution of this Agreement;

11.6.3.    Defendants, Plaintiffs and the Class expressly reserve all defenses, arguments, and motions as to all claims and counterclaims that have been or might later be asserted in the Lawsuit, including but not limited to any defenses and arguments relating to class certification; and

11.6.4.    Neither this Agreement, its negotiation, drafts thereof, nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever; provided, however, that this Agreement (in the form executed by the Parties and filed with the Court) may be admissible and entered into evidence in any proceeding to enforce its terms pursuant to parts 7.1.2.5 and 7.1.3.5.

## 12.    **GENERAL MATTERS AND RESERVATIONS.**

12.1.   The obligation, although not the ability, of the Parties to conclude the proposed settlement is and will be contingent upon each of the following:

12.1.1.     Plaintiffs' filing of a motion for leave, unopposed by Defendants, to file a Second Amended Complaint that is brought on behalf of the putative Class as defined above and asserts claims and allegations that are in all material respects the same as those asserted in the First Amended Complaint, and the Court's allowance of such motion to amend.

12.1.2.     Plaintiffs' modification of their pending Motion for Class Certification, unopposed by Defendants, to seek certification for settlement purposes of the Class as defined above.

12.1.3.     Preliminary approval by the Court of a settlement, consistent with the terms of this Agreement, and certification by the Court of the Class.

12.1.4.     Adjudication that there had been adequate and sufficient notice of a settlement to the Class.

12.1.5.     Adjudication that upon review of each of the various claims asserted and defenses raised in the Lawsuit, the terms and conditions of a settlement as set forth in this Agreement are fair, reasonable and adequate to the Class and the Defendants.

12.1.6.     Entry of a Final Order and Judgment in accordance with part 10.1 that is not vacated or modified (by appeal or otherwise) and results in a Final Settlement Date.

12.1.7.     The Court's reservation and retention of exclusive jurisdiction to consider such approvals, findings, orders and other matters as may arise from a settlement, including but not limited to enforcement of the Agreement, Release, Injunction, and Final Order and Judgment.

- 42 -

12.1.8.    Execution of this Agreement by all Parties by May 26, 2006,

unless such date is extended in writing by mutual agreement of the Parties.

12.1.9.    Any other conditions stated in this Agreement.

12.2.    Allmerica's obligation to provide any and all relief provided to the Class in this

Agreement is expressly contingent upon and in exchange for the Release on behalf of all Class

Members contained in this Agreement.

12.3.    The Parties and their counsel agree to keep the existence and contents of this

Agreement and all related negotiations confidential until the date on which Class Notice is first

mailed to the Class; provided, however, that *(i)* the Parties' responses to unsolicited press

inquiries shall be made in consultation with one another; and *(ii)* this subpart shall not prevent

the disclosure by Allmerica of such information, prior to the date on which Class Notice is first

mailed to the Class, to *(a)* The Goldman Sachs Group, Inc.; *(b)* regulators, *(c)* rating agencies,

*(d)* financial analysts, *(e)* accountants, auditors and attorneys, *(f)* insurers and reinsurers, or *(g)*

any other person or entity (such as experts, courts, and/or administrators) to whom the Parties

agree disclosure must be made in order to effectuate the terms and conditions of this Agreement;

and *(iii)* this subpart shall not apply to Plaintiffs' Counsel's communications with their clients

and the Class.

12.4.    Plaintiffs, Plaintiffs' Counsel, Allmerica and Allmerica's Counsel shall make no

statement (whether orally or in writing) that:  *(i)* suggests in words or substance that the Lawsuit

was not resolved to the Parties' mutual satisfaction; and *(ii)* derogates or disparages any other

party to this Agreement or the Agreement itself.

12.5.    The Parties and their counsel agree that the information made available to them

through the discovery process was made available subject to a Protective Order between

- 43 -

Plaintiffs and Allmerica entered by the Court on October 5, 2005, and that same will remain in full force and effect.

12.6.    On or before one year after the Final Settlement Date or promptly after termination of this Agreement, whichever comes first (unless the time is extended by agreement of the Parties), the Parties and their counsel (including their experts and consultants) shall, at their discretion, destroy or return to opposing counsel all documents (and all copies of such documents in whatever form made or maintained) produced by another Party to this Lawsuit. Documents produced by non-parties shall be destroyed on or before one year after the Final Settlement Date. Provided, however, that this subpart shall not apply to *(i)* any documents made part of a Court filing; *(ii)* counsel's work product; and *(iii)* any document that any Party reasonably determines should be preserved in accordance with regulatory or legal obligations.

12.7.    Nothing in this Settlement Agreement or in any further documents executed pursuant hereto is intended to give or shall be construed as giving any third party or parties not expressly referenced herein any rights or as imposing upon any of the Parties any obligations or responsibilities to such third party or parties.

12.8.    By execution of this Agreement, Allmerica does not intend to release any claim against any of its insurers, reinsurers or other third parties for any cost or expense incurred hereunder in connection with the Lawsuit, including attorneys' fees and costs.

12.9.    Plaintiffs' Counsel represents and warrants that it has explained the terms and effect of this Agreement to the Plaintiffs and that the Plaintiffs are informed of the nature of the claims released, the obligations undertaken on behalf of the Class and the relief to be obtained by the Class.

12.10. Plaintiffs' Counsel represents *(i)* that it is authorized to enter into this Agreement on behalf of Plaintiffs and any other attorneys who have represented or who now represent Plaintiffs and *(ii)* that Plaintiffs' Counsel is seeking to protect the interests of the entire Class.

12.11. Each of the Plaintiffs represents and certifies that *(i)* he has agreed to serve as a representative of the Class proposed to be certified herein; *(ii)* he is willing, able, and ready to perform all of the duties and obligations of a representative of the Class, including, but not limited to, the need to be available for, and involved in, discovery and fact finding; *(iii)* he has read the pleadings in this Lawsuit, including the First Amended Complaint; *(iv)* he is familiar with the results of the fact finding undertaken by Plaintiffs' Counsel; *(v)* he has been kept apprised of settlement negotiations among the Parties, and has either read this Agreement, including the exhibits annexed thereto, or has received a detailed description of it from Plaintiffs' Counsel, and that he has agreed to its terms; *(vi)* he has consulted with Plaintiffs' Counsel — and/or other Plaintiffs' counsel of record — about the Lawsuit, this Agreement and the obligations of a representative of the Class; *(vii)* he has authorized Plaintiffs' Counsel to execute this Agreement on his behalf; *(viii)* he will remain and serve as a representative of the Class until the terms of this Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that said Plaintiff cannot represent the Class; and *(ix)* he will not request exclusion from the Class, object to the proposed settlement, or file an appeal from or otherwise seek review of any order approving the proposed settlement.

12.12. Plaintiffs' Counsel, on behalf of the Class, and Allmerica's Counsel, on behalf of Allmerica, represent and warrant that they shall agree to recommend approval of and vigorously support this Agreement to the Court and to undertake their best efforts to carry out the terms of this Agreement. To that end, they shall take all steps necessary or appropriate to: *(a)* obtain an

- 45 -

order from the Court granting preliminary approval of this Agreement; *(b)* facilitate the dissemination of the Court-approved notices to the Class; *(c)* demonstrate the fairness and adequacy of the settlement and this Agreement at the Fairness Hearing; *(d)* obtain a final order approving this Agreement; and *(e)* in the event of appeal, support the terms and goals of this Agreement on appeal. The Parties shall also take such action as may be legally proper to assure the jurisdiction of the Court over this Agreement and all subsequent proceedings.

12.13. Plaintiffs' Counsel and the Plaintiffs agree that payment of any legal fees in the full amount awarded by the Court, together with the Release of claims set forth in part 7, is effective to release all interest, if any, of Plaintiffs' Counsel, the Plaintiffs, and Class Members against the Defendant Releasees with respect to such claims. Plaintiffs' Counsel and Plaintiffs agree not to make a collateral attack on the judgment.

12.14. The procedure for, and the allowance or disallowance by the Court of, any application for Attorneys' Fees (including expert and consultant fees) and Incentive Awards are to be considered by the Court separately from its consideration of the fairness, reasonableness and adequacy of the settlement.

12.15. Allmerica's Counsel represents that it is authorized to enter into this Agreement on behalf of Defendants.

12.16. Michael A. Reardon represents that he is authorized to enter into this Agreement on behalf of AFLIAC. Edward J. Parry, III represents that he is authorized to enter this Agreement on behalf of The Hanover Insurance Group, Inc. (formerly known as Allmerica Financial Corporation) and FAFLIC.

12.17. This Agreement sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered or modified except by written instrument executed by

- 46 -

Lead Counsel and Allmerica's Counsel. The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed in this Agreement exist among or between them.

12.18. Except as provided in this Settlement Agreement, each Party shall bear its own costs of the Lawsuit, including taxable court costs.

12.19. This Agreement and any ancillary agreements shall be governed by and interpreted according to the law of the Commonwealth of Massachusetts, excluding its conflict of laws provisions.

12.20. Without affecting the finality of the Final Order and Judgment entered in accordance with this Settlement Agreement, the Court shall retain exclusive jurisdiction with respect to implementation, construction and enforcement of this Settlement Agreement, administration of the Settlement and all orders issued with respect thereto. The Parties and the members of the Class shall submit to the jurisdiction of the Court for purposes of implementation, interpretation and enforcement of this Settlement Agreement.

12.21. The waiver by one Party of any breach of this Settlement Agreement shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement by any Party.

12.22. Whenever this Agreement requires or contemplates that notice shall or may be given to any Party, notice shall be provided by facsimile and/or next-day (excluding Sunday) express delivery service as follows:

1.      If to Allmerica, then to:

        Andrea J. Robinson, Esq.
        Jonathan A. Shapiro, Esq.
        Wilmer Cutler Pickering Hale and Dorr LLP
        60 State Street
        Boston, Massachusetts 02109

- 47 -

Telephone: (617) 526-6000
Facsimile: (617) 526-5000

and

Mark H. Stepakoff, Esq.
Assistant Vice President and Counsel
The Hanover Insurance Group, Inc.
440 Lincoln Street
Worcester, MA 01653
Telephone: (508) 855-1000
Facsimile: (802) 855-3523

2.      If to Plaintiffs, then to:

Stephen L. Hubbard, Esq.
Robert W. Biederman, Esq.
Hubbard & Biederman, L.L.P.
1717 Main Street
Suite 4700
Dallas, TX 75201
Telephone:     (214) 857-6000
Facsimile:     (214) 857-6001

12.23. All time periods set forth herein shall be computed in calendar days unless

otherwise expressly provided. In computing any period of time prescribed or allowed by this

Agreement or by order of Court, the day of the act, event, or default from which the designated

period of time begins to run shall not be included. The last day of the period so computed shall

be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the

filing of a paper in court, a day on which weather or other conditions have made the office of the

clerk of the court inaccessible, in which event the period shall run until the end of the next day

that is not one of the aforementioned days. As used in this subpart, "legal holiday" includes New

Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Patriot's Day,

Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving

Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the Commonwealth of Massachusetts.

12.24. The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

12.25. The Parties agree that *(i)* this Agreement was drafted jointly by counsel for the Parties at arm's length and shall not be construed or interpreted against any Party originating or preparing any part of it, and *(ii)* no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Agreement was made or executed.

12.26. In no event shall the Agreement, any of its provisions or any negotiations, statements or court proceedings relating to them in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Lawsuit, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Agreement and the Final Order and Judgment. Without limiting the foregoing, neither this Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to Allmerica, the Plaintiffs or members of the Class, or as a waiver by Allmerica, the Plaintiffs or members of the Class of any applicable defense, including without limitation any applicable statute of limitations or statute of frauds, or as a waiver by Allmerica, the Plaintiffs or members of the Class of any claims, causes of action or remedies; provided, however, that this Agreement

- 49 -

(in the form entered by the Parties and filed with the Court) may be admissible and entered into evidence in any proceeding to enforce its terms pursuant to Parts 7.1.2.5 and 7.1.3.5.

12.27. Allmerica expressly denies any wrongdoing alleged in the First Amended Complaint and does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the Lawsuit.

12.28. Plaintiffs' Counsel, the Plaintiffs, Class Members, Allmerica's Counsel and Defendants shall not argue in any forum that this settlement shows or evidences in any way that any of them has violated any laws or legal obligation or that there is any strength or weakness in the claims contained in the First Amended Complaint, the Counterclaims, or otherwise asserted in the Lawsuit.

12.29. Plaintiffs expressly affirm that the allegations contained in the First Amended Complaint were made in good faith and do not admit or concede that any of the claims alleged in the First Amended Complaint lack merit.

12.30. Plaintiffs expressly deny any wrongdoing alleged in Defendants' Counterclaims and do not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against them in the Lawsuit.

12.31. Allmerica expressly affirms that the allegations contained in the Counterclaims were made in good faith and do not admit or concede that any of the claims alleged in the Counterclaims lack merit.

12.32. This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs, members of the Class, Allmerica, and their respective successors, successors in

- 50 -

interest, heirs and assigns and to any corporation, partnership, joint venture, trust or any other entity into or with which Allmerica may hereafter merge, consolidate or reorganize.

12.33. No opinion concerning the tax consequences of the proposed settlement to individual members of the Class is given or will be given by Allmerica, Allmerica's Counsel or Plaintiffs' Counsel, nor are any representations in this regard made or any warranties made by virtue of this Agreement. The Class Notice shall direct members of the Class to consult their own tax advisors regarding the tax consequences of the proposed settlement, including any payments, contributions or credits provided hereunder, and any tax reporting obligations they may have with respect thereto. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

12.34. The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

12.35. The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking Court approval of this Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed settlement.

12.36. If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the alleged breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any actions to enforce any rights under this Agreement.

12.37.  This Agreement may be signed in counterparts, each of which shall constitute a duplicate original.

## 13.    **ARBITRATION OF DISPUTES**

13.1.    Unless another forum is required by law, any disputes between Allmerica and the Class Members encompassed by subparts 7.1.2.4.1 & 7.1.2.4.2 and 7.1.3.4.1 & 7.1.3.4.2 shall be submitted to the American Arbitration Association for binding arbitration in Boston, Massachusetts, in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA Rules").

13.2.    Any dispute subject to arbitration under subpart 13.1 above shall be submitted to *(i)* a single arbitrator appointed in accordance with the AAA Rules if the amount in controversy is less than $300,000 (exclusive of any claims for interest or injunctive relief); or *(ii)* a panel of three arbitrators appointed in accordance with the AAA Rules if the amount in controversy is equal to or greater than $300,000 (exclusive of any claims for interest or injunctive relief).

13.3.    The parties to any arbitration proceeding commenced under subpart 13.1 above shall each bear their own costs with respect to such proceeding; provided, however, that in the event a party fails to proceed with arbitration, unsuccessfully seeks judicial review of the arbitrator's award, or fails to comply with the arbitrator's award, that party shall be responsible for the reasonable attorneys' fees and expenses incurred by any other party in a successful effort to compel arbitration, defend the award against judicial review, or to enforce the award.

Agreed to this 23rd day of May, 2006.

APPROVED AND AGREED TO BY AND ON BEHALF OF THE PLAINTIFFS IN THEIR INDIVIDUAL AND REPRESENTATIVE CAPACITIES

By:    _____
DONALD P. SPEAKMAN

- 53 -

## 13.  **ARBITRATION OF DISPUTES**

13.1.  Unless another forum is required by law, any disputes between Allmerica and the Class Members encompassed by subparts 7.1.2.4.1 & 7.1.2.4.2 and 7.1.3.4.1 & 7.1.3.4.2 shall be submitted to the American Arbitration Association for binding arbitration in Boston, Massachusetts, in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA Rules").

13.2.  Any dispute subject to arbitration under subpart 13.1 above shall be submitted to *(i)* a single arbitrator appointed in accordance with the AAA Rules if the amount in controversy is less than $300,000 (exclusive of any claims for interest or injunctive relief); or *(ii)* a panel of three arbitrators appointed in accordance with the AAA Rules if the amount in controversy is equal to or greater than $300,000 (exclusive of any claims for interest or injunctive relief).

13.3.  The parties to any arbitration proceeding commenced under subpart 13.1 above shall each bear their own costs with respect to such proceeding; provided, however, that in the event a party fails to proceed with arbitration, unsuccessfully seeks judicial review of the arbitrator's award, or fails to comply with the arbitrator's award, that party shall be responsible for the reasonable attorneys' fees and expenses incurred by any other party in a successful effort to compel arbitration, defend the award against judicial review, or to enforce the award.

Agreed to this 23rd day of May, 2006.

APPROVED AND AGREED TO BY AND ON BEHALF OF THE PLAINTIFFS IN THEIR INDIVIDUAL AND REPRESENTATIVE CAPACITIES

By: _Donald P. Speakman_

DONALD P. SPEAKMAN

By:  _____
MARK L. ROBARE

By:  _____
STEPHEN H. WEDEL

By:  _____
STEPHEN L. HUBBARD, ESQ.
HUBBARD & BIEDERMAN, L.L.P.
LEAD COUNSEL FOR PLAINTIFFS

APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANTS

By:  _____
EDWARD J. PARRY, III
THE HANOVER INSURANCE GROUP, INC. FORMERLY KNOWN
AS ALLMERICA FINANCIAL CORPORATION

By:  _____
MICHAEL A. REARDON
ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.

By:  _____
EDWARD J. PARRY, III
FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY

By:  _____
ANDREA J. ROBINSON, ESQ.
WILMER CUTLER PICKERING HALE AND DORR LLP
COUNSEL FOR DEFENDANTS

By: _____
    MARK L. ROBARE

By: _____
    STEPHEN H. WEDEL

By: _____
    STEPHEN L. HUBBARD, ESQ.
    HUBBARD & BIEDERMAN, L.L.P.
    LEAD COUNSEL FOR PLAINTIFFS


APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANTS


By: _____
    EDWARD J. PARRY, III
    THE HANOVER INSURANCE GROUP, INC. FORMERLY KNOWN
    AS ALLMERICA FINANCIAL CORPORATION

By: _____
    MICHAEL A. REARDON
    ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.

By: _____
    EDWARD J. PARRY, III
    FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY

By: _____
    ANDREA J. ROBINSON, ESQ.
    WILMER CUTLER PICKERING HALE AND DORR LLP
    COUNSEL FOR DEFENDANTS

By: _____
     MARK L. ROBARE


By: _____
     STEPHEN H. WEDEL

By: _____
     STEPHEN L. HUBBARD, ESQ.
     HUBBARD & BIEDERMAN, L.L.P.
     LEAD COUNSEL FOR PLAINTIFFS


**APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANTS**


By: _____
     EDWARD J. PARRY, III
     THE HANOVER INSURANCE GROUP, INC. FORMERLY KNOWN
     AS ALLMERICA FINANCIAL CORPORATION


By: _____
     MICHAEL A. REARDON
     ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.


By: _____
     EDWARD J. PARRY, III
     FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY


By: _____
     ANDREA J. ROBINSON, ESQ.
     WILMER CUTLER PICKERING HALE AND DORR LLP
     COUNSEL FOR DEFENDANTS

By: _____
     MARK L. ROBARE

By: _____
     STEPHEN H. WEDEL

By: _____
     STEPHEN L. HUBBARD, ESQ.
     HUBBARD & BIEDERMAN, L.L.P.
     LEAD COUNSEL FOR PLAINTIFFS

APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANTS

By: _____
     EDWARD J. PARRY, III
     THE HANOVER INSURANCE GROUP, INC. FORMERLY KNOWN
     AS ALLMERICA FINANCIAL CORPORATION

By: _____
     MICHAEL A. REARDON
     ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.

By: _____
     EDWARD J. PARRY, III
     FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY

By: _____
     ANDREA J. ROBINSON, ESQ.
     WILMER CUTLER PICKERING HALE AND DORR LLP
     COUNSEL FOR DEFENDANTS

By: _____

MARK L. ROBARE

By: _____

STEPHEN H. WEDEL

By: _____

STEPHEN L. HUBBARD, ESQ.
HUBBARD & BIEDERMAN, L.L.P.
LEAD COUNSEL FOR PLAINTIFFS

APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANTS

By: _____

EDWARD J. PARRY, III
THE HANOVER INSURANCE GROUP, INC. FORMERLY KNOWN
AS ALLMERICA FINANCIAL CORPORATION

By: _____

MICHAEL A. REARDON
ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.

By: _____

EDWARD J. PARRY, III
FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY

By: _____

ANDREA J. ROBINSON, ESQ.
WILMER CUTLER PICKERING HALE AND DORR LLP
COUNSEL FOR DEFENDANTS

By: _____
    **MARK L. ROBARE**


By: _____
    **STEPHEN H. WEDEL**


By: _____
    **STEPHEN L. HUBBARD, ESQ.**
    **HUBBARD & BIEDERMAN, L.L.P.**
    **LEAD COUNSEL FOR PLAINTIFFS**


**APPROVED AND AGREED TO BY AND ON BEHALF OF DEFENDANTS**


By: _____
    **EDWARD J. PARRY, III**
    **THE HANOVER INSURANCE GROUP, INC. FORMERLY KNOWN**
    **AS ALLMERICA FINANCIAL CORPORATION**


By: _____
    **MICHAEL A. REARDON**
    **ALLMERICA FINANCIAL LIFE INSURANCE AND ANNUITY CO.**


By: _____
    **EDWARD J. PARRY, III**
    **FIRST ALLMERICA FINANCIAL LIFE INSURANCE COMPANY**


By: _____
    **ANDREA J. ROBINSON, ESQ.**
    **WILMER CUTLER PICKERING HALE AND DORR LLP**
    **COUNSEL FOR DEFENDANTS**