

# NOTICE OF APPROVAL
# OF SETTLEMENT

\* \* \*

### THIS IS NOTICE TO YOU OF THE SETTLEMENT
### OF A CLASS ACTION LAWSUIT.

IMPORTANT BENEFITS MAY BE AVAILABLE TO YOU UNDER THE SETTLEMENT.

THE ENCLOSED MATERIALS DESCRIBE THE BENEFITS THAT ARE AVAILABLE

1. **PURPOSE OF THIS NOTICE**

In June of 2006, Class Members were sent Notice of the proposed settlement of a class action lawsuit against Allmerica Financial Life Insurance and Annuity Company, The Hanover Insurance Group, Inc. (formerly known as Allmerica Financial Corporation), and First Allmerica Financial Life Insurance Company. (In this Notice, these companies are referred to collectively as "Allmerica"). On August 11, 2006, the Court held a Fairness Hearing to determine whether the proposed settlement was fair, reasonable and adequate. The Court heard presentations by Plaintiffs and Allmerica. On **[date]**, the Court issued an Order certifying the Class (of which you are a member) for settlement purposes and approving the settlement, and that Order is now final.

**The purpose of this Second Notice is to tell you that the Court has entered a Final Order and Judgment approving the settlement and to provide information on the available benefits.**

2. **RELIEF AVAILABLE**

   A. **Overview.** A description of the relief provided to the Class (and the manner with which it was determined and calculated) is set forth below. If you also qualify for a form of Supplemental Relief, a check in the amount of your Supplemental Relief is enclosed with this Notice. If there is no check enclosed with this Notice, you do not qualify for Supplemental Relief. (A breakdown of your eligibility for Supplemental Relief is set forth in section 2.C.)

   If you believe that you are entitled to Supplemental Relief but did not receive a check, or if you disagree with the amount of the Supplemental Relief that you received, **YOU MUST SEND DOCUMENTARY EVIDENCE SUPPORTING THE EXISTENCE AND AMOUNT OF THE CLAIMED ERROR TO [address] WITHIN TEN BUSINESS DAYS AFTER THE POSTMARK DATE OF THIS NOTICE.**

   B. **Form of Relief**

   (1) **Satisfaction of DAC Notes and Cessation of Trail Commissions.** The DAC Note executed by you is deemed to have been satisfied as of **[specify date (Disbursement Date)]**.[1] Allmerica's obligations to pay, and your rights to receive, Trail Commissions pursuant to the Trail Agreement executed by you also have ceased as of the **[specify date (Disbursement Date)]**.

   (2) **Supplemental Relief.**

   a) True-Up Supplemental Relief. If you paid (by direct payment, offset or otherwise) during any quarter an amount greater than the fixed quarterly payment (reflecting principal plus interest) set forth on the face of the original DAC Note you executed ("Quarterly Overpayment"), then you are eligible to receive the net amount of your Quarterly Overpayments (overpayments minus underpayments), subject to paragraph 2.A.(2)c) below.

---

[1] Capitalized terms have the meaning set forth in the Settlement Agreement unless otherwise noted. The Settlement Agreement defines "Trail Program" as "the contractual obligations and business relationship embodied by the Trail Agreements and DAC Notes collectively"; and the "Trail Agreements" as "the In-Force Annuity Trail Commission Agreements executed in connection with the Trail Program on or about January 1, 2001." The Settlement Agreement defines "DAC Notes" as "the Promissory Notes executed in connection with the Trail Program on or about January 1, 2001."

The calculation of Quarterly Overpayments assumes that interest continued to accrue through **[the close of the last quarter]**. To illustrate:

- A hypothetical Class Member who at the inception of the Trail Program in January 2001, executed a DAC Note calling for quarterly payments of principal plus interest equal to $10,000, but each quarter paid $11,000, would receive a true-up payment in the amount of his net Quarterly Overpayments as of **[the date that Supplemental Relief is calculated]** (i.e., $1,000 times the number of quarters that would have elapsed by **[that date]**).

- Assuming that 21 quarters elapsed by **[the date that Supplemental Relief is calculated]**, a hypothetical Class Member who at the inception of the Trail Program in January 2001, executed a DAC Note calling for quarterly payments of principal plus interest equal to $15,000, but (*i*) paid $17,000 per quarter (i.e., $2,000 over the fixed quarterly payment) for 18 quarters, and (*ii*) paid only $14,000 per quarter (i.e., $1,000 under the fixed quarterly payment) for 3 quarters, would receive a true-up payment in the amount of his net Quarterly Overpayments as of **[the date that Supplemental Relief is calculated]** of $33,000 (i.e., $36,000 minus $3,000).

If you are eligible for a True-Up payment under this paragraph, and, prior to April 10, 2006, you paid all amounts due under your DAC Note, your True-Up payment has been calculated as of the date your DAC Note was paid in full.

    b) <u>Set-Off Supplemental Relief</u>. To the extent that on or after May 1, 2005, Allmerica used or applied commissions or sums other than Trail Commissions to cover or reduce a shortfall between your quarterly DAC Note payments and the Trail Commissions payable in any given quarter ("Set-Offs"), then you are eligible to receive the aggregate amount of such Set-Offs that were used or applied during the period from May 1, 2005 to **[the date of this Notice]**, subject to paragraph 2.A.(2)c) below.

    c) <u>No Entitlement to Both True-Up and Set-Off Supplemental Relief</u>. If you qualified for a payment under both the True-Up Supplemental Relief and the Set-Off Supplemental Relief, consistent with the Settlement Agreement the Court approved, you nonetheless have received only one form of Supplemental Relief (not both), which is the form of the Supplemental Relief that provides you with the greater payment.

  C. **Breakdown of Supplemental Relief**

The following chart contains a breakdown of the Supplemental Relief, if any, to which you are entitled under the settlement:

| NAME | TRUE-UP SUPPLEMENTAL RELIEF | SET-OFF SUPPLEMENTAL RELIEF | AMOUNT ENCLOSED |
|---|---|---|---|
|  |  |  |  |

3.  **TAX CONSEQUENCES**

Your receipt of settlement benefits could have tax consequences for you. No opinion concerning the tax consequences of any payments, contributions or credits provided through the settlement is given or will be given by Allmerica, Allmerica's Counsel or Lead Counsel. *You should consult your own tax advisor to determine any federal, state, local or foreign tax consequences of the receipt of benefits in your particular circumstances.*

4.  **COURT-ORDERED PROHIBITION AGAINST OTHER LAWSUITS**

The Court has permanently enjoined you and all other Class Members who have not been excluded from the Class (and all persons acting on behalf of you and any Class Members who have not been excluded from the Class) from *(i)* directly, representatively or in any other capacity filing, commencing, prosecuting, intervening in, or participating in and/or continuing to prosecute or participate in, or receiving any benefits or other relief from, directly or indirectly (as class members or otherwise), any action, lawsuit, claim or other proceeding, in any jurisdiction based on or relating to any of the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto; and *(ii)* organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto.

5.  **HOW TO GET FURTHER INFORMATION**

This Notice is only a summary of the Settlement Agreement, which is a more detailed legal document. The full Settlement Agreement, the Court's Final Order and Judgment, the Class Action Complaint, Allmerica's Counterclaims and other papers and Court orders pertaining to this case are on file with the Clerk of the Court, which you may inspect at the Clerk's Office, Harold D. Donohue Federal Building & Courthouse, 595 Main Street, Worcester, Massachusetts 01068 any time during normal business hours, Monday - Friday, 8:30 a.m. to 5:00 p.m., EST.

**DO NOT CALL THE COURT OR THE CLERK OF COURT.**

[Dated]

_____, Clerk
United States District Court
For the District of Massachusetts