UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL AND MARK ROBARE, Individually An On Behalf Of All Others Similarly Situated,<br><br>　　　　Plaintiff<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., AND ALLMERICA FINANCIAL CORP.,<br><br>　　　　Defendant | Civil Action<br>No. 04-40077-FDS |

**MOTION OF JORDAN P. GATES FOR RELIEF FROM JUDGMENT**
**(Oral Argument Requested)**

Pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, Jordan P. Gates ("Gates") moves for relief from the Final Order and Judgment Approving Class Action Settlement, dated August 11, 2006 (the "Class Action Settlement"), to permit him to continue prosecution of claims pending since 2003 in an arbitration proceeding at the National Association of Securities Dealers, arising from Gates' termination from employment by an affiliate of the Defendants in this matter (the "NASD Arbitration").

As grounds for this motion, Gates states as follows:

1.　　Gates has asserted claims in the NASD Arbitration against VeraVest Investments, Inc. and VeraVest Advisors, Inc. (collectively "VeraVest"), his former employer and affiliates of the Defendants, which are not identified as settling parties in this Class Action. VeraVest now seeks to invoke the benefit of the Class Action Settlement by enforcing the associated release and dismissal, to prevent Gates from prosecuting his claims in the pending NASD Arbitration.

2.  Gates contends that he is not a member of the class subject to the Class Action Settlement, but that in any even he failed to "opt out" of this Class Action proceeding by July 27, 2006 due to his own "mistake, inadvertence…or excusable neglect."

3.  Gates will be significantly prejudiced if he is not granted relief from the Class Action Settlement, to the extent that he is subject to it, in that he will be required to surrender claims pending in the NASD Arbitration proceeding in the magnitude of hundreds of thousands of dollars, for which he has paid legal fees of approximately $250,000 to date to prosecute. Gates is believed to receive a *de minimus* settlement payment under the Class Action Settlement.

4.  The Defendants will not be prejudiced by having to defend the Gates's claims pending in the NASD Arbitration, which arise from the wrongful termination of his employment and improper reporting of the circumstances of his termination by VeraVest, which are not named as settling Defendants in this Class Action.

In support of this motion, Gates submits the Affidavits of Jordan P. Gates and Michael C. Lewton, and a memorandum of law.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Jordan P. Gates respectfully requests oral argument on this motion.

JORDAN P. GATES

By his Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: October 11, 2006

/s/Mark W. Corner
Mark W. Corner, BBO #550156
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

2

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Mark W. Corner, counsel of record for Jordan P. Gates, the moving party, state under the penalties of perjury that on October 11, 2006 I contacted Jonathan Shapiro, counsel of record for the Defendants, in a good faith effort to narrow or resolve the issue presented in this motion for judgment on the pleadings. Counsel were unable to reach any agreement with respect to the relief sought in this motion.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 11TH DAY OF OCTOBER, 2006**.

                                                    _/s/Mark W. Corner_
                                                  Mark W. Corner

## CERTIFICATE OF SERVICE

Mark W. Corner states under the penalties of perjury that the following document was served upon all counsel receiving electronic file notification in this matter on October 11, 2006.

                                                   _/s/Mark W. Corner_
                                                  Mark W. Corner

975734.1