Case 4:04-cv-40077-FDS   Document 96   Filed 10/11/2006   Page 1 of 8

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL AND MARK ROBARE, Individually An On Behalf Of All Others Similarly Situated, <br><br> Plaintiff <br><br> v. <br><br> ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., AND ALLMERICA FINANCIAL CORP., <br><br> Defendant | Civil Action <br> No. 04-40077-FDS |

## AFFIDAVIT OF JORDAN P. GATES IN
## SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT

Jordan P. Gates states under the penalties of perjury that the following facts are true, based upon my personal knowledge:

1.     I am a resident of the State of Oregon, and a putative member of the class for which the Final Order and Judgment Approving Class Settlement was entered in the above-captioned matter on August 11, 2006. I submit this affidavit in support of my Motion for Relief from Judgment, which I bring for the sole purpose of seeking to pursue my claims in a pending arbitration before an arbitration panel of the National Association of Securities Dealers ("NASD") against VeraVest Investments, Inc. and VeraVest Advisors, Inc., both of which are affiliates of the Defendants in the above-captioned matter. The pending claims in the NASD Arbitration relate to claims associated with the wrongful termination of my employment with VeraVest, and VeraVest's improperly reporting that I was terminated for cause. These claims extend far beyond the subject matter of the above-captioned class action.

2.     I am a certified financial planner and a former registered representative and Director of Financial Planning for the Pacific Northwest Branch of VeraVest Investments, Inc. f/k/a Allmerica Investments, Inc. and VeraVest Advisors, Inc. f/k/a Allmerica Investment Management Company, Inc. (collectively "VeraVest").

3.     On or about December 31, 2002, I was terminated, allegedly for cause, from my employment at VeraVest. I was told that the basis upon which I was terminated was that a check that had been misdirected by VeraVest (then known as Allmerica) had been deposited to my personal account.

4.     Specifically, due to a home office error at VeraVest, a check from one of my financial planning clients that was intended to be used to use as the initial funding for a college fund for one of the clients' children, in the amount of One Thousand Dollars ($1,000.00) was made payable to the addressee "Allmerica Financial c/o Jordan P. Gates," by VeraVest, rather than to the account owners (my clients). During that time my assistant e-mailed me and informed me that I had received a check for $1,000 from VeraVest. I believed the check was to compensate me for one of my speaking engagements as a member as the National field faculty where I spoke throughout the country teaching advanced tax and financial strategies. I e-mailed her back and instructed her to deposit part of the funds into my personal account, and part into my business account. I never saw this check before it was deposited.

5.     My assistant learned of the error several weeks later, when I was out of the country on vacation and inaccessible, and she immediately notified VeraVest's Compliance Department. The department acknowledged the error and said they would correct the error by immediately issuing a new check to the clients, and arranging to have my next commission check from VeraVest debited $1,000.00.

2

6.     Once the misdirection of these funds was called to my attention, and following an investigation within VeraVest, I believed that the matter had been resolved, and that my personal account would simply be debited. Instead, I was told on December 12, 2002 that my employment would be terminated, and that I could finish up my matters until December 31, 2002, at which point my employment contract was to expire. I was given the option of resigning, or having VeraVest terminate my contract without cause.

7.     When I received my NASD Uniform Notice of Securities Industry Registration (Form U-5) on February 5, 2003, it falsely indicated that I was terminated for cause, and that at the time of my termination I was under an internal investigation for fraud - which was also untrue.

8.     In or about December 2003, I commenced an NASD arbitration proceeding against VeraVest Investments, Inc. and VeraVest Advisors, Inc., alleging breach of contract, defamation, interference with business relations and intentional infliction of severe emotional distress. The various Statements of Claim setting forth the specific nature of my claims against VeraVest and the factual basis for such claims in the NASD Arbitration, are appended to the accompanying Affidavit of Michael C. Lewton, my counsel in the NASD Arbitration.

9.     In or about June 2004, I reviewed a copy of the First Amended Class Action Complaint in the above-captioned matter, setting forth the claims asserted in the class action on behalf of the Plaintiffs and others similarly situated against Allmerica Financial Life Ins. & Annuity Co. and certain of its affiliates (collectively the "Allmerica Defendants") arising out of the Deferred Acquisition Cost or "DAC" program (the "DAC Class Action"). The DAC Class Action specifically concerns the obligations of registered representatives, following Allmerica's cessation of the sale of variable annuities and the closure of its offices and termination of its field

3

force, to make payments to Allmerica under certain promissory notes ("DAC Notes"), payment of which was to have been satisfied by offsets from trail commissions.

10.    I did in fact participate in the DAC program, and I did sign a DAC promissory Note, which are among the eligibility criteria for participation in the DAC Class Action. As alleged in Paragraph 17H of the First Amended Class Action Complaint, the Trail Program provided that "if an agent were terminated for cause, his participation in the Trail Program ended, and he no longer had any obligation to make payments on the DAC Note."

11.    Because I was ostensibly terminated for cause, I believed that any obligations that I might have under the DAC Note had been terminated, and that accordingly I did not have a valid claim arising from Allmerica's termination of the DAC program that was actionable in the Class Action. To the extent that I had any claims associated with my loss of rights under the DAC program resulting from my alleged termination for cause by VeraVest, those claims were being asserted in the NASD Arbitration, and I believed that they could not be brought in the Class Action because I was not a class member, as defined.

12.    Additionally, in reviewing the Defendants listed on the DAC Class Action, neither VeraVest Advisors, Inc. (nor Allmerica Investment Management Company, Inc., its corporate name until approximately January 1, 2003), VeraVest Investments, Inc. (nor Allmerica Investments, Inc., the former name of VeraVest Investments, Inc.), the respondents in the NASD Arbitration, were listed as Defendants in the DAC Class Action.

13.    On or about July 2004, I received a notice from lead counsel in the above-captioned Class Action, inquiring as to whether I wished to be represented by that firm with respect to my claims raised in the DAC Class Action. I was requested to execute an engagement agreement with lead counsel if I wished to be represented in the Class Action.

4

14.    I believed, however, that based upon the circumstances of my termination, to the extent that I had any claims against any affiliate of Allmerica under the DAC program, I was being represented in the NASD Arbitration by my counsel in Oregon. Accordingly, I did not sign the engagement agreement, as requested.

15.    I received the Notice of the Proposed Class Action Settlement, dated June 27, 2006, from the United States District Court for the District of Massachusetts (the "Notice"). I did not attribute any significance to receiving the Notice, which was the first I had heard about the DAC Class Action from Allmerica for approximately two years. I frequently received documentation from VeraVest following my termination from employment which suggested that I was still a VeraVest employee. For example, on January 2, 2003, I received an e-mail notifying me that my employment contract with VeraVest had been extended. On January 13, 2003, I received an e-mail from VeraVest outlining what was expected of me as a member of the President's Club. I disregarded the notice to yet another error made by VeraVest, believing that I was not a class member entitled to assert a claim in the Class Action.

16.    In June 2006, at the time I received the Notice, the NASD Arbitration was ongoing. The Notice provided in part as follows:

> **PRELIMINARY INJUNCTION AND EFFECT ON PENDING CLAIM, LAWSUITS OR OTHER PROCEEDINGS AGAINST ALLMERICA.** The Court has preliminarily enjoined all Class Members who have not been excluded from the Class (and all persons acting on behalf of members of the Class Members who have not been excluded from the Class) from (i) directly, representatively or in any other capacity filing, commencing, prosecuting, intervening in, or participating in and/or continuing to prosecute or participate in, or receiving any benefits or other relief from, directly or indirectly (as class members or otherwise), any action, lawsuit, claim or other proceeding, in any jurisdiction based on or relating to any of the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto...

Case 4:04-cv-40077-FDS    Document 96    Filed 10/11/2006    Page 6 of 8

17.    I believed, and still believe, that I am not a class member, as defined in the DAC Class Action. Accordingly, I did not exercise my right to "opt out" as a Plaintiff on or before July 27, 2006, as required in the Notice. Based on my review of the injunction, I believe that the NASD Arbitration could only continue in the face of such injunction in the DAC Class Action if I was not a member of the class of plaintiffs upon which the Class Action Settlement was binding. I never received any communication indicating that I was enjoined from prosecuting the NASD Arbitration, on which I have spent approximately $250,000 in legal fees to date.

18.    At the time that I received the Notice, proceedings in the NASD Arbitration had been continued until October 4, 2006. On or about September 14, 2006 - thirty-one days after entry of the Final Order and Judgment Approving Class Action, and one day after the last date upon which I could appeal from the entry of such judgment - my attorney was advised **by** VeraVest's attorney in the NASD Arbitration proceeding that, because I had not opted out of the DAC Class Action settlement, I was deemed a participant in the settlement, and that as such I had released all claims against VeraVest raised in the NASD Arbitration - most of which had nothing to do with either the DAC Program or the subject matter of the DAC Class Action - and had resulted in dismissal of any claims that I might have against VeraVest, with prejudice.

19.    The only reason why I did not opt out of the DAC Class Action was my good faith and continuing belief that I was never a member of the Class, or that I had been excluded from the Class, by virtue of VeraVest's position that I had been terminated for cause, and that VeraVest was in any event not a Defendant in the Class Action.

20.    I have not received any notice from any defendant in the Class Action as to the amount of payment I would receive as a result of the Class Settlement. I believe, however, that

the amount I would receive as a member of the class would be in the magnitude of a few thousand dollars, perhaps in the hundreds of dollars.  The claims asserted in the NASD Arbitration - which extend well beyond any claims under the DAC program - are in the magnitude of hundreds of thousands of dollars.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS** $\underline{3^{rd}}$ **DAY OF OCTOBER 2006.**

JORDAN P. GATES

973050.1

7

**CERTIFICATE OF SERVICE**

Mark W. Corner states under the penalties of perjury that the following document was served upon all counsel receiving electronic file notification in this matter on October 11, 2006.

/s/Mark W. Corner
Mark W. Corner