UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD P. SPEAKMAN, STEPHEN H. WEDEL AND MARK ROBARE, Individually An On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff<br><br>v.<br><br>ALLMERICA FINANCIAL LIFE INS. & ANNUITY CO., FIRST ALLMERICA FINANCIAL LIFE INS. CO., AND ALLMERICA FINANCIAL CORP.,<br><br>    Defendant | Civil Action<br>No. 04-40077-FDS |

### AFFIDAVIT OF MICHAEL C. LEWTON IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT

Michael Lewton states under the penalties of perjury that the following facts are true, based upon his personal knowledge:

1. I am an attorney and a partner of the law firm of Cosgrave Vergeer Kester LLP of Portland, Oregon. I have been a practicing attorney and a member of the Oregon State Bar since 1987.

2. I am counsel to Jordan P. Gates ("Gates") in an arbitration proceeding before a panel appointed by the National Association of Securities Dealers ("NASD") now pending in the State of Oregon entitled Jordan P. Gates v. VeraVest Investments, Inc., NASDR No. 03-8688 (the "NASD Arbitration").

3. The claims asserted in the NASD Arbitration against VeraVest Investments, Inc., VeraVest Investment Advisors, Inc. and certain of its affiliates arise from Gates' termination from his employment with VeraVest. Attached as Exhibit A is a true copy of the Statement of

Claim filed with the NASD on or about December 23, 2003. Attached as Exhibit B is a true copy of the Amended Statement of Claim (without exhibits) filed with the NASD on or about September 7, 2004.

4. Sometime in early- to mid-2005, Mr. Gates informed me that this class action lawsuit was filed; that he had talked with attorneys for plaintiff; and that he opted out of the suit. On July 27, 2005, on behalf of Mr. Gates, I filed Claimant's Motion To Amend Statement Of Claim And Memorandum In Support with the NASD, a true copy of which is attached as Exhibit C. Believing Mr. Gates was not a member of the Class who could assert rights under the DAC program because of his termination for cause by VeraVest, part of the proposed Second Amended Statement Of Claim concerning the DAC loan was amended, indicating that Gates lost his rights under the DAC program due to his termination for cause, and as such was unable to enforce his rights under the DAC program, as he would if he were not terminated for cause. The enforcement of the rights of Allmerica's registered representative under the DAC program, due to Allmerica's termination of the DAC program, was what I believed to be the subject matter of the Class Action lawsuit.

5. In response to the motion to amend, counsel for Allmerica filed Respondents' Opposition To Claimant's Second Motion To Amend Statement Of Claim, a true copy of which is attached as Exhibit D. In their opposition, Allmerica claimed Gates' DAC loan claim was futile, but was silent concerning the Class Action Suit, which was pending at that point. See Exhibit D at page 3. The Arbitration panel denied the motion to amend the Statement of Claim.

6. Arbitration hearings on this matter were started on October 17, 2005. The initial part of the hearing lasted three days and then was continued to a later date. The matter was then scheduled to resume on October 4, 2006.

7. The first time I heard that Mr. Gates was a member of the class, bound to the Court's Class Settlement Judgment, was in a telephone discussion with Michael Donovan, counsel to VeraVest in the NASD Arbitration, who called me on September 14, 2006. During this discussion, Mr. Donovan informed me that a settlement and associated judgment had entered in the DAC Class Action, and that as a consequence Mr. Gates had released any claims against VeraVest and its affiliates that were pending in the NASD Arbitration.

8. Following my discussion with Mr. Donovan, I reviewed relevant pleadings and other documents filed in the class action by way of online access to PACER. Among these documents was Notice of the proposed Class Action Settlement, dated June 27, 2006. The Notice provided in part as follows:

> **PRELIMINARY INJUNCTION AND EFFECT ON PENDING CLAIM, LAWSUITS OR OTHER PROCEEDINGS AGAINST ALLMERICA.** The Court has preliminarily enjoined all Class Members who have not been excluded from the Class (and all persons acting on behalf of members of the Class Members who have not been excluded from the Class) from (i) directly, representatively or in any other capacity filing, commencing, prosecuting, intervening in, or participating in and/or continuing to prosecute or participate in, or receiving any benefits or other relief from, directly or indirectly (as class members or otherwise), any action, lawsuit, claim or other proceeding, in any jurisdiction based on or relating to any of the claims and causes of action in this Lawsuit and/or the subject of the Class Members' Release, or the facts and circumstances relating thereto...

9. Neither VeraVest nor Mr. Donovan ever gave any indication that the NASD Arbitration should be enjoined at any time between the date of the Notice and my conversation with Mr. Donovan on September 14, 2006, nor was any effort made by VeraVest or its counsel to enforce such injunction.

10. Presently, the NASD Arbitration proceeding is stayed pending determination of this motion.

**SIGNED UNDER THE PENALTIES OF PERJURY THIS 3 DAY OF OCTOBER 2006.**

*/s/ Michael C. Lewton*
MICHAEL C. LEWTON

974071.2

## CERTIFICATE OF SERVICE

Mark W. Corner states under the penalties of perjury that the following document was served upon all counsel receiving electronic file notification in this matter on October 11, 2006.

/s/Mark W. Corner
Mark W. Corner