**Sent:** Tuesday, November 12, 2002 10:00 AM
**To:** Jordan Gates
**Subject:** Credit balance check

You rec'd a "Credit Balance" from National Financial Services
LLC (our brokerage) for $1,000. What would you like me to do
with it?
Christa

Christa K. Roedel, RFC
Financial Services Representative
Allmerica Financial
5665 SW Meadows Rd. #200
Lake Oswego, OR 97035
503.684.3161 ext. 284
503.684.3163 fax

This e-mail, including attachments, is intended for the exclusive use of the addressee and
may contain proprietary, confidential or privileged information. If you are not the intended
recipient, and dissemination, use, distribution or copying is strictly prohibited. If you have
received this e-mail in error, please notify me via return e-mail and permanently delete the
original and destroy all copies.

George,
I thought this was all taken care of…George, please <u>don't</u> send alarming
emails like this to Jordan without at least speaking to me first!?!?

I just buzzed Paul, and it is just a case of Mike wanting to be able to talk to
Jordan. When Paul asked you this morning how to get a hold of Jordan, and
you said "email twice a day", Mike said "that's not good enough". I don't
know what the message from Mike is, b/c Paul didn't know, but the check is
taken care of. I believe it to be another case of Mike blowing something out
of proportion that is a SOLVED problem that he was out of the loop on.
Darren Parent has already confirmed to me that another $1000 check is
being re-issued and mailed to our attention here at the agency and he will
then withhold $1000 from Jordan's 12/15 paycheck.

Thanks,
Christa

EXHIBIT ___6___
PAGE _1_ OF _2_

-----Original Message-----
**From:** George Watson
**Sent:** Friday, December 06, 2002 8:46 AM
**To:** Jordan Gates
**Cc:** Christa Roedel; Katie Kaselli
**Subject:** call Paul on a land line immediately
**Importance:** High

Jordan—
Paul needs you to call him on a land line as soon as you can—it's involves the Callahan brokerage check going into your personal account

George

I have a copy of the check; so does Paul. I will put one on your chair. I outlined ALL I know and my entire explanation of the honest MISTAKE I made on groupwise to Mike/Paul earlier this morning and again to them by phone this afternoon.

There's nothing more I can say on the matter....I made a mistake. There was no client name on the check anywhere, I thought it was probably a check from YOUR brokerage account that you were using as "extra" funds since you need them. I had Katie deposit that check the day before I left for vacation (Friday before, 11/15). When I got back after Thanksgiving, I asked Katie and George if they saw the Callahan's check come in for $1 000 while I was gone for Ryan's 529 plan. Katie said the only check she got was that one "for Jordan".
I realized then that that WAS the Callahan's. I immediately went to Paul. He looked at the check, didn't see that it was for a client either...no markings of name or anything. We BOTH did not see the small typed account number. He said to contact Darren Parent; I did; Darren said he'd send another check for the Callahans' that day and withhold the $1000 from your pay 12/15.

NOW...Mike got involved and it's a federal fraudulent case. I said I was sorry..I made a mistake and didn't mean to. I know what to look for now that they do not put client names on checks (why not, if they always had in the past???). Yes, I see now that the check was payable to "allmerica c/o Jordan Gates", but I guess I didn't catch that. Just saw your name/address, like all the other commission checks you get or a withdrawal from your brokerage account might look like.

EXHIBIT ___6___
PAGE _2_ OF _2_

Haven't checked Groupwise yet. I'm really just exhausted from all of this. Mike said I would be "strongly reprimanded" by a letter on Monday...and I'd have to meet with them again. I think after today, I can't handle much more. ☹ It's already made me very upset to the point where I'm fairly useless here today.

Christa

-----Original Message-----
**From:** Jordan Gates
**Sent:** Friday, December 06, 2002 1:35 PM
**To:** Christa Roedel
**Subject:** RE: Christmas gifts for clients

I just sent two emails and BCC you on them. Did you get them? Are you invited on the call? I will call Larry before the conference call and talk to him so plan on coming in at 7:30. Do you have a copy of the check I can look at? Also, how did you find out about the mistake in the first place? I don't remember you telling me. I will shield you for any harm. Did you like my gas comment?

Looking forward to the task list,

Have a great day.

You might check your goupwise this weekend as I talk to Mike.

-----Original Message-----
**From:** Christa Roedel
**Sent:** Fri 12/6/2002 11:20 AM
**To:** Jordan Gates
**Cc:**
**Subject:** RE: Christmas gifts for clients

EXHIBIT 7
PAGE 1 OF 5



Thanks Jordan, I appreciate that. I guess you have to talk to them now too on Monday at 8am. I honestly thought the check was from your brokerage account (thought maybe you closed it or asked for a check to be sent to you) as there was NO CLIENT NAME on the check or attachment to check.

There is an account number in a little line on the bottom (not the check though) that I did not see. And, for the record, when I showed it to Paul, he didn't see it either!! So, Mike is all in a tizzy and being fairly mean. He told me I committed Fraud and that I'd have a lot of reprimand coming from this. I told him that I made an honest mistake, and normally all checks have client names on them ☹

I appreciate, as always, you backing me. I told them both that you NEVER saw the check, and even thought Katie deposited it, I didn't tell them that...told them I did it. (since she did so at my request)

Christa

-----Original Message-----
**From:** Jordan Gates
**Sent:** Friday, December 06, 2002 10:44 AM
**To:** Christa Roedel
**Subject:** RE: Christmas gifts for clients

EXHIBIT __7__
PAGE __2__ OF __5__

I'm sure nothing will come of it and as usual, I will back you 100%

-----Original Message-----
**From:** Christa Roedel
**Sent:** Fri 12/6/2002 10:35 AM
**To:** Jordan Gates
**Cc:**
**Subject:** RE: Christmas gifts for clients

I



I agree we all thought there were a lot of good ideas, but nothing was decided upon if we were even doing anything? I'm really sorry...I just didn't think we decided on an event? You know I love planning events, so I would've been all over it if we had decided to move on one idea! How would we have or how would we pay for it anyhow???? Let me know, and maybe we can do a "first of the year" event? After all the busy-ness of the holidays??

I just had a big long talk w/Paul and Mike about my "commingling" funds by depositing the Callahan's check into your account by mistake and now I've committed "Fraud" so today isn't my day. I get another meeting with them on Monday.

EXHIBIT ___7___
PAGE _3_ OF _5_

I'm ready to go home now.

Christa

EXHIBIT    7
PAGE  4  OF  5

## Mail Message

Close     Previous     Next     Delete From This Mailbox     Delete From All Mailboxes     Forward     Reply to Sender     Reply All     Move     Delete

**From:**     JORDAN P. GATES
**To:**       PAUL C. MCCLUNG
**Date:**     Friday - December 6, 2002 4:29 PM
**Subject:**  Re: Monday Conf Call

Thanks paul for the heads up. I have just found out about this issue recently. Seems like a mistake but certainly an honest one with no bad intentions. Also a bit of unclear checkwriting on home office's part. I have not seen the check though. I just don't want to blow this out of proportion. otherwise perhaps you Mike and I could bring some gas with us so we can pour it on the fire and really make Christa and perhaps me feel bad. No one would like that I am sure so let us keep an open mind and try to assume good intentions, OK?

Jordan P. Gates, CFP, CFS, CLU, ChFC, MSFS
Director of Financial Planning
5665 SW Meadows Road Suite 200
Lake Oswego, OR 97035
(503) 684-3161 Work
(503) 684-3163 Fax
(503) 502-1981
>>> "Paul McClung" <pcmcclung@afs.allmerica.com> 12/06/02 15:56 PM >>>
This is to confirm our call scheduled for Monday morning at 11am EST.  Michael, Jordan and I will place the outbound calls from the Lake Oswego office to Bill and Larry at that time.
Regards,

Paul McClung
Sales Supervisor, Pacific Northwest
503.684.3161
pcmcclung@afs.allmerica.com

EXHIBIT   7
PAGE   5   OF   5

December 16th 2002

Dear Larry and Mike:

Paul told me that Mike requested that I send him and Larry a letter containing my questions related to the conclusion of my employment relationship with Allmerica

First of all, I would like to state my case as to why the decision to not give me a new contract is unwarranted. I have a great deal of information that has never been revealed or heard by home office or our top regional leadership and I would like to have a chance to share it so that I can clear my name. I feel that this decision has been made without fair representation or consideration of all the facts and circumstances and once these facts and circumstances are brought to light it could only help this potentially volatile situation because:

1. It would clearly show that the decision was warranted after all the information was seen and thereby give this decision more credibility to not only the company but to my fellow advisors since it would solidify that this decision was correct and proper. Or,

2. It would possibly illustrate that the facts and circumstances were not presented in an equitable fashion and that once the entire facts and circumstances were shown; the findings and conclusions would bring about a different decision and clear my name. Either way, the company would win.

I would like to continue my employment at Allmerica, but that doesn't seem to be of interest to the company and a new contract will not be offered to me.
If continued employment is not possible, then I would like to get answers to the following questions:
I have been told by Mike, Paul and Larry that I have two options:

1. I can resign from my employment with Allmerica effective December 31st.

2. I can request that the company proceed with terminating my contract and my U-5 would state that I had been terminated but not terminated with cause.

I believe I would like to take the first option but I would like to know the impact of "terminated without cause" would have on me transferring to a new broker dealer. When do you want my decision by? I can certainly do it in the next few days.

I would also like to know why the first option would be necessary when I have already received a letter from home office stating that my current contract will be terminated as December 31st, 2002?

EXHIBIT 8
PAGE 1 OF 3

Therefore, if I chose the first option:

1. Do I have a job through December 31?
2. Why I have been blocked from entering the Biznet site? I thought I could service all my clients since I have achieved the 15 year vesting status
3. Why was I informed on Friday that I have been prohibited from writing any new business? How can I finish up my year without being able to write business?
4. Why was my staff fired and asked to turn in their keys and leave the building without my knowledge or consent?
5. Since I did not lay them off or fire them and the company did, why would I be responsible for paying their severance? I have recently found out that the way Christa was let go (by you and without my consent) now qualifies her for 9 weeks of severance instead of four. I would hope that the home office would not expect me to pay this as well. Could you please give me the supporting written documentation that would obligate me to pay for their severance when you terminated them without cause?
6. Why the receptionist was given strict orders in writing (copy attached) that if anyone called and asked for any of my staff or myself that the only thing they could say is, "Jordan, Christa, George, and Katie no longer work here" with no explanation or number to contact us. This happened even though I was told that my cell phone number was to be given to them.
7. How can these actions be taken when I am still employed with Allmerica and have been told that I have options to consider regarding whether I should turn in my resignation or accept a termination and have yet to be given a deadline to do so? Neither of these options has been taken by me to date nor have they been properly explained to me.

Due to these actions, which I feel were improper considering my past extreme loyalty to this company as well as my faith in the leadership of Mark Hug in particular and in Larry, our regional President as well, there have already been major negative ramifications:

a. A client to ask that his $100,000 IVA be turned back in as a **"NOT TAKEN"** and will result in a $4,250 charge back on my next commission cycle after receiving the "no longer work here message" thereby loosing confidence in investing with our company.
b. My practice manager, Christa Roedel who was in the process of concluding a second mortgage with the credit union, was denied this important loan because when the loan officer called her to congratulate her for qualifying for the lowest rate, the receptionist informed the loan officer that "Christa no longer worked here!" I don't know why it is felt that I and my team need to be treated this way. I have always been the greatest advocate for this company. Everyone to the person has stated that they feel I hold high ethical values and integrity.
c. Caused me to potentially lose over $50,000 of FYC which was scheduled to close in the next 10 days that now I could very well lose because of the delay and the bad press concerning Allmerica.



EXHIBIT __8__
PAGE _2_ OF _3_

8. I have been told that the excess benefit plan is going to be offered to be paid out to advisors since it will no longer be offered under the new contract, can this be paid out to me soon since I am in a financial pinch and can't write any business?

9. I want to make sure I will qualify for the pension contribution. Will this be the case?

10. What am I to do regarding the potential litigation with SMMS? I have all the requested information to turn into Chris Carlson, how should I proceed?

11. It was determined that I am an employee with Allmerica after this was investigated in response to the SMMS issue. Are there any severance benefits that I would be eligible for?

12. How and when can I expect my files to be copied? I do appreciate this gesture but would like to have an idea as to when this can be done?

13. Could you please give me a copy of my personnel file including my contract and all correspondence including but not limited to the correspondence regarding any compliance issues I have had in the past.

If you, Larry, could address these issues and questions as soon as possible, I would appreciate it. I have always felt that you were an up and up kind of person and had an innate desire to treat people fairly so I would like to continue my feelings of you having good intentions and will trust your judgment. I also believe you have seen first hand that I have fought hard for this company and it's leadership this year. But please understand that every call that comes in to our receptionist, who in turn gives out a response that hurts me, will bring more negative ramifications to me and I know you don't wish for this to happen.

So I look forward to your quick response in answering my questions. I am copying this to those who have been involved or seek information regarding these issues.

I look forward to your prompt reply.

Yours,


Jordan P. Gates, CFP, CFS, ChFC, CLU, MSFS
Cc: Mark Hug
    Bob Bensman
    Mark Morrell
    Bill Monroe
    Phil Gazzo
    Paul Mclung


EXHIBIT  8
PAGE  3  OF  3

**ALLMERICA**
FINANCIAL®

Tuesday, December 17, 2002

Marlin and Laurel Nelson
16159 NW Canterwood Way
Portland, OR 97229-7846

Dear Mr. And Ms. Nelson:

I am writing to inform you that Jordan Gates is no longer a Financial Planner
with Allmerica Investment Management Company (AIMCO). While this is
a recent change, I am confident Mr. Gates will choose to contact you in the
near future.

Please allow me to extend an invitation to meet with one of our other highly
qualified Financial Planners. Each of them would be happy to provide you
with the same dedication and service you have come to expect from our
company. Please do not hesitate to call me at (503) 684-3161 and I will help
you contact a suitable planner.

Thank you for your continued trust in Allmerica.

Sincerely,

Paul McClung
Sales Supervisor,
Allmerica Investment Management Company

EXHIBIT  9
PAGE  1  OF  1

December 30th, 2002
Via Express, return receipt requested

Larry Gekiere, Sr.
7557 Rambler Road
Suite 500
Dallas TX 75231

Dear Larry,

I regret that to date, I have not received a response to the questions raised in my letter dated December 16th, 2002. Since a new contract will not be offered to me and I have already received notice that my current contract with Allmerica will be terminated along with all the other Allmerica advisors on December 31st, 2002, I don't feel that any further formal action by me is necessary at this time. The written termination of my contract, along with the contracts of all other advisors, will be taking place on December 31st, 2002.

It is not my desire to burn any bridges with Allmerica, largely due to the relationships I have established over the past years as well as my past contributions to the company. I am simply asking to have my questions answered.

I am herby formally re-requesting a copy of my entire personnel file, including my current and original contract and all personnel records relating to my qualifications for employment, promotions, compensation, discipline and or compliance.

Thank you for your prompt attention to these matters.


Yours,


Jordan

Cc: Mark Hug
    Sam Ventimiglea
    Phil Gazzo
    Bill Monroe

EXHIBIT 10
PAGE 1 OF 1

# VeraVest
## Investments, Inc.™

January 31, 2003

Jordan Gates
14808 SE Lowell Lane
Sherwood, OR 97140

Dear Mr. Gates,

Enclosed is a copy of the U-5 Uniform Termination Notice that VeraVest Investments , Inc. submitted to the NASD on your behalf.  Please retain this document for your records.

The NASD now stipulates that you must provide a photocopy of the Form U-5 when applying to your new firm.

If you have taken and passed a NASD qualifying exam (Series 6, Series 7, Series 22, Series 24, Series 26 and/or Series 63 etc.) and held a valid registration with our company, you have TWO years from the termination date on the Form U-5 in which to register with another NASD firm.

If you are not re-registered within two years, you will be required to take the qualifying exam or exams again. { NASD by-laws, Schedule C, 1785 (1) © }.

If you should have any questions you may contact me at 508-855-4694.

Sincerely,

*Kimberly L. Elder*

Kimberly L. Elder
Licensing Specialist

cc: file

EXHIBIT   11
PAGE   1   OF   6

# FORM U-5
# UNIFORM TERMINATION NOTICE FOR SECURITIES INDUSTRY REGISTRATION

**U5 – FULL**
**11/29/2003**

Rev. Form U-5 (03/2002)

## NOTICE TO THE INDIVIDUAL WHO IS THE SUBJECT OF THIS FILING

*Even if you are no longer registered you continue to be subject to the jurisdiction of regulators for at least two years after your registration is terminated and may have to provide information about your activities while associated with this firm. Therefore, you must forward any residential address changes for two years following your termination date or last Form U-5 amendment to: CRD Address Changes, P.O. Box 9495, Gaithersburg, MD 20898-9495.*

## 1. GENERAL INFORMATION

| First Name: JORDAN | Middle Name: PAUL | Last Name: GATES | Suffix: |
|---|---|---|---|
| Firm CRD #: 3960 | Firm Name: VERAVEST INVESTMENTS, INC. | CRD Branch #: | Firm NFA #: |
| Firm Billing Code: 096 | Individual CRD #: 1683213 | Individual SSN: ▮▮▮▮▮ | Individual NFA #: |

**Office of Employment Address Street 1:** 5335 SW MEADOWS RD STE 390    **Office of Employment Address Street 2:**

| City: LAKE OSWEGO | State: Oregon | Country: | Postal Code: 97035 |
|---|---|---|---|

**Private Residence Check Box:**
If the Office of Employment address is a private residence, check this box. ☐

Rev. Form U-5 (03/2002)

## 2. CURRENT RESIDENTIAL ADDRESS

### NOTICE TO THE FIRM

*This is the last reported residential address. If this is not current, please enter the current residential address.*

| From | To | Street | City | State | Country | Postal Code |
|---|---|---|---|---|---|---|
| 02/1988 | PRESENT | 14808 SE LOWELL LN. | SHERWOOD | OR | UNITED STATES | 97140 |

*CRD Address changes P.O. Box 9495*

Rev. Form U-5 (03/2002)

## 3. FULL TERMINATION    *Gaithersburg MD.*
*20898 - 9495*

**Is this a FULL TERMINATION?** ⦿ Yes ○ No
Note: A "Yes" response will terminate ALL registrations with all *SROs* and all *jurisdictions*.

**Reason for Termination:** * Discharge * Provide an explanation below
CUSTOMER FUNDS DEPOSITED INTO REGISTERED REPS PERSONAL BANK ACCOUNT. REP CLAIMS DEPOSIT WAS UNINTENTIONAL.

EXHIBIT    11
PAGE    2    OF    6

Rev. Form U-5 (03/2002)

## 4. DATE TERMINATED

**Date Terminated (MM/DD/YYYY):** 12/31/2002

A complete date of termination is required for full or partial termination. This date represents the actual date that the termination of registration is effective.

Rev. Form U-5 (03/2002)

## 6. AFFILIATED FIRM TERMINATIONS

No Information Filed

Rev. Form U-5 (03/2002)

## 7. DISCLOSURE QUESTIONS

**IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IN SECTION 7 IS 'YES', COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S). IF THE INFORMATION IN SECTION 7 HAS ALREADY BEEN REPORTED ON FORM U-4 OR FORM U-5, DO NOT RESUBMIT DRPs FOR THESE ITEMS. REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U-5 INSTRUCTIONS FOR EXPLANATION OF ITALICIZED WORDS.**

### Investigation Disclosure

| | YES | NO |
|---|---|---|
| **7A.** Currently is, or at termination was, the individual the subject of an *investigation* or *proceeding* by a domestic or foreign governmental body or *self-regulatory organization* with jurisdiction over *investment-related* businesses? | ⦿ | ○ |

### Internal Review Disclosure

| | YES | NO |
|---|---|---|
| **7B.** Currently is, or at termination was, the individual under internal review for fraud or wrongful taking of property, or violating *investment-related* statutes, regulations, rules or industry standards of conduct? | ⦿ | ○ |

### Criminal Disclosure

**7C.** While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual:

| | YES | NO |
|---|---|---|
| **1.** convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*? | ○ | ⦿ |
| **2.** *charged* with any *felony*? | ○ | ⦿ |
| **3.** convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving*: investments or an *investment-related* business, or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ⦿ |
| **4.** *charged* with a *misdemeanor* specified in 7(C)(3)? | ○ | ⦿ |

### Regulatory Action Disclosure

| | YES | NO |
|---|---|---|
| **7D.** While employed by or associated with your *firm*, or in connection with events that | ○ | ⦿ |

EXHIBIT 11
PAGE 3 OF 6

occured while the individual was employed by or associated with your *firm*, was the individual *involved* in any *disciplinary action* by a domestic or foreign governmental body or *self regulatory organization* (other than those designated as a "*minor rule violation*" under a plan approved by the U.S. Securities and Exchange Commission) with jurisdiction over the *investment-related* businesses?

### Customer Complaint Disclosure

|  | YES | NO |
|---|---|---|
| **E. 1.** In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that the individual was *involved* in one or more *sales practice violations* and which: | | |
|    **(a)** is still pending, or; | ○ | ⊙ |
|    **(b)** resulted in an arbitration award or civil judgment against the individual, regardless of amount, or; | ○ | ⊙ |
|    **(c)** was settled for an amount of $10,000 or more. | ○ | ⊙ |
| **2.** In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 7(E)(1) above, which alleged that the individual was *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more? | ○ | ⊙ |
| **3.** In connection with events that occurred while the individual was employed or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under questions 7 (E)(1) or 7(E)(2) above, which: | | |
|    **(a)** would be reportable under question 14I(3)(a) on Form U-4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U-4 by your *firm*; or | ○ | ⊙ |
|    **(b)** would be reportable under question 14I(3)(b) on Form U-4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U-4 by your *firm*. | ○ | ⊙ |

Rev. Form U-5 (03/2002)

### 8. SIGNATURE

Please Read Carefully

All signatures required on this Form U-5 filing must be made in this section.

A "Signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

**8A.** FIRM ACKNOWLEDGMENT
*This section must be completed on all U-5 form filings submitted by the firm.*

**8B.** INDIVIDUAL ACKNOWLEDGMENT AND CONSENT
This section must be completed on amendment U-5 form filings where the individual is submitting changes to Part II of the INTERNAL REVIEW DRP or changes to Section 2 (CURRENT RESIDENTIAL ADDRESS).

EXHIBIT   11
PAGE   4   OF   6

## 8A. FIRM ACKNOWLEDGMENT

VERIFY THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN AND WITH THIS FORM.

**Person to contact for further information**
KIMBERLY L ELDER

**Telephone # of person to contact**
508-855-4694

**Signature of _Appropriate Signatory_**
MICHELE CLEARY

**Date (MM/DD/YYYY)**
01/29/2003

Type or Print Name of Appropriate Signatory

---

Rev. Form U-5 (03/2002)

## INVESTIGATION DRP

This Disclosure Reporting Page is an ⦿ **INITIAL OR** ○ **AMENDED** response to report details for affirmative response to **Question 7(A)** on Form U-5;

**Check question being responded to:**

### Investigation
### ☑7(A)

If the *investigation* has been concluded without formal action, complete items 1, 2, 3 and 4 of this DRP to update. One event may result in more than one *investigation*. If more than one authority is investigating, use a separate DRP to provide details.

1. Notice Received From: (Name of Regulator, Agency, *SRO*, etc. initiating the *investigation*):
   NASD-SEATTLE

2. Notice Date (MM/DD/YYYY):
   12/19/2002 ⦿ **Exact** ○ **Explanation**
   If not exact, provide explanation:

3. Describe briefly the nature of the *investigation*, if known, or details of the resolution. (The information must fit within the space provided.):
   NASD REQUESTED FURTHER INFORMATION WHICH WAS PROVIDED IN A 12/20/02 LETTER FROM WILLIAM MONROE TO JEN GONYEA.

4. Date Resolved (MM/DD/YYYY):
   ○ **Exact** ⦿ **Explanation**
   If not exact, provide explanation:
   NOT YET RESOLVED

---

Rev. Form U-5 (03/2002)

## INTERNAL REVIEW DRP

This Disclosure Reporting Page is an ⦿ **INITIAL OR** ○ **AMENDED** response to report details for

PAGE 5 OF 6

affirmative response to **Question 7(B)** on Form U-5;

**Check question being responded to:**

## Internal Review

☑**7(B)**

If the individual has been notified that the internal review has been concluded without formal action, complete items 3 and 4 of this DRP to update.

**PART I**

1. Notice Received From: (Name of firm initiating the internal review):
   VERAVEST INVESTMENTS

2. Date internal review initiated (MM/DD/YYYY):
   12/09/2002  ⊙ **Exact**  ○ **Explanation**
   If not exact, provide explanation:

3. Describe briefly the nature of the internal review or details of the conclusion. (The information must fit within the space provided.):
   AFTER PHONE CALL FRROM REP'S ASSISTANT FIRM DISCOVERED CUSTOMER FUNDS HAD BEEN DEPOSITED INTO REP'S PERSONAL BANK ACCOUNT. REP CLAIMED DEPOSIT WAS UNINTENTIONAL.

4. Date internal review concluded (MM/DD/YYYY):
   12/18/2002  ⊙ **Exact**  ○ **Explanation**
   If not exact, provide explanation:

**PART II**

INDIVIDUAL SUBJECT MAY USE THIS SPACE FOR DETAILS TO AFFIRMATIVE ANSWERS OF ITEM 15 ONLY

The individual who is the subject of the internal review may provide a brief summary of this event. The summary must fit within the space provided below. This summary may be submitted electronically to the CRD by the terminating firm or may be sent to: CRD, P.O. Box 9495, Gaithersburg, MD 20898-9495.

| | Rev. Form U-5 (03/2002) |
|---|---|
| **CRIMINAL DRP** | |
| No Information Filed | |

| | Rev. Form U-5 (03/2002) |
|---|---|
| **REGULATORY ACTION DRP** | |
| No Information Filed | |

| | Rev. Form U-5 (03/2002) |
|---|---|
| **CUSTOMER COMPLAINT DRP** | |
| No Information Filed | |

EXHIBIT  11
PAGE  6  OF  6

# VeraVest
### Investments, Inc.℠

January 29, 2003

Mr. Jordan P. Gates
14808 SE Lowell Lane
Sherwood, OR 97140

Dear Mr. Gates:

Enclosed is a copy of the U-5 Uniform Termination Notice that VeraVest Investment Advisors, Inc. (formerly Allmerica Investment Management Company, Inc.) submitted to the NASD on your behalf in reference to your VIA Registration in the State of Oregon. Please retain this document for your records.

The NASD now stipulates that you must provide a photocopy of the Form U-5 when applying to your new firm.

If you have taken and passed a NASD qualifying exam (Series 6, Series 7, Series 22, Series 24, Series 26 and/or Series 63 etc.) and held a valid registration with our company, you have TWO years from the termination date on the Form U-5 in which to register with another NASD firm.

If you are not re-registered within two years, you will be required to take the qualifying exam or exams again. {NASD by-laws, Schedule C, 1785 (1) (c)}.

If you should have any questions you may contact me at 508-855-2145.

Sincerely,

Joan S. Scano
VeraVest Investment Advisors, Inc.
Financial Planning Department – S-384

Enclosure

cc:     Agency
        file

EXHIBIT  /2
PAGE  /  OF  5

440 Lincoln Street, Worcester, MA 01653 • Phone 508-855-1000 • Fax 508-853-6332
Securities offered through **VeraVest Investments, Inc.**, a registered broker/dealer, member NASD/SIPC.

VERA-1000 (1/03)

# FORM U-5
# UNIFORM TERMINATION NOTICE FOR SECURITIES INDUSTRY REGISTRATION

| U5 - FULL |
| 01/29/2003 |

Rev. Form U-5 (03/2002)

## NOTICE TO THE INDIVIDUAL WHO IS THE SUBJECT OF THIS FILING

*Even if you are no longer registered you continue to be subject to the jurisdiction of regulators for at least two years after your registration is terminated and may have to provide information about your activities while associated with this firm. Therefore, you must forward any residential address changes for two years following your termination date or last Form U-5 amendment to: CRD Address Changes, P.O. Box 9495, Gaithersburg, MD 20898-9495.*

## 1. GENERAL INFORMATION

| First Name: JORDAN | Middle Name: PAUL | | Last Name: GATES | Suffix: |
| **Firm** CRD #: 105796 | **Firm** Name: VERAVEST INVESTMENT ADVISORS, INC. | | CRD Branch #: | **Firm** NFA #: |
| **Firm** Billing Code: 096 | **Individual CRD #:** 1683213 | | **Individual SSN:** ▉ | **Individual NFA #:** |
| Office of Employment Address Street 1: 5335 SW MEADOWS RD | | | Office of Employment Address Street 2: SUITE 390 | |
| City: LAKE OSWEGO | State: Oregon | | Country: USA | Postal Code: 97035 |
| Private Residence Check Box: | | | | |
| If the Office of Employment address is a private residence, check this box. | | | | |

Rev. Form U-5 (03/2002)

## 2. CURRENT RESIDENTIAL ADDRESS

### NOTICE TO THE FIRM

*This is the last reported residential address. If this is not current, please enter the current residential address.*

| From | To | Street | City | State | Country | Postal Code |
|---|---|---|---|---|---|---|
| 02/1988 | PRESENT | 14808 SE LOWELL LN. | SHERWOOD | OR | UNITED STATES | 97140 |

Rev. Form U-5 (03/2002)

## 3. FULL TERMINATION

**Is this a *FULL TERMINATION*?** ⦿ Yes ○ No
Note: A "Yes" response will terminate ALL registrations with all *SROs* and all *jurisdictions*.

**Reason for Termination:** Voluntary  * Provide an explanation below

EXHIBIT 12
PAGE 2 OF 5

Rev. Form U-5 (03/2002)

## 4. DATE TERMINATED

**Date Terminated (MM/DD/YYYY):** 12/11/2002
A complete date of termination is required for full or partial termination. This date represents the actual date that the termination of registration is effective.

Rev. Form U-5 (03/2002)

## 6. AFFILIATED FIRM TERMINATIONS

No Information Filed

Rev. Form U-5 (03/2002)

## 7. DISCLOSURE QUESTIONS

IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IN SECTION 7 IS 'YES' COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APPROPRIATE DRP(S). IF THE INFORMATION IN SECTION 7 HAS ALREADY BEEN REPORTED ON FORM U-4 OR FORM U-5, DO NOT RESUBMIT DRPs FOR THESE ITEMS. REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U-5 INSTRUCTIONS FOR EXPLANATION OF ITALICIZED WORDS.

### Investigation Disclosure

|  | YES | NO |
|---|---|---|
| **7A.** Currently is, or at termination was, the individual the subject of an *investigation* or *proceeding* by a domestic or foreign governmental body or *self-regulatory organization* with jurisdiction over *investment-related* businesses? | ○ | ● |

### Internal Review Disclosure

|  | YES | NO |
|---|---|---|
| **7B.** Currently is, or at termination was, the individual under internal review for fraud or wrongful taking of property, or violating *investment-related* statutes, regulations, rules or industry standards of conduct? | ○ | ● |

### Criminal Disclosure

|  | YES | NO |
|---|---|---|
| **7C.** While employed by or associated with your *firm*, or in connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual: | | |
| **1.** convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*? | ○ | ● |
| **2.** *charged* with any *felony*? | ○ | ● |
| **3.** convicted of or did the individual plead guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor involving*: investments or an *investment-related* business, or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ○ | ● |
| **4.** *charged* with a *misdemeanor* specified in 7(C)(3)? | ○ | ● |

### Regulatory Action Disclosure

EXHIBIT 12

PAGE 3 OF 5

|  |  | YES | NO |
|---|---|---|---|
| **7D.** | While employed by or associated with your *firm*, or in connection with events that occured while the individual was employed by or associated with your *firm*, was the individual *involved* in any *disciplinary action* by a domestic or foreign governmental body or *self regulatory organization* (other than those designated as a "*minor rule violation*" under a plan approved by the U.S. Securities and Exchange Commission) with jurisdiction over the *investment-related* businesses? | ⊙ | ⊙ |

### Customer Complaint Disclosure

|  |  | YES | NO |
|---|---|---|---|
| **7E. 1.** | In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that the individual was *involved* in one or more *sales practice violations* and which: |  |  |
| **(a)** | is still pending, or; | ⊙ | ⊙ |
| **(b)** | resulted in an arbitration award or civil judgment against the individual, regardless of amount, or; | ⊙ | ⊙ |
| **(c)** | was settled for an amount of $10,000 or more. | ⊙ | ⊙ |
| **2.** | In connection with events that occurred while the individual was employed by or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 7(E)(1) above, which alleged that the individual was *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more? | ⊙ | ⊙ |
| **3.** | In connection with events that occurred while the individual was employed or associated with your *firm*, was the individual the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under questions 7 (E)(1) or 7(E)(2) above, which: |  |  |
| **(a)** | would be reportable under question 14I(3)(a) on Form U-4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U-4 by your *firm*; or | ⊙ | ⊙ |
| **(b)** | would be reportable under question 14I(3)(b) on Form U-4, if the individual were still employed by your *firm*, but which has not previously been reported on the individual's Form U-4 by your *firm*. | ⊙ | ⊙ |

|  |
|---|
| Rev. Form U-5 (03/2002) |

### 8. SIGNATURE

Please Read Carefully

All signatures required on this Form U-5 filing must be made in this section.

A "Signature" includes a manual signature or an electronically transmitted equivalent. For purposes of an electronic form filing, a signature is effected by typing a name in the designated signature field. By typing a name in this field, the signatory acknowledges and represents that the entry constitutes in every way, use, or aspect, his or her legally binding signature.

**8A.** FIRM ACKNOWLEDGMENT
This section must be completed on all U-5 form filings submitted by the *firm*.

**8B.** INDIVIDUAL ACKNOWLEDGMENT AND CONSENT
This section must be completed on amendment U-5 form filings where the individual is

EXHIBIT _12_
PAGE _4_ OF _5_

submitting changes to Part II of the INTERNAL REVIEW DRP or changes to Section 2
(CURRENT RESIDENTIAL ADDRESS).

## 8A. FIRM ACKNOWLEDGMENT

I VERIFY THE ACCURACY AND COMPLETENESS OF THE INFORMATION CONTAINED IN AND WITH
THIS FORM.

**Person to contact for further information**         **Telephone # of person to contact**
BARBARA B. HARTIGAN, VICE PRESIDENT                  508-855-4187

**Signature of *Appropriate Signatory***             **Date (MM/DD/YYYY)**
BARBARA B. HARTIGAN, VICE PRESIDENT                  01/29/2003

Type or Print Name of Appropriate Signatory

---

Rev. Form U-5 (03/2002)

## INVESTIGATION DRP

No Information Filed

Rev. Form U-5 (03/2002)

## INTERNAL REVIEW DRP

No Information Filed

Rev. Form U-5 (03/2002)

## CRIMINAL DRP

No Information Filed

Rev. Form U-5 (03/2002)

## REGULATORY ACTION DRP

No Information Filed

Rev. Form U-5 (03/2002)

## CUSTOMER COMPLAINT DRP

No Information Filed

EXHIBIT _12_
PAGE _5_ OF _5_



**ALLMERICA**
FINANCIAL®

## ALLMERICA INVESTMENTS, INC.

December 17, 2002

SEI Investments

RE  Representative Change

To Whom It May Concern

Please accept this letter as authorization to change the representative of record on the following accounts

| Account | Client |
|---------|--------|
| 160858 | Blumbaum |
| 161558 | Christenson |
| 152171 | Neal |
| 157090 | Lincoln |
| 158594 | Czyzewski |
| 159695 | Gates Trust |
| 159798 | Ronald Lincoln Inc |
| 160368 | Helen Dickenson |
| 160371 | Terrence Dickenson |
| 160417 | Dickensen |
| 160418 | Dickensen |
| 160740 | Mira Kriswandi |
| 160741 | Mira Kriswandi |
| 160889 | Latham |
| 161090 | M&A Daugherty Living Trust |
| 161549 | Melvin & Janice Hoffman |
| 162474 | Peggy Czyzewski |
| 162517 | Hann Kriswandi Trust |
| 162647 | Wayne Bauer |
| 163099 | Jerald Jacobs |
| 164535 | Ronald & Yvone Lincoln |
| 164613 | Terrence & Helen Dickenson |
| 165643 | Nelson |
| 165684 | Nelson |
| 168598 | Helen Dickenson |
| 167896 | James Mitchell |
| 168108 | Shirley Smith |
| 162643 | Bette Drake |
| 163562 | Margaret Jacobs |
| 165657 | Marlin & Laurel Nelson |
| 165716 | Marlin Nelson |
| 165718 | Laurel Nelson |
| 166070 | Mary F Kenn |
| 241275 | Christopher Thomson |
| 247333 | Robert & Sally Bailey |

440 Lincoln Street, Worcester, MA 01653, Phone 508-855-1000, Fax 508-853-2608

THE ALLMERICA FINANCIAL COMPANIES

First Allmerica Financial Life Insurance Company • Allmerica Financial Life Insurance and Annuity Company (all states except NY) Allmerica Trust Company, N A • Allmerica Investments, Inc • Allmerica Investment Management Company, Inc • Financial Profiles, Inc The Hanover Insurance Company • AMGRO, Inc • Allmerica Financial Alliance Insurance Company • Allmerica Asset Management, Inc Allmerica Financial Benefit Insurance Company • Citizens Insurance Company of America • Citizens Management Inc

440 Lincoln Street, Worcester, Massachusetts 01653

EXHIBIT  13
PAGE  1  OF  3

JL-23-2003  11:08                                                           P.04/04



## ALLMERICA
### FINANCIAL®

## ALLMERICA INVESTMENTS, INC.

NEW REPRESENTATIVE-     Todd Hall
BRANCH CODE              096
REPRESENTATIVE CODE.    096/E910
BRANCH ADDRESS         Allmerica Financial
                              5665 SW Meadows Rd STE 200
                              Lake Oswego, OR  97035

If you have any questions processing this request, please call (800) 345-5541 option #5 and a Liaison
Representative will be happy to assist you.

Thank you for your prompt attention to this request

Paula Testa
Registered Principal
Corporate Brokerage Services
Allmerica Investments, Inc

440 Lincoln Street, Worcester, MA 01653, Phone 508-855-1000, Fax 508-853-2608

THE ALLMERICA FINANCIAL COMPANIES
First Allmerica Financial Life Insurance Company • Allmerica Financial Life Insurance and Annuity Company (all states except NY)
Allmerica Trust Company, N.A. • Allmerica Investments, Inc • Allmerica Investment Management Company, Inc • Financial Profiles, Inc
The Hanover Insurance Company • AMGRO, Inc • Allmerica Financial Alliance Insurance Company • Allmerica Asset Management, Inc
Allmerica Financial Benefit Insurance Company • Citizens Insurance Company of America • Citizens Management Inc
440 Lincoln Street, Worcester, Massachusetts 01653

EXHIBIT 13   TOTAL P.04

PAGE 2 OF 3

JUL-23-2003  11:07                                                    P.02/04



**ALLMERICA**
FINANCIAL®

ALLMERICA INVESTMENTS, INC.

*168456*
*Multi*

December 17, 2002

*AOM 3214*

SEI Investments

RE: Representative Change

To Whom It May Concern

Please accept this letter as authorization to change the representative of record on the following account:

Account 168456                    Client Loron Rice

NEW REPRESENTATIVE        Charles Childress
BRANCH CODE               096
REPRESENTATIVE CODE       096/1609
BRANCH ADDRESS:           Allmerica Financial
                          5665 SW Meadows Rd STE 200
                          Lake Oswego, OR  97035

If you have any questions processing this request, please call (800) 345-5541 option #5 and a Liaison Representative will be happy to assist you

Thank you for your prompt attention to this request

*Paula J Testa*

Paula Testa
Registered Principal
Corporate Brokerage Services
Allmerica Investments, Inc

440 Lincoln Street, Worcester, MA  01653, Phone 508-855-1000, Fax 508-853-2608

THE ALLMERICA FINANCIAL COMPANIES
First Allmerica Financial Life Insurance Company • Allmerica Financial Life Insurance and Annuity Company (all states except NY)
Allmerica Trust Company, N.A. • Allmerica Investments, Inc. • Allmerica Investment Management Company, Inc. • Financial Profiles, Inc
The Hanover Insurance Company • AMGRO, Inc • Allmerica Financial Alliance Insurance Company • Allmerica Asset Management, Inc
Allmerica Financial Benefit Insurance Company • Citizens Insurance Company of America • Citizens Management Inc
440 Lincoln Street, Worcester, Massachusetts 01653

EXHIBIT  13
PAGE  3  OF  3

1

## CERTIFICATE OF SERVICE

2    I hereby certify that I served a true and correct copy of the foregoing STATEMENT
OF CLAIMS on the date indicated below by

3

4    ☑    mail with postage prepaid, deposited in the US mail at Portland, Oregon,
☐    hand delivery,
☐    facsimile transmission,
5    ☐    overnight delivery,

6    I further certify that said copy was placed in a sealed envelope delivered as indicated
above and addressed to said attorney(s) at the address(es) listed below:

7

Ellen Rosenberg
8    Assistant Vice President/Counsel
VeraVest Investments, Inc. And Allmerica Financial
9    440 Lincoln Street
Worcester, Massachusetts 01653

10
DATED:        December ___, 2003
11

12
Michael C. Lewton, OSB #87286
13

14

15

16

17

18

19

20

21

22

23

24

25

26

444045-1

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000